Michael Delikat (MD 1165)
James H. McQuade (JM 0788)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103
Telephone:    (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals,
Division of Wyeth, Walter Wardrop, and
Michael McDermott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HOWARD HENRY,                              :
                                           :    05-CV-8106 (KMW) (DFE)
                         Plaintiff,        :
                                           :
        -against-                          :    **ANSWER BY DEFENDANTS WYETH**
                                           :    **PHARMACEUTICALS, DIVISION OF**
WYETH PHARMACEUTICALS, INC.,               :    **WYETH, WALTER WARDROP, AND**
WALTER WARDROP, ANDREW SCHASCHL,           :    **MICHAEL McDERMOTT**
and MICHAEL McDERMOTT,                     :
                                           :
                         Defendants.       :
-----------------------------------------------------------x

        Defendants Wyeth Pharmaceuticals, Division of Wyeth ("Wyeth"), Walter Wardrop and

Michael McDermott (collectively "Defendants"), through their undersigned attorneys, hereby

answer the numbered paragraphs of the Complaint (the "Complaint") filed by Howard Henry

("Henry"), and assert other defenses, as follows:

        1.      Defendants admit that Henry purports to assert claims for alleged violations of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §

1981, New York State Executive Law § 290 *et seq.*, and other causes of actions, but Defendants

deny all violations and any liability under such claims.

        2.      Defendants admit that: (a) the Complaint seeks to invoke this Court's subject

matter jurisdiction under 28 U.S.C. §§ 1331, 1343(3), 1343(4), 1367, 2201 and New York State

Executive Law § 290; and (b) the Complaint seeks to invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state and local law causes of action.

3.    Defendants admit that the Complaint seeks to invoke venue under 28 U.S.C. § 1391.

4.    Defendants deny the allegations in the first sentence of paragraph 4. Defendants admit the allegations in the second and third sentences of paragraph 4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 4.

5.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.    Defendants deny the allegations in paragraph 6 and aver that Wyeth Pharmaceuticals is an unincorporated Division of Wyeth and is located, among other places, in Pearl River, New York.

7.    Defendants deny the allegations in paragraph 7.

8.    Defendants deny the allegations in paragraph 8.

9.    Defendants admit that, prior to March 2004, Michael McDermott was responsible for overseeing the maintenance and operation of Wyeth's Pearl River location. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 9.

10.    Defendants deny the allegations in paragraph 10.

11.    Defendants deny the allegations in paragraph 11.

12.    Defendants admit that Henry commenced employment with American Cyanamid Company in 1992. Except as expressly admitted, Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13.     Defendants admit that, in 1993, American Cyanamid Company hired Henry as a chemist in its Chemical Process Research and Development Department.   Except as expressly admitted, Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

15.     Defendants admit that: (a) in 1997, Henry received a promotion and corresponding pay increase; and (b) in or about 1997, Henry received a special recognition award.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 15.

16.     Defendants deny the allegations in paragraph 16.

17.     Defendants admit that, in 2000, Henry became a Production Engineer.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 17.

18.     Defendants admit that: (a) Walter Wardrop is a white, male and was Henry's supervisor; and (b) Walter Wardrop gave Henry performance reviews in 2000, 2001, and 2002. Defendants further admit the allegations in the second and third sentences of paragraph 18. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 18 and refer the Court to Henry's performance evaluations for the contents of those evaluations.

19.     Defendants admit that: (a) Andrew Schaschl is a white male; and (b) Henry's 2002 performance evaluation was signed by Walter Wardrop and Andrew Schaschl.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 19.

20.     Defendants admit that Henry received email messages regarding his job performance and refer the Court to those email messages for the contents of those documents. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 20.

21.     Defendants deny the allegations in paragraph 21.

22.     Defendants deny the allegations in the first and second sentences of paragraph 22. Defendants admit the allegations in the third sentence of paragraph 22.

23.     Defendants admit that: (a) Henry applied for a position as a Production Coordinator in July 2002; (b) Chris DeFeciani was hired for this position; (c) Mr. DeFeciani is white; and (d) Mr. DeFeciani did not possess an engineering or science degree at the time he was hired for this position. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 23.

24.     Defendants admit that: (a) Richard Morgan is white; and (b) Richard Morgan was asked to perform the job duties of the Production Coordinator on a temporary basis in 2003. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25.

26.     Defendants admit the allegations in the first and second sentences of paragraph 26. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 26.

27.     Defendants admit the allegations in the first and second sentences of paragraph 27. Defendants deny the remaining allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants admit the allegations in paragraph 29.

30.     Defendants admit that, in or about January 2004, Henry applied for a Staff Engineer I position. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 30. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 30.

31.     Defendants admit that Derek Burt is a white, male employee. Except as expressly

admitted, Defendants deny the remaining allegations in paragraph 31.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 32. Defendants deny the allegations in the second sentence of paragraph 32.

33.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 33. Defendants deny the remaining allegations in paragraph 33 and refer the Court to Henry's performance evaluations.

