UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HOWARD HENRY,                                   :
                                                :
                      Plaintiff,                :
      -against-                                 :
                                                :   05-CV-8106 (KMW) (DFE)
WYETH PHARMACEUTICALS, INC.,                    :
WALTER WARDROP, ANDREW SCHASCHL, :
and MICHAEL McDERMOTT,                          :
                                                :
                      Defendants.               :
------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# THE MOTION OF DEFENDANT ANDREW SCHASCHL
# TO DISMISS THE COMPLAINT

Michael Delikat (MD 1165)
James H. McQuade (JM 0788)
Heather A. Glatter (HG 1377)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

Attorneys for Defendant Andrew Schaschl

Defendant Andrew Schaschl ("Schaschl") respectfully submits this memorandum of law in support of his motion to dismiss the Complaint in its entirety, as it applies to him, for insufficiency of service of process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure (the "FRCP").

## PRELIMINARY STATEMENT

On September 19, 2005, Plaintiff Howard Henry ("Plaintiff") filed his Complaint, asserting employment discrimination claims against Wyeth Pharmaceuticals, Division of Wyeth ("Wyeth"), Schaschl, and two other employees of Wyeth. *See* Complaint.[1] On October 20, 2005, Plaintiff filed a Declaration of Service, in which a process server, Tony Coniglario, swore that, on October 8, 2005, he served a copy of the Summons and Complaint on Schaschl by leaving a copy of those documents with Joanne Rose, a Wyeth employee, at Wyeth's Pearl River, New York facility. *See* Declaration of Service ("Decl. of Service"), ¶ 3.[2] Mr. Coniglario further swore that he mailed a copy of the Summons and Complaint to Schaschl at Wyeth's Pearl River, New York facility. Decl. of Service, ¶ 4. Plaintiff appears to suggest that service upon Schaschl was sufficient pursuant to New York Civil Practice Law and Rules ("CPLR") § 308(2), which provides for service of the Summons and Complaint by delivering and mailing those documents to a person's "actual place of business."

Wyeth's Pearl River, New York facility, however, is not Schaschl's actual place of business. Schaschl does not work at Wyeth's Pearl River facility, nor does he conduct business at that facility. Schaschl has worked exclusively at Wyeth's Newbridge, Ireland facility since

---

[1] A true and correct copy of the Complaint are attached as Exhibit 1 to the Declaration of James H. McQuade, dated December 19, 2005 ("McQuade Decl.").

[2] A true and correct copy of the Declaration of Service upon Andrew Schaschl is attached as Exhibit 2 to the McQuade Declaration.

June 2004, when he was transferred from Wyeth's Pearl River, New York facility. *See* Declaration of Andrew Schaschl, dated December 19, 2005 ("Schaschl Decl."), ¶¶ 1-3. Since his transfer in June 2004, Schaschl has no plans to return to work at the Pearl River facility. *Id.* at ¶ 3. Because the Pearl River facility is not Schaschl's actual place of business, Plaintiff has failed to properly serve Schaschl under CPLR § 308(2) or any other provision of the FCRP or CPLR. Thus, the Complaint should be dismissed in its entirety as it applies to Schaschl pursuant to FRCP 12(b)(5).

## ARGUMENT

### I. PLAINTIFF FAILED TO PROPERLY SERVE THE SUMMONS AND COMPLAINT ON SCHASCHL, AND THE COMPLAINT SHOULD BE DISMISSED WITH RESPECT TO SCHASCHL

Under both federal and state law, the burden of proving proper service of the summons and complaint rests with the plaintiff. *See, e.g., Johnson v. Quik Park Columbia Garage Corp.*, No. 93 Civ. 5276, 1995 WL 258153, *4 n.2 (S.D.N.Y. May 2, 1995) (attached hereto as Appendix 1). Courts routinely dismiss complaints pursuant to FRCP 12(b)(5) when the plaintiff fails to properly serve these documents. *See, e.g., id.; Underwood v. Shukat*, No. 01 CIV 786, 2002 WL 1315597 (S.D.N.Y. June 14, 2002) (attached hereto as Appendix 2); *Lorenson v. Digman,* No. 97-CV-0997, 1998 WL 37593, *2 (N.D.N.Y. Jan. 27, 1998) (attached hereto as Appendix 3).

In the present case, Plaintiff failed to properly serve the Summons and Complaint on Schaschl under either the FRCP or the CPLR. Thus, pursuant to FRCP 12(b)(5), the Complaint should be dismissed as to Schaschl.

