# APPENDIX 1

**Westlaw.**

Not Reported in F.Supp.    Page 1

Not Reported in F.Supp., 1995 WL 258153 (S.D.N.Y.)

**(Cite as: 1995 WL 258153 (S.D.N.Y.))**

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Shaunice JOHNSON, Plaintiff,
v.
QUIK PARK COLUMBIA GARAGE CORP. and Hank Sopher, Chairman of the Board, Defendants.
**No. 93 Civ. 5276 (KMW).**

May 2, 1995.

OPINION AND ORDER

KIMBA M. WOOD, District Judge.

*1 Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, defendants Quik Park Columbia Garage Corp. ("Quik Park") and Hank Sopher ("Sopher"), Quik Park's Chairman of the Board, move to dismiss plaintiff Shaunice Johnson's complaint for insufficiency of service of process. For the reasons set forth below, defendants' motion is granted in part and denied in part.

I. Background

On July 29, 1993, plaintiff filed her complaint with the clerk of the court, alleging, *inter alia,* that defendants terminated plaintiff's employment in violation of the Civil Rights Acts of 1866 and 1964. On August 12, 1993, a process server arrived at Quik Park's office, and deposited a copy of the summons and complaint with Quik Park's receptionist, Gina Maldonado ("Maldonado"), who had been employed as a receptionist at Quik Park for approximately six months. According to Maldonado's affidavit:

On or about August 12, 1993, at approximately 11:00 a.m. at Quik Park's office, a copy of the summons and complaint in this action...was dropped on my receptionist desk. The person who left such papers asked me no questions and did not tell me the nature of such documents. Specifically, the person did not ask me if I was authorized to accept process for either Quik Park or Mr. Sopher, never asked whether Mr. Sopher was in the office at the time, and I never told such person that I was authorized to accept process for either Mr. Sopher or Quik Park.

(Maldonado Aff. ¶ 3). [FN1] Sopher's affidavit states:

At the time of the purported service of the within summons and complaint, I was not even physically present in the Quik Park Offices. I did not arrive at such offices until about 2:00 p.m. on August 12, 1993. I customarily do not arrive at the office before early afternoon.

(Sopher Aff. ¶ 4).

After defendants filed the instant motion to dismiss, plaintiff's attorney submitted to the court a "Certificate of Service," dated November 24, 1993, stating that he had, on that date, served Quik Park by mailing two copies of the summons and complaint, along with a $40 fee, to the Secretary of State, Division of Corporate and Business Records. He attached to this "Certificate of Service" two form letters signed by the process server, affirming that he served both defendants at Quik Park's office on August 12, 1993, and that he mailed a copy of the summons and complaint to each defendant, at Quik Park's office address, on August 24, 1993.

II. Discussion
a. *Service on Sopher*

Federal Rule of Civil Procedure 4 provides that service on an individual within the United States may be made: (1) by delivering copies of the summons and complaint to the individual

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.   Page 2

Not Reported in F.Supp., 1995 WL 258153 (S.D.N.Y.)

**(Cite as: 1995 WL 258153 (S.D.N.Y.))**

personally; (2) by leaving copies at the individual's home; (3) by delivering copies to an agent authorized by law to receive process; (4) by mailing a copy of the summons and complaint pursuant to the procedure described in Rule 4(d); or (5) in the manner prescribed by the law of the state in which the district court is sitting. Because plaintiff does not claim to have served Sopher personally by mailing a copy of the summons and complaint to Sopher's home, by following the federal procedure for service by mail (including, for instance, defendant's completion of a form waiving personal service), or by delivering the summons and complaint to an agent authorized by law to accept service on Sopher's behalf, I find that New York law provides the only possible basis for plaintiff to argue that she served Sopher. [FN2]

*2 New York Civil Practice Law and Rules ("CPLR") § 308(1) provides:
> Personal service upon a natural person shall be made by any of the following methods: (1) by delivering the summons within the state to the person to be served; or (2) by delivering the summons within the state...to a person of suitable age and discretion at the actual place of business...of the person to be served and by either mailing the summons to the person to be served at his last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business.

New York courts view service on a receptionist as ineffective service on an individual when that individual is not present in the reception area at the time such service is made. *See, e.g., Morgan v. Central Gen. Hosp.*, 579 N.Y.S.2d 125 (App. Div. 1992); *Hoffman v. Petrizzi*, 534 N.Y.S.2d 11, 12 (App. Div. 1988). The requirement of the individual defendant's proximity to the reception area has been waived in cases where the defendant had permitted service to be effected via his or her receptionist on prior occasions, thereby giving rise to a finding that the receptionist had apparent authority to receive service on behalf of defendant. *See Eastman Kodak Co. v. Miller & Miller Consulting Actuaries*, 601 N.Y.S.2d 10, 11 (App. Div. 1993). Waiver has also been found where the defendant was found to be attempting to thwart proper service. *See Hermida v. Labiner*, 609 N.Y.S.2d 779 (App. Div. 1994); *MacGregor v. Piontkowski*, 518 N.Y.S.2d 820 (App. Div. 1987). However, plaintiff does not allege either that Maldonado had, on prior occasions, accepted service of process on behalf of Sopher, or that Sopher somehow sought to evade service. Because the record is uncontroverted on the fact that Sopher was not present in the building at the time the receptionist was served (Maldonado Aff. ¶ 3; Sopher Aff. ¶ 4), and because no grounds for waiver exist, I find that personal service on Sopher was improper. [FN3]

