# APPENDIX 2

Westlaw.

Not Reported in F.Supp.2d                                                                                            Page 1
Not Reported in F.Supp.2d, 2002 WL 1315597 (S.D.N.Y.)
**(Cite as: 2002 WL 1315597 (S.D.N.Y.))**

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
William UNDERWOOD, Plaintiff,
v.
Peter SHUKAT et al., Defendants.
**No. 01 CIV. 786(HB).**

June 14, 2002.

OPINION & ORDER

BAER, District J.

*1 James Todd Smith, a/k/a "LL Cool J" ("Smith" or "defendant"), one of the several defendants in this case, moves to dismiss William Underwood's ("plaintiff's) complaint pursuant to Fed.R.Civ.P. ("FRCP") 12(b)(2) and 12(b)(5) on the ground that plaintiff's service of process was insufficient as a matter of law and that defendant is therefore not subject to the jurisdiction of this Court. The other named defendants in this case have filed a motion for summary judgment pursuant to FRCP 56, which is still under consideration by this Court. [FN1] For the reasons detailed more fully below, defendant Smith's motion to dismiss for insufficiency of process is granted.

> FN1. Those defendants include: Jane Peterer, GlobeArt Inc. d/b/a GlobeArt Publishing, Steve Arrington, Amazing Love Publishing, Charles Carter, Deeply Sliced Publishing, Sam Carter, Waung "Buddy" Hankerson, Boyz-Club, Roger Parker, Montezk Music, Peter Shukat, So So Def Recordings, Inc., Jermaine Dupri, Sean Carter p/k/a Jay-Z, Damon Dash and Rock-A-Fella Records LLC. These defendants have not challenged plaintiff's service of process.

BACKGROUND

Plaintiff, an incarcerated litigant proceeding *pro se,* brought this action for copyright infringement on January 31, 2001. Although the pre-trial scheduling order ("PTSO") designated trial for February 2002, an amended PTSO was issued on December 3, 2001 resetting trial for April 2002. However, because plaintiff was recently transferred from United States Penitentiary ("USP") Allenwood, Pennsylvania to USP Atlanta, Georgia, and then to USP Lee, Virginia, I adjourned the trial *sine die.*

With respect to defendant Smith's motion to dismiss for insufficiency of process and lack of jurisdiction over the person, a traverse hearing was held in chambers on June 3, 2002 in order to determine whether service satisfied the requirements of FRCP 4(e) and New York's C.P.L.R. § 308. Both Ebony Underwood, plaintiff's daughter, and defendant Smith testified under oath. Clearly plaintiff, while he may have been well-intentioned, has failed to satisfy the jurisdictional requirements of FRCP 4 and New York's C.P . L.R. § 308, and plaintiff's action against defendant Smith must be dismissed pursuant to FRCP 12(b)(2) and 12(b)(5).

DISCUSSION

Defendant Smith contends that plaintiff failed to satisfy the requisites of either FRCP 4(e) or New York C.P.L.R. § 308, and, consequently, that plaintiff's complaint must be dismissed as a matter of law.

Absent a waiver, FRCP 4(e) mandates that an individual defendant located in the United States be served with a summons and complaint personally, or in accordance with one of several prescribed alternatives provided for in 4(e)(1) and 4(e)(2).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2002 WL 1315597 (S.D.N.Y.)

