# APPENDIX 3



Not Reported in F.Supp.    Page 1

Not Reported in F.Supp., 1998 WL 37593 (N.D.N.Y.)

**(Cite as: 1998 WL 37593 (N.D.N.Y.))**

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. New York.
Ronald L. LORENSEN and Larry T. McCLENON,
Plaintiffs,
v.
John DIGMAN, Robert Dillon, Alan Lane, Alberto
David, Richard Marero, Michael
Tietz, and Peter Parisi, Defendants.
**No. 97-CV-0997 (RSP/DNH).**

Jan. 27, 1998.
ROBERT J. KRZYS, ESQ. Attorney for Plaintiffs 107 Division Street Amsterdam, New York 12010

JEFFREY M. DVORIN Assistant Attorney General DENNIS C. VACCO Attorney General of the State of New York Attorney for Defendants The Capitol Albany, New York 12224

MEMORANDUM-DECISION & ORDER

POOLER, District Judge.

**\*1** Defendants moved to dismiss this civil rights lawsuit, contending that plaintiffs failed to serve them properly and failed to state a claim upon which relief can be granted. Plaintiffs opposed the motion.

BACKGROUND
On July 14, 1997, plaintiffs Ronald L. Lorensen and Larry T. McClenon filed a civil rights complaint against John Digman, Robert Dillon, Alan Lane, Alberto David, Richard Marero, Michael Tietz, and Peter Parisi. Lorensen and McClenon alleged that the defendants, who work for the New York State Police ("State Police") as police officers, deprived plaintiffs of certain constitutional rights in the course of an investigative stop. Plaintiffs made the following allegations concerning the conduct of which they complain:
 That on July 14, 1994, plaintiff, RONALD L. LORENSEN was lawfully and properly operating his 1988 Ford Escort automobile on the New York State Thruway, with plaintiff, LARRY T. McCLENON being a passenger therein.
 That at approximately 6:00 P.M., the vehicle then operated by plaintiff, LORENSEN, in which plaintiff, McCLENON was a passenger, was summoned to an investigative stop by defendants, NEW YORK STATE POLICE OFFICERS.
 That upon being so summoned, plaintiff, LORENSEN duly complied therewith, bringing his vehicle to a roadside stop, and within minutes thereof, defendants, each of them, joint and several, as members of the NEW YORK STATE POLICE and while acting under color of state law, both individually and jointly, engaged in egregious conduct by which each plaintiff was subjected to serious deprivations of their constitutional rights.
Compl., Dkt. No. 1, ¶¶ 4-6.

On July 24, 1997, plaintiffs' process server served one copy of the summons and complaint for each defendant on Jill Bertrand, a legislative assistant in the State Police Counsel's Office, at State Police Division Headquarters, in Albany, New York. Affidavit of Service, Dkt. No. 2, ¶ 2. The process server also mailed copies of the summons and complaint to the defendants at the Albany address. *Id.*

On October 8, 1997, defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) and (6). Dkt. No. 6. Defendants contended that (1) plaintiffs' service on Bertrand was improper and (2) plaintiffs failed to allege actionable facts in their complaint. I heard oral argument on November 3, 1997.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.    Page 2

Not Reported in F.Supp., 1998 WL 37593 (N.D.N.Y.)

**(Cite as: 1998 WL 37593 (N.D.N.Y.))**

DISCUSSION
I. Personal Jurisdiction

Pursuant to Fed.R.Civ.P. 4(e), service of the summons and complaint "may be effected ... (1) pursuant to the law of the state in which the district court is located." Plaintiffs rely on N.Y.C.P.L.R. 308(2), which provides, in pertinent part, that personal service may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business ... of the person to be served and ... mailing the summons by first class mail to the person to be served at his or her actual place of business." Defendants, however, contend that the State Police Headquarters in Albany is not the defendants' actual place of business. Robert A. Jones, State Police assistant counsel, states that he "caused a search to be made of the records of the State Police to determine the actual place of business" of the defendants and found that Digman worked in Chestertown, New York; Tietz worked in Duanesburg, New York; David worked in Schuyler, New York; and Parisi, Marrero, and Lane worked in Fultonville, New York. Jones Aff., Dkt. No. 7, ¶ 3. Dillon left active service with the State Police on July 23, 1997, for extended sick leave. *Id.* ¶ 4. Plaintiffs counter that they properly served defendants because the State Police headquarters in Albany is the " 'heart beat' of the entire organization." Krzys Deck, Dkt. No. 10, ¶ 6(e).

