USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-25-06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD HENRY,

    Plaintiff,

v.

WYETH PHARMACEUTICALS, INC., WALTER
WARDROP, and MICHAEL McDERMOTT,

    Defendants.

05-CV-8106 (RCC) (DFE)

**CONFIDENTIALITY STIPULATION AND ORDER**

    It is hereby stipulated and agreed by the parties herein, through their undersigned counsel, that the following protective provisions shall govern the handling of confidential information contained in documents, exhibits, deposition or other testimony, affidavits, declarations or other material produced in connection with this lawsuit (hereinafter "Discovery Material").

    1.    In the event that a party deems it necessary to preserve the confidentiality of any Discovery Material, in whole or in part, that party shall classify such Discovery Material as "confidential" by the act of so stamping such Discovery Material prior to its production. In the event that a party disagrees with the designation by another party of any Discovery Material as "confidential," the parties will attempt to first resolve such dispute on an informal basis before presenting the dispute to the Court. If the designating party refuses to remove the designation, the other party may request the Court to review the information to determine whether it was improperly designated as confidential. Neither party shall be obligated to challenge the propriety

of a designation of any information as protected, and a failure to do so does not preclude a subsequent challenge to the propriety of such designation.

2. Discovery Material designated as "confidential" by the parties pursuant to the terms of this Confidentiality Stipulation shall be maintained in strict confidence by the party or person receiving such Discovery Material, to be used solely for the purposes of this action, and shall not be disclosed by the reviewing party to any person, except to:

(a) the named parties, including employees, officers and in-house counsel of Defendants;

(b) counsel of record for the parties in this action only, including partners, associates, co-counsel, legal assistants, secretaries or other support staff of such counsel assigned to assist such counsel or third-party vendors retained specifically to provide such support services;

(c) experts, consultants, accountants and other third parties expressly retained or employed by counsel of record for the parties to assist in the preparation of this action, whether or not said third parties shall subsequently testify, provided such third parties are first given a copy of this Confidentiality Stipulation and agree to be bound by its terms as set forth in paragraphs 3 and 4 *infra*;

(d) any potential witnesses when they are deposed or are prepared for deposition, hearing, or trial in this action, except that such persons may only be shown copies of "confidential" Discovery Material after being shown a copy of this Confidentiality Stipulation and after agreeing to be bound by its terms (as set forth in paragraphs 3 and 4 *infra*), and provided further that any portion of such person's testimony that refers to "confidential"

Discovery Material shall itself be treated as "confidential" pursuant to this Confidentiality Stipulation;

    (e)    court reporters employed in connection with this action; and

    (f)    the Court and Court personnel responsible for this action.

3. Any person receiving "confidential" Discovery Material shall not reveal any part of such Discovery Material to, or discuss such Discovery Materials with, any person who is not entitled to disclosure of such materials under paragraph 2 above.

4. Any person to whom "confidential" Discovery Material is disclosed pursuant to paragraphs 2(c)-(d) hereof shall be required, prior to and as a condition of seeing any such Discovery Materials, to sign the acknowledgment attached hereto as Exhibit A.

5. With respect to any applications and motions to the Court for which a party submits Discovery Material or testimony deemed "confidential," all file and chambers copies containing such Discovery Material or testimony shall be filed in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes or containers, a copy of the first page of the Discovery Material shall be attached. If "confidential" information is included on the first page of the submission, such information may be deleted from the copy attached to the outside of the envelope or container. The term "confidential" shall be stamped on the envelope or container, and a statement substantially in the following form printed thereupon: "This envelope is sealed pursuant to an Order of the Court, contains CONFIDENTIAL information, and is not to be opened or the contents revealed except by order of the Court or agreement of the parties."

6. In the event that any party to whom "confidential" Discovery Material is produced receives a subpoena for such Discovery Material under the authority of any court,

regulatory, administrative or legislative body (other than a party to this matter), that party shall not produce such Discovery Material in response to the subpoena without first giving at least seven days written notice to the party that had designated such Discovery Material as "confidential" so as to enable the designating party to have a reasonable opportunity to seek protective relief.

7. Production of any "confidential" Discovery Material by the designating party does not waive objections by that party as to the admissibility of such Discovery Materials in evidence.

8. The inadvertent failure to designate any Discovery Material as "confidential" shall not be deemed a waiver of such status if such Discovery Material is properly designated as such by the party promptly upon discovery of such failure.

9. Nothing contained herein shall be construed or applied to affect the rights of any party to discovery or to prohibit either party from seeking such further provisions or relief as they may deem appropriate or desirable regarding this Confidentiality Stipulation or the matter of confidentiality.

10. This Confidentiality Stipulation shall have no effect upon, and its scope shall not extend to, any party's right to use its own Discovery Material.

11. At the conclusion of this action (including any appeals related thereto), all "confidential" Discovery Material (and copies thereof) shall be returned to the producing party or, at its written request, destroyed. The return or destruction of such Discovery Material shall be certified in writing by the respective parties' attorneys.

12. This Confidentiality Stipulation shall be and remain in force and effect until modified, superseded or terminated in writing or on the record by agreement of the parties hereto, or by Order of the Court.

SO STIPULATED:

LEEDS, MORELLI, & BROWN, P.C.

By: _____
Steven A. Morelli (SM 4721)

One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550

Attorneys for Plaintiff Howard Henry

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Michael Delikat (MD 1165)
James H. McQuade (JM 0788)
Heather A. Glatter (HG 1377)

666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals, Division of Wyeth, Walter Wardrop, and Michael McDermott

SO ORDERED:

_____  May 25, 2006
Hon. Richard Conway Casey, U.S.D.J.

5

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD HENRY,

    Plaintiff,

    v.

WYETH PHARMACEUTICALS, INC., WALTER WARDROP, and MICHAEL McDERMOTT,

    Defendants.

05-CV-8106 (RCC) (DFE)

**ACKNOWLEDGEMENT OF CONFIDENTIALITY STIPULATION AND ORDER**

    I understand that confidential documents, testimony and/or information will or may be disclosed to me for purposes related to the above-captioned action. I have been advised that, by agreement among the parties to said proceeding and by Order of the Court, such confidential documents, testimony and/or information may not be used for any purposes other than the preparation of said action for trial.

    I hereby certify that I have read the Confidentiality Stipulation and Order in this action. I further agree to maintain the confidentiality of any confidential documents or other materials provided to me and otherwise to abide by the terms of the Confidentiality Stipulation and Order.

    I have been advised that any unauthorized use or disclosure by me of any confidential documents, testimony or information will be treated as a breach of the Confidentiality Stipulation and Order, for which I may be liable for damages.

_____
Name

_____
Company/Affiliation

_____
Signature

_____
Date

DOCSNY1:1209202.1