Michael Delikat (MD 1165)
James H. McQuade (JM 0788)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals, a Division of Wyeth, Walter Wardrop, and Michael McDermott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD HENRY,

           Plaintiff,

    v.

WYETH PHARMACEUTICALS, INC., WALTER WARDROP, ANDREW SCHASCHL, and MICHAEL McDERMOTT,

           Defendants.

05-CV-8106 (RCC) (DFE)

**DECLARATION OF JOANNE ROSE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I, Joanne Rose, declare:

1. I am employed by Wyeth Pharmaceuticals, a Division of Wyeth ("Wyeth"), as an Associate Director of Human Resources. I submit this declaration to provide certain limited information on topics not covered at my deposition in this case and to authenticate certain documents maintained by the Human Resources department. Unless otherwise indicated herein, I make this declaration based on my own personal knowledge.

**Interaction with Howard Henry in Early 2004**

2. On January 12, 2004, I met with Howard Henry, who was upset about his assignment to a Packaging Supervisor position as part of the corporate reorganization process

OHS EAST:160108614.1

referred to as the Organizational Cascade and who was upset about the rating he received in his 2003 performance review. During this meeting, I explained to Mr. Henry how the Organizational Cascade had worked and how he was chosen for the Packaging Supervisor Position. I also advised him that I thought that the Packaging Supervisor position would be a good option for him because it would give him an opportunity to learn new skills, to have direct supervisory responsibility over employees, to use his engineering background to make improvements in the packaging area. I recommended that Mr. Henry and I meet with his direct supervisor Walter Wardrop to discuss the review to see if the language of the review could be changed, but I explained that the overall rating in the review could not be changed because it already had been entered into the HR system. A more complete description of my meeting with Mr. Henry is provided in the notes I prepared after that meeting, a copy of which is attached hereto as Exhibit 1.

   3.  After my meeting with Mr. Henry, I decided to see if I could find any other job vacancies that would match Mr. Henry's qualifications. In addition, Michael McDermott asked me to look into other vacancies that might exist and that might be an appropriate match for Mr. Henry.

   4.  I scheduled a meeting with Mr. Henry and Mr. Wardrop for January 16, 2004 to discuss his 2003 performance review. Mr. Wardrop prepared a memorandum summarizing the 2003 performance review process and Organizational Cascade, as they applied to Mr. Henry, and provided me with a copy of that memorandum. A copy of Mr. Wardrop's January 15, 2006 memorandum to me is attached hereto as Exhibit 2.

   5.  On January 16, 2004, I met with Mr. Wardop and Mr. Henry. Mr. Wardrop presented Mr. Henry with an amended 2003 performance review. Mr. Henry listed a

number of items that were not included in the amended review, but Mr. Wardrop pointed out that those items were the normal duties of a Production Engineer, and he felt they were covered in the review. After Mr. Henry refused to sign the review, I advised him that, if he was still unhappy with the review, he could write a rebuttal to the review, which could be attached to and incorporated in the review. I also asked Mr. Henry for his resume so I could use it to try to place him in other positions as vacancies arose, and I told Mr. Henry I could provide him with a list of job vacancies. Mr. Henry, however, refused my help, explaining that he could handle it himself. A more complete description of my meeting with Mr. Henry is provided in the notes I prepared after that meeting, a copy of which is attached hereto as Exhibit 3.

**Miscellaneous Human Resource Documents and Information**

6. A review of Wyeth's internal records has revealed that Mr. Henry applied for only one position as a Staff Engineer, reporting to John Simpson. Mr. Henry applied for a Staff Engineer I position, at a salary level of 11. Ms. Beelin Cheang was selected for this position, but she declined the position, and the position ultimately was awarded to James Patch.

7. Attached hereto as Exhibits 4 through 6 are performance appraisals for Christopher DeFeciani for years 2000 through 2002. Mr. DeFeciani received the highest overall rating of 5 for each of the years.

8. Attached hereto as Exhibits 7 through 9 are performance appraisals for Richard Morgan for years 2002 through 2004. Mr. Morgan received the highest overall rating of for 5 for each of these years.

9. Attached hereto as Exhibits 10 through 17 are performance appraisals for Howard Henry for years 1993 through 2000. In each of the years, except for one, Mr. Henry's overall rating fell directly in the middle of the rating scale.

Executed on October 20, 2006 at Pearl River, New York.

I declare under penalty of perjury that the foregoing is true and correct.

                                               *Joanne Rose*
                                               Joanne Rose