Michael Delikat (MD 1165)
James H. McQuade (JM 0788)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals, a Division of Wyeth, Walter Wardrop, and Michael McDermott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD HENRY,<br><br>Plaintiff,<br><br>v.<br><br>WYETH PHARMACEUTICALS, INC., WALTER WARDROP, ANDREW SCHASCHL, and MICHAEL McDERMOTT,<br><br>Defendants. | 05-CV-8106 (RCC)(DFE)<br><br>**REPLY DECLARATION OF JAMES H. MCQUADE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, James H. McQuade, declare:

1. I am an attorney admitted to practice before this Court and am employed by Orrick, Herrington & Sutcliffe LLP, counsel for Defendants Wyeth Pharmaceuticals, a Division of Wyeth, Walter Wardrop, and Michael McDermott ("Defendants") in the above-entitled action. I submit this Reply Declaration in support of Defendants' motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment.

2. On October 30, 2006, Defendants served a declaration of Andrew Schaschl, dated October 20, 2006, in support of their motion for summary judgment. This

declaration states: "I declare under penalty of perjury that the foregoing is true and correct" and states that it was executed on October 20, 2006 at Newbridge, Ireland. I believe that this declaration is admissible pursuant to 28 U.S.C. § 1746. Nevertheless, because this declaration was executed outside of the United States, we now are submitting with our reply papers on Defendants' motion for summary judgment a revised declaration of Andrew Schaschl, dated December 4, 2006, which is identical to Mr. Schaschl's October 20, 2006 declaration, except for the different date and the statement at the end of the declaration: "I declare under penalty of perjury *under the laws of the United States of America* that the foregoing is true and correct." (emphasis added).

3.  In addition, Defendants also are submitting with their reply papers a Reply Declaration of Walter Wardrop, which attaches a signed version of Mr. Henry's 2003 Mid-Year Performance Review. Although Defendants previously had produced an unsigned version of this document during the course of discovery in this action, Defendants had not previously produced the signed version of this document because, as stated in Mr. Wardrop's Reply Declaration, the signed version of the document was just recently discovered by Mr. Wardrop. Defendants respectfully request that the Court consider this signed version of the document in connection with the instant motion for summary judgment.

Executed on December 4, 2006 at New York, New York.

I declare under penalty of perjury that the foregoing is true and correct.

_____
James H. McQuade