UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
HOWARD HENRY,

                Plaintiff,

     - against -

WYETH PHARMACEUTICALS, INC., et al.,

                Defendants.
------------------------------------x

05 Civ.8106 (RCC)(DFE)

This is an ECF case

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

    By letter to Judge Casey dated December 6, 2006, plaintiff's counsel complained that defendants' December 4 reply papers in support of summary judgment had annexed a copy of a document (in signed form) which had been previously disclosed only in unsigned form. The document was the 2003 mid-year Performance Review by co-defendant Walter Wardrop concerning plaintiff. Plaintiff's counsel wrote that he had been demanding a signed version of that document ever since the July 25 deposition of Wardrop. He wrote that its belated disclosure was prejudicial "in that he has spent time and space in his [opposition] papers [served on November 27] arguing against the authenticity and genuineness of the document [in its unsigned form]." He requested Judge Casey "to strike this document from the record, and preclude the document's use in this motion and in all future proceedings."

    Defense counsel responded on December 14, 2006. He repeated the explanation given in Wardrop's reply declaration, namely: In connection with Wardrop's move to a new office in November 2006, Wardrop was cleaning out his office and found the original of the Performance Review. If this occurred prior to Monday, November 27 (the deadline for plaintiff's opposition to summary judgment), then I believe that Rule 26(e)'s "duty seasonably to amend a prior response" means that defendant Wardrop should not have waited until December 4, but should have notified plaintiff as soon as possible. However, the December 14 letter makes two arguments to show that there has been no prejudice to plaintiff:

        A. "The authenticity of the 2003 mid-year review is discussed in Henry's Brief only on page 3, paragraph 4, for four lines, and on page 18 for five lines. ... Even if these [nine lines] were removed, Henry's Brief still

would exceed this Court's 25-page limit."

    B. "[A]lthough the signed 2003 mid-year review clearly refutes Henry's belief that he was given the review in April 2003, the date Henry was given the review is not material to any issue on Defendants' motion for summary judgment; nor has Henry explained how the date of this document could be material."

After Judge Casey received the December 6 and 14 letters, he forwarded them to me with a December 22 Order of Reference asking me to rule on this Non-Dispositive Motion/Dispute; his order included two specific questions:

    "1) Whether the document produced by Defendant during discovery is identical to the document included with the reply papers, except for the signatures.

    "2) Whether the production of the document at this stage prejudices Plaintiff."

By letter to me dated January 5, 2007, plaintiff advised me that "Plaintiff will not be submitting a reply letter." Accordingly, I conclude that plaintiff does not dispute that the answer to Question #1 is yes, and that plaintiff has no retort to the December 14 letter's two arguments that there has been no prejudice to plaintiff. (I am enclosing a copy of the January 5 letter; it does not show a copy to defense counsel, and hence I want to be sure defense counsel has a copy, as well as Judge Casey.)

I hereby deny the plaintiff's December 6 letter motion to strike the Performance Review from the record.

                                              /s/ Douglas F. Eaton
                                        DOUGLAS F. EATON
                                        United States Magistrate Judge
                                        500 Pearl Street, Room 1360
                                        New York, New York 10007
                                        Telephone: (212) 805-6175
                                        Fax: (212) 805-6181

Dated:    New York, New York
            January 26, 2007

Copies of this Memorandum and Order (and a copy of Mr. Morelli's 1/5/07 letter) are being sent by fax and by electronic filing to:

Steven A. Morelli, Esq.
    Leeds Morelli & Brown, P.C.
(also by fax to 516-~~673-9550~~ 747-5024)

James H. McQuade, Esq.
    Orrick, Herrington & Sutcliffe LLP
(also by fax to 212-506-5151)

Hon. Richard C. Casey

# LEEDS MORELLI & BROWN, P.C.

Reply to:
One Old Country Road
Suite 347
Carle Place, NY 11514
(516)873-9550
www.lmblaw.com

*Attorneys at Law*

January 5, 2007



*Via Facsimile 212-805-6181*
Douglas Eaton
United States Magistrate Judge
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: Howard Henry v. Wyeth Pharmaceuticals, et al.
      05-CV-8106 (RCC) (DFE)

Dear Magistrate Eaton:

  I represent the plaintiff in the above referenced matter. We understand this case has been referred to you to decide plaintiff's letter motion to strike a certain document produced along with defendants' summary judgment reply papers which was not previously produced during discovery, and to this day has not been produced to plaintiff except by its inclusion in defendants' reply papers.

  Upon learning of the document, plaintiff promptly submitted the letter motion sub judice to Judge Casey, to which defendants promptly answered by letter, also to Judge Casey. The matter was then referred to Your Honor for determination.

  I received a telephone message from either a clerk or secretary in your chambers inquiring into whether we would be submitting a reply letter to defendants' answer letter. One of my associates returned that message on January 4, 2007. The representative that my associate spoke with informed him that I should write to you in this manner.

  Plaintiff will not be submitting a reply letter to defendants' answer letter. I believe that the two letter motions that have been submitted to Judge Casey thus far are sufficient to outline generally the parties' positions. However, in the event Your Honor would like the parties to submit memoranda of law on the issues raised in plaintiff's motion, I would



be glad to do so on plaintiff's behalf.

If you have any questions, please do not hesitate to contact me.

Respectfully submitted,

LEEDS MORELLI & BROWN, PC

By: _____
STEVEN A. MORELLI

cc:   VIA First Class Mail
      Douglas Eaton
      United States Magistrate Judge
      United States District Court
      United States Courthouse
      500 Pearl Street
      New York, New York 10007-1312