Michael Delikat
James H. McQuade
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals,
a Division of Wyeth, Walter Wardrop, and Michael
McDermott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD HENRY,

                Plaintiff,

        -against-

WYETH PHARMACEUTICALS, INC.,
WALTER WARDROP, ANDREW
SCHASCHL, and MICHAEL
MCDERMOTT,

                Defendants.

05 Civ. 8106 (CMM)

**DEFENDANTS' PROPOSED
JURY INSTRUCTIONS**

       Defendants Wyeth Pharmaceuticals, a Division of Wyeth ("Wyeth"), Walter Wardrop ("Wardrop") and Michael McDermott ("McDermott") (collectively "Defendants")[1] hereby submit the attached proposed jury instructions and request to charge pursuant to Rule 51 of the Federal Rules of Civil Procedure. Defendants reserve the right to propose additional instructions or to amend or delete any of the instructions attached hereto at any time before the instructions are given to the jury.

---

[1] Andrew Schaschl, whose name remains in the caption as a defendant, was dismissed from this action as a party defendant by Stipulation and Order entered herein on February 8, 2006.

Dated:  New York, New York
       July 30, 2007

                        ORRICK, HERRINGTON & SUTCLIFFE LLP

                        By: _James H. McQuade_____
                             Michael Delikat
                             James H. McQuade
                             Orrick, Herrington & Sutcliffe LLP
                             666 Fifth Avenue
                             New York, New York 10103
                             Telephone:  (212) 506-5000

                             Attorneys for Defendants Wyeth Pharmaceuticals, a
                             Division of Wyeth, Walter Wardrop and Michael
                             McDermott

TABLE OF CONTENTS

Page

I.    INSTRUCTIONS AT START OF TRIAL ..................................................................3

      Nature of the Case...................................................................................................4

      Order of Trial ..........................................................................................................7

      Claims and Defenses...............................................................................................8

      Province of Judge and Jury ...................................................................................10

      Jury Conduct ..........................................................................................................11

      Notetaking -- Prohibited .......................................................................................13

      Questions by Jurors -- Prohibited ........................................................................14

      Judge's Questions to Witnesses............................................................................15

      Bench Conferences ................................................................................................16

      Evidence.................................................................................................................17

      Direct and Circumstantial Evidence .....................................................................19

      What is Not Evidence ............................................................................................20

      Evidence for Limited Purposes .............................................................................21

      Credibility of Witnesses........................................................................................22

      Burden of Proof.....................................................................................................23

II.   INSTRUCTIONS DURING COURSE OF TRIAL ...............................................24

      Cautionary Instruction – Before Court Recess.....................................................25

      Court's Comments to Counsel ..............................................................................27

      Bench Conferences ................................................................................................28

      Stipulations of Fact................................................................................................29

      Judicial Notice .......................................................................................................30

      Deposition as Substantive Evidence. ....................................................................31

      Use of Interrogatories ...........................................................................................32

      Limited Purpose Evidence ....................................................................................33

      Evidence Admitted Against Only One Party  ........................................................34

      Objections and Rulings  .........................................................................................35

      Judge's Questions to Witnesses ............................................................................36

## TABLE OF CONTENTS
(continued)

Page

III.    INSTRUCTIONS AT END OF TRIAL ............................................................37

III(A)  PRELIMINARY INSTRUCTIONS ...............................................................38

    General Introduction ................................................................................39

    Instructions Apply to Each Party ............................................................40

    All Persons Equal Before the Law – Organizations ...............................41

    Multiple Defendants................................................................................42

    What is Evidence ....................................................................................43

    Questions Not Evidence ..........................................................................44

    "Direct" and "Circumstantial" Evidence – Defined ..............................45

    "Inferences" Defined...............................................................................46

    Number of Witnesses..............................................................................47

    Discrepancies in Testimony....................................................................48

    Use of Depositions as Evidence .............................................................50

    Interrogatories........................................................................................51

    Impeachment – Inconsistent Statement or Conduct  ..............................52

    All Available Witnesses or Evidence Need Not Be Produced  ..............53

III(B)  INSTRUCTIONS ON CLAIMS AND DEFENSES ......................................54

    Introduction.............................................................................................55

    Burden of Proof – Preponderance of the Evidence.................................56

    The Causes of Action at Issue in this Case.............................................58

    The Discrimination Claims Against Defendants .....................................59

    Race Discrimination Causes of Action Against Wyeth Under Title VII,
    Section 1981, and the New York Human Rights Law..............................61

    Claims of Discrimination to be Evaluated Individually ..........................64

    Retaliation Causes of Action Against Wyeth Under Title VII,
    Section 1981, and the New York Human Rights Law..............................66

    Race Discrimination Causes of Action Against Mr. Wardrop and
    Mr. McDermott Under New York Human Rights Law............................69

    Evidence of Discrimination .....................................................................71

    Evidence of Discrimination [Alternative]................................................73

    Statute of Limitations..............................................................................75

TABLE OF CONTENTS
(continued)

Page

III(B)(2) DAMAGES ...................................................................................................77

    Damages – General Instructions .........................................................................78

    Plaintiff Has The Burden To Prove Damages.....................................................79

    Damages Are Awarded Separately Under Each Cause of Action .......................80

    Causation.............................................................................................................81

    Compensatory Damages – Economic .................................................................82

    Employee's Duty to Mitigate Economic Damages..............................................83

    Compensatory Damages – Emotional Distress...................................................85

    No Punitive Component of Any Compensatory Damage Award.........................87

    Nominal Damages...............................................................................................88

    Punitive Damages ..............................................................................................89

    Punitive Damages -- Calculation .......................................................................92

III(C)  CLOSING INSTRUCTIONS ..........................................................................93

    Election of Foreperson; Duty to Deliberate; Communications with Court
    Cautionary; Unanimous Verdict; Verdict Form ................................................94

    Special Verdict...................................................................................................96

OHS East:160251273.3

## I.    INSTRUCTIONS AT START OF TRIAL

## JURY INSTRUCTION NO. ___

### Nature of the Case

Members of the jury, we are about to begin the trial of the case you heard about during the jury selection. Before trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourselves during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Howard Henry. The parties being sued are called the defendants. In this action, the defendants are Wyeth Pharmaceuticals, a Division of Wyeth, otherwise known as Wyeth, and two individuals, Walter Wardrop and Michael McDermott. Collectively the defendants may be referred to as Defendants. At the times, or some of the times, of the events in issue in this lawsuit, Wardrop and McDermott were managers employed by Wyeth. Another individual, Andrew Schaschl, was originally named as a defendant in this case, but he has been dismissed from this case, and you are not to regard him as a defendant.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time to time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Source:    O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Volume 3, Section
           101.01 (West 2000) (hereinafter "O'Malley", Vol. ___, § _____") (adapted).


Defendants' Proposed Instruction No. 1

Given _____
Refused _____
Given as modified_____
Withdrawn_____


                              _____
                                    United States District Judge

**JURY INSTRUCTION NO. \_\_\_\_**

### Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A Party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of plaintiff's claims and the defendants' lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendants may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendants are not required to introduce any evidence or to call any witnesses. If the defendants introduce evidence, the plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Source:    O'Malley, Vol 3, § 101.02.

