Michael Delikat
James H. McQuade
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone:  (212) 506-5000

Attorneys for Defendants, a Wyeth Pharmaceuticals,
a Division of Wyeth, Walter Wardrop and Michael
McDermott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD HENRY,

    Plaintiff,

-against-

WYETH PHARMACEUTICALS, INC.,
WALTER WARDROP, ANDREW
SCHASCHL, and MICHAEL
MCDERMOTT,

    Defendants.

05 Civ. 8106 (CMM)

**DEFENDANTS' PROPOSED
JURY VOIR DIRE**

   Defendants <u>WYETH PHARMACEUTICALS, A DIVISION OF WYETH</u> ("Wyeth"), <u>WALTER WARDROP</u> ("Wardrop") and <u>MICHAEL MC DERMOTT</u> ("McDermott") (collectively, "Defendants") respectfully submit the following proposed jury voir dire questions.

**I. INTRODUCTION**

   We are now going to ask you a number of questions to help the Court and the lawyers determine your qualifications to serve as jurors in this particular trial.  The purpose of these questions is to determine whether each of you is able fairly and impartially to hear and consider

the evidence that will be presented to you, and to decide this case according to the law as it will be given to you in the instructions of the Court. To do so requires that you listen to the evidence without prejudice against either side for any reason based upon your own experience which might cause you to be unfair to either side. Therefore, your answers to our questions must be your own personal, candid, accurate, complete and truthful responses. If you have any hesitation about answering any of the questions put to you, or you prefer answering in private, please let us know, so that we may inquire further into your concerns. All of the information in your responses will be kept strictly confidential and will not be made available to anyone other than the Judge and the parties. The information you are asked to provide will be used solely for the purpose of selecting a fair and impartial jury in this case.

This trial is estimated to last seven court days. Jury service is both a privilege and a duty of citizenship, and, except in the most extraordinary circumstances, citizens are expected to serve when called. You should know that the law forbids your employer from retaliating against you or terminating you for serving on a jury.

## II. INTRODUCTORY STATEMENT OF CASE

The Plaintiff in this case is Howard Henry. Mr. Henry worked for the defendant Wyeth at its facilities at Pearl River, New York, from 1993 until early in 2006. Mr. Henry is suing Wyeth and two individuals. The individual defendants are Walter Wardrop, who was Mr. Henry's supervisor for a period of time, and Michael McDermott, who for a time was Site Managing Director for the Wyeth Pearl River facility.

Plaintiff, Mr. Henry, alleges that the defendant Wyeth discriminated against him because of his race or color in denying him certain promotions and giving him performance evaluations he regarded as negative. Mr. Henry also alleges that Wyeth retaliated against him after and because he made a complaint of discrimination in early 2004, by denying him a promotion, giving him critical performance evaluations, and placing him on a performance improvement

program. Mr. Henry alleges that the individual defendants, Mr. Wardrop and Mr. McDermott, aided and abetted the discriminatory and retaliatory conduct claimed against Wyeth.

The Defendants deny that Wyeth discriminated against Mr. Henry because of his race or color, and they deny that it retaliated against him for making a complaint of discrimination. Defendants also deny that Mr. Wardrop and Mr. McDermott aided or abetted any discrimination or retaliation against Mr. Henry.

I will instruct you more fully on the various legal theories that the parties are asserting later.

If there is anyone who, just hearing the brief description I have given you so far about this case, believes he or she would be biased toward one side or another, please let me know that now.

### III. QUESTIONS

#### A. Parties

1. Do you know the plaintiff in this case, Howard Henry?

2. Are you familiar with or know anything about Wyeth, the employer-defendant in this case?

3. Are you familiar with or know anything about either of the individual defendants, Walter Wardrop or Michael McDermott?

4. Do you know Andrew Schaschl?

5. Do you know anyone who works, or who has worked, for Wyeth?

#### B. Attorneys

6. The Plaintiff in this action is represented by Steven A. Morelli, of the Law Offices of Steven A. Morelli and of the Law Office of Leeds Morelli & Brown, P.C. in Carle Place, New York. Do any of you know him or his Firm?

-4-

7. Have any of you ever had any dealings with Steven A. Morelli, the Law Offices of Steven A. Morelli, or the Law Offices of Leeds Morelli & Brown, P.C.?

8. Defendants Wyeth, Wardrop and McDermott are represented by Michael Delikat and James H. McQuade of the law firm of Orrick, Herrington & Sutcliffe LLP in New York City, New York. Do any of you know any of these individuals or their Firm?

9. Have any of you ever had any dealings with Michael Delikat, James H. McQuade, or with the law firm of Orrick, Herrington & Sutcliffe LLP?

C. **Witnesses**

10. The following people may be called as witnesses at trial; however, some of these individuals may not, in fact, testify:

    a. Howard Henry

    b. Walter Wardrop

    c. Michael McDermott

    d. Andrew Schaschl

    e. John Simpson

    f. Kirit Rokad

    g. Kevin Costello

    h. Max Katz

    i. Andrew Espejo

    j. Joanne Rose

    k. Peter Bigelow

    l. Donna Grantland

      m.      Cara Muscolo

      n.      Chris DeFeciani

      o.      Eugene Sackett

      p.      Stacey Marroso

      q.      Robert Bracco

      r.      Joseph Vitanza

      s.      Derek Burt

Do any of you know, know about, or have you had any personal or business dealings with any of the named individuals? If so, please identify the individual or individuals.

11. Do you know, know about, or have you had any dealings with any relatives or associates of the named individuals? If so, please identify the individual or individuals.

