Michael Delikat
James H. McQuade
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals,
a Division of Wyeth, Walter Wardrop, and Michael
McDermott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD HENRY,<br><br>    Plaintiff,<br><br>  -against-<br><br>WYETH PHARMACEUTICALS, INC., WALTER WARDROP, ANDREW SCHASCHL, and MICHAEL MCDERMOTT,<br><br>    Defendants. | 05 Civ. 8106 (CMM)<br><br>**DEFENDANTS' PROPOSED SPECIAL VERDICT FORM** |

    Defendants Wyeth Pharmaceuticals, a Division of Wyeth ("Wyeth"), Walter Wardrop ("Wardrop") and Michael McDermott ("McDermott")[1] hereby submit the attached proposed special verdict form.

---

[1] Andrew Schaschl, whose name remains in the caption as a defendant, was dismissed from this action as a party defendant by Stipulation and Order entered herein on February 8, 2006.

Dated: New York, New York

     July 30, 2007

                                ORRICK, HERRINGTON & SUTCLIFFE LLP

                                By:  s/ James H. McQuade
                                   Michael Delikat
                                   James H. McQuade
                                   Orrick, Herrington & Sutcliffe LLP
                                   666 Fifth Avenue
                                   New York, New York 10103
                                   Telephone: (212) 506-5000

                              Attorneys for Defendants Wyeth Pharmaceuticals, a
                              Division of Wyeth, Walter Wardrop and Michael
                              McDermott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD HENRY,

       Plaintiff,

       -against-

WYETH PHARMACEUTICALS, INC.,
WALTER WARDROP, ANDREW
SCHASCHL, and MICHAEL
MCDERMOTT,

       Defendants.

05 Civ. 8106 (CMM)

**SPECIAL VERDICT FORM**

### Race Discrimination and Retaliation Causes of Action Against Wyeth under Title VII, Section 1981, and the New York State Human Rights Law

Please answer the following:

    **A.**     **December 2001 – Project Engineer Position**

    1.     Has Plaintiff proved by a preponderance of the evidence that Wyeth denied him a promotion to the position of Project Engineer in December 2001 because of Plaintiff's race or color?

                    Yes_____   No_____

    IF YOU ANSWERED "NO" TO QUESTION ONE, YOUR DELIBERATIONS AS TO THAT EMPLOYMENT DECISION ARE COMPLETE AND YOU SHOULD NOT CONSIDER IT IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

    WHETHER YOU ANSWERED "YES" OR "NO" TO QUESTION ONE, GO ON TO QUESTION TWO.

    **B.**     **July 2002 – Production Coordinator Position**

    2.     Has Plaintiff proved by a preponderance of the evidence that Wyeth denied him a promotion to the position of Production Coordinator in July 2002 because of Plaintiff's race or color?

                    Yes_____   No_____

IF YOU ANSWERED "NO" TO QUESTION TWO, YOUR DELIBERATIONS AS TO THAT EMPLOYMENT DECISION ARE COMPLETE AND YOU SHOULD NOT CONSIDER IT IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

WHETHER YOU ANSWERED "YES" OR "NO" TO QUESTION TWO, GO ON TO QUESTION THREE.

### C. April 2003 – Temporary Fill-in for Production Coordinator During Incumbent's Leave of Absence

3. Has Plaintiff proved by a preponderance of the evidence that Wyeth denied him the opportunity to fill-in temporarily in the position of Production Coordinator in April 2003, during the incumbent's medical leave of absence, because of Plaintiff's race or color?

Yes_____   No_____

IF YOU ANSWERED "NO" TO QUESTION THREE, YOUR DELIBERATIONS AS TO THAT EMPLOYMENT DECISION ARE COMPLETE AND YOU SHOULD NOT CONSIDER IT IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

WHETHER YOU ANSWERED "YES" OR "NO" TO QUESTION THREE, GO ON TO QUESTION FOUR.

### D. November 2003 – Process Engineer position

4. Has Plaintiff proved by a preponderance of the evidence that Wyeth denied him a promotion to the position of Process Engineer in November 2003 because of Plaintiff's race or color?

