UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HOWARD HENRY,                                   :

                      Plaintiff,         :       05-CV-8106 (RCC)(DFE)

                                 :

   -against-                                 :

                                 :

WYETH PHARMACEUTICALS, INC., WALTER :
WARDROP, ANDREW SCHASCHL, and          :
MICHAEL McDERMOTT,                            :

                      :

                 Defendants.          :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION FOR RECONSIDERATION

Respectfully submitted,

LEEDS MORELLI & BROWN, P.C.
Attorneys for Plaintiff
By: Steven A. Morelli (SM 4721)
      Of Counsel
One Old County Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    THE COURT MUST DECLINE TO RECONSIDER
      DEFENDANTS' MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.    Defendants' Initial Premise is False . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    Even If Defendants' Premise Were True,
            The Court Already Separately Considered
            Each Instance of Failure to Promote in its Decision . . . . . . . . . . . . . . . 7

      C.    Even If the Court Improperly Considered the Statistical
            and Anecdotal Evidence Plaintiff Offered, the Court's
            Decision Was Not Affected in Any Way . . . . . . . . . . . . . . . . . . . . . . 8

      D.    The Court Properly Found That the Same Evidence
            Supporting Plaintiff's Discrimination Claims May Also
            Be Used to Support His Retaliation Claims . . . . . . . . . . . . . . . . . . . . . 9

II.   SHOULD THE COURT BE INCLINED TO RECONSIDER
      THE MOTION, THE COURT SHOULD REACH THE SAME
      RESULT AS THE DECIDING COURT DID ON THE
      UNDERLYING MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      A.    Burden Shifting Framework . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      B.    Plaintiff's Ultimate Burden . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      C.    Issues of Fact With Respect to Defendants'
            Discriminatory Intent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

III.  THE DECIDING COURT PROPERLY DECLINED
      TO GRANT SUMMARY JUDGMENT IN FAVOR
      OF THE INDIVIDUAL DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . 14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

### Cases

*Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456 (2d. Cir. 2001) . . . . . . . . . . . . . . . . 11

*Anderson v. Coors Brewing Co.*, 181 F.3d 1171 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . 13

*Bombero v. Warner-Lambert Co.*, 142 F.Supp.2d 196 (D.Conn. 2000),
 *aff'd*, 9 Fed. Appx. 38 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Cerrato v. Durham*, 941 F.Supp. 388 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81 (2d Cir. 1996) . . . . . . . . . . . . 5, 6, 8

*Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Dawson v. Bumble & Bumble*, 398 F.3d 211 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Eastway Constr. Corp. v. City of N.Y.*, 762 F.2d 243 (2d Cir.1985),
 *cert. denied*, 484 U.S. 918 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Egelston v. State Univ. Coll.*, 535 F.2d 752 (2d Cir.1976) . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Eisemann v. Greene*, 204 F.3d 393 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Everson v. New York City Transit Auth.*, 2007 WL 539159 (E.D.N.Y. Feb. 16, 2007) . . . 5, 6

*Gallo v. Prudential Residential Serv.*, 22 F.3d 1219 (2d Cir.1994) . . . . . . . . . . . . . . . . . . 2, 3

*Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 974 (2d Cir. 1945) . . . . . . . . . . . . . . . . . 10

*Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Griffin Ins., Inc. v. Petrojam Ltd.*, 72 F.Supp.2d 365 (S.D.N.Y. 1999) . . . . . . . . . . . . 4, 15, 16

*In re Initial Public Offering Securi. Litig.*, 399 F.Supp.2d 298
 (S.D.N.Y. 2005), *aff'd sub nom, Tenney v. Credit Suisse First
 Boston Corp.*, 2006 WL 1423785 (2d Cir. May 19, 2006) . . . . . . . . . . . . . . . . . . . . . . . 3, 10

*Jaroslawicz v. Seedman*, 528 F.2d 727 (2d Cir.1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199 (2d Cir. 2006) .............. 12

*Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S.Ct. 2162 (2007) .................... 4, 5, 7

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792,
    93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) ........................................ 11

*Nagler v. Admiral Corp.*, 248 F.2d 319 (2d Cir. 1957) ........................... 10

