UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

HOWARD HENRY,                                  :

    Plaintiff,                    :      NO. 05-CV-8106 (WCC)

              :

    v.                          :

              :

WYETH PHARMACEUTICALS, INC.,                    :
WALTER WARDROP, ANDREW SCHASCHL,                :
AND MICHAEL MCDERMOTT                           :

              :

      Defendants.                 :

------------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION

Michael Delikat
James H. McQuade
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals, a Division
of Wyeth, Walter Wardrop, and Michael McDermott

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT............................................................................................................. 2

I.     THE COURT OVERLOOKED CONTROLLING LAW AND FACTUAL
MATTERS WITH RESPECT TO HENRY'S DISCRIMINATION CLAIMS ................ 2

     A.     The Court Improperly Lumped Together Each Of Henry's Separate And
Discrete Employment Decisions In Performing Its Legal Analyses .................... 2

     B.     Had The Court Properly Analyzed Each Of The Separate And Discrete
Alleged Adverse Employment Decisions, It Would Have Concluded That
Henry Cannot Meet His Burden Of Proof With Respect To His
Discrimination Claims ........................................................................................ 5

     C.     Henry's Purported Statistical Evidence, Anecdotal Evidence, And Stray
Remarks Cannot Create An Inference Of Discrimination ................................... 6

II.     THE COURT OVERLOOKED A NUMBER OF MATTERS WITH RESPECT
TO HENRY'S RETALIATION CLAIMS ........................................................ 8

III.     THE CLAIMS AGAINST THE INDIVIDUALS SHOULD BE DISMISSED.............. 10

CONCLUSION........................................................................................................ 10

## PRELIMINARY STATEMENT

Henry's opposition to Defendants' Motion for Reconsideration raises a number of baseless arguments that do not address Defendants' contentions or the Court's errors in any way. His principal argument is that, when there is a series of alleged discriminatory employment decisions, a court may consider facts that are not directly relevant to each employment decision. This argument jousts at a straw man, not at the argument Defendants actually are making. Defendants' principal argument is simply that, when determining if Henry could meet his ultimate burden of proof of intentional discrimination, each separate and discrete employment decision cannot be linked up and analyzed together unless there is sufficient factual evidence in admissible form connecting the separate employment decisions with a common discriminatory animus. There was no such competent evidence here. The employment decisions at issue were largely separate incidents, involving different positions, qualifications, and performance issues, and, most importantly, different participants at different times. The only potential connective discriminatory "factual" tissue shown by Henry is his own subjective conjecture and speculation that a discriminatory motivation infected some of them. That is not enough. For that reason, the Court erred when it considered these separate and discreet employment decisions together as if they were one employment decision.

Moreover, Henry fails to respond to Section I of Defendants' Opening Brief, where Defendants point out the undisputed material facts overlooked by the Court in denying summary judgment. Henry thus concedes these points, which warrant summary judgment. Defendants submit that summary judgment is therefore appropriate as to all of the claims, but the elimination of any one of the alleged discriminatory or retaliatory employment decisions from the case would be one step towards the correction of clear error in the Court's Decision and would promote the conservation of judicial resources by avoiding the unnecessary jury trial of issues

that should be resolved on summary judgment. According, we respectfully request that this Court grant Defendants' motion for reconsideration and grant Defendants' motion for summary judgment, either in whole or in part.

## ARGUMENT

### I. THE COURT OVERLOOKED CONTROLLING LAW AND FACTUAL MATTERS WITH RESPECT TO HENRY'S DISCRIMINATION CLAIMS

#### A. The Court Improperly Lumped Together Each Of Henry's Separate And Discrete Employment Decisions In Performing Its Legal Analyses

Henry does not dispute, nor could he dispute, that each of the alleged discriminatory promotion decisions, performance review decisions, and the one job assignment at issue in this case constitute separate and discrete employment decisions, as each decision was made by different decision makers, at different times, and involved entirely different circumstances. *See, e.g., National R.R. Passengers Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire . . . [each] constitute a separate actionable employment action."). Henry contends, however, that the Court may analyze each of these separate employment decisions together as if they comprised one employment decision. Henry's contention is unsupportable and flies in the face of clearly-established principles of employment law.

