**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

HOWARD HENRY,                                    :

               Plaintiff,         :          05-cv-8106 (RCC)(DFE)

       -against-                                 :          **AFFIDAVIT OF**
                                :          **DAISY EARLY**

WYETH PHARMACEUTICALS, INC., WALTER :
WARDROP, ANDREW SCHASCHL, and            :
MICHAEL McDERMOTT,                               :

                       :
               Defendants.     :
-------------------------------------------------------x

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF ROCKLAND  )

     **Daisy Early**, being duly sworn, deposes and says as follows:

1.     I am a former employee of Wyeth Pharmaceuticals, Inc. ("Wyeth") and was forced to end

my 29-year career there after I was the target of a number of discriminatory comments

and, after I complained, a number of retaliatory actions ensued. Plaintiff Howard Henry

was one of my coworkers, and some of the comments and retaliatory actions I witnessed

are relevant to his claims, which prompted me to make this affidavit. Accordingly, I am

fully familiar with the facts and circumstances set forth herein.

2.     I am an African American who is 56 years old, and my position at Wyeth was as a

Pharmaceutical Operator in Centrum® production. As such, two of my managers were

Robert Bracco and Defendant Walter Wardrop.

### *Mr. Bracco's Discriminatory Comments*

3.     In or about the spring of 2001 my request for a shift change was denied for what I believe

to be discriminatory reasons. I pointed out to Mr. Bracco that other white employees were granted shift change requests, and I provided one example of a white employee who was granted such a request during the summer for an entire month so that she could sunbathe during the day. Mr. Bracco yelled at me and said, "So sue me. All my supervisors are black so you can't prove discrimination."

4.    Immediately after this incident, I began experiencing symptoms of stress and anxiety and I took a medical leave from work. A few weeks after I returned to work, Mr. Bracco was ill, and he stated to another employee, "Daisy tried to put voodoo on me but it didn't work." Upon Mr. Bracco's return to work, he visited Crystal Bullock's inspection area and again stated, "Daisy tried to put voodoo on me." Mr. Bracco then began to show Ms. Bullock certain parts of his body where I supposedly inflicted voodoo on him.

## *Defendant Wardrop's Discriminatory Comment*

5.    One morning when I was coming into the 100 Complex building at the Wyeth Pearl River plant, Defendant Wardrop stopped me in the hallway and said, "Daisy, what are you doing at home? Sticking pins in a doll? What have I ever done to you?" I was utterly shocked, and reported this incident to Michael Todd Davenport, Centrum® Production Coordinator, whose only response was, "If you knew all of the things that had gone wrong that night, you would understand the statement," implying that such a statement was acceptable to make based upon the events of the night before. I then replied, "The only way I would be able to understand that statement is if he stopped everyone who was coming into work that morning and told them the same thing."

6.    After this incident, I was subjected to various adverse employment actions which I feel

2

were retaliatory in nature, and I will be bringing my own discrimination and retaliation

claims against Wyeth in the courts of New York State. However, I felt it was necessary to

show the Court that Defendant Wardrop not only aided and abetted the denial of

promotional opportunities for Wyeth's black employees (like in Plaintiff's case), but he

also makes racial comments to and about his black employees. He harbors a

discriminatory animus which I feel contributed to Plaintiff's bad performance reviews

because I have been the target of his racial comments myself.

7.      **WHEREFORE**, I respectfully submit that the Court should deny Defendants' motion in

its entirety.

*Daisy Early*
Daisy Early

Sworn to before me this
_2 0_ day of November, 2006

*Jeanine M Reiter*
Notary Public

JEANINE M. REITER
Notary Public State Of New York
Qualified In Rockland County
Lic. #01RE6054404
Commission Expires February 5, 20__

3

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

HOWARD HENRY,                              :

                          Plaintiff,       :        05-cv-8106 (RCC)(DFE)

        -against-                          :        **AFFIDAVIT OF**
                                           :        **NEWTON PAUL**
WYETH PHARMACEUTICALS, INC., WALTER        :
WARDROP, ANDREW SCHASCHL, and              :
MICHAEL McDERMOTT,                         :
                                           :
                          Defendants.      :

------------------------------------------------x

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF ROCKLAND   )

**Newton Paul**, being duly sworn, deposes and says as follows:

1.    I am a former employee of Wyeth Pharmaceuticals, Inc. ("Wyeth") and was forced to end my 5-year career there after I experienced a similar situation to Plaintiff's, who was one of my coworkers, and some other racial comments and behavior that I witnessed are relevant to Plaintiff's claims. Accordingly, I am fully familiar with the facts and circumstances set forth herein.

