**EXHIBIT 1**

1

```
1
2   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK     COPY
3   ------------------------------------x
    HOWARD HENRY,
4
                    Plaintiff,
5
         -against-              05 CV 8106
6
    WYETH PHARMACEUTICALS, INC., WALTER
7   WARDROP, ANDREW SCHASCHL, and
    MICHAEL McDERMOTT,
8
                    Defendants.
9   ------------------------------------x
10              June 12, 2006
11              10:10 a.m.
12
13       Videotaped deposition of HOWARD A.
14  HENRY, pursuant to notice, at the offices
15  of Orrick, Herrington & Sutcliffe LLP,
16  666 Fifth Avenue, New York, New York,
17  before Gail F. Schorr, a Certified
18  Shorthand Reporter, Certified Realtime
19  Reporter and Notary Public within and for
20  the State of New York.
21
22
23
24
25
```

LEGALINK
A MERRILL COMPANY
420 Lexington Ave
Suite 2108
New York, NY 10170

HOWARD A. HENRY

A. I'm the only one that got, who reports to Max Katz that was reviewed. No one else was reviewed at that time.

Q. Have you ever, you yourself ever heard any other employees at Wyeth make any statements which you considered to be discriminatory or offensive based on race?

A. I can't recall anything at this time.

Q. You mentioned earlier that colleagues of yours told you that they felt that they had been denied promotional opportunities because of their race. Can you tell me who those people are?

A. Most African American men that I spoke to felt this way.

Q. Who have you spoken to, which African American men have told you that?

A. Newton Paul, Mel Jennings. Those are the two names at the top of

```
               1            HOWARD A. HENRY
17:18:40       2    the list at this point but throughout
17:18:46       3    the plant there are many people who
17:18:50       4    feel this way.
17:18:51       5         Q.   Can you tell me who else
17:18:52       6    told you that they feel this way?
17:18:55       7         A.   I don't know if I can
17:18:58       8    disclose that information really
17:19:00       9    because I mean they told me in
17:19:02      10    confidence, so I don't know if I can
17:19:09      11    divulge that.
17:19:10      12         Q.   You have an obligation to
17:19:13      13    divulge that.  I understand you may
17:19:20      14    have told them that you can't, but...
17:19:26      15         A.   I mean Michael May, Nana
17:19:34      16    Otee, Leon Williams, Jean Colas.  There
17:19:41      17    are -- Joe Gibson, Jim Gibson.  I mean
17:19:47      18    there's so -- there's names that --
17:19:50      19    Todd Davenport, there's so many names
17:19:52      20    that --
17:19:55      21             MR. MORELLI:  Excuse me,
17:19:55      22    they have the right to ask you all the
17:19:58      23    names.
17:19:58      24         A.   Todd Davenport.  I can't
17:20:11      25    think of everybody's name at this
```

|  |  |
|---|---|
| 1 | HOWARD A. HENRY |
| 17:20:12  2 | point. Some of them have been women. |
| 17:20:14  3 | I can't remember their -- I can't |
| 17:20:16  4 | remember everyone's name at this point. |
| 17:20:17  5 | Q.    That's okay. Tell me the |
| 17:20:19  6 | ones that you do remember. |
| 17:20:23  7 | A.    Malcolm Jennings. I can't |
| 17:20:37  8 | remember everyone's name. Those are |
| 17:20:39  9 | the ones I remember at this point. |
| 17:20:52 10 | Q.    Any other? |
| 17:20:53 11 | A.    More -- more will probably |
| 17:20:54 12 | come to my mind, but those are who I |
| 17:20:57 13 | can remember at this point. |
| 17:20:58 14 | Q.    These are current employees? |
| 17:21:00 15 | A.    I don't know if all of them |
| 17:21:01 16 | are current. I can remember another |
| 17:21:03 17 | name, Rob Cabarris, Excer Zayas, Joe |
| 17:21:19 18 | Torres, Manny Rivera. A lot of people |
| 17:21:35 19 | are fearful of coming forward because |
| 17:21:37 20 | of what's happening with me. So we |
| 17:21:39 21 | talk about it, but people are |
| 17:21:42 22 | definitely concerned, so it's a |
| 17:21:46 23 | problem. |
| 17:21:47 24 | Q.    Any other names that you can |
| 17:21:59 25 | recall? |

```
                           HOWARD A. HENRY
17:55:02   2    interacting with him at Wyeth.
17:55:04   3         Q.    Laverne Simms?
17:55:07   4         A.    She can attest to the
17:55:09   5    discrimination she suffered while
17:55:11   6    working at Wyeth.
17:55:12   7         Q.    Dana Smith?
17:55:12   8         A.    He can attest to the
17:55:14   9    discrimination he suffered at Wyeth.
17:55:16  10         Q.    Mark Smith?
17:55:17  11         A.    He can attest to
17:55:19  12    discriminatory comments that he's heard
17:55:21  13    firsthand by individuals, made by
17:55:23  14    individuals who are in upper managerial
17:55:29  15    positions at Wyeth.
17:55:34  16         Q.    Christopher Snell?
17:55:35  17         A.    He can attest to
17:55:38  18    discrimination he experienced and some
17:55:41  19    situations he suffered at Wyeth.  He's
17:55:43  20    no longer with the company.
17:55:44  21         Q.    Renardz Silvain?
17:55:46  22         A.    Silvain.  He can attest to
17:55:49  23    discrimination he suffered and his --
17:55:51  24    as a result of his termination from
17:55:53  25    Wyeth.
```