34.    Defendants admit that, on January 9, 2004, Schaschl met with Henry regarding his performance evaluation and the Packaging Supervisor position, and Schaschl discussed Henry's multi-tasking skills. Due to the breadth and lack of clarity with the allegation, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that "numerous White employees have obtained management positions without prior supervisory experience." Except as expressly admitted, Defendants deny the remaining allegations in paragraph 34.

35.    Defendants deny the allegations in paragraph 35.

36.    Defendants admit that Joanne Rose is a white, female, employee of Wyeth's Human Resources Department. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 36.

37.    Defendants admit that, on January 13, 2004, Henry met with Michael McDermott a white, male employee. Except as expressly admitted, Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37.

DOCSNY1:1169887.2

38.    Defendants admit that Henry met with McDermott on January 22, 2004 regarding his performance evaluation and the Packaging Supervisor position. Defendants further admit the allegations in the second sentence of paragraph 38. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 38.

39.    Defendants admit the allegations in the first sentence of paragraph 39. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 39.

40.    Defendants admit that, on or about February 11, 2004, Bigelow had a discussion with Henry regarding his performance appraisal and the Packaging Supervisor position. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 40.

41.    Defendants admit that, on February 16, 2005, Bigelow received an email from Henry referring to racial discrimination. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 41.

42.    Defendants deny the allegations in paragraph 42.

43.    Defendants admit that, during a meeting, Joe Vitanza referred to a malfunctioning alarm system as a tar baby, but deny that this comment had a discriminatory meaning or was made with a discriminatory intent. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 43.

44.    Defendants deny the allegations in paragraph 44.

45.    Defendants admit that: (a) Bigelow advised Henry that his claims of race discrimination would be investigated; (b) Bigelow advised Henry that the investigation revealed no evidence of discrimination; (c) by email to Bigelow, dated April 26, 2004, Howard mentioned that one option would be for him to assume the role of Consumer Health Project Engineer; and (d) Henry was advised on May 6, 2004 that he would remain a Production Engineer. Except as

expressly admitted, Defendants deny the remaining allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants admit that, on or about June 24, 2005, Henry was placed on a Performance Improvement Plan.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 47.

48.     Defendants repeat and reallege each of their responses to paragraphs 1 through 47 as if fully set forth herein.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants repeat and reallege each of their responses to paragraphs 1 through 50 as if fully set forth herein.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny that Henry is entitled to any of the relief requested in the WHEREFORE clause.

58.     To the extent any allegations in the Complaint are not otherwise responded to herein, they are denied.

## ADDITIONAL DEFENSES

### First Defense

Henry fails to state a claim upon which relief can be granted.

DOCSNY1:1169887.2

## Second Defense

Some or all of Henry's claims are barred due to his failure to perform procedural prerequisites.

## Third Defense

Some or all of Henry's claims are barred to the extent he has not exhausted his administrative remedies.

## Fourth Defense

Some or all of Henry's claims are barred to the extent that they exceed the scope of the charges he filed with the Equal Employment Opportunity Commission.

## Fifth Defense

Some or all of Henry's claims are barred by reason of his failure to file a timely charge of discrimination against Defendants with the New York State Division of Human Rights and/or the Equal Employment Opportunity Commission.

## Sixth Defense

Some or all of Henry's claims are barred by the applicable statute(s) of limitations.

## Seventh Defense

Some or all of Henry's claims are barred by the doctrines of waiver and laches.

## Eighth Defense

Henry is barred from any recovery because Defendants had in place policies, procedures and other measures that reasonably should have prevented the discrimination that he alleges occurred, and Henry unreasonably failed to invoke those measures in a timely manner.

## Ninth Defense

All of Henry's claims must fail because the employment decisions at issue were made for

legitimate, non-discriminatory reasons.

**Tenth Defense**

Any act or omission that Henry complains of was taken in good faith.

**Eleventh Defense**

Henry may not recover punitive damages because at the time of the alleged acts or omissions giving rise to his claim for punitive damages, Defendants had implemented in good faith one or more policies prohibiting the alleged acts or omissions and otherwise had made good faith efforts to comply with the applicable law.

**Twelfth Defense**

Some or all of Henry's claims are barred by Henry's failure to mitigate his damages, if any.

**Thirteenth Defense**

Defendants reserve the right to assert additional affirmative defenses upon the discovery of facts not presently known.

DOCSNY1:1169887.2

WHEREFORE, having fully answered, Defendants respectfully request that this Court dismiss this action in its entirety with prejudice, award Defendants their costs and fees, and award such other relief as it deems just and proper.

DATED:   December 19, 2005

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Ave.
New York, NY  10103
(212) 506-5000

By:   _____
      Michael Delikat (MD 1165)
      James H. McQuade (JM 0788)

Attorneys for Defendants Wyeth Pharmaceuticals,
Division of Wyeth, Walter Wardrop, and
Michael McDermott

DOCSNY1:1169887.2