### A.  Plaintiff Failed To Properly Serve Schaschl Under Federal Law

Rule 4 of the FRCP provides that service on an individual within the United States may be made: (1) by delivering copies of the summons and complaint to the individual personally; (2) by leaving copies at the individual's home; (3) by delivering copies to an agent authorized by appointment or by law to receive service of process; (4) by mailing a copy of the summons and complaint pursuant to the waiver of service procedure described in FRCP 4(d); or (5) in the manner prescribed by the law of the state in which the district court is sitting. Plaintiff does not claim to have served Schaschl with the Summons and Complaint by delivering copies to him personally, by delivering copies to his home, by following the procedures outlined in FRCP 4(d), or by delivering copies to an agent authorized by law to accept service on his behalf. *See* Decl. of Service. Accordingly, New York law provides the only possible basis for Plaintiff to argue that he properly served Schaschl.

### B.  Plaintiff Failed To Properly Serve Schaschl Under New York Law

Plaintiff also failed to comply with any applicable provision of the CPLR. Section 308 of the CPLR provides in pertinent part:

> Personal service upon a natural person shall be made by any of the following methods:
>
> 1. by delivering the summons within the state to the person to be served; or
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the **actual place of business**, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her **actual place of business** . . ., such delivery and mailing to be effected within twenty days of each other. . . .

CPLR § 308 (emphasis added). Because Plaintiff did not personally deliver the Summons and Complaint to Schaschl, Plaintiff must rely upon section 308(2) of the CPLR. *Id.*

Plaintiff failed to properly serve Schaschl pursuant to section 308(2) of the CPLR because he did not deliver and mail the Summons and Complaint to Schaschl's "actual place of business," as that term is defined under New York law. *See Anon Realty Associates, L.P. v. Simmons Stanley LTD*, 583 N.Y.S.2d 778, 780 (Sup.Ct. 1992) (holding that service under section 308(2) is ineffective when plaintiff fails to deliver and mail pleadings to defendant's "actual place of business"). The term actual place of business is defined in terms of "the physical proximity of the defendant to the place of service" as well as the regularity with which the defendant transacts business at that location. *Underwood*, 2002 WL 1315597 at *1 (holding service defective where defendant did "not regularly transact business" and "was not physically present . . . with any regularity" at the location that plaintiff claimed was his actual place of business) (citation omitted); *Robbins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 469 (S.D.N.Y. 1996) ("for a place to be a person's 'actual place of business,' that person must be shown to regularly transact business at that place.") (citation omitted).

In the instant case, Schaschl was not physically present with any regularity nor in close physical proximity to Wyeth's Pearl River, New York facility. Schaschl Decl., ¶¶ 1-3. To the contrary, Schaschl "regularly conduct[s] business thousands of miles away" in Ireland, and has done so for well over a year. *Underwood*, 2002 WL 1315597 at *1; *see Anon*, 583 N.Y.S.2d at 780 (finding service defective and dismissing the action where plaintiff delivered and mailed process to a New Jersey office when defendants regularly transacted business in California).

New York courts have held service improper under circumstances similar to the circumstances in this case. For example, in *Lorenson*, 1998 WL 37593 at *2, the court found

service insufficient where the plaintiff served the defendants, police officers, at the police headquarters instead of at the particular branch office where they worked, which was in a different city. The court held that the state police headquarters was not the defendants' actual place of business because the defendants did not work at that location. *Id.*

Similarly, in *Cho v. Song,* 631 N.Y.S.2d 484, 488 (Sup.Ct. 1995), the court held service insufficient where the plaintiff served the defendant at his college campus office in New York. Because the defendant was on sabbatical in Korea at the time of service, his New York office was not his actual place of business. Thus, even though the plaintiff maintained his New York office, received important mail, maintained a secretary on campus, and accepted a salary while on sabbatical, the court found that such facts alone did not support the conclusion that the defendant "was regularly present or regularly transacted business" at his campus office while on sabbatical. *Id.* Schaschl, of course, does not have any of these same connections to Wyeth's Pearl River facility, as his office, secretary, and work address are all in Ireland. Thus, it is abundantly clear that Wyeth's Pearl River facility is not Schaschl's "actual place of business," and service was ineffective under section 308(2) of the CPLR.

## **CONCLUSION**

For all of the foregoing reasons, Defendant Schaschl respectfully requests that this Court enter an order, pursuant to FRCP 12(b)(5), dismissing the Complaint in its entirety as it applies to him.

Dated:   New York, New York
         December 19, 2005

                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

                                        _____
                                        Michael Delikat (MD 1165)
                                        James H. McQuade (JM 0788)
                                        Heather A. Glatter (HG 1377)
                                        666 Fifth Avenue
                                        New York, New York 10103
                                        (212) 506-5000

                                        Attorneys for Defendant Andrew Schaschl