Service on Sopher pursuant to § 308(2) also was flawed. As set forth *supra*, subsection 2 of CPLR § 308 provides that when service is made by leaving a copy of the summons with a person of suitable age who is present at the defendant's place of employment or residence, a copy of the summons must also be mailed to the defendant's business or residence (sometimes referred to as the "leave and mail" method); proof of such service then must be filed with the clerk of the court designated in the summons within twenty days of either delivery or mailing, whichever occurs later. CPLR § 308(2). Service on Sopher using the "leave and mail" method was ineffective because plaintiff did not file proof of service with the clerk of the court within 20 days of the date on which her process server allegedly mailed a copy of the summons and complaint to Sopher's place of business, that is, to Quik Park. *See McCray v. Petrini*, 662 N.Y.2d 815, 816 (App. Div. 1995) (noting that "it is well-established that CPLR 308(2) requires strict compliance"). I therefore find that service on Sopher under procedures established in Rule 4 of the Federal Rules of Civil Procedure -- including the incorporated methods set forth in CPLR § 308 -- was ineffective, and I order the claim against Sopher dismissed without prejudice.

b. *Service on Quik Park*

*3 Under Federal Rule of Civil Procedure 4(h), service on a corporation may be made either by delivering a copy of the summons and complaint to a corporate officer, a managing or a general agent, or any other agent authorized by appointment or by

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                           Page 3
Not Reported in F.Supp., 1995 WL 258153 (S.D.N.Y.)

**(Cite as: 1995 WL 258153 (S.D.N.Y.))**

operation of law to receive service, or pursuant to the law of the state in which the district court sits. Because CPLR § 311(1) provides that personal service on a corporation may be made "to an officer, director, managing or general agent, or cashier or assistant cashier, or to any other agent authorized by appointment of law to receive service," I view Rule 4(h) and CPLR § 311 as coextensive for the purposes of this case.

There is no dispute that plaintiff's process server served a copy of the summons and complaint on Maldonado, who, as noted *supra*, had been employed as a receptionist at Quik Park for approximately six months. The process server did not tell Maldonado the contents of the documents, did not ask Maldonado if she was authorized to accept process for either Quik Park or Mr. Sopher, and did not ask if Mr. Sopher was in the office at the time. [FN4] (Maldonado Aff ¶ 3). Under New York law, such service is improper because defendant's receptionist, Maldonado plainly was not an officer, director, or cashier of defendants. Moreover, receptionists are not viewed as general agents of corporations for the purpose of service under New York law. *See Estate of Baratt v. Phoenix Mut. Life Ins. Co.*, 787 F. Supp. 333, 335-36 (W.D.N.Y. 1992); *Colbert v. International Sec. Bureau, Inc.*, 437 N.Y.S 2d 360, 363 (App. Div. 1981). Maldonado also was not authorized to accept service on defendants' behalf, nor did she represent to the process server that she was so authorized. *See Peter v. Platinum Publications, Inc.*, 93 Civ. 6709, 1994 WL 440740, at *7 n.3 (S.D.N.Y. Aug. 15, 1994) (finding service on a receptionist improper when receptionist was not authorized to accept process and told process server only "that there was no one else present to accept service"); *see also Todaro*, 570 N.Y.S.2d at 596; *Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F.Supp. 544, 546 (S.D.N.Y. 1982). Consequently, I conclude that personal service of process on Quik Park was invalid under both Federal and New York State law.

Despite plaintiff's noncompliance with § 311, however, her complaint against Quik Park cannot be dismissed. Without conceding that the attempt at personal service on Quik Park was improper, plaintiff's attorney affirms that on November 24, 1993, he served Quik Park by mailing two copies of the summons and complaint to the Secretary of State, Division of Corporation and Records, along with a $40.00 fee, in compliance with New York Business Corporation Law ("BCL"). CPLR § 311 provides that a corporation may be served by any agent authorized by law, and BCL § 306(b) establishes the procedure by which the Secretary of the State of New York may be used as such an agent for the purpose of service of process. Accordingly, domestic corporations formed pursuant to New York law are subject to service by the Secretary of State. BCL § 306(B)(1) directs the party wishing to serve a New York corporation to serve two copies of the summons and complaint on the Secretary of State, who then mails a copy of each to the address that the corporation is required to have on file with the Secretary of State. Service of process on a corporation is complete when the Secretary of State is served, regardless of whether the process subsequently reaches the corporate defendant. *Associated Imports, Inc. v. Leon Amiel Publisher, Inc.*, 562 N.Y.S.2d 678, 679 (App. Div. 1990).