**(Cite as: 2002 WL 1315597 (S.D.N.Y.))**

Further, because the alleged service on defendant Smith was in the State of New York, I follow New York law to determine whether service on defendant Smith was proper. Under New York's C.P.L.R. § 308, service upon an individual who has not designated an agent within the state for service of process may be made in one of three ways: (1) by delivering the summons to the person personally; (2) by delivering the summons to a person of suitable age and discretion at his actual place of business, dwelling place or usual place of abode and then mailing the summons to the person to be served at his last known residence or his actual place of business in an envelope bearing the legend "personal and confidential"; or (3) where service cannot be made by delivery to the person to be served or to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person, then by affixing the summons to the door of the person's actual place of business, dwelling place or usual place of abode and then mailing the summons to the person at his last known residence or to his actual place of business. The plaintiff here relies on the place of business prong of this test to establish service on defendant Smith. "Actual place of business" has been defined by the courts in terms of "the physical proximity of the defendant to the place of service ." *Anon Realty Assocs., L.P. v. Simmons Stanley Ltd.,* 153 Misc.2d 954, 955, 583 N.Y.S.2d 778, 779 (Sup.Ct., N.Y.Co.1992). However, "[t]he fact that a defendant does business in a given place does not necessarily make it *his* place of business. There must be an identification of the defendant's business with the place, such as comes with employment or proprietorship." *Glasser v. Keller,* 149 Misc.2d 875, 877, 567 N.Y.S.2d 981, 982 (Sup.Ct. Queens Co.1991). If defendant is "physically present [at a location] with regularity," then service is deemed proper. *DiGiuseppe v. DiGiuseppe,* 70 Misc.2d 188, 189, 333 N.Y.S.2d 245, 247 (N.Y.Civ.Ct.1972) . In other words, "[i]n order for a place to be a person's 'actual place of business', that person must be shown to regularly transact business at that place." *Anon Realty Assocs., L.P.,* 153 Misc.2d at 957.

*2 Furthermore, defendant argues that plaintiff, as an incarcerated inmate, has failed to demonstrate that he was presented with obstacles to service that were beyond his control. Accordingly, under New York law, plaintiff cannot argue that his incarceration relieves him from his obligations to comply with the rules governing service of process. *See, e.g., In re Darius Gittens v. Selsky,* 193 A.D.2d 986, 986, 598 N.Y.S.2d 110, 111 (3rd Dep't 1993) ("Failure of an inmate to satisfy the service requirements set forth in any order to show cause requires dismissal for lack of jurisdiction absent a showing that imprisonment presented obstacles beyond his control which prevented compliance").

In this case, plaintiff did not serve defendant according to any of the three methods provided under New York's C.P.L.R. § 308. Ebony Underwood, plaintiff's daughter, testified at the traverse hearing that she did not serve defendant personally or at his dwelling place or usual place of abode. Rather, and as the affidavits of service indicate, service was made upon defendant's "place of business," Def Jam Records and ASCAP, on June 15, 2001. However, although both affidavits are signed by Ms. Underwood, neither indicates the method or manner of service, the date that service was effected, the person at each entity that was provided with a copy of the summons and complaint, or whether there was a subsequent mailing of the summons and complaint. At the traverse hearing, Ms. Underwood testified that plaintiff's other daughter and son mailed the summons and complaint to Def Jam Records and ASCAP and that neither she nor they subsequently attempted to serve defendant Smith at his dwelling place or usual place of abode. Although plaintiff maintains that his children sent the summons and complaint by certified mail and although he was able to produce certified mail receipts subsequent to the hearing, New York's C.P.L.R. § 308 does not provide exclusively for mailing as a proper method of service--regardless of whether the plaintiff is proceeding *pro se* or with counsel. Defendant Smith maintains that he did not designate either Def Jam or ASCAP as an agent, and that neither entity would qualify as his "actual place of business" under New York law; Def Jam is a record company with which he has a contract and ASCAP is an agency that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 3
Not Reported in F.Supp.2d, 2002 WL 1315597 (S.D.N.Y.)

**(Cite as: 2002 WL 1315597 (S.D.N.Y.))**

collects publishing money. (Tr. at 10-11). Since defendant Smith does not regularly transact business at either entity and since he is not physically present at either location with any regularity, neither Def Jam nor ASCAP qualifies as defendant's "actual place of business." In addition, because plaintiff clearly failed to effectuate service according to the other two methods provided for under New York's C.P.L.R. § 308, plaintiff's service on defendant Smith fails.

Further, I do not find that plaintiff has demonstrated obstacles beyond his control so as to excuse service of process rules. Not only did plaintiff's children assist him from the outside with service of process, but plaintiff evidently served the other defendants in this case according to the requirements of FRCP 4 and New York's C.P.L.R. § 308.

CONCLUSION

*3 For the foregoing reasons, defendant Smith's motion to dismiss plaintiff's complaint pursuant to FRCP 12(b)(2) and 12(b)(5) for insufficiency of service of process is granted. The clerk of the court is directed to dismiss this action against defendant Smith.

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2002 WL 1315597 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:01cv00786 (Docket) (Jan. 31, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.