*2 New York courts define "actual place of business" as (1) a place where the defendant regularly transacts business, *see Bridgehampton Nat'l Bank v. Watermill Heights Assoc.,* 157 Misc.2d 246, 250, 596 N.Y.S.2d 321 (N.Y.Sup.1993)(citing *DiGiuseppe v. DiGiuseppe,* 70 Misc.2d 188, 333 N.Y.S.2d 245 (N.Y.Civ.Ct.1972) and *Anon Realty Assocs., L.P. v. Simmons Stanley Ltd.,* 153 Misc.2d 954, 583 N.Y.S.2d 778 (N.Y.Sup.1992)), or (2) a business location owned or operated by the defendant, "giving rise to a clear identification of the work performed by her with that place of business," *Columbus Realty v. Weng-Heng Tsiang,* 226 A.D.2d 259, 641 N.Y.S.2d 265 (1st Dep't 1996). In this case, the individual defendants neither actually worked at the Albany headquarters nor had an ownership or operating interest in the State Police. Therefore, plaintiffs did not obtain personal jurisdiction over the defendants by serving Bertrand at the Albany headquarters. *Cf. West v. Doctor's Hosp.,* 198 A.D.2d 92, 603 N.Y.S.2d 842 (1st Dep't 1993) (where defendant doctor's invoices to plaintiff specified two different business addresses, one of which was a specific room number at the hospital at which the doctor was an attending physician, plaintiff did not effect personal service by delivering the summons to the administration office in the same hospital). [FN1]

> FN1. Plaintiffs cited *Colon v. Beekman Downtown Hosp.,* 111 A.D.2d 841, 490 N.Y.S.2d 581 (2d Dep't 1985) to support their argument that service at the Albany headquarters was proper. In *Colon,* the court upheld service on an anesthesiologist at the Beekman Downtown Hospital by serving a person of suitable age and discretion in the hospital's administration office. *Id.* Two factors distinguish *Colon* from this law suit. First, the service was at the same hospital in which the anesthesiologist worked and not at a headquarters in a different city. *Id.* Second, the defendant in *Colon* did not show that he had an actual place of business other than the hospital. *Id.*

Despite plaintiffs' failure to make service at defendants' actual places of business, they claim--citing *Melton v. Brotman Foot Care Group,* 198 A.D.2d 481, 604 N.Y.S.2d 203 (2d Dep't 1993) --that defendants are estopped from denying proper service by Bertrand's acceptance of service. Plaintiffs' attorney claims that Bertrand told the process server that she was authorized to accept service. Krzys Decl. ¶ 6(f). Bertrand directly denies this claim. Bertrand Decl., Dkt. No. 8, ¶ 7. Moreover, plaintiffs' attorney's contention is not based on personal knowledge. Finally, the individual defendants did not contribute in any way to any misperception on the process server's part. For all these reasons, plaintiffs adduced no competent proof that could support an estoppel

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3

Not Reported in F.Supp., 1998 WL 37593 (N.D.N.Y.)

**(Cite as: 1998 WL 37593 (N.D.N.Y.))**

theory.

Plaintiffs did not request an extension of time to serve defendants properly and did not achieve personal jurisdiction over the defendants by serving Bertrand. Therefore, I must grant defendants' motion and dismiss plaintiffs' complaint for lack of personal jurisdiction over any of the named defendants.