Defendants' Proposed Instruction No. 2

Given _____
Refused _____
Given as modified_____
Withdrawn _____

_____
United States District Judge

# JURY INSTRUCTION NO. ____

## Claims and Defenses

The positions of the parties can be summarized as follows:

Plaintiff, Howard Henry, asserts claims for race discrimination and retaliation against Defendant Wyeth under three separate statutes. Plaintiff asserts these claims against Wyeth for violation of a federal statute called Title VII of the Civil Rights Act of 1964, commonly referred to as Title VII, another federal statute called the Civil Rights Act of 1866, commonly referred to as Section 1981, and a New York State statute called the New York State Human Rights Law. Plaintiff also asserts a cause of action against Mr. Wardrop and Mr. McDermott for violation of the New York State Human Rights Law, for allegedly aiding and abetting the acts of discrimination claimed against Wyeth. Title VII, Section 1981 and the New York State Human Rights Law generally prohibit employers from discriminating against their employees on the basis of race or color.

Plaintiff claims that Wyeth intentionally discriminated against him on the basis of his race in violation of Title VII, Section 1981, and the New York State Human Rights Law when it denied him certain promotions and gave him certain performance reviews. Plaintiff also claims that Wyeth retaliated against him in violation of Title VII, Section 1981, and the New York State Human Rights Law after he complained about race discrimination when it denied him a subsequent promotion, criticized his job performance, and put him on a performance improvement program. Plaintiff also claims that Mr. Wardrop and Mr. McDermott as individuals aided and abetted this alleged race discrimination and retaliation in violation of the New York State Human Rights Law by directly and purposely participating in the alleged discrimination and retaliation. Plaintiff requests that you, as the jury, enter a verdict in his favor on all causes of action.

Defendants deny Plaintiff's claims. Defendant Wyeth denies that Plaintiff's race played any role in any of its employment decisions or performance evaluations concerning Plaintiff, and it denies that it retaliated against Plaintiff for any complaint of discrimination he may have made. The individual defendants, Mr. Wardrop and Mr. McDermott, also deny that Plaintiff's race played any role in any employment decisions or performance evaluations concerning Plaintiff in which they were involved or about which they were aware. They further deny that they were involved in aiding or abetting any unlawful discrimination or retaliation against Plaintiff. Defendants request that you, as the jury, enter a verdict in their favor on all causes of action.

Source:        O'Malley, Vol. 3, § 101.03 (adapted); Complaint and Answer.

Defendants' Proposed Instruction No. 3

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
United States District Judge

**JURY INSTRUCTION NO. ____**

**Province of Judge and Jury**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are requried to accept the rules of law that I give you, whether or not you agree with them.

Source:    O'Malley, Vol. 3, § 101.10 (modified).

Defendants' Proposed Instruction No. 4

Given        _____
Refused      _____
Given as modified_____
Withdrawn    _____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Jury Conduct

To insure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved witht his case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listed to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

11

8.    If you need to tell me something, simply give a signed note to the clerk or the marshall to give to me.

Source:    O'Malley, Vol. 3, § 101.11.

Defendants' Proposed Instruction No. 5

Given _____
Refused _____
Given as Modified _____
Withdrawn_____


_____
        United States District Judge

**JURY INSTRUCTION NO. ____**

**Notetaking – Prohibited**

I do not believe that it would be useful or helpful for you to take notes during the trial

Taking notes may distract you so that you cannot give attention to all the testimony.  Please do

not take any notes while you are in the courtroom.


Source: <u>O'Malley</u>, Vol. 3, § 101.14.

Defendants' Proposed Instruction No. 6

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
United States District Judge

## ·JURY INSTRUCTION NO. ____

### Questions by Jurors – Prohibited

I do not permit jurors to ask questions of witnesses or of the lawyers.  Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.


Source:        O'Malley, Vol. 3, § 101.16.

Defendants' Proposed Instruction No. 7

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____

United States District Judge

**JURY INSTRUCTION NO. ____**

**Judge's Questions to Witnesses**

During the trial, I may sometimes ask a witness questions.  Please do not assume that I

have any opinion about the subject matter of my questions.

Source:        O'Malley, Vol. 3, § 101.30.

Defendants' Proposed Instruction No. 8

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Bench Conferences

From time to time it may be necessary for me to talk to the lawyers out of your hearing.

The purpose of these conferences is to decide how certain mattersa are to be treated under the

rules of evidence.  The lawyers and I will do what we can to limit the number and length of these

conferences.

Source:        O'Malley, Vol. 3, § 101.31.

Defendants' Proposed Instruction No. 9

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

## JURY INSTRUCTION NO. _____

### Evidence

The evidence in the case will consist of the following:

1.    The sworn testimony of the witnesses, no matter who called a witness.

2.    All exhibits received in evidence, regardless of who may have produced the exhibits.

3.    All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  In some cases, a deposition may be played for you on videotape.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

17

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.


Source:      O'Malley, Vol. 3, § 101.40.


Defendants' Proposed Instruction No. 10

Given _____
Refused _____
Given as modified_____
Withdrawn_____


_____
United States District Judge

**JURY INSTRUCTION NO. ____**

**Direct and Circumstantial Evidence**

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Source:    O'Malley, Vol. 3, § 101.42.

Defendants' Proposed Instruction No. 11
Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Judge

**JURY INSTRUCTION NO. ____**

**What is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source:    O'Malley, Vol. 3, § 101.44.

Defendants' Proposed Instruction No. 12

Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Judge

**JURY INSTRUCTION NO. \_\_\_\_**

**Evidence for Limited Purposes**

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose.


Source:        O'Malley, Vol. 3, § 101.45.

Defendants' Proposed Instruction No. 13

Given _____
Refused _____
Given as modified \_\_\_\_
Withdrawn _____

_____
United States District Judge

**JURY INSTRUCTION NO. ____**

**Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.


Source:         O'Malley, Vol. 3, § 101.43.

Defendants' Proposed Instruction No. 14

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Burden of Proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits taht the matter sought to be proved is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.


Source:          O'Malley, Vol. 3, § 101.41.

Defendants' Proposed Instruction No. 15

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
            United States District Judge

## II.  INSTRUCTIONS DURING COURSE OF TRIAL

## JURY INSTRUCTION NO. ____

### Cautionary Instruction – Before Court Recess

We are about to take our first break. I want to remind you of the instructions I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any newss reports of the trial. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. Ther person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal or the clerk to give to me.

I will not repeat these cautionary instructions each time we recess or adjourn, but you will be reminded of them on such occasions as I deem appropriate.

Source:    O'Malley, Vol. 3, § 102.01 (augmented).

Defendants' Proposed Instruction No. 16

Given _____
Refused _____
Given as modified_____
Withdrawn_____


_____
United States District Judge

**JURY INSTRUCTION NO. _____**

**Court's Comments to Counsel**

It is my duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Source:     <u>O'Malley</u>, Vol. 3, § 102.70.

Defendants' Proposed Instruction No. 17

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

**JURY INSTRUCTION NO. \_\_\_\_**

**Bench Conferences**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request of a conference as an indication of my opinion of the case or of what your verdict should be.

Source:      O'Malley, Vol. 3, § 102.02.

Defendants' Proposed Instruction No. 18.

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

**JURY INSTRUCTION NO. ____**

**Stipulations of Fact**

The parties have stipulated, or agreed, that _____ is a fact.  You must now

treat this fact as having been proved for the purpose of this case.

Source:      O'Malley, Vol. 3, § 102.11.