12. Have you had any dealings with any of the places where any of these individuals work?

    **D.**    **Employment and Experience**

13. This case involves an individual who was employed by a company called Wyeth. Wyeth is engaged in the development and manufacture of pharmaceutical, consumer healthcare and animal health products. Do any of you have any experience with or special knowledge about the pharmaceutical industry? If so, please describe it briefly.

14. Have you had any experiences with or opinions about pharmaceutical companies or pharmaceutical products that you believe would interfere with your ability to hear and decide this case fairly and impartially? If so, please describe briefly your experiences and concerns.

15. Have you, or has anyone in your family, ever worked for a pharmaceutical manufacturer?

16. Have you, or has anyone in your family, ever been a member of a class of individuals who were suing a pharmaceutical company because of defective products or a failure to warn of product risks?

17. Have you ever left a job under unpleasant circumstances?

18. Have you had more than 3 employers in your working life? Have you had more than 4 employers in your working life? More than 5? More than 6?

19. Do you believe you were ever treated unfairly or illegally in the workplace?

20. Do you believe anyone has discriminated against you or retaliated against you in the workplace?

21. Have you ever made any kind of complaint or brought any kind of legal proceeding against an employer?

22. Have you ever filed a claim for compensation, either in court, or in a grievance or arbitration proceeding, or in any administrative forum?

23. Have you or any of your family members or good friends ever needed to take a disability leave from work because of physical or mental health problems?

24. Have you ever filed a claim or lawsuit for discrimination, retaliation, or wrongful termination of employment for any reason?

25. Have you ever sued anyone for any reason? Explain.

26. Are any of you members of a union or do any of you have collective bargaining agreements at work?

27. Have any of you personally, or has any member of your family or any close friend, been involved in an employment evaluation, discipline or other employment decision?

28. Have you ever been denied a promotion you believe you should have gotten?

29. Have you or has any member of your family or any of your close friends had experience hiring or firing anyone?

30. Have you or has any member of your family or any of your close friends ever been responsible for evaluating the performance of an employee or making a decision whether or not to promote an employee?

31. Do you work in or have training in Human Resources? If so, please explain the extent of training or experience you have in this field.

32. Do you have any prejudices or biases for or against employers or corporations? Explain.

**E.    Claims**

33. Do you believe that the owners of a company have the right to make changes to improve the company, even if that means changing the responsibilities of specific individuals?

34. Do you feel that damages against corporations should be limited, or that they should be unlimited?

35. Have you ever have a negative experience with a manager or supervisor in your employment? If so, please explain what happened.

36. Have you ever been involved in a dispute over your job performance? If so, please explain what happened.

### F. General Questions

37. Is there anyone here who is not a citizen of the United States?

38. Do any of you have any physical or personal problems that would prevent you from serving in this case for the next seven court days?

39. Do any of you have any difficulty with your sight or hearing that could affect your perception of the proceedings?

40. Do any of you have any difficulty understanding or reading English?

41. Do any of you have any religious, moral or ethical beliefs that would prevent you from passing judgment on another person?

42. Under the law, the facts are for the jury to determine and the law is for the Judge. The Judge will instruct you on the law, and you are required to accept the law as it is explained to you. It will be your job to determine the facts under the judge's explanation of the law. Do you feel that you would be able to apply the law as the Judge explains it to you, even if you disagree with it?

43. Has any of you ever sat as a juror before in any type of case?

    a. If so, was it a civil or criminal case?

    b. Without telling us what the verdict was, tell us whether a verdict was reached?

    c. If you have served on a prior civil jury, do you understand that each case is different and is to be decided on its own merits?

44. Has any of you ever served as a grand juror?

45. Has any one of you had a bad experience as a juror? If so, please provide brief details.

46. Does any one of you feel that jury duty is simply an intrusion on your time?

47. Have you or any member of your family or any close friend ever appeared as a witness at either a deposition, trial or a grand jury investigation? If so, tell us briefly what the case was about.

48. Have you or any member of your family or any close friend ever been a plaintiff or a defendant in a state or federal court case, whether criminal or civil? If so, what kind of case?

49. Are you, or is any member of your family, an attorney-at-law? Have any legal training?

**G.    Individual questions.**

50. What level of school did you have the opportunity to reach?

51. What is your occupation and title and how long have you been at your current position? If retired, what did you do before? Briefly explain your duties.

52. What is the longest job you've ever held?

53. If unemployed, how long have you been unemployed? Are you currently looking for a job? How long have you been looking for work? Please explain the circumstances and tell us why you believe you have not been able to find work.

54. Do you read any magazines or newspapers regularly? If so, which?

55. Will you have any difficulty giving the same consideration to a corporation that you would give to an individual?

56. Will you render a verdict based solely upon the law and evidence presented to you in this case even if you disagree with the decisions made by the Defendants?

57. Will you render a verdict based solely upon the law and evidence presented to you in this case despite any feelings of sympathy or concern that you may have or acquire for any of the parties?

58. After you have received the evidence in this case, I will instruct you in the law so that you can apply it to the facts in this case. Are you able without reservation to promise to follow the law as I explain it to you, even if your ideas of the law may be different from what I tell you?

59. Is there any question you have not been asked, or is there any piece of information you feel it would be important for us to know that would enable us to understand you better or to assess your ability to serve fairly and impartially as a member of this jury?

Dated: New York, New York.
July 30, 2007

        Michael Delikat
        James H. McQuade
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        666 Fifth Avenue
        New York, New York  10103
        Telephone:  (212) 506-5000


        By_____s/ James H. McQuade_
            James H. McQuade

        Attorneys for Defendants Wyeth Pharmaceuticals,
        a Division of Wyeth, Walter Wardrop and Michael McDermott