Yes_____   No_____

IF YOU ANSWERED "NO" TO QUESTION FOUR, YOUR DELIBERATIONS AS TO THAT EMPLOYMENT DECISION ARE COMPLETE AND YOU SHOULD NOT CONSIDER IT IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

WHETHER YOU ANSWERED "YES" OR "NO" TO QUESTION FOUR, GO ON TO QUESTION FIVE.

### E. January 2004 – Staff Engineer I position

5. Has Plaintiff proved by a preponderance of the evidence that Wyeth denied him a promotion to the position of Staff Engineer I in January 2004 because of Plaintiff's race or color?

Yes_____   No_____

IF YOU ANSWERED "NO" TO QUESTION FIVE, YOUR DELIBERATIONS AS TO THAT EMPLOYMENT DECISION ARE COMPLETE AND YOU SHOULD NOT CONSIDER IT IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

WHETHER YOU ANSWERED "YES" OR "NO" TO QUESTION FIVE, GO ON TO QUESTION SIX.

    **F.**    **2003 Performance Issues**

6.    Has Plaintiff proved by a preponderance of the evidence that he endured a materially adverse change in the terms and conditions of his employment because of his mid-year 2003 performance review?

Yes_____  No_____

IF YOU ANSWERED "NO" TO QUESTION SIX, YOUR DELIBERATIONS AS TO THE MID-YEAR 2003 PERFORMANCE REVIEW ARE COMPLETE. SKIP QUESTION SEVEN AND GO ON TO QUESTION EIGHT.

IF YOU ANSWERED "YES" TO QUESTION SIX, ANSWER QUESTION SEVEN.

7.    Has Plaintiff proved by a preponderance of the evidence that Wyeth discriminated against him in his 2003 mid-year performance review because of Plaintiff's race or color?

Yes_____  No_____

IF YOU ANSWERED "NO" TO QUESTION SEVEN, YOUR DELIBERATIONS AS TO THE MID-YEAR 2003 PERFORMANCE REVIEW ARE COMPLETE, AND YOU SHOULD NOT CONSIDER IT IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

WHETHER YOU ANSWERED "YES" OR "NO" TO QUESTION SEVEN, GO ON TO QUESTION EIGHT.

8.    Has Plaintiff proved by a preponderance of the evidence that he endured a materially adverse change in the terms and conditions of his employment because of his 2003 annual performance review?

Yes_____  No_____

IF YOU ANSWERED "NO" TO QUESTION EIGHT, YOUR DELIBERATIONS AS TO THE ANNUAL 2003 PERFORMANCE REVIEW ARE COMPLETE. SKIP QUESTION NINE AND GO ON TO QUESTION TEN.

IF YOU ANSWERED "YES" TO QUESTION EIGHT, ANSWER QUESTION NINE.

9. Has Plaintiff proved by a preponderance of the evidence that Wyeth discriminated against him in his 2003 annual performance review because of Plaintiff's race or color?

Yes_____ No_____

IF YOU ANSWERED "NO" TO QUESTION NINE, YOUR DELIBERATIONS AS TO THE MID-YEAR 2003 PERFORMANCE REVIEW ARE COMPLETE, AND YOU SHOULD NOT CONSIDER IT IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

WHETHER YOU ANSWERED "YES" OR "NO" TO QUESTION NINE, GO ON TO QUESTION TEN.

**G.    Proposed assignment to Packaging Supervisor – Organizational Cascade**

10. Has Plaintiff proved by a preponderance of the evidence that he endured a materially adverse change in the terms and conditions of his employment because of his assignment to the position of Packaging Supervisor in the Organizational Cascade?

Yes_____ No_____

IF YOU ANSWERED "NO" TO QUESTION TEN, YOUR DELIBERATIONS AS TO THE PACKAGING SUPERVISOR POSITION IN THE ORGANIZATIONAL CASCADE ARE COMPLETE.  SKIP QUESTION ELEVEN AND GO ON TO QUESTION TWELVE.

IF YOU ANSWERED "YES" TO QUESTION TEN, ANSWER QUESTION ELEVEN.

11. Has Plaintiff proved by a preponderance of the evidence that Wyeth discriminated against him in the Organizational Cascade assignment to the Packaging Supervision position because of Plaintiff's race or color?