*Nat'l R. Passengers Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061,
    153 L.Ed.2d 106 (2002) ................................................. 4, 5, 7

*Newman v. Silver*, 713 F.2d 14 (2d Cir. 1983) .................................. 10

*Olson v. Gen. Elec. Astrospace*, 101 F.3d 947 (3d Cir. 1996) ...................... 13

*Ostrowski v. Atlantic Mut. Ins. Cos.*, 968 F.2d 171 (2d Cir. 1992) .................. 6

*Phillips v. Bowen*, 278 F.3d 103 (2d Cir. 2002) ............................... 6, 7

*Pugliese v. Long Island R. Co.*, 2007 WL 2493440 (E.D.N.Y. August 29, 2007) ....... 4

*Punsal v. Mount Sinai Servs. of Mount Sinai Sch. of
    Med. of New York Univ.*, 2004 WL 736892 (S.D.N.Y. Apr. 6, 2004) .............. 10

*Schwapp v. Town of Avon*, 118 F.3d 106 (2d Cir.1997) ........................... 3

*Sequa Corp. v. GBJ Corp.*, 156 F.3d 136 (2d Cir. 1998) ......................... 4, 11

*Shrader v. CSX Transp, Inc.*, 70 F.3d 255 (2d Cir. 1995) .................. 4, 5, 6, 7, 8, 9

*Tarshis v. Riese Org.*, 211 F.3d 30 (2d Cir. 2000), *abrogated on other
    grounds by, Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002) .................. 5

*Wallace v. Suffolk County Police Dep't*, 396 F. Supp. 2d 251 (E.D.N.Y. 2005) ........ 6

*Whidbee v. Gazarelli Food Specialties, Inc.*, 223 F.3d 62 (2d Cir. 2000) ............. 14

*Wrighten v. Glowski*, 232 F.3d 119 (2d Cir. 2000) ............................... 14

## **Statutes**

The Civil Rights Act of 1991, 42 U.S.C. § 2000e-2 ........................... 1, 10, 14

The Civil Rights Act of 1991, 42 U.S.C. § 2000e-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14

The Civil Rights Act of 1866, 42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 14

FRCP 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

FRCP 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

N.Y. Exec. Law § 296 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 14

## PRELIMINARY STATEMENT

Plaintiff submits this memorandum of law in opposition to Defendants' Motion for Reconsideration. Howard Henry commenced this action on September 20, 2005 to redress violations of the civil rights afforded to him under the Civil Rights Act of 1991, specifically 42 U.S.C. § 2000e-2(a) and § 2000e-3(a); the Civil Rights Act of 1866, specifically 42 U.S.C. § 1981; and the New York State Human Rights Law, specifically N.Y. Exec. Law § 296. Discovery was completed. Defendants filed a Motion for Summary Judgment demanding dismissal of Plaintiff's claims, which was decided by the Honorable Colleen McMahon by Memorandum Decision and Order, dated July 26, 2007 (the "Decision").

The Court was presented with two opposing sets of motion papers each close to six inches thick containing over ten affidavits of witnesses and approximately eighty exhibits. The Decision contained a complete, accurate and thorough review of the facts, and a very thoughtful recitation of the law. Ultimately, it was found that there are many disputed issues of fact in this case precluding the relief Defendants' seek.

The parties have also already submitted their pre-trial papers, and a conference to set a date for trial was requested; yet on the eve of trial, Defendants now move for reconsideration of their motion in order to further delay what has been looming for over two years, the trial of the first in a series of cases that will expose the blatant and widespread racial discrimination that exists in the Defendants' offices. Defendants claim such is not the case: They claim that when one looks at each individual hiring decision they have made, one will find that they had legitimate and non-discriminatory reasons for their decisions. Of course they can make that claim, as Plaintiff's performance reviews were designed by the Defendants to make it appear as if he was not qualified

for the promotions he sought.