Henry's reliance on *Chertkova v. Connecticut General Life Insurance*, 92 F.3d 81, 91 (2d Cir. 1996) to support his contention is completely unfounded. Nothing in the *Chertkova* decision suggests that a court may consider evidence that may create an inference of discrimination with respect to one discrete employment decision to support a finding of intentional discrimination with respect to another separate and entirely unrelated employment decision. Moreover, the portion of the *Chertkova* decision upon which Henry relies does not even address the question of whether the plaintiff met his ultimate burden of establishing discrimination, but instead addresses

2

only the issue of whether the plaintiff could establish a *prima facie* case, *see id.* at 91, which is not the issue on this motion for reconsideration.

Similarly, *Everson v. New York City Transit Authority*, 2007 WL 539159, at *10-11 (E.D.N.Y. Feb. 16, 2007), another case cited by Henry, is consistent with the fundamental principle that separate and discrete employment decisions must be analyzed on their own facts. In sharp contrast to the Court's analysis in the Decision in this case, the *Everson* court analyzed separately the plaintiff's alleged discriminatory failure to promote claims and analyzed separately each of the plaintiff's other six alleged retaliatory employment actions, considering separately for each employment decision whether plaintiff had established a *prima facie case* and his ultimate burden of proof with respect to each individual employment decision – something the Court failed to do in this case. *Id.*

Moreover, Henry's contention that *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162 (2007) and *Morgan*, 536 U.S. 101, 122 S. Ct. 2061, do not support the elementary proposition that multiple failure to promote claims are separate and discrete employment decisions that must be analyzed on their own facts is simply wrong. Indeed, both of these cases support the fundamental principle that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire . . . constitute a separate actionable employment action" which must be analyzed separately. *Morgan*, 536 U.S. at 113, 122 S. Ct. at 2072. The fact that these principles and holdings were set forth in cases addressing statute of limitations issues is entirely irrelevant. The point of these cases is that separate and discrete employment actions cannot be linked up and analyzed together as if they comprised one claim unless there is some common factual ground for connecting them and for considering them as one continuing act of discrimination, such as a continuing hostile work environment – something that is plainly lacking

3

and has not even been alleged in the present case. Thus, as just one example, the Court clearly erred when it found that there was sufficient evidence for Henry to satisfy his ultimate burden of proof of intentional discrimination with respect to his 2001 Project Engineer promotion claim, based on alleged later-occurring evidence that had absolutely no connection to that promotion decision, such as alleged stray remarks made in 2004 by individuals who had no involvement whatsoever with the 2001 Project Engineer promotion decision, and alleged discriminatory performance reviews issued to Henry in 2005 by managers who also had absolutely no involvement whatsoever with the 2001 Project Engineer promotion decision.

Henry's argument that, even if each of the separate and discrete employment actions are not "independently 'adverse,' they can combine to constitute an 'atmosphere' of adverse acts" is entirely irrelevant. Henry's Brief, at 6-7. Henry's argument appears to address the question of whether he can satisfy the *prima facie* element of an adverse employment action with respect to his discrimination claims – not the issue at this stage.[1]

Finally, contrary to Henry's contention, it is clear from the Decision itself, that, instead of analyzing each of Henry's separate and discrete employment decisions separately in its legal discussion, the Court lumped all of the decisions together in performing its legal analysis. The fact that the Court set forth the factual contentions of the parties with respect to each separate employment decision in the statement of fact section of the Decision does not suggest that the Court separately analyzed each employment decision as part of its legal analysis. Moreover, the fact that the Court dismissed two promotions claims does not support Henry's contention that the

---

[1] In any event, Henry's reliance on *Wallace v. Suffolk County Police Dep't*, 396 F. Supp. 2d 251 (E.D.N.Y. 2005) and *Phillips v. Bowen*, 278 F.3d 103 (2d Cir. 2002) is entirely misplaced. In both *Wallace and Phillips*, the plaintiffs asserted first Amendment retaliation claims, and, in *Phillips*, the plaintiff had alleged a hostile work environment based on a series of alleged acts taken over time by the same supervisor in the same command structure. Thus, both of these cases are entirely distinguishable.