2.    I am a Haitian American, and my position at Wyeth was as a Senior Compliance Coordinator in the Compliance and Investigations Department within Centrum® production. In this position, I was paid less than my white coworkers who held the same position as myself but who had less experience and education that I did.

3.    In February 2004, I witnessed Joe Vitanza (the then-current Managing Director of LCH and Defendant Walter Wardrop's immediate supervisor) refer to a

1

malfunctioning alarm system as **a "tar baby** that I just can't get off my back." I was shocked that a person in Mr. Vitanza's position would be so insensitive to racial and cultural issues that he would make such a comment and not even realize how deeply offensive the phrase "tar baby" is to African Americans. I was ashamed to be an employee of Wyeth on that day, but I nevertheless continued working there.

4. The project referred to above involved the installation of a new alarm system throughout the Centrum® manufacturing area. This project was led by Cara Muscolo, the white employee who was promoted to the position of Project Engineer over Plaintiff. After the installation, the alarm system repeatedly malfunctioned and was eventually turned off. Ms. Muscolo was promoted to a management position from the Project Engineer position despite her failures with regard to this project.

5. In or about the winter of 2004, I witnessed Defendant Wardrop making fun of Manny Rivera, a Wyeth employee, in a discriminatory way. Wardrop pulled his pants down low such that the waistband was around his thighs, imitating the dress of hip-hop youth culture. Mr. Rivera is a Hispanic employee, and Wardrop proceeded to make other gestures imitating the way he presumably perceives Hispanic youth. He then said, "Is Manny the kind of guy to wear his pants hanging down like this?" I am not even Hispanic, but I was deeply offended by Wardrop's actions because there exists a similar derogatory stereotype that relates to African American youths. In addition to being offended, I was empathetic toward Mr.

2

@004

Rivera, felt troubled, and was embarrassed (again) to be working under managers who feel it is appropriate to make racial comments in front of their minority employees.

6.  I also had an experience that is eerily similar to Plaintiff's claims. In May 2005, I applied for the position of Compliance Manager by sending my resume and a cover letter to Maura Corcoran, who was either a Director or an Associate Director of the Compliance Department in the Vaccines Group for Wyeth. I was very qualified for the position and felt it would be a great opportunity for me. However, I never received a response to my application despite sending repeated emails to Ms. Corcoran requesting some sort of answer. I was never interviewed for the position and it was eventually given to Mike Curry, who was a white employee. I had far more experience and team successes than Mr. Curry, yet I was not even afforded the opportunity to interview for the position.

7.  I will be bringing my own claims against Wyeth in the courts of New York State based upon the above; however, I felt it was necessary to show the Court that other black employees are also being denied opportunities for advancement at the Wyeth facility in Pearl River, New York. Additionally, the comments by Mr. Vitanza and Defendant Wardrop are just two examples of some of the sophomoric behavior reflecting a discriminatory animus which is held not only by Defendant Wardrop, but the managerial staff of Wyeth Pharmaceuticals as a whole. I firmly believe that Wardrop is a racially discriminatory individual and I feel his bias contributed to Plaintiff's bad performance reviews since I have personally witnessed his racial

3

comments.

8.    **WHEREFORE,** I respectfully submit that the Court should deny Defendants'

motion in its entirety.

Newton Paul

Sworn to before me this
21st day of November, 2006

Notary Public

DIONISIA DURAN
Notary Public - State of New York
NO. 01DU6130393
Qualified in Orange County
My Commission Expires  7/18/09