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HOWARD HENRY,                                               :
                                                            :   05-cv-8106 (RCC)(DFE)
                          Plaintiff,                        :
                                                            :   **AFFIDAVIT OF**
     -against-                                              :   **DAISY EARLY**
                                                            :
WYETH PHARMACEUTICALS, INC., WALTER :
WARDROP, ANDREW SCHASCHL, and                               :
MICHAEL McDERMOTT,                                          :
                                                            :
                          Defendants.                       :
------------------------------------------------------------x

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF ROCKLAND   )

   **Daisy Early**, being duly sworn, deposes and says as follows:

1. I am a former employee of Wyeth Pharmaceuticals, Inc. ("Wyeth") and was forced to end my 29-year career there after I was the target of a number of discriminatory comments and, after I complained, a number of retaliatory actions ensued. Plaintiff Howard Henry was one of my coworkers, and some of the comments and retaliatory actions I witnessed are relevant to his claims, which prompted me to make this affidavit. Accordingly, I am fully familiar with the facts and circumstances set forth herein.

2. I am an African American who is 56 years old, and my position at Wyeth was as a Pharmaceutical Operator in Centrum® production. As such, two of my managers were Robert Bracco and Defendant Walter Wardrop.

### *Mr. Bracco's Discriminatory Comments*

3. In or about the spring of 2001 my request for a shift change was denied for what I believe

1

       to be discriminatory reasons. I pointed out to Mr. Bracco that other white employees were granted shift change requests, and I provided one example of a white employee who was granted such a request during the summer for an entire month so that she could sunbathe during the day. Mr. Bracco yelled at me and said, "So sue me. All my supervisors are black so you can't prove discrimination."

4. Immediately after this incident, I began experiencing symptoms of stress and anxiety and I took a medical leave from work. A few weeks after I returned to work, Mr. Bracco was ill, and he stated to another employee, "Daisy tried to put voodoo on me but it didn't work." Upon Mr. Bracco's return to work, he visited Crystal Bullock's inspection area and again stated, "Daisy tried to put voodoo on me." Mr. Bracco then began to show Ms. Bullock certain parts of his body where I supposedly inflicted voodoo on him.

### *Defendant Wardrop's Discriminatory Comment*

5. One morning when I was coming into the 100 Complex building at the Wyeth Pearl River plant, Defendant Wardrop stopped me in the hallway and said, "Daisy, what are you doing at home? Sticking pins in a doll? What have I ever done to you?" I was utterly shocked, and reported this incident to Michael Todd Davenport, Centrum® Production Coordinator, whose only response was, "If you knew all of the things that had gone wrong that night, you would understand the statement," implying that such a statement was acceptable to make based upon the events of the night before. I then replied, "The only way I would be able to understand that statement is if he stopped everyone who was coming into work that morning and told them the same thing."

6. After this incident, I was subjected to various adverse employment actions which I feel

2

were retaliatory in nature, and I will be bringing my own discrimination and retaliation claims against Wyeth in the courts of New York State. However, I felt it was necessary to show the Court that Defendant Wardrop not only aided and abetted the denial of promotional opportunities for Wyeth's black employees (like in Plaintiff's case), but he also makes racial comments to and about his black employees. He harbors a discriminatory animus which I feel contributed to Plaintiff's bad performance reviews because I have been the target of his racial comments myself.

7.  **WHEREFORE**, I respectfully submit that the Court should deny Defendants' motion in its entirety.