*4 If plaintiff mailed the copies of the complaint and the summons to the Secretary of State on November 24, 1993 as her attorney asserts, plaintiff's service on Quik Park was timely because it was effected within 120 days of July 29, 1993 -- the date on which the complaint was filed. I therefore cannot conclude, at this juncture, that service of process on Quick Park pursuant to BCL § 306 was improper. *See Modern Computer Corp. v. Ma*, 862 F. Supp. 938, 946 (E.D.N.Y. 1994) (noting that a court considering a motion to dismiss for lack of jurisdiction based on improper service, must construe all allegations in favor of plaintiff); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *cf. Insurance Co. of N. Am. v. Pyramid Ins. Co. of Bermuda, Ltd.*, 92 Civ. 1816, 1994 WL 8874, *4 (S.D.N.Y. March 16, 1994) (finding plaintiff's attorney's affirmation of service sufficient to defeat motion to dismiss). Accordingly, I deny defendant's motion to dismiss the complaint as to defendant Quik Park.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.   Page 4
Not Reported in F.Supp., 1995 WL 258153 (S.D.N.Y.)

**(Cite as: 1995 WL 258153 (S.D.N.Y.))**

### III. Conclusion

Because plaintiff has failed to serve defendant Sopher properly within 120 days of filing her complaint, and because plaintiff has not shown good cause for this failure, I order the complaint against Sopher dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). *See Yosef v. Passamaguoddy Tribe,* 876 F.2d 283, 287 (2d Cir. 1989), *cert. denied,* 494 U.S. 1028 (1990). I deny the motion to dismiss with respect to defendant Quik Park because plaintiff's attorney has sworn that plaintiff timely mailed the complaint and summons to the Secretary of State, pursuant to BCL § 306(b).

SO ORDERED.

FN1. I note that plaintiff objects to defendants' affidavits on the ground that they were notarized by an employee of Quik Park. Plaintiff has failed to supply any statutory or decisional support for her position, and I find the argument to be without merit.

FN2. I note that according to *both* federal and state law, once a defendant raises a bona fide question as to the propriety of service, the burden of proving proper service rests with plaintiff. *See Rates Technology, Inc. v. UTT Corp.,* 94 Civ. 0326, 1995 WL 86264, at *1 (S.D.N.Y. March 2, 1995) (noting that "when a defendant challenges the sufficiency of service, plaintiff has the burden of proof to show that service was sufficient"); *see also Todaro v. Wales Chem.,* 570 N.Y.S.2d 595, 596 (App. Div. 1991); *cf. Stewart v. Volkswagen of Am., Inc.,* 613 N.E.2d 518, 521 (N.Y. 1993) (holding, in the context of a foreign corporation's challenge to service of process, that "once jurisdiction and service of process are questioned, plaintiffs have the burden of proving satisfaction of statutory and due process prerequisites").

FN3. Plaintiff argues that even if her method of service was improper, the court should nonetheless deem both defendants served on the ground that they had actual notice. (Pl. Mem. at 2) However, under New York law, "it is a basic principle of service of process that service must be made exactly as the statute requires; actual notice alone is insufficient." *Columbus Property v. ISKS Realty Corp.,* 621 N.Y.S.2d 277, 278 (Civ. Ct. 1994); *see also Buggs v. Ehrnschwender,* 968 F.2d 1544, 1548 (2d Cir. 1992) (noting that "[a]ctual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed preconditions").

FN4. I note that after defendants filed their motion to dismiss, plaintiff's attorney filed an affidavit with the court in which he affirms that the process server *did* effectuate service on a person called "Mary Smith" who identified herself as a "general agent." In support of this contention, plaintiff's attorney refers to a form affidavit signed by the process server. However, upon review of the form affidavit, I find that its contents do not support plaintiff's attorney's interpretation. Rather, the affidavit appears to be a boilerplate form letter, with spaces provided for the process server to indicate the address of the business or person served, as well as defining physical characteristics of the person with whom the complaint and summons were left. The affidavit reads in pertinent part (with the underscored sections reflecting the details inserted by the process server): I served the summons and complaint on *Quik Park Columbia Garage Corp.* a domestic corporation (one of) the defendant(s) therein named, by delivering to and leaving personally with, *Mary Smith* its *general agent* a true copy each thereof.
(Pl. Ex. C). This affidavit does not establish that a "Mary Smith" informed the process server that she was the "general

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 5
Not Reported in F.Supp., 1995 WL 258153 (S.D.N.Y.)

**(Cite as: 1995 WL 258153 (S.D.N.Y.))**

agent" of defendant Quik Park. Rather, the text could just as fairly be read to mean that the process server simply assumed that "Mary Smith" was a general agent because she was defendant's receptionist -- an assumption which, as noted *supra,* is incorrect. Because the affidavit, even if accepted, does not establish that the person accepting the complaint stated that she was acting as a general agent, I find that plaintiff has not satisfied its burden on this point -- particularly in view of the affidavit submitted by Maldonado.

Not Reported in F.Supp., 1995 WL 258153 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:93cv05276 (Docket) (Jul. 29, 1993)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.