II. Failure to State a Claim

I have set forth in full at page two, plaintiffs' description of defendants' conduct. Defendants contend that the complaint does not apprise them of actionable conduct because it does not allege "a single specific unconstitutional act committed by the Defendants as a group, let alone specify the actions attributed to a particular defendant." Defs.' Mem., Dkt. No. 9, at 4. Plaintiffs respond--citing *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), *Castro v. United States,* 34 F.3d 106 (2d Cir.1994), and *DiPalma v. Phelan,* 81 N.Y.2d 754, 593 N.Y.S.2d 778, 609 N.E.2d 131 (1992) that their complaint is adequate because it alleges that defendants deprived them of a constitutional right under color of state law. Pls.' Mem., Dkt. No. 10, at 6. None of the cases that plaintiffs cite concern the facts that a plaintiff must allege to state a claim under 42 U.S.C. § 1983. *See Gomez,* 446 U.S. at 635-36 (stating that question presented is which party has the burden of pleading defendant's qualified immunity); *Castro,* 34 F.3d at 111 (holding defendant need not plead facts negating defendant's qualified immunity); *DiPalma,* 81 N.Y.2d at 756, 593 N.Y.S.2d 778, 609 N.E.2d 131 (finding no "constitutionally secured privacy right" where "disclosure of plaintiff's supporting deposition was made in furtherance of ... legitimate governmental interest").

\*3 A Section 1983 claim must set forth "*specific allegations of facts that indicate a deprivation of constitutional rights.*" *Greene v. Hawes,* 913 F.Supp. 136, 143 (N.D.N.Y.1996) (McAvoy, C.J.) (citing *Spear v. West Hartford,* 954 F.2d 63, 68 (2d Cir.1992)). Plaintiffs alleged only that defendants stopped them although Lorensen was driving legally and properly and that defendants then committed "egregious" conduct. These are not specific facts indicating the deprivation of a constitutional right. Plaintiffs' attorney now alleges in a declaration that defendants pointed their guns at plaintiffs, knocked them to the ground, and searched their car. Krzys Decl. ¶ 4. Inexplicably, however, plaintiffs have not filed an amended complaint or even offered affidavits from anyone with personal knowledge of the acts alleged in their attorney's declaration. Because "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning," I must dismiss plaintiffs' Section 1983 claims. *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987). [FN2]

> FN2. At oral argument, plaintiffs requested permission to replead. Ordinarily, I would dismiss conditionally, allowing plaintiffs to serve an amended complaint. However, plaintiffs' failure to obtain jurisdiction over the defendants makes a conditional dismissal a futile gesture.

Plaintiffs also claim, however, that they stated claims directly under the constitution in their second cause of action. Plaintiffs rely on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and *Brown v. State of New York,* 89 N.Y.2d 172, 652 N.Y.S.2d 223, 674 N.E.2d 1129 (1996). Again, plaintiffs' citations are well wide of the mark. *Brown* recognized a right of action arising under the New York Constitution, but plaintiffs made no New York constitutional claim. *See Brown,* 89 N.Y.2d at 188, 652 N.Y.S.2d 223, 674 N.E.2d 1129. *Bivens* recognized a damages remedy against federal officials for violation of the Fourth Amendment to the United States Constitution. *Bivens,* 403 U.S. at 397. Plaintiffs, of course, sued state officials and not federal officials. Moreover, *Bivens* does not address the facts that a plaintiff asserting a claim under the federal constitution must allege. As previously discussed, plaintiffs did not allege any facts from which a fact finder could infer that defendants

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                    Page 4
Not Reported in F.Supp., 1998 WL 37593 (N.D.N.Y.)

**(Cite as: 1998 WL 37593 (N.D.N.Y.))**

violated plaintiffs' constitutional rights. Therefore, I must dismiss their complaint. *Cf. Barr,* 810 F.2d at 363 (stating burden under civil rights statutes).

CONCLUSION

For the reasons I have discussed, I grant defendants' motion and dismiss plaintiffs' complaint in its entirety.

IT IS SO ORDERED.

Not Reported in F.Supp., 1998 WL 37593 (N.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 5:97cv00997 (Docket) (Jul. 14, 1997)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.