Defendants' Proposed Instruction No. 19

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

## JURY INSTRUCTION No. ____

### Judicial Notice

Although no evidence has been introduced on the subject, the court has accepted as proved

the fact that _____. You must accept this fact as true for purposes of this

case.


Source:    O'Malley, Vol. 3, § 102.20.

Defendants' Proposed Instruction No. 20.

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
United States District Judge

## JURY INSTRUCTION NO. _____

### Deposition as Substantive Evidence

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial A witness' testimony may sometimes be presented in the form of a deposition [if the witness is not present] [if the testimony in court contradicts the witness' deposition testimony]. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read [shown] to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

Source: O'Malley, Vol. 3, § 102.23.

Defendants' Proposed Instruction No. 21

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

## JURY INSTRUCTION NO. _____

### Use of Interrogatories

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.


Source:        O'Malley, Vol. 3, § 102.24.

Defendants' Proposed Instruction No. 22

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
            United States District Judge

## JURY INSTRUCTION NO. ____

### Limited Purpose Evidence

The evidence you have just heard [are about to hear] has been admitted for a limited

purpose. You must consider this evidence only for that limited purpose and for no other.

Source:      O'Malley, Vol. 3, § 102.40.

Defendants' Proposed Instruction No. 23

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Evidence Admitted Against Only One Party

Each party is entitled to have the case decided solely on the evidence that applies to that party. Some of the evidence in this case is limited under the rules of evidence to one of the parties and cannot be considered against the others. The evidence you [are about to hear] [just heard] can be considered only in the case against [name].


Source:     O'Malley, Vol. 3, § 102.41.

Defendants' Proposed Instruction No. 24

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
        United States District Judge

## JURY INSTRUCTION NO. ____

### Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my ruling on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

Source:      O'Malley, Vol. 3, § 102.17.

Defendants' Proposed Instruction No. 25

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

## JURY INSTRUCTION NO. _____

### Judge's Questions to Witnesses

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.  I may ask a question simply to clarify a matter, not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

Source:        O'Malley, Vol. 3, § 102.72.

Defendants' Proposed Instruction No. 26

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
United States District Judge

## III. INSTRUCTIONS AT END OF TRIAL

## III(A)  PRELIMINARY INSTRUCTIONS

## JURY INSTRUCTION NO. ____

### General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  [A copy of these instructions will be available in the jury room for your to consult if you find it necessary.]  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

[The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.]

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Source:    O'Malley, Vol. 3, § 103.01 (modified).

Defendants' Proposed Instruction No. 27

Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Judge

**JURY INSTRUCTION NO. ____**

**Instructions Apply to Each Party**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to the plaintiff and to each defendant in the case.

Source:    O'Malley, Vol. 3, § 103.10.

Defendants' Proposed Instruction No. 28

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

**JURY INSTRUCTION NO. ____**

**All Persons Equal Before the Law – Organizations**

You should consider and decide this case as a dispute action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation, such as Wyeth, is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations, stand equal before the law and are to be treated as equals.

Source: O'Malley, Vol. 3, § 103.12.

Defendants' Proposed Instruction No. 29

Given _____
Refused _____
Given as Modified _____
Withdrawn _____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Multiple Defendants

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. No defendant is to be prejudiced should you find against another. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

Source:      O'Malley, Vol. 3, § 103.14.

Defendants' Proposed Instruction No. 30

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

## JURY INSTRUCTION NO. _____

### What Is Evidence

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to, and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

[I may take judicial notice of certain facts or events. When I declare that I will take judicial notive of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have orderred stricken must be entirely disregarded.

Source:     O'Malley, Vol. 3, § 103.30.

Defendants' Proposed Instruction No. 31

Given _____
Refused _____
Given as modified_____
Withdrawn_____


_____
United States District Judge


43

**JURY INSTRUCTION NO. ____**

**Questions Not Evidence**

If a lawyer asks a witness a question that contains an assertion of fact, you may not

consider the assertion as evidence of that fact.  The lawyer's questions and statements are not

evidence.


Source:      O'Malley, Vol. 3, § 103.34.

Defendants' Proposed Instruction No. 32

Given _____
Refused _____
Given as modified _____
Withdrawn _____


                                   _____
                                         United States District Judge

## JURY INSTRUCTION NO. ____

### "Direct" and "Circumstantial" Evidence — Defined

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of the evidence in the case, both direct and circumstantial.

Source:  O'Malley, Vol. 3, § 104.05.

Defendants' Proposed Instruction No. 33

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
United States District Judge

45

## JURY INSTRUCTION NO. _____

### "Inferences" Defined

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.


Source:     O'Malley, Vol. 3, § 104.20.

Defendants' Proposed Instruction No. 34

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
United States District Judge

## JURY INSTRUCTION NO. _____

### Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Source:     O'Malley, Vol. 3, § 104.54.

Defendants' Proposed Instruction No. 35

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Discrepancies in Testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserved.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstnaces under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source:    O'Malley, Vol. 3, § 105.01.

Defendants' Proposed Instruction No. 36

Given  _____
Refused  _____
Given as modified_____
Withdrawn_____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Use of Depositions as Evidence

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writring under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighted, and otherwise considered by you,, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Source:    O'Malley, Vol. 3, § 105.02

Defendants' Proposed Instruction No. 37

Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Interrogatories

Certain interrogatories have been introduced into evidence.  Interrogatories are written questions asked by one party of another party, to which the other party responds with written answers signed and sworn to under oath.  A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers.  The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

Source:    O'Malley, Vol. 3, § 104.72 (modified).

Defendants' Proposed Instruction No. 38.

Given _____
Refused _____
Given as Modified _____
Withdrawn _____

_____
United States District Judge

**JURY INSTRUCTION NO. ____**

**Impeachment – Inconsistent Statement or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other times hte witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserved.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distruct such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserved.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.


Source:    O'Malley, Vol. 3, § 105.04.

Defendants' Proposed Instruction No. 39

Given _____
Refused _____
Given as modified _____
Withdrawn_____


_____
United States District Judge

## JURY INSTRUCTION NO. _____

### All Available Witnesses or Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Source:        O'Malley, Vol. 3, § 105.11.

Defendants' Proposed Instruction No. 40.

Given _____
Refused _____
Given as Modified _____
Withdrawn _____


_____
        United States District Judge

## III(B)  INSTRUCTIONS ON CLAIMS AND DEFENSES

## JURY INSTRUCTION NO. _____

### Introduction

Plaintiff has asserted a number of causes of action based on statutes. These claims against Defendant Wyeth are six claims of race discrimination in employment and retaliation under Title VII, Section 1981 and the New York State Human Rights Law. In addition, under the New York State Human Rights Law only, Plaintiff claims that Defendants Wardrop and McDermott, as individuals, aided and abetted the acts of racial discrimination and retaliation alleged against Wyeth. Therefore, Plaintiff has asserted seven separate causes of action in total. There will be a number of elements that Plaintiff must prove in order to recover under each of these causes of action. I will discuss these essential elements shortly. However, generally, Plaintiff must prove each of these elements by a preponderance of the evidence. In addition to these essential elements, Plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to establish the nature and extent of the injuries Plaintiff claims he has suffered.

Source:    Complaint and Answer.

Defendants' Proposed Instruction No. 41

Given _____
Refused _____
Given as modified _____
Withdrawn_____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Burden of Proof – Preponderance of the Evidence

Plaintiff, Mr. Henry, has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the plaintiff should fail to establish any essential element of any his claims by a preponderance of the evidence, you should find for the defendants as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the position is more probably true than not.