Yes _____ No _____

IF YOU ANSWERED "NO" TO QUESTION ELEVEN, YOUR DELIBERATIONS AS TO THE PACKAGING SUPERVISOR POSITION IN THE ORGANIZATIONAL CASCADE ARE COMPLETE, AND YOU SHOULD NOT CONSIDER IT IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

WHETHER YOU ANSWERED "YES" OR "NO" TO QUESTION ELEVEN, GO ON TO QUESTION TWELVE.

**H.     Retaliation claims**

12.     Has Plaintiff proved by a preponderance of the evidence that, in denying Plaintiff the position of Manager, Manufacturing Support in September 2004, Wyeth retaliated against Plaintiff because Plaintiff had made a complaint of racial discrimination?

Yes _____     No _____

IF YOU ANSWERED "NO" TO QUESTION TWELVE, YOUR DELIBERATIONS AS TO THE MANAGER, MANUFACTURING SUPPORT POSITION ARE COMPLETE, AND YOU SHOULD NOT CONSIDER IT IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

WHETHER YOU ANSWERED "YES" OR "NO" TO QUESTION TWELVE, GO ON TO QUESTION THIRTEEN.

13.     Has Plaintiff proved by a preponderance of the evidence that, by his mid-year 2005 performance review and placement on the Performance Improvement Program, he suffered an adverse employment action that would dissuade a reasonable person from making or supporting a complaint of discrimination?

Yes _____     No _____

IF YOU ANSWERED "NO" TO QUESTION THIRTEEN, YOUR DELIBERATIONS AS TO THE 2005 MID-YEAR PERFORMANCE REVIEW AND PLACEMENT ON THE PERFORMANCE IMPROVEMENT PROGRAM ARE COMPLETE, AND YOU SHOULD NOT CONSIDER THOSE EVENTS IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

IF YOU ANSWERED "YES" TO QUESTION THIRTEEN, GO ON TO QUESTION FOURTEEN.

14.     Has Plaintiff proved by a preponderance of the evidence that, in giving Plaintiff his mid-year 2005 performance review and placing Plaintiff on the Performance Improvement Program, Wyeth retaliated against Plaintiff because he had made a complaint of racial discrimination?

Yes _____     No _____

IF YOU ANSWERED "NO" TO QUESTION FOURTEEN, YOUR DELIBERATIONS AS TO THE 2005 MID-YEAR PERFORMANCE REVIEW AND PLACEMENT ON THE PERFORMANCE IMPROVEMENT PROGRAM ARE COMPLETE, AND YOU SHOULD NOT CONSIDER THESE EVENTS IN CONNECTION WITH QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN BELOW.

IF YOU ANSWERED "YES" TO QUESTION FOURTEEN, GO ON TO QUESTION FIFTEEN.

**I.     Damages**

IF YOU HAVE NOT ANSWERED "YES" TO ANY OF THE FOREGOING QUESTIONS, YOUR DELIBERATIONS ARE COMPLETE. DO NOT ANSWER ANY FURTHER QUESTIONS. SIMPLY SIGN AND RETURN THIS VERDICT FORM TO THE COURT, LEAVING THE REMAINING QUESTIONS BLANK.

IF YOU HAVE ANSWERED "YES" TO QUESTION ONE, TWO, THREE, FOUR, FIVE, SEVEN, NINE, ELEVEN, TWELVE OR FOURTEEN, PROCEED TO QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN. IN ANSWERING QUESTIONS FIFTEEN, SIXTEEN AND SEVENTEEN, DO NOT TAKE INTO CONSIDERATION THE POSITIONS OR EVENTS REFERRED TO IN ANY OF THE FOREGOING QUESTIONS TO WHICH YOU HAVE ANSWERED "NO".

15.    State the amount of compensatory damages, if any, Plaintiff has proved by a preponderance of the evidence were caused by Wyeth's discrimination against him because of his race or color or retaliation against him for making a complaint of racial discrimination:

    a.    Title VII (racial discrimination or retaliation):

        i.    lost earnings:          $ _____
        ii.   emotional distress    $ _____

    b.    Section 1981 (racial discrimination or retaliation):

        i.    lost earnings:          $ _____
        ii.   emotional distress    $ _____

    c.    the New York State Human Rights Law (racial discrimination or retaliation):

        i.    lost earnings:          $ _____
        ii.   emotional distress    $ _____

IF YOU DECIDE NOT TO MAKE AN AWARD, YOU WILL INSERT THE WORD "NONE".