This case is a perfect example of the type of new breed of discrimination that is taking place in businesses such as Wyeth's across the country. There are no smoking guns. There are no flagrant uses of discriminatory language. There are no "black jokes" being told. Yet as Plaintiff has pointed out, when you look at each individual hiring decision they have made, they have repeatedly promoted white employees into positions over him and others, and the majority of the upper management in Defendants' structure is white. Certainly the circumstantial case has been made, and Plaintiff has already fully disputed each of the Defendants' assertions of fact, ultimately showing that what Defendants claim is the truth is merely pretext to cover up their unlawful discriminatory practices. As the law is clear, once this showing has been made, a jury is in the best position to decide for itself what actually happened.

Accordingly, Defendants' motion must be denied, and this case set for trial.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to Plaintiff's Statement Pursuant to Local Rule 56.1, all the pleadings in this action, and the Decision for a full recitation of the facts relevant to the determination of this motion.

## ARGUMENT

The Second Circuit has ruled that the granting of a motion for summary judgment is a drastic remedy which must be used "sparingly." *Gallo v. Prudential Residential Serv.*, 22 F.3d 1219, 1224 (2d Cir.1994); *Egelston v. State Univ. Coll.*, 535 F.2d 752, 754 (2d Cir.1976). It is drastic in that it has *res judicata* effect and deprives the litigant of his or her day in court and his or her opportunity to cross-examine the movant and movant's witnesses. *See Eastway Constr. Corp. v. City of N.Y.*, 762

F.2d 243, 249 (2d Cir.1985), *cert. denied*, 484 U.S. 918 (1987); *Egelston*, 535 F.2d at 754. The judicial standard applied in granting the motion is narrow in that the motion must be denied if any genuine issue of fact exists. *Gallo*, 22 F.3d at 1224.

The Second Circuit has specifically cautioned against dismissing a discrimination claim on a motion for summary judgment because the employer's intent is often at issue and is difficult to determine without carefully examining the surrounding facts. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir.1997); *Gallo*, 22 F.3d at 1224. The district court is limited in granting summary judgment motions in that the court must carefully scrutinize the proofs submitted in the light which is most favorable to the non-movant and accord the non-movant the full benefits of all favorable inferences that may be drawn from the evidence. *Gallo*, 22 F.3d at 1224. If there is any doubt as to the existence of a triable issue of fact or if a material issue of fact is arguable, summary judgment must be denied. *Jaroslawicz v. Seedman*, 528 F.2d 727, 731 (2d Cir.1975).

Due to the caution the Court must have exercised on the motion, and the sparing use of the remedy in general, it logically follows that on a motion for reconsideration of a decision denying summary judgment, the reviewing court is even more constrained. Indeed, just as a motion for summary judgment, a motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Public Offering Securi. Litig.*, 399 F.Supp.2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom, Tenney v. Credit Suisse First Boston Corp.*, 2006 WL 1423785 (2d Cir. May 19, 2006) (hereinafter "*IPO*"). The motion should not be granted unless the court has overlooked "controlling decisions or factual matters that were put before it on the underlying motion," *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000), which, if they had been examined, might have led

to a different result, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is not designed

to give a dissatisfied party a "second bite at the apple," *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144

(2d Cir. 1998), and certainly cannot be used to advance new legal theories or factual disputes that

the party failed to articulate on the original motion, *see Griffin Ins., Inc. v. Petrojam Ltd.*, 72

F.Supp.2d 365, 368 (S.D.N.Y. 1999). The reason this standard is so strict is to "dissuade repetitive

arguments on issues that have already been decided by the court." *Pugliese v. Long Island R. Co.*,

2007 WL 2493440, at *1 (E.D.N.Y. August 29, 2007).

## I. THE COURT MUST DECLINE TO RECONSIDER DEFENDANTS' MOTION

For all the reasons that follow, the Court should find that Defendants have failed to set forth

controlling decisions or matters of fact overlooked by the court which would have made a difference

on the underlying motion. *See Shrader*, 70 F.3d at 257.