Court separately considered each of the other employment decisions.    Indeed, the Court dismissed two of the promotion claims simply because Henry conceded that he had no claim based on these promotions when he "explicitly testified that he did not believe that he was denied [these two promotions] because of his race." Decision, at 57.  This concession does not mean that there *was* admissible evidence of discriminatory motive with respect to any other employment decision.

> **B.    Had The Court Properly Analyzed Each Of The Separate And Discrete Alleged Adverse Employment Decisions, It Would Have Concluded That Henry Cannot Meet His Burden Of Proof With Respect To His Discrimination Claims**

As a threshold matter, in making the argument that Defendants have misstated the law with respect to Henry's ultimate burden, Henry himself misstates the law by citing *Bombero v. Warner-Lambert Co.*, 142 F. Supp.2d 196, 203 n.7 (D. Conn. 2000) and arguing that summary judgment must be denied if the fact finder cannot find that the employer's proffered non-discriminatory reason for the employment decision was false.   Henry ignores the critical language in *Bombero* providing that more than a simple showing that the employer's proffered reason is needed:

> Even assuming that plaintiff has offered enough to support a finding of pretext, which I do not believe he has, this is far from the end of the matter, for to survive summary judgment, [plaintiff] ha[s] to show not only pretext, but also either use of a pretext that itself implies a discriminatory stereotype, or use of a pretext to hide age discrimination.

*Id.* at 206.[2]  In any event, the Second Circuit has observed that "the way to tell whether a

---

[2]  Citing to *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995), Henry takes a general proposition of law out of context to argue that a plaintiff only needs to show that the employer's proffered reasons were not the only reason and that a discriminatory motive played some role in the decision.  In doing so, Henry misstates the law and ignores that "[t]he plaintiff has 'the ultimate burden of persuasion' to demonstrate that the challenged employment decision was the result of intentional discrimination." *Cronin*, 46 F.3d at 203 (*quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S. Ct. 2472 (1993)).  In any event, even if Henry's proposition were correct, he could not meet this standard of proof.

5

plaintiff's case is sufficient to sustain a verdict is to analyze the particular evidence to determine whether it reasonably supports an inference of the facts that plaintiff must prove—particularly discrimination." *James v. New York Racing Assoc.*, 233 F.3d 149, 156 (2d Cir. 2000).

As demonstrated in Section I of Defendants' Opening Brief, a review of the particular facts relevant to each separate and discrete employment decision demonstrates that there are no genuine issues of material fact and that Henry cannot meet his ultimate burden of proof with respect to each of these employment decisions. Defendants' Opening Brief, at 4–17. Rather than addressing any of these specific and detailed arguments, Henry simply refers the Court to all of the papers he filed in opposition to Defendants' motion for summary judgment. Henry's failure to respond to these arguments is telling, as these arguments make it clear that Henry's claims of discrimination cannot survive Defendants' motion for summary judgment.[3]

### C.  Henry's Purported Statistical Evidence, Anecdotal Evidence, And Stray Remarks Cannot Create An Inference Of Discrimination

In his Brief, Henry does not dispute what is clear from the face of the Decision – that the Court improperly relied upon Henry's incompetent and inadmissible purported statistical evidence, anecdotal evidence, and stray remarks to support the finding of discriminatory animus with respect to all but two of the employment decisions at issue. Henry provides no response to the clear showing in Defendants' Opening Brief that his purported statistical evidence and anecdotal evidence cannot be used to create an inference of discrimination with respect to any of the employment decisions in this case. *See* Defendants' Opening Brief, at 15-17.