_Daisy Early_
Daisy Early

Sworn to before me this
2 0 day of November, 2006

_Jeanine M Reiter_
Notary Public

JEANINE M. REITER
Notary Public State Of New York
Qualified In Rockland County
Lic. #01RE6054404
Commission Expires February 5, 20__

3

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HOWARD HENRY,

                    Plaintiff,

    -against-

WYETH PHARMACEUTICALS, INC., WALTER
WARDROP, ANDREW SCHASCHL, and
MICHAEL McDERMOTT,

                    Defendants.
-----------------------------------------------------------x

05-cv-8106 (RCC)(DFE)

**AFFIDAVIT OF
NEWTON PAUL**

STATE OF NEW YORK   )
                           ) ss.:
COUNTY OF ROCKLAND )

    **Newton Paul**, being duly sworn, deposes and says as follows:

1. I am a former employee of Wyeth Pharmaceuticals, Inc. ("Wyeth") and was forced to end my 5-year career there after I experienced a similar situation to Plaintiff's, who was one of my coworkers, and some other racial comments and behavior that I witnessed are relevant to Plaintiff's claims. Accordingly, I am fully familiar with the facts and circumstances set forth herein.

2. I am a Haitian American, and my position at Wyeth was as a Senior Compliance Coordinator in the Compliance and Investigations Department within Centrum® production. In this position, I was paid less than my white coworkers who held the same position as myself but who had less experience and education that I did.

3. In February 2004, I witnessed Joe Vitanza (the then-current Managing Director of LCH and Defendant Walter Wardrop's immediate supervisor) refer to a

1

malfunctioning alarm system as **a "tar baby** that I just can't get off my back." I was shocked that a person in Mr. Vitanza's position would be so insensitive to racial and cultural issues that he would make such a comment and not even realize how deeply offensive the phrase "tar baby" is to African Americans. I was ashamed to be an employee of Wyeth on that day, but I nevertheless continued working there.

4. The project referred to above involved the installation of a new alarm system throughout the Centrum® manufacturing area. This project was led by Cara Muscolo, the white employee who was promoted to the position of Project Engineer over Plaintiff. After the installation, the alarm system repeatedly malfunctioned and was eventually turned off. Ms. Muscolo was promoted to a management position from the Project Engineer position despite her failures with regard to this project.

5. In or about the winter of 2004, I witnessed Defendant Wardrop making fun of Manny Rivera, a Wyeth employee, in a discriminatory way. Wardrop pulled his pants down low such that the waistband was around his thighs, imitating the dress of hip-hop youth culture. Mr. Rivera is a Hispanic employee, and Wardrop proceeded to make other gestures imitating the way he presumably perceives Hispanic youth. He then said, "Is Manny the kind of guy to wear his pants hanging down like this?" I am not even Hispanic, but I was deeply offended by Wardrop's actions because there exists a similar derogatory stereotype that relates to African American youths. In addition to being offended, I was empathetic toward Mr.

2

Rivera, felt troubled, and was embarrassed (again) to be working under managers who feel it is appropriate to make racial comments in front of their minority employees.

6. I also had an experience that is eerily similar to Plaintiff's claims. In May 2005, I applied for the position of Compliance Manager by sending my resume and a cover letter to Maura Corcoran, who was either a Director or an Associate Director of the Compliance Department in the Vaccines Group for Wyeth. I was very qualified for the position and felt it would be a great opportunity for me. However, I never received a response to my application despite sending repeated emails to Ms. Corcoran requesting some sort of answer. I was never interviewed for the position and it was eventually given to Mike Curry, who was a white employee. I had far more experience and team successes than Mr. Curry, yet I was not even afforded the opportunity to interview for the position.

7. I will be bringing my own claims against Wyeth in the courts of New York State based upon the above; however, I felt it was necessary to show the Court that other black employees are also being denied opportunities for advancement at the Wyeth facility in Pearl River, New York. Additionally, the comments by Mr. Vitanza and Defendant Wardrop are just two examples of some of the sophomoric behavior reflecting a discriminatory animus which is held not only by Defendant Wardrop, but the managerial staff of Wyeth Pharmaceuticals as a whole. I firmly believe that Wardrop is a racially discriminatory individual and I feel his bias contributed to Plaintiff's bad performance reviews since I have personally witnessed his racial

3

comments.

8. **WHEREFORE,** I respectfully submit that the Court should deny Defendants' motion in its entirety.

_____
Newton Paul

Sworn to before me this
21st day of November, 2006

_____
Notary Public

DIONISIA DURAN
Notary Public - State of New York
NO. 01DU6130393
Qualified in Orange County
My Commission Expires 7/18/09

4