Source:    O'Malley, Vol. 3, §§ 104.01, 104.04.

Defendants' Proposed Instruction No. 42

Given _____
Refused _____
Given as modified_____
Withdrawn_____


_____
United States District Judge

## JURY INSTRUCTION NO. ____

### The Causes of Action at Issue in this Case

I will now explain to you each of the elements that Plaintiff must prove for each of his causes of action.

If you find that for any of the causes of action, each element has been proved by Plaintiff by a preponderance of the evidence against Wyeth, Mr. Wardrop, or Mr. McDermott, your verdict should be for Plaintiff and against that particular Defendant on that cause of action or causes of action. On the other hand, if Plaintiff has not carried his burden of proof with respect to any one of the essential elements of a cause of action, your verdict must be for the Defendants on that particular cause of action or causes of action.

Source:    O'Malley, Vol. 3, § 104.01; Vol. 3C, § 170.20 (adapted); American Bar Associaion, Section of Litigation, Employment and Labor Relations Law Committee, Employment Litigation Model Jury Instructions, 2005 ed., (hereinafter "Employment Litigation Model Jury Instructions"), § 1.02[1] (adapted).

Defendants' Proposed Instruction No. 43

Given _____
Refused _____
Given as modified_____
Withdrawn_____


_____
United States District Judge

## JURY INSTRUCTION NO. ____

### The Discrimination Claims Against Defendants

Plaintiff asserts race discrimination claims under three separate statutes or laws. A statute is the same as a law, and the two terms are used interchangeably. Two of the statutes under which Plaintiff is suing are federal laws, and the other is a New York State law. Although there are certain differences between the federal laws and the state law, both the federal laws and the state law make it unlawful for an employer to intentionally discriminate against an employee on the basis of the employee's race.

(1)    Race Discrimination under Title VII

The first federal statute under which Plaintiff brings this action for race discrimination is called the Civil Rights Act of 1964, commonly known as Title VII. Title VII provides in pertinent part that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . race." Plaintiff's race discrimination cause of action under Title VII is brought against only the defendant Wyeth.

(2)    Race Discrimination under Section 1981.

The second federal statute under which Plaintiff brings this action for race discrimination is a provision of the Civil Rights Act of 1866, commonly known as Section 1981. Section 1981 provides that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." Plaintiff's race discrimination cause of action under Section 1981 is also brought against only the defendant Wyeth.

(3)    Race Discrimination under the New York State Human Rights Law

Plaintiff is also suing for race discrimination under a New York state statute called the

New York State Human Rights Law, which provides in pertinent part that "[i]t shall be an

unlawful discriminatory practice ... [for] an employer ... to discriminate against any individual

in compensation, terms, conditions, or privileges of employment because of ... his race."

Plaintiff's causes of action for race discrimination under the New York State Human Rights Law

are brought against all Defendants.

Under all of these laws, in order to establish plaintiff's claim against defendant Wyeth,

plaintiff has the burden of proving by a preponderance of the evidence that Wyeth had a

discriminatory purpose or motive in that Wyeth's actions were, more likely than not, motivated

by the plaintiff's race; that is, plaintiff's race must be proved to have been a motivating factor in

the employment actions of Wyeth claimed to have been discriminatory.

However, Plaintiff's burden of proving discrimination under these statutes differs with

respect to the individual defendants, Mr. Wardrop and Mr. McDermott.  Thus, I will provide you

with separate instructions on the statutory discrimination claims with respect to the claims

asserted against Wyeth, on the one hand, and the individual Defendants on the other hand.

Source:    42 U.S.C. § 2000e-2(a); 42 U.S.C. § 1981; N.Y. Exec. Law § 290; O'Malley, Vol
3C, § 170.20 (adapted); Employment Litigation Model Jury Instructions, § 1.02
(adapted).

Defendants' Proposed Instruction No. 44

Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Judge

60

JURY INSTRUCTION NO. _____

**Race Discrimination Causes of Action Against Wyeth
Under Title VII, Section 1981, and the
New York Human Rights Law**

To establish a claim of race discrimination against Wyeth under Title VII, Section 1981, or the New York Human Rights Law, Plaintiff has the burden to prove by a preponderance of the evidence that the protected trait, here race or color, actually motivated the employer's decision. The plaintiff's protected status was a motivating factor if you conclude that it made a difference in Wyeth's decision, even though other factors may have also influenced that decision.

To establish a claim concerning promotion against Wyeth under these statutes, Plaintiff has the initial burden to prove by a preponderance of the evidence the following elements: (1) that he was in a protected group; (2) that he satisfactorily performed the duties of his position;  (3) that he applied for and was denied a promotion to a position for which he was qualified; and (4) that the denial occurred under circumstances giving rise to an inference of discrimination based on Plaintiff's membership in the protected class.

Moreover, to establish his claims that his performance evaluations, or any of them, were racially discriminatory, Plaintiff must prove (1) that he was in a protected group; (2) that he satisfactorily performed the duties of his position; (3) that he has endured a materially adverse change in the terms and conditions of employment; and (4) that the materially adverse change in terms and conditions of employment occurred under circumstances giving rise to an inference of discrimination based upon Plaintiff's membership in the protected class.  In the context of claimed discriminatory employment actions by an employer, to be materially adverse, a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities, and it may be indicated by a termination of employment, a demotion evidenced

by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities or other indicia unique to a particular position.

If you find that Plaintiff has failed to prove any of these essential elements with regard to any of his promotion or performance evaluation claims, then you do not need to deliberate any further on that claim against Wyeth. You must return a verdict in favor of Wyeth on that race discrimination claim under Title VII, Section 1981, and the New York Human Rights Law.

If, however, you find that all four of the applicable elements have been proved by a preponderance of the evidence with respect to any of Plaintiff's claims, you must then consider the explanations offered by Wyeth on that claim as to why Plaintiff was not promoted on one or more occasions, or why Wyeth evaluated him as it did. That is, you must consider whether Wyeth has presented any legitimate nondiscriminatory reasons for its decision with respect to that claim. Wyeth must only come forward with a legitimate nondiscriminatory reason; it does not have to convince you that its reasons are true and good. The law entitles Wyeth to manage its workforce in any way it deems appropriate, as long as Wyeth's decisions were not because of Plaintiff's race. Wyeth does not have to prove – and it is not up to you to decide – whether Wyeth made the "right" decisions in this case. Thus, it is not up to you to decide whether Wyeth was correct in its employment decisions concerning Plaintiff, or whether Plaintiff was treated fairly or unfairly. The sole issue at this stage is whether Wyeth has come forward with some non-discriminatory reason for its employment decisions concerning the Plaintiff.

If Wyeth satisfies its burden by presenting evidence tending to show a nondiscriminatory reason for an employment decision concerning Plaintiff, Plaintiff must persuade you, by a preponderance of the evidence, that the reasons offered by Wyeth for that decision are only a pretext or cover-up for what, in truth, was a racially discriminatory purpose. Thus, Plaintiff must

establish <u>both</u> that the reasons proffered by Wyeth were false, and that intentional race

discrimination was the real reason for Wyeth's employment decision.  If you find that Plaintiff

has not persuaded you of this with respect to any of Plaintiff's claims, you need not deliberate

any further concerning that claim, and you must find in favor of Wyeth on that claim under Title

VII, Section 1981, and the New York Human Rights Law.