16.    Has Plaintiff proved by a preponderance of the evidence that the actions, if any, of Wyeth you have found to be racially discriminatory or retaliatory were committed by Wyeth with deliberate intent to injure Plaintiff or out of hatred, ill will or spite, or with willful, wanton or reckless disregard of Plaintiff's rights?

        Yes _____ No _____

IF YOU ANSWERED "NO" TO QUESTION SIXTEEN, YOUR DELIBERATIONS AS TO DAMAGES TO BE AWARDED AGAINST WYETH ARE COMPLETE. DO NOT ANSWER QUESTION SEVENTEEN.

IF YOUR ANSWER TO QUESTION SIXTEEN IS "YES", ANSWER QUESTION SEVENTEEN.

17. State the amount of punitive damages to be awarded to Plaintiff against Wyeth:

$ _____

IF YOU DECIDE NOT TO MAKE AN AWARD OF PUNITIVE DAMAGES, YOU WILL INSERT THE WORD "NONE".

**Claims of aiding and abetting racial discrimination or retaliation against Mr. Wardrop and Mr. McDermott under the New York State Human Rights Law**

IN ANSWERING THE FOLLOWING QUESTIONS, DO NOT TAKE INTO CONSIDERATION THE POSITIONS OR EVENTS REFERRED TO IN ANY OF THE FOREGOING QUESTIONS TO WHICH YOU HAVE ANSWERED "NO".

IN ADDITION, DO NOT ANSWER ANY OF THE FOLLOWING QUESTIONS UNLESS YOU HAVE ANSWERED "YES" TO AT LEAST ONE OF THE FOLLOWING QUESTIONS ABOVE: ONE, TWO, THREE, FOUR, FIVE, SEVEN, NINE, ELEVEN, TWELVE, OR FOURTEEN.

18. Has Plaintiff proved by a preponderance of the evidence that either Mr. Wardrop or Mr. McDermott directly and purposefully participated in any act of racial discrimination or retaliation against Plaintiff?

    As to Mr. Wardrop:    Yes _____   No _____
    As to Mr. McDermott    Yes _____   No _____

IF YOU ANSWERED "NO" TO QUESTION EIGHTEEN AS TO EITHER MR. WARDROP OR MR. MCDERMOTT, YOUR DELIBERATIONS AS TO THAT DEFENDANT ARE COMPLETE. IF YOU ANSWERED "NO" TO QUESTION EIGHTEEN AS TO BOTH MR. WARDROP AND MR. MCDERMOTT, YOUR DELIBERATIONS ARE COMPLETE, AND YOU SHOULD SIGN AND RETURN THIS VERDICT FORM TO THE COURT.

IF YOU ANSWERED "YES" TO QUESTION EIGHTEEN AS TO EITHER MR. WARDROP OR MR. MCDERMOTT, THEN, AS TO THE DEFENDANT(S) AS TO WHOM YOU HAVE ANSWERED "YES", PROCEED TO QUESTION NINETEEN.

19. State the amount of compensatory damages, if any, Plaintiff has proved by a preponderance of the evidence were caused by the direct and purposeful racial discrimination or retaliation committed against Plaintiff by Mr. Wardrop or Mr. McDermott under the New York State Human Rights Law:

    a.    Mr. Wardrop:

        i.    lost earnings    $ _____
        ii.    emotional distress    $ _____

    b.    Mr. McDermott:

        i.    lost earnings    $ _____
        ii.    emotional distress    $ _____

IF YOU DECIDE NOT TO MAKE AN AWARD, YOU WILL INSERT THE WORK "NONE".

YOUR DELIBERATIONS ARE NOW COMPLETE. PLEASE SIGN THIS VERDICT FORM AND RETURN IT TO THE COURT.

Dated: _____

_____
Jury Foreperson

OHS East:160271835.1
6390-258 JDG/JDG

8