### A.    Defendants' Initial Premise Is False

Defendants' starting premise for their motion, that "[i]t is hornbook federal employment law

that multiple failure to promote claims are separate and discrete employment decisions that must be

analyzed on their own facts" (Defs. Memo. Law at 3) is highly disingenuous. Both cases Defendants

cite to support this assertion held only that, for EEOC and statute of limitations purposes, a claim

based upon unequal pay accrued on the date each individual decision affecting the plaintiff's pay

occurred, not on the date of the last-issued paycheck (or any paycheck for that matter), which reflect

only the present effects of past, time-barred, discriminatory decisions. *See Ledbetter v. Goodyear

Tire & Rubber Co.*, 127 S.Ct. 2162, 2175 (2007); *see also Nat'l R. Passengers Corp. v. Morgan*, 536

U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Because the issue on the underlying motion

that Defendants now challenge was not whether Plaintiff had timely filed his charge of

-4-

discrimination with the EEOC, it cannot be said that for the purposes of this motion for reconsideration that the court overlooked any controlling law, *see Shrader*, 70 F.3d at 257, as it is clearly not controlling under the circumstances of this case. Indeed, these decisions did not even address the circumstances presented in this case.

Nevertheless, and contrary to Defendants' contention, nothing in *Ledbetter* or *Morgan* suggests that for the purposes of analyzing **the merits** of a failure to promote claim where, as here, there is a series of discriminatory decisions, a court may only consider the facts directly relevant to each decision. Indeed, such an assertion flies in the face of true "hornbook federal employment law," (Defs. Memo. Law at 3), which holds that the facts that form the basis of time-barred claims, or timely claims, can be introduced and utilized for the purpose of offering background evidence of discriminatory intent with respect to the particular discriminatory decision in issue. *Morgan*, 536 U.S. at 102. Indeed, employment discrimination plaintiffs "more often than not must depend on the cumulative weight of circumstantial evidence." *Tarshis v. Riese Org.*, 211 F.3d 30, 35-36 (2d Cir. 2000), *abrogated on other grounds by, Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 509 (2002).

In *Chertkova*, the Second Circuit set forth a number of circumstances under which a discriminatory intent may be found, each of which consists of circumstantial evidence not directly related to the discriminatory decision at issue. *Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996). The general timing of the sequence of events may be sufficient to show discriminatory intent, just as a pattern of failing to consider Plaintiff for a promotion for which he was qualified, or giving preferential treatment to those outside his protected class. *Id.* Given that all of these factors may be considered to show intent, Defendants' argument that only acts directly bearing on each promotion denial may be considered is clearly flawed. *See also Everson v. New York*

*City Transit Auth.*, 2007 WL 539159, at *10-11 (E.D.N.Y. Feb. 16, 2007) (evidence must be viewed in the totality, "and not in a piece-by-piece" fashion).

It is also settled precedent in this circuit that actions or remarks by decision-makers that tend to show a "discriminatory animus" may lend support to the inference of a discriminatory motive. *Gregory v. Daly*, 243 F.3d 687, 697 (2d Cir. 2001); *Chertkova*, 92 F.3d at 91 (citing *Ostrowski v. Atlantic Mut. Ins. Cos.*, 968 F.2d 171, 182 (2d Cir. 1992)). In many cases, these remarks have nothing to do with the discriminatory decision and may have been uttered well before or after the decision was made, yet they are considered, which is contrary to Defendants' contention. *See, e.g., Everson*, 2007 WL 539159, at *10-11 (E.D.N.Y. Feb. 16, 2007) (holding that generalized racist remarks of a hiring manager, even when made years before a specific hiring decision (by that manager), can help to create a genuine issue of material fact).

Additionally, even where certain employment actions are not independently "adverse," they can combine to constitute an "atmosphere" of adverse acts. *See Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002) ("an accumulation of 'seemingly minor incidents' may combine to establish an 'atmosphere of adverse employment action[.]'" *Id.*; *see also, Wallace v. Suffolk County Police Dep't*, 396 F. Supp. 2d 251 (E.D.N.Y. 2005) (holding that three separate actions taken by an employer, while not individually adverse, may nevertheless be considered in determining whether there was an "atmosphere of adverse employment action."). Therefore, even if the court had found that any one of the complained-of actions could not by itself constitute an adverse employment action, summary judgment still could have been denied because the jury could still infer that the overall atmosphere at Wyeth was "adverse" to him because of his race. Thus, any mistake in law, even if made, would have likely had no effect on the court's decision. *C.f. Shrader*, 70 F.3d at 257.