---

[3] In his Brief, Henry incorrectly claims that Defendants' motion for reconsideration does not challenge his claim based on the denial of his request to be considered for the position of Consumer Health Project Engineer, as that claim was addressed at page 14, n.4 of Defendants' Brief. Further, Henry's suggestion that Defendants' motion for reconsideration does not challenge Henry's claims based on Henry's 2004 performance reviews and the alleged "harassment Defendants' employees Max Katz and Andrew Espejo subjected Plaintiff to throughout 2005" is incorrect. Henry's Brief, at 14. Each of these claims were addressed in Section II of Defendants' Opening Brief.

With respect to the alleged stray remarks, Henry simply cites to the court's decision in *Everson*, 2007 WL 539159, at \*10, and argues that in many cases stray remarks that have nothing to do with the discriminatory decision may be used to create an inference of discrimination. The *Everson* decision, however, is distinguishable from the present case. In *Everson*, the plaintiff presented evidence that the individual who made one of the alleged discriminatory employment decisions had uttered racial slurs in the plaintiff's presence, including using the word "nigger" and had made a number of "patently offensive racist remarks towards other Black employees," including calling an African-American employee a "gorilla" and telling another "to shut his Black mouth." *Id.* at 11, 25. The remarks in *Everson* are entirely different from Wardrop's alleged question to another employee if she was "sticking pins in a doll" and asking a Hispanic employee if he was "the kind of guy to wear his pants hanging down like this." *See* Plaintiff's Rule 56.1 Statement, ¶¶ 139-41.[4] Moreover, in *Everson*, the court considered the decision maker's offensive racial comments because, in contrast to this case, there was other evidence of discrimination with respect to the promotion decision.

The *Everson* decision also highlights the Court's other fundamental error in considering the purported stray remarks in this case. In *Everson*, the plaintiff alleged race discrimination based on his denial of four separate promotions involving four different decision makers and alleged retaliation based on a number of separate and discrete employment decisions. The court considered the decision maker's racially offensive remarks with respect to only the one promotion decision made by that particular decision maker, rather than considering the racially offensive comments as evidence of discrimination in connection with the other employment decisions with which he had no involvement. In contrast, the Court in this case improperly

---

[4] In his brief, Henry now concedes that these remarks do not have any racial connotation, as he states that "[t]here are no 'black jokes' being told." Henry Brief, at 2.

considered the alleged stray remarks made by Wardrop as evidence of discrimination with respect to numerous separate and discrete employment decisions with which Wardrop had no involvement, including some that took place years before Wardrop had any involvement with Henry and before the alleged comments were made. In doing so, the Court committed error.

Finally, Henry argues that, even if the court erred in considering his purported statistical evidence, anecdotal evidence, and stray remarks, it was harmless error because he could satisfy his ultimate burden of proof without this purported evidence. Henry's Brief, at 8, 9. Without this purported evidence, however, there is no evidence suggesting in any way that any of the employment decisions at issue were the result of intentional race discrimination. Moreover, as set forth in Defendants' Opening Brief at pages 4 through 17, a separate consideration of each discrete employment decision reveals that there is no evidence suggesting that Defendants' legitimate non-discriminatory reasons for the relevant employment decisions were not the real reasons. Accordingly, the Court erred in denying the motion for summary judgment.

## II.    THE COURT OVERLOOKED A NUMBER OF MATTERS WITH RESPECT TO HENRY'S RETALIATION CLAIMS

In its Decision, the Court completely ignored Defendants' arguments relating to Henry's retaliation claims based on its incorrect assumption that Henry had asserted both discrimination claims and retaliations claims based on the employment decisions that were made in 2004 and 2005. Henry attempts to obscure this error by suggesting that the Complaint alleges in the alternative that the 2004 and 2005 employment decisions were both discriminatory and retaliatory. Henry's Brief, at 9. The Complaint, however, very clearly lists the 2004 and 2005 employment decisions under the heading "Retaliation" and alleges these decisions were "incidents of retaliation" – not incidents of discrimination. The Complaint is entirely consistent

with Henry's EEOC Charge, in which Henry alleged that the 2004 and 2005 employment decision were acts of retaliation, and not acts of discrimination.