Source: <u>O'Malley</u>, Vol. 3C, §§ 170.20, 170.22 (adapted); <u>Employment Litigation Model Jury Instructions</u>, §§ 1.02, 1.02[3] (adapted); <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 141-43, 153-54, 120 S. Ct. 2097, 2105-06, 2112 (2000); <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 514-17, 113 S. Ct. 2742, 2751-52 (1993); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-03 (1973); <u>Schnabel v. Abramson</u>, 99-9385, 2000 WL 1676601, *7 (2d Cir. Nov. 8, 2000); <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560, 565 (2d Cir. 2000); <u>Galabya v. New York City Bd. of Educ.</u>, 202 F.3d 636, 640 (2d Cir. 2000); <u>Pollis v. The New Sch. For Soc. Research</u>, 132 F.3d 115, 123-24 (2d. Cir. 1997); <u>Fisher v. Vassar College</u>, 114 F.3d 1332, 1339 (2d Cir. 1997) (<em>en banc</em>), <u>cert. denied</u>, 118 S. Ct. 851 (1998); <u>Woroski v. Nashua Corp.</u>, 31 F.3d 105, 108 (2d Cir. 1994).

Defendants' Proposed Instruction No. 45

Given  _____
Refused  _____
Given as modified _____
Withdrawn_____

_____
   United States District Judge

## JURY INSTRUCTION NO. ____

### Claims of Discrimination to be Evaluated Individually

Plaintiff in this case brings multiple claims of discrimination against Wyeth under Title VII, Section 1981 and the New York State Human Rights Law.  The events claimed by Plaintiff to give rise to liability under these statutes consist of claimed denials of promotions and discriminatory performance evaluations occuring at different times.  Hence, Plaintiff claims the following constitute discrimination because of his race:

(1)     The claimed denial of promotion to the position of Project Engineer in December 2001;

(2)     The claimed denial of promotion to the position of Production Coordinator in July 2002;

(3)     The claimed denial of opportunity to fill-in on a temporary basis in the position of Production Coordinator in April 2003;

(4)     The claimed negative mid-year performance evaluation in September 2003;

(5)     The claimed denial of promotion to the position of Process Engineer in November 2003;

(6)     The claimed negative performance evaluation in December 2003;

(7)     The claimed demotion to the position of Packaging Supervisor in December 2003; and

(8)     The claimed denial of promotion to the position of Staff Engineer I in January 2004.

Each of these claimed events is regarded in the law as a discrete act or single occurrence that takes place at a particular point in time.  Therefore, in order to determine whether Wyeth is liable for racial discrimination with respect to any of these employment actions, you must

evaluate each one of them separately to determine whether the Plaintiff has met his burden of

proof, as I have described it, with respect to that particular employment action.

Source:     National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 110-11, 114
            (2002); Ledbetter v. Goodyear Tire & Rubber Co., ___ U.S. ___, 127 S. Ct. 2162,
            2169, 2175 (2007).

Defendants' Proposed Instruction No. 46

Given _____
Refused _____
Given as modified _____
Withdrawn _____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Retaliation Causes of Action Against Wyeth Under Title VII, Section 1981 and the New York Human Rights Law

Plaintiff also claims that Wyeth violated each of the three statutes, Title VII, Section 1981, and the New York State Human Rights Law, by retaliating against him through certain employment actions after he allegedly complained about racial discrimination in February 2004.

These claimed acts are the following:

(1)     The claimed denial of the position of Manager Manufacturing Support in September, 2004;

(2)     The placement of Plaintiff on a Performance Improvement Plan in June 2005; and

(3)     The claimed negative mid-year performance evaluation in 2005.

The same three-step burden-shifting analysis that applies to discrimination claims applies to retaliation claims.  To establish a prima facie case of retaliation, the Plaintiff must prove by a preponderance of the evidence each of the following elements:

(1)     The Plaintiff engaged in or was engaging in an activity protected under the anti-discrimination statutes;

(2)     The employer was aware of Plaintiffs' participation in the protected activity;

(3)     The employer took a materially adverse action against the Plaintiff based upon the Plaintiff's protected activity; and

(4)     A causal connection existed between Plaintiff's protected activity and the adverse action taken by the employer.

In the retaliation context, I instruct you that "materially adverse action" by the employer means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.

If you find that Plaintiff has failed to prove any of these four elements with respect to any act claimed by Plaintiff to be retaliatory, then you do not need to deliberate any further on that retaliation claim against Wyeth and must return a verdict for Wyeth on that retaliation claim under Title VII, Section 1981, and the New York Human Rights Law.

If, however, you find that the Plaintiff has succeeded in proving each of the above elements by a preponderance of the evidence with respect to any act claimed by Plaintiff to be retaliatory, then the burden shifts to the defendant to articulate some legitimate, non-retaliatory reason for its actions, and you must consider the explanations offered by Wyeth for its actions. Again, Wyeth must only come forward with a legitimate nondiscriminatory reason; it does not have to convince you that its reasons are true and good. The law entitles Wyeth to manage its workforce in any way it deems appropriate, as long as Wyeth's decisions were not in retaliation for protected activity by the Plaintiff. If the defendant succeeds in proffering such a legitimate, non-retaliatory reason, the Plaintiff, who continues to retain the ultimate burden of persuasion and proof, must prove by a preponderance of all of the evidence that the defendant's reason was a pretext for retaliation because of the Plaintiff's protected activity.

Source:    Burlington No. & Santa Fe R.R. Co. v. White, 126 S. Ct. 2405, 2409 (2006); St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2751-52 (1993);  Lizardo v. Denny's Inc., 270 F.3d 94, 105 (2d Cir. 2001); Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000); Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993); Johnson v. Palma, 931 F.2d 203, 207-08 (2d Cir. 1991).

Defendants' Proposed Instruction No. 47

Given _____
Refused _____
Given as modified _____
Withdrawn _____


_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Race Discrimination Causes of Action Against Mr. Wardrop and Mr. McDermott Under the New York State Human Rights Law

Plaintiff seeks to hold Mr. Wardrop and Mr. McDermott liable under the New York State Human Rights Law under a theory called aiding and abetting unlawful discrimination. In order to find Mr. Wardrop or Mr. McDermott liable under this theory, you first have to find Wyeth liable for race discrimination or retaliation. If you do not find Wyeth liable for any underlying claim of race discrimination or retaliation, then you do not need to consider this theory any further, and you must find in favor of Mr. Wardrop and Mr. McDermott.

However, if you find that Wyeth did engage in race discrimination or retaliation under the New York Human Rights Law, then you must consider whether Mr. Wardrop or Mr. McDermott can be found liable for any of the discriminatory or retaliatory acts under the aiding and abetting theory. This theory makes it an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any acts prohibited under the statute, including race discrimination and retaliation. To find Mr. Wardrop or Mr. McDermott liable for aiding and abetting unlawful discrimination or retaliation, you must find that that Plaintiff has proved by a preponderance of the evidence that Mr. Wardrop or Mr. McDermott directly and purposefully participated in the underlying discrimination or retaliation. If you do not find that Mr. Wardrop or Mr. McDermott directly and purposely participated in the underlying discrimination or retaliation, then you must find for that particular individual on the New York State Human Rights Law claims.