Accordingly, because Defendants' initial premise is false, and *Ledbetter* and *Morgan* are not controlling under the circumstances of this case, and even if they were the court still could have denied Defendants' motion under the holding of *Phillips*, the instant motion for reconsideration must be denied because Defendants have failed to articulate any controlling law which was overlooked and/or would have made a difference if considered on the underlying motion. *C.f. Shrader*, 70 F.3d at 257.

**B.    Even If Defendants' Premise Were True, The Court Already Separately Considered Each Instance of Failure to Promote in its Decision**

Assuming, *arguendo*, that the court was limited to only considering the facts relevant to each instance of the alleged discriminatory failure to promote, it is clear from the court's Decision that it did separately consider the facts surrounding each decision. From pages 2 through 44 of the Decision, the court painstakingly and thoughtfully showed that it had sifted through the parties' 56.1 statements, affidavits, exhibits, and memoranda to pull out and recite all of the issues of fact, disputed and undisputed, surrounding each instance of Defendants' failure to promote, and each instance of a claimed negative and unjustified review. (Decision at 2-44.)

After doing so, the court found, *inter alia*, two things: (1) with respect to Plaintiff's prima facie case, "plaintiff has established a prima facie case with respect to his failure to promote **claims** . . ."; and, (2) "plaintiff's response to the defendants' proffered non-discriminatory **reasons** for their **actions** . . . [contained] specific facts from which a reasonable jury could infer that the **reasons** propounded by the defendants were not their true **reasons**, and from this that the defendants are 'dissembling to cover up a discriminatory purpose.'" (Decision at 54, 55) (internal citation omitted) (emphasis added). The court separately found the same with respect to the allegedly intentional

negative performance evaluations and placement on the Performance Improvement Plan (Decision at 54), and further with respect to the transfer, or "demotion claim," (Decision at 55). Moreover, the court also dismissed two of Plaintiff's failure to promote claims because, as it indicated in its decision, it considered the facts surrounding them and found that the evidence was lacking. (Decision at 57.) The court's use of plural nouns with respect to the failure to promote claims, dismissal of two claims, and separate consideration of the performance evaluations and demotion claim, clearly show that the court did not utilize a "'lumping' approach" (Defs. Memo. Law at 3) as Defendants now claim, but instead considered each of the claims separately. The above findings do not show that the court grouped the claims together; rather, they were clearly just a simple and succinct way of summing up its conclusion that with respect to each claim (in light of the 42 pages of factual discussion) there were disputed issues of material fact precluding summary judgment in Defendants' favor.

**C.     Even If the Court Improperly Considered the Statistical and Anecdotal Evidence Plaintiff Offered, the Court's Decision Was Not Affected in Any Way**

Plaintiff does not concede that the court improperly considered the statistical and anecdotal evidence in deciding the underlying motion since such evidence, as the court found, is probative of the issue of Defendants' intent. *See Gregory*, 243 F.3d at 697; *Chertkova*, 92 F.3d at 91. However, assuming *for the sake of argument only* that it was improperly considered, the Court should only grant the Defendants' motion for reconsideration if this error would have led to a different result if corrected. *Shrader*, 70 F.3d at 257. Such is clearly not the case here. The court found specifically that while this additional evidence "is admittedly thin," (Decision at 56), and carried with it some probative value, *(id.)*, "[s]ince the jury may infer the ultimate fact of intentional discrimination if it

-8-

finds that Wyeth's purported concerns about the plaintiff's performance were disingenuous, the plaintiff is not required to provide additional substantiating evidence," (*id.*). Thus, even if the court did not have this evidence to consider, had refused to entertain it, or it is never presented to a jury, Plaintiff's evidence that his performance evaluations were false, and that the employer's proffered reasons for its decisions were both inconsistent and disingenuous, would have been enough for the court to deny Defendants' motion anyway. Accordingly, granting Defendants' motion for reconsideration on this ground is clearly unjustified. *Shrader*, 70 F.3d at 257.