Henry cites to Rule 8 of the Federal Rules of Civil Procedure, as well as a number of cases, in an apparent attempt to argue that he made an error in drafting the Complaint and that this error should be overlooked by the Court. However, none of the authorities cited by Henry support his argument. Rule 8(e)(2) of the Federal Rules of Civil Procedure is inapplicable as it merely permits a party to plead in the alternative – something Henry did not do in his Complaint. Similarly, Rule 8(f) of the Federal Rules of Civil Procedure is inapplicable as the Complaint cannot be interpreted so as to include the 2004 and 2005 employment decisions as part of Henry's discrimination claim and doing so would not do substantial justice, particularly where there is nothing to suggest that intentional race discrimination played any role in these employment decisions. Further, the other cases cited by Henry are inapposite.[5]

Finally, Henry's argument that the Court's failure to consider Defendants' arguments with respect to his retaliation claims was harmless because Henry would have to prove the same elements under either a retaliation or discrimination claim with respect to each employment decision is wrong in two fundamental respects. First, this argument is based on the incorrect assumption that the Court fully analyzed the 2004 and 2005 employment decisions in connection with Henry's discrimination claims. The Court clearly conducted no such analysis. Second, the necessary elements for a discrimination claim differ from the necessary elements of a retaliation claim, and thus, would require different evidence.

---

[5] The court's decisions in *Newman v. Silver*, 713 F.2d 14,16 n.1 (2d Cir. 1983) and *In re Initial Public Offering*, 399 F. Supp. 2d 298 (S.D.N.Y. 2005) are distinguishable as they each address the pleading of legal theories, as opposed to specific legal claim, as in this case. *Nagler v. Admiral Corp.*, 248 F.2d 319 (2d Cir. 1957) also is distinguishable as it involves a motion to dismiss for improper pleading, rather than a motion for summary judgment, as here. Finally, in contrast to the present case, the court in *Punsai v. Mout Sinai Servs.*, 2004 WL 736892, at *6 (S.D.N.Y. April 6, 2004), excused the plaintiff's incorrect citation to a statute.

9

III.  **THE CLAIMS AGAINST THE INDIVIDUALS SHOULD BE DISMISSED**

Henry concedes that the Court completely overlooked Defendants' argument that the New York State Human Rights Law claims against Wardrop and McDermott should be dismissed.  Henry also concedes that Wardrop's only involvement with any of the employment decision at issue was his issuance of Henry's 2003 performance evaluations and his limited involvement in Henry's selection for the Packaging Supervisor position as part of the Organization Cascade.  Henry further concedes that McDermott's only involvement with any alleged discriminatory employment actions was his overall approval of the results of the Organizational Cascade.  "This is not conduct that rises to the level of aiding and abetting, and is unlike the direct and purposeful participation of defendants whom other courts have found to be subject to individual liability."  *Cerrato v. Durham*, 941 F. Supp. 388, 396 (S.D.N.Y. 1996) (aiding and abetting liability requires actual participation).[6]  Accordingly, the claims against McDermott and Wardrop should be dismissed.

## CONCLUSION

Based on the foregoing, the Court should reconsider the portion of the Decision denying Defendants' motion for summary and should grant Defendants' motion in its entirety.

Dated: New York, New York
       October 11, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _James H. McQuade_

Michael Delikat
James H. McQuade
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

Attorneys for Wyeth Pharmaceuticals, a Division of Wyeth, Walter Wardrop, and Michael McDermott

---

[6]  Contrary to Henry's argument, Defendants expressly raised this argument in their motion for summary judgment. *See* Defendants' Memorandum of Law in Support of Its Motion to Dismiss, at 25.