Source:   New York Executive Law § 296(6); Cerrato v. Durham, 941 F. Supp. 388, 396-97
          (S.D.N.Y. 1996); Foley v. Mobile Chem. Co., 170 Misc.2d 7, 647 N.Y.S.2d 374, 381-
          82 (Sup. Ct. Monroe Ct. 1996).

Defendants' Proposed Instruction No. 48

Given _____
Refused _____
Given as modified _____
Withdrawn_____


                                    _____
                                         United States District Judge

## JURY INSTRUCTION NO. _____

### Evidence of Discrimination

Mere references to a person's race or stray remarks are not direct evidence of race discrimination. Such questions or statements must be reviewed by you in the context in which they were made.

In determining whether such statements "prove" discrimination, you may consider how many times the statements were made, whether they were legitimate comments when made, whether they were made in jest, or whether they showed true bias or prejudice. You may also consider when the statements were made in relation to the employment decision at issue and whether they were made about Plaintiff or directed against Plaintiff. These are all factors which you may consider in deciding what "weight" or importance you will attached to these statements. Ultimately, it is your decision whether these statements have any significance at all.

Further, I instruct you that isolated, sporadic remarks about a person's race – even derogatory remarks or remarks made in poor taste – are not alone enough to sustain Plaintiff's burden of proof in this case, that employment actions were taken against him because of his race.

Source:     O'Connor v. Viacom Int'l Inc., 1996 U.S. Dist. LEXIS 5289, **12-14 (S.D.N.Y. Apr. 12, 1996), aff'd, 104 F.3d 356 (2d Cir. 1996); Spence v. Maryland Cas. Co., 803 F. Supp. 649, 667-68 (W.D.N.Y. 1992); aff'd, 995 F.2d 1147 (2d Cir. 1993); Donaldson v. Merrill Lynch & Co., Inc., 794 F. Supp. 498, 505 (S.D.N.Y. 1992); Thermidor v. Beth Israel Med. Ctr., 683 F. Supp. 403, 413 (S.D.N.Y. 1988); Parker v. Sheeham Mem. Hosp., 44 FEP Cases (BNA) 909, 914 (W.D.N.Y. 1987); Tebbenhoff v. Electronic Data Systems Corp., 2005 U.S. Dist. LEXIS 29874, **24-25 (S.D.N.Y. Nov. 29, 2005).

Defendants' Proposed Instruction No. 49

Given _____
Refused _____
Given as modified _____
Withdrawn_____


_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Evidence of Discrimination
**[Alternative instruction to be used only if the Court admits such evidence.]**

Plaintiff has introduced evidence and testimony in an attempt to show that other employees of Wyeth have been subjected to racial remarks in their employment. That evidence and testimony did not relate to Plaintiff's attempts to obtain promotions or to his performance evaluations. Instead, it was introduced in an attempt to show that the Defendants acted with discriminatory intent with respect to Plaintiff.

The inference of discriminatory intent is one that you may or may not choose to draw from this evidence. That is, you may or may not infer, based on the Defendants' alleged treatment of the other Wyeth employees, that the treatment of Plaintiff was motivated by discrimination. However, in order for you to infer that discriminatory animus motivated the Defendants' actions against Plaintiff based on the Defendants' alleged discriminatory treatment of other Wyeth employees, the other employees must have been similarly situated to Plaintiff in all material respects. For instance, you must find that the other employees were subjected to the same type of discrimination that Plaintiff has alleged, that the other employees were discriminated against by the same decisionmakers that Plaintiff alleges discriminated against him, and that the other employees complained about discrimination occurring in the same time period that Plaintiff alleges he was discriminated against.

Source:  Norville v. Staten Island Univ. Hosp., 196 F.3d 89 (2d Cir. 1999); Mareno v. Madison Square Garden, L.P., No. 98 Civ. 2719, 2000 WL 1401156 (S.D.N.Y. Sept. 26, 2000); Rivera v. Baccarat, Inc., No. 95 Civ. 9478, 1997 WL 777887 (S.D.N.Y. Dec. 15, 1997); Rifkinson v. CBS Inc., No. 94 Civ. 7985, 1997 WL 634514 (S.D.N.Y. Oct. 14, 1997).

73

Defendants' Proposed Instruction No. 50

Given _____
Refused _____
Given as modified _____
Withdrawn_____


_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Statute of Limitations

The Defendants assert as an affirmative defense to some of Plaintiff's claims that the statute of limitations bars certain of Plaintiff's claims. A statute of limitations is a law that provides that a suit is barred if a plaintiff does not bring it within a prescribed period of time. The time period within which the suit must be brought begins when the Plaintiff first knew, or by the exercise of reasonable care, should have known, that a racially discriminatory or retaliatory act was committed against him.

This lawsuit was commenced by the filing of a Complaint on September 20, 2005. Under Section 1981, a lawsuit must be commenced within four years of the occurrence of the discriminatory act it seeks relief for – here, September 20, 2001. Under the New York State Human Rights Law, a lawsuit must been commenced within three years of the occurrence of the discriminatory act it seeks relief for – here, September 20, 2002. Under Title VII, the situation is slightly more complex, in that, in order to be timely, the Plaintiff is required to have filed a charge of discrimination within 300 days of the occurrence of the discriminatory act it seeks relief for. Here, Plaintiff filed his charge of discrimination on September 24, 2004. Therefore, in order for Plaintiff to be able to recover for his claims under Title VII, the events of those claims must have occurred no earlier than November 29, 2003. Hence, some of Plaintiff's claims may be timely under some of the statutes he sues under and not under others, and some may not be timely under any of those statutes. You will need to examine each of Plaintiff's claims in the light of each of the applicable statutes of limitations and determine whether it is timely under that statute.

The Defendants have the burden of proving the statute of limitations defense.  In other words, the Defendants must prove by a preponderance of the evidence that Plaintiff did not bring the claim within the applicable time period.


Source:     O'Malley, Vol. 3, § 170.01 (adapted); 42 U.S.C. § 2000e-5(e); N.Y. CPLR § 214(2); Jones v. R.R. Donnelley & Sons, Co., 541 U.S. 369, 382-83 (2004); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996).

Defendants' Proposed Instruction No. 51

Given _____
Refused _____
Given as modified _____
Withdrawn _____


 

 

_____
United States District Judge

## III(B)(2)  DAMAGES

**JURY INSTRUCTION NO. ____**

**Damages – General Instructions**

I will now give you instructions on awarding damages. The fact that I am giving you instructions as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Title VII and Section 1981 permit you to award compensatory and punitive damages to Plaintiff. The New York State Human Rights Law permits you to award only compensatory damages to Plaintiff. Punitive damages are not available under the New York State Human Rights Law. These are the only types of damage awards that you may consider awarding Plaintiff if you find Defendants liable for any of the claims Plaintiff has asserted in this lawsuit.

Source:    42 U.S.C. § 1981a; 42 U.S.C. § 2000e-5(g)(1);  N.Y. Exec. Law § 290.1(a); O'Malley, Vol. 3, § 106.02 (adapted).

Defendants' Proposed Instruction No. 52

Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

**Plaintiff Has The Burden To Prove Damages**

The Plaintiff has the burden to prove his damages. The Plaintiff must demonstrate each

amount to which he claims entitlement.


Source:    International Bhd. of Teamsters v. United States, 431 U.S. 324, 371 (1977).