**D.    The Court Properly Found That the Same Evidence Supporting Plaintiff's Discrimination Claims May Also Be Used to Support His Retaliation Claims**

Plaintiff remains guessing as to the basis for Defendants' assertion that he has not based his causes of action for discrimination on three specific incidents: (1) his denial of a promotion to Manager Manufacturing Support in December 2004; (2) his placement on a Performance Improvement Plan in June 2005; and (3) his 2005 Mid-Year Performance Review. (Defs. Memo. Law. at 17, 18 ("By overlooking the fact that Henry has not asserted a discrimination claim based on [the above enumerated incidents], the Court erred in denying Defendants' motion for summary judgment with respect to Henry's retaliation claims.")) Defendants seem to believe that these incidents may only be considered as part of Plaintiff's retaliation claims. (*Id.*).

As the Complaint in this case makes clear, these incidents certainly do form part of the basis for Plaintiff's discrimination claim under 42 U.S.C. § 1981 and the New York State Human Rights Law, (Compl. at ¶¶ 48-49 (incorporating by reference the allegations related to the above incidents as part of his discrimination claims, and additionally alleging in the alternative that these specific incidents may have also been the result of unlawful retaliation for the filing of his EEOC charge)),

even if Plaintiff did not advance these claims based upon his race for the purpose of receiving a

Right to Sue letter under Title VII. *See* FRCP 8(e)(2) ("A party may set forth two or more statements

of a claim or defense alternatively or hypothetically, either in one count or defense, or in separate

counts or defenses."); FRCP 8(f) ("All pleadings shall be construed as to do substantial justice.");

*Newman v. Silver*, 713 F.2d 14, 16 n.1 (2d Cir. 1983) (theory of recovery need not be stated in

complaint) (citing *Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 974, 976 (2d Cir. 1945)

("particular legal theories of counsel yield to the court's duty to grant the relief to which the

prevailing party is entitled, whether demanded or not"), *accord, IPO*, 399 F.Supp.2d 281 (general

rule of pleading does not require plaintiffs to set forth legal theory of claim, it is sufficient to allege

merely the facts that give rise to the claim); *see also Nagler v. Admiral Corp.*, 248 F.2d 319, 324 (2d

Cir. 1957) (effect of rule is to permit claim to be stated in general terms and discourage battle of

mere form of allegations that only serve to delay trial on the merits because of possible mistakes in

a pleading statement); *Punsal v. Mount Sinai Servs. of Mount Sinai Sch. of Med. of New York Univ.*,

2004 WL 736892, at *6 (S.D.N.Y. Apr. 6, 2004) (holding same in employment discrimination case,

denying summary judgment even where plaintiff failed to plead under the correct federal statute).

If Defendants herein had any confusion as to what Plaintiff's claims were, their remedy was to move

for a more definite statement under Rule 12, or more thoroughly flesh out Plaintiff's claims during

the course of discovery. They have done neither, as was their right not to.

Nevertheless, the distinction is largely unimportant under the applicable laws, as the court

found, (Decision at 57), as Plaintiff would be required to prove substantially the same elements

under either a discrimination or retaliation theory based on these incidents. As the court did not

overlook any controlling law with respect to Plaintiff's retaliation claims and, despite Defendants'

claim, no material issues of fact have been ignored, the Court must decline to reconsider Defendants'

motion with respect to Plaintiffs' retaliation claims.

For all the foregoing reasons, the Court should decline to reconsider Defendants' motion for

summary judgment.