Defendants' Proposed Instruction No. 53


Given _____
Refused _____
Given as modified_____
Withdrawn_____


                                        _____
                                           United States District Judge

## JURY INSTRUCTION NO. ____

### Damages Are Awarded Separately Under Each Cause of Action

You will be deciding whether to award relief to the Plaintiff under his statutory causes of action, Title VII, Section 1981, and the New York State Human Rights Law.  If you decide that Plaintiff has proven his case under any of these causes of action, you should determine the appropriate award under each cause of action separately.  Thus, for example, if you conclude that the Plaintiff has proven his case under each of the statutory causes of action, you should first decide upon an appropriate award under Title VII, then decide on appropriate relief under Section 1981, and then decide on appropriate relief under the New York State Human Rights Law.  You should indicate when rendering your verdict under which statute or cause of action you are making each award.  I will ensure that Plaintiff is not compensated twice for the same injury.

Source:    42 U.S.C. § 1981a; 42 U.S.C. § 2000e-5(g)(1); New York Exec. Law § 290.1(a); Bick v. City of New York, No. 95 CIV. 8781 (KMW) (MHD), 1998 WL 190283 (S.D.N.Y. Apr. 21, 1998); Anderson v. YARP Restaurant, Inc., No. 94 Civ. 7543 (CHS) (RLE), 1997 WL 27043, at * 7 (S.D.N.Y. Jan. 23, 1997).

Defendants' Proposed Instruction No. 54

Given _____
Refused _____
Given as modified _____
Withdrawn_____

_____
United States District Judge

## JURY INSTRUCTION NO. _____

### Causation

A party who seeks damages under the laws pursuant to which Plaintiff sues bears the burden of proving, by a preponderance of the evidence, that there is a cause and effect connection between the alleged unlawful acts and the damages sought. Therefore, you may award compensatory damages only for damages or losses that Plaintiff proves were caused by the Defendants' wrongful conduct. Conduct by the Defendants – even if found to be unlawful – that does not cause harm, does not entitle Plaintiff to damages. By the same token, harm to Plaintiff that is not the result of unlawful conduct by the Defendants does not entitle Plaintiff to damages. You can award compensatory damages only for those damages that you believe Plaintiff suffered as a direct consequence of Defendants' alleged unlawful conduct. The burden is on Plaintiff to prove that he suffered actual economic, physical or mental injury and that such injury directly resulted from the Defendants' conduct.

Source:    Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 145 (2d Cir. 1993), cert. denied, 510 U.S. 1164 (1994); Ragin v. Harry Macklowe Real Estate Co., 6 F.3d 898, 908 (2d Cir. 1993); Arroyo Lopez v. Nuttal, 25 F. Supp.2d 407, 410 (S.D.N.Y. 1998).

Defendants' Proposed Instruction No. 55

Given _____
Refused _____
Given as modified _____
Withdrawn_____

_____
United States District Judge

**JURY INSTRUCTION NO. ____**

**Compensatory Damages – Economic**

If you determine Defendant Wyeth discriminated against Plaintiff in failing to promote him or that Wyeth retaliated against him, then you must determine the amount of damages that Wyeth's actions have caused Plaintiff.

You may award as actual damages an amount that reasonably compensates Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Plaintiff would have received had Plaintiff not been discriminated or retaliated against.

You must reduce any award by the amounts Plaintiff did receive from Wyeth and by the amount of the expenses that Plaintiff would have incurred in making the earnings he did not receive by reason of not being promoted.

Source:    O'Malley, Vol. 3C, § 171.91 (adapted); Employment Litigation Model Jury Instructions, § 1.07[2] (adapted).

Defendants' Proposed Instruction No. 56

Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Judge

**JURY INSTRUCTION NO. ____**

**Employee's Duty to Mitigate Economic Damages**

Plaintiff must make every reasonable effort to minimize or reduce Plaintiff's damages for loss of compensation be seeking employment. This is called mitigation of damages. However, it is the Defendants' burden to prove by a preponderance of the evidence that Plaintiff failed to mitigate his damages for loss of compensation.

If you determine that the Plaintiff is entitled to lost compensation, you must reduce the loss by

     1.    what Plaintiff earned and

     2.    what Plaintiff could have earned by reasonable effort during the period from the start of Plaintiff's loss until the date of trial.

If you determine that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available to him, then you should reduce the amount of damages by the amount he could have earned if he would have sought out or taken advantage of the opportunity. In determining whether the Plaintiff's failure to seek out or take advantage of a business or employment opportunity was reasonable, you should be aware that the Plaintiff is only required to accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

     1.    the type of work,

     2.    the hours worked,

     3.    the compensation,

     4.    the job security,

     5.    the working conditions, and

     6.    other conditions of employment.

You must decide whether Plaintiff acted reasonably in not seeking or accepting a particuolar job. If you determine Plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from Plaintiff's failure to do so.

You must not compensate Plaintiff for any portion of Plaintiff's loss of compensation resulting from plaintiff's failure to make reasonable efforts to reduce Plaintiff's loss of compensation.

Source:     O'Malley, Vol. 3C, § 171.95 (adapted); Employment Litigation Model Jury Instructions, § 1.07[5]; Ford Motor Co.. v. EEOC, 458 U.S. 219, 231 (1982); Padilla v. Metro-North Commuter R.R., 92 F.3d 117, 125 (2d Cir. 1996), cert. denied, 117 S. Ct. 2453 (1997); Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1258 (2d Cir. 1987); EEOC v. Service News Co., 898 F.2d 958, 963 (4th Cir. 1990); Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1427-28 (7th Cir. 1986); Reilly v. Cisneros, 835 F. Supp. 96, 99 (W.D.N.Y. 1993), aff'd, 44 F.3d 140 (2d Cir. 1995).

Defendants' Proposed Instruction No. 57

Given _____
Refused _____
Given as modified _____
Withdrawn_____


_____
            United States District Judge

## JURY INSTRUCTION NO. _____

### Compensatory Damages – Emotional Distress

If you find Defendants discriminated against Plaintiff based on his race or color, or retaliated against him because he made a complaint of discrimination, then you may award compensatory damages, but only for injuries that Plaintiff proves were caused by the Defendants' allegedly wrongful conduct.

The damages that you award must be fair compensation – no more and no less.

You may award damages for any pain, suffering or mental anguish that Plaintiff experienced as a consequence of Defendants' allegedly unlawful acts. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of Plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

The argument of Plaintiff's attorney as to the amount of damages that you should award Plaintiff is not evidence of reasonable compensation.

You may not award compensatory damages for Plaintiff's alleged emotional distress solely on Plaintiff's own testimony if you conclude that, under the circumstances of the case, Plaintiff's claim for emotional distress damages is not genuine.

85

You must take care to ensure that damages awarded to Plaintiff for his emotional suffering compensate the Plaintiff, and do not simply punish the Defendants for the actions of individuals employed by Defendants or working at Defendants' place of employment.