## II. SHOULD THE COURT BE INCLINED TO RECONSIDER THE MOTION, THE COURT SHOULD REACH THE SAME RESULT AS THE DECIDING COURT DID ON THE UNDERLYING MOTION

Notwithstanding all of the reasons set forth above as to why the granting of Defendants'

motion for reconsideration is improper, because Defendants are dissatisfied with the Decision and

seek to engage in the dead-duck exercise of rearguing their position with respect to each employment

decision at issue in order to get their "second bite at the apple," *Sequa*, 156 F.3d at 144, Plaintiff

responds as follows:

### A.    The Burden Shifting Framework

In a disparate treatment case where there is no evidence of direct discrimination, a plaintiff

must satisfy the three-part burden-shifting test established by the Supreme Court in *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) in order to

survive summary judgment in the Second Circuit. *Dawson v. Bumble & Bumble*, 398 F.3d 211, 216

(2d Cir. 2005). Plaintiff must first establish his *prima facie* case by showing: (a) he is a member of

a protected class; (b) he was competent to perform a job or was performing his duties satisfactorily;

(c) he suffered an "adverse employment decision or action"; and, (d) the complained-of-decision or

action occurred under circumstances giving rise to an inference of discrimination based upon his

membership in a protected class. *Id.* Establishing this burden has been described as *de minimis*.

*Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467 (2d Cir. 2001). In order to present a prima

facie case of retaliation, Plaintiff must show that: (1) he engaged in protected participation or opposition to discriminatory practices; (2) Defendants were aware of this activity; (3) Defendants took adverse action against him; and (4) there is a causal connection between the adverse action and the protected activity. *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006).

Assuming Plaintiff establishes his prima facie case, a presumption of discrimination arises and the burden of proof then shifts to Defendants to articulate some legitimate non-discriminatory reason for the challenged employment decision or action. *Id.* If Defendants satisfy this burden, the presumption of discrimination raised by Plaintiff's prima facie case is lessened, but summary judgment is only appropriate if Plaintiff cannot point to <u>any evidence</u> which would tend to support a reasonable finding of discriminatory intent. *See id.* If <u>any</u> such evidence exists, summary judgment must be denied because Plaintiff "must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant[s] were not [their] true reasons but were a pretext for discrimination. *Dawson*, 398 F.3d at 216 (internal quotation omitted).

**B.    <u>Plaintiff's Ultimate Burden</u>**

Keeping in mind that *Defendants have not challenged Plaintiff's prima facie* case by the instant motion, and only challenge that there are no triable issues of fact with respect to Defendants' intent, Plaintiff responds by stating that Defendants have simply misstated the law with respect to Plaintiff's ultimate burden. (Defs. Memo. Law at 4 ("[H]enry has not met his burden of establishing that Defendants' reasons for each of the employment decisions were false and that the real reason for each of the decisions was intentional discrimination."); *see also id.* at 5-14.) In order to demonstrate pretext, Plaintiff does not need to show that the proffered reasons are false or that they

did not play a role in the employment decision; rather, he need only show that they were not the only reason, and that the discriminatory motive played some role in the decision. *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995). Defendants' motion must be denied if Plaintiff can demonstrate "such weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Bombero v. Warner-Lambert Co.*, 142 F.Supp.2d 196, 203 n.7 (D.Conn. 2000) (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999), and citing *Olson v. Gen. Elec. Astrospace*, 101 F.3d 947, 951-52 (3d Cir. 1996)), *aff'd* 9 Fed. Appx. 38 (2d Cir. 2001).

## C.     **Issues Of Fact With Respect to Defendants' Discriminatory Intent**

The deciding court properly found that there were numerous issues of fact with respect to Defendants' discriminatory intent and the allegedly non-discriminatory reasons they have proffered, which precludes summary judgment in this matter. Rather than rehash and reargue each of Defendants' contentions regarding each employment decision they challenge, Plaintiff instead incorporates by reference all of the legal and factual arguments set forth more fully in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment and the accompanying motion papers including Plaintiff's 56.1 Statement and the affidavits and exhibits annexed thereto.

Additionally, Plaintiff would point out that his claims are based upon 14 specific employment decisions, two of which have been dismissed by the deciding court. (Pls. Memo. Law. Opp. Defs. Mot. S.J. at 2-3; Decision at 57.) By the instant motion, Defendants only challenge the court's

decision with respect to 8 of the remaining 12 claims. Thus, Plaintiff's claims based upon (1) the denial of Plaintiff's request to be considered for the position of Consumer Health Project Engineer in April 2004, (2) Plaintiff's discriminatory 2004 mid-year review, (3) Plaintiff's discriminatory 2004 Performance Appraisal, and (4) the harassment Defendants' employees Max Katz and Andrew Espejo subjected Plaintiff to throughout 2005, all remain unchallenged by the Defendants.