Source:    O'Malley, Vol. 3C, § 171.90 (modified); Rivera v. Baccarat, Inc., 10 F. Supp.2d 318, 331-32 (S.D.N.Y. 1998); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 147 (2d Cir. 1984); Binder v. Long Island Lighting Co., 847 F. Supp. 1007, 1027-28 (E.D.N.Y. 1994), aff'd in part, rev'd in part, 57 F.3d 193 (2d Cir. 1995); Trivedi v. Cooper, No. 95 Civ. 2075 (DLC), 1996 WL 724743, at *5 (S.D.N.Y. 1996); Town of Hempstead v. State Div. of Human Rights, 233 A.D.2d 451, 457, 649 N.Y.S.2d 942, 946 (2d Dep't 1996), appeal dismissed, 89 N.Y.2d 1029, 658 N.Y.S.2d 243 (1997); Port Washington Police Dist. v. State Div. of Human Rights, 221 A.D.2d 639, 639-640, 634 N.Y.S.2d 195, 196 (2d Dep't 1995), leave to appeal denied, 88 N.Y.2d 807, 647 N.Y.S.2d 165 (1996); New York State Dep't of Correctional Servs. v. State Div. of Human Rights, 207 A.D.2d 585, 586, 615 N.Y.S.2d 531, 532 (3d Dep't 1994).

Defendants' Proposed Instruction No. 58

Given _____
Refused _____
Given as modified _____
Withdrawn_____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

### No Punitive Component of Any Compensatory Damage Award

You may not include as compensatory damages any amount that you might add for the purpose of punishing or making an example of defendants for the public good or to prevent other occurrences.  Such damages would be punitive and they are not authorized in determining what compensatory damages should be awarded to Plaintiff.

The purpose of compensatory damage awards is to ensure that plaintiff is made whole, and nothing more.  Such damage awards should not provide a windfall to the Plaintiff.

Source:    Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1257 (2d Cir. 1987); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 727-28 (2d Cir. 1984); Cosmos Forms, Ltd. v. State Div. of Human Rights, 150 A.D.2d 442, 443, 541 N.Y.S.2d 50, 52 (2d Dep't 1989).

Defendants' Proposed Instruction No. 59

Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Judge

## JURY INSTRUCTION NO. ____

### Nominal Damages

If you find that defendants discriminated against Plaintiff because of his race or color or retaliated against him because he made a complaint of discrimination, but you find that Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar.

Source:    O'Malley, Vol. 3C, § 171.93 (modified); Bernham v. Lett, 79 F.3d 318, 326 (2d Cir. 1996); Pino v. Locascio, 101 F.3d 235, 237 (2d Cir. 1996).

Defendants' Proposed Instruction No. 60

Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

88

## JURY INSTRUCTION NO. \_\_\_\_

### Punitive Damages

Punitive damages may be awarded against Wyeth under Title VII or Section 1981 only. Punitive damages are not available against Wyeth or against Mr. Wardrop or Mr. McDermott under the New York State Human Rights Law.

Punitive damages are intended to punish a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by imprelemting policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for plaintiff and then further find from a preponderance of the evidence:

First: That a higher management official of defendant Wyeth personally acted with malice or reclkess indifference to plaintiff's rights to be free of racial discrimination or retaliation, and

Second: That defendant Wyeth itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

Malice or reckless indifference may be found where the employer is motivated by an evil motive or intend or acts with reckless or callous indifference to the rights of the Plaintiff. In making this determination, you should be aware that a finding by you that the employer is liable for unlawful discrimination or retaliation does not automatically mean that the employer is liable for punitive damages. For example, if the employer believes in good faith that its actions were

not discriminatory, it could not be said that the employer was acting with malice or reckless indifference to the Plaintiff's rights and, as such, punitive damages should not be awarded.

You should also be aware that an employee employed in a managerial capacity does not include every supervisory employee. Rather, to be employed in a managerial capacity, the employee must be an "important" member of the Defendant's management. You should evaluate factors such as the type of authority and discretion given by the Wyeth to the employee in making this determination. The mere fact that an employee is given a title such as "manager" or "director" does not automatically mean that the employee is employed in a managerial capacity. Rather, an employee who acts in a managerial capacity for purposes of punitive damages is one who has the power to make independent decisions regarding personnel matters, who has the authority to determine company policy or who has the authority to approve personnel actions.

In determining whether Wyeth has engaged in good faith efforts to comply with the law, you should consider any relevant factor demonstrating its efforts, or lack thereof, to comply with the law against discrimination or retaliation, including such factors as whether it has instituted an anti-discrimination policy and whether it has trained its managerial personnel withr espect to equal employment opportunity laws.

If you find that the Plaintiff has proved each of these elements, then you are permitted but not required, to assess punitive damages against Wyeth. Punitive damages are awarded in exceptional cases as a punishment to the Defendant and a warning to others not to engage in similar unlawful conduct.

Source:    42 U.S.C. § 1981a; N.Y. Exec. Law § 290.1(a); O'Malley, Vol. 3C, § 171.94
           (adapted); Employment Litigation Model Jury Instructions, § 1.07[7] (adapted);
           Smith v. Wade, 461 U.S. 30, 51 (1983); Kolstad v. American Dental Association, 119
           S. Ct. 2118 (1999); Ragin v. Harry Macklowe Real Estate Co., 6 F.3d 898, 909 (2d
           Cir. 1993); Thoreson v. Penthouse Int'l, Ltd., 80 N.Y.2d 490, 591 N.Y.S.2d 978
           (1992); Walker v. Sheldon, 10 N.Y.2d 401, 223 N.Y.S. 488, 179 N.E.2d 497 (1961)).

Defendant's Proposed Instruction No. 61

Given _____
Refused _____
Given as modified _____
Withdrawn_____


                                    _____
                                          United States District Judge

**JURY INSTRUCTION NO. _____**

**Punitive Damages -- Calculation**

Punitive damages must bear a reasonable relationship to the Plaintiff's actual injury,

however, there is no simple way to link punitive to compensatory damages.  In determining a

reasonable relationship to the actual injury, you must consider all relevant factors.  These

include:

(1)  The impact or severity of Defendant's conduct.

(2)  The amount of time the Defendant conducted itself in a manner malicious or in

reckless indifference to Plaintiff's rights.

(3)  The amount of compensatory damages.

(4)  The potential profits defendant may have made from Defendant's conduct.

(5)  The attitudes and actions of defendant's top management after the misconduct was

discovered.

(6)  The effect of the damages award on Defendant's financial condition.

Source:    O'Malley, Vol. 3C, § 171.94 (modified); Kolstad v. American Dental Association,
119 S. Ct. 2118 (1999); Stanojev v. Ebasco Servs., Inc., 643 F.2d 914, 924 n.7 (2d
Cir. 1981).

Defendant's Proposed Instruction No. 62

Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Judge

## III(C)  CLOSING INSTRUCTIONS

## JURY INSTRUCTION NO. ____

### Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

You must follow the following rules while deliberating and returning your verdict:

First, when you to to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussions persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliverations, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict,

your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.


Source:        O'Malley, Vol. 3, § 103.50.

Defendants' Proposed Instruction No. 63.


Given _____
Refused _____
Given as modified _____
Withdrawn_____


_____
        United States District Judge

**JURY INSTRUCTION NO. _____**

**Special Verdict**

I have prepared a special verdict form for you to use in recording your decision.  I will explain this form in a moment.  The special verdict form is made up of questions concerning the important issues in this case.  These questions are to be answered "yes" or "no."  Your answers to each of the questions must be unanimous and must reflect the conscientious judgment of each juror.  You should answer every question, except where the verdict form indicates otherwise.

Source:    O'Malley, Vol. 3C, § 170.20, Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 1.3.1 (2000).

Defendants' Proposed Instruction No. 64

Given _____
Refused _____
Given as modified_____
Withdrawn_____

_____
United States District Judge