### III. THE DECIDING COURT PROPERLY DECLINED TO GRANT SUMMARY JUDGMENT IN FAVOR OF THE INDIVIDUAL DEFENDANTS

The court dismissed Plaintiff's Title VII claims against the individual Defendants because, as is "hornbook federal employment law" (Defs. Memo. Law at 3), individuals are not liable under Title VII. (Decision at 53 (citing *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam). However, individuals are liable to employees they have discriminated against under both 42 U.S.C. § 1981 and the New York State Human Rights Law. 42 U.S.C. § 1981; N.Y. Exec. Law § 296(6) (2007) ("It shall be an unlawful employment practice for any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this section, or attempt to do so.") *Whidbee v. Gazarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000) (individuals are liable on claims under § 1981 to the extent they were personally involved in the discriminatory action); *Cerrato v. Durham*, 941 F.Supp. 388, 396 (S.D.N.Y. 1996) (individuals liable under § 296 if they are shown to have any amount of authority with respect to employee's job over and above merely carrying out employment decisions made by others).

Defendants challenge that the individual Defendants were not "personally involved" in the decisions made with respect to Plaintiff's employment, and therefore summary judgment should have been granted with respect to Plaintiff's claims against them. (Defs. Memo. Law. at 19-21.) However,

-14-

the evidence overwhelmingly demonstrates that Defendant Wardrop was personally involved in many of the decisions with respect to Plaintiff's employment in that he wrote Plaintiff's unjustified performance reviews which allegedly had an impact on his future advancement opportunities. *See Cerrato*, 941 F.Supp. at 396 (individual who reviews employee's performance can be held liable as being personally involved or for having aided and abetted unlawful discriminatory conduct); (Decision at 54 ("the gravamen of plaintiff's claim is that the lowered performance appraisals were concocted in order to sabotage his prospects for advancement at Wyeth and did, in fact, have that effect)). Likewise, the evidence adduced by Plaintiff during discovery firmly establishes that Defendant McDermott had the ultimate managerial authority and control over Plaintiff's placement in the reconfigured company (after the so-called "organizational cascade"), and to also hear his other complaints of discrimination and act to correct them, which he failed to do. He is therefore personally liable for perpetuating the ongoing discrimination Plaintiff had to endure. *See Cerrato*, 941 F.Supp. at 396 (individual with authority to hire and fire or to make recommendations regarding employee's status within the company is personally liable). Accordingly, the deciding court properly declined to grant summary judgment in favor of the individual Defendants.

Moreover, other than a meager three lines of text in Defendants' original motion papers stating, without any basis, that these claims should be decided in favor of the individual Defendants, Defendants had failed to properly set forth any argument on these claims whatsoever, which requires this Court on a motion for reconsideration not to disturb the deciding court's decision. *C.f. Griffin*, 72 F.Supp.2d at 368 (motion for reconsideration cannot be used as a vehicle to advance new legal theories or factual disputes not advanced in support of the underlying motion).

Therefore, this Court must either decline to reconsider this portion of Defendants' motion

under *Griffin* or, if it does so, not disturb the findings of the deciding court for the reasons set forth above.

## CONCLUSION

For all the foregoing reasons, Defendants' motion should be denied in its entirety and this case should be scheduled for trial at a time that is convenient for the Court. In the alternative, if the Court is inclined to grant Defendants' motion, it should nevertheless reach substantially the same conclusions as the deciding court and deny Defendants' motion for summary judgment.

**Dated:**          **Carle Place, New York**
                    **October 1, 2007**

                                        **Respectfully submitted,**


                                        **By:** _____/s/_____

                                              **Steven A. Morelli (SM 4721)**
                                              **Of Counsel**
                                        **LEEDS MORELLI & BROWN, P.C.**
                                        **Attorneys for Plaintiff, Howard Henry**
                                        **One Old Country Road, Suite 347**
                                        **Carle Place, N.Y. 11514**
                                        **(516) 873-9550**

-16-