**EXHIBIT 2**

**OFFICE COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
HOWARD HENRY,

          Plaintiff,

    -against-

WYETH PHARMACEUTICALS, INC.,
WALTER WARDROP, ANDREW
SCHASCHL, and MICHAEL
MCDERMOTT,

          Defendants.

------------------------------------------------X

Docket No.
05-CV-8106 (CMM)

**JOINT PRETRIAL ORDER**

    The parties, having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**A.**   **The full caption of this action:**

    The full caption of this action is set forth above.

**B.**   **The names, addresses , telephone and fax numbers of trial counsel:**

        Steven A. Morelli
        Of Counsel to Leeds Morelli & Brown, P.C.
        One Old Country Road, Suite 347
        Carle Place, New York  11514
        Telephone: (516) 873-9550
        Telecopier: (516) 747-5024
        Attorneys for Plaintiff

        Michael Delikat
        James H. McQuade
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        666 Fifth Avenue
        New York, New York 10103
        Telephone: (212) 506-5000
        Telecopier: (212) 506-5151
        Attorneys for Defendants[1]

---

[1] Andrew Schaschl, whose name remains in the caption, was dismissed from this action as a party defendant by Stipulation and Order entered herein on February 8, 2006.

OHS East 160150026.4

I.  **NATURE OF THE CASE**

In this action, Plaintiff Howard Henry ("Henry"), a former employee of Defendant Wyeth Pharmaceuticals, an unincorporated division of Wyeth ("Wyeth"), sues Wyeth, Walter Wardrop ("Wardrop"), one of his former supervisors at Wyeth, and Michael McDermott ("McDermott"), the former Site Managing Director of Wyeth's Pearl River, Rockland County, New York facility.[2]  Against Defendant Wyeth, Henry asserts claims of employment discrimination based upon race and color under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) ("Title VII"), the Civil Rights Act of 1866 (42 U.S.C. § 1981) ("Section 1981"), and the New York State Human Rights Law (Exec. Law § 290 *et seq.*).

Under the above statutes, Henry claims that Wyeth failed to promote him on several occasions and gave him negative performance evaluations because of his race and color, and that Wyeth subsequently retaliated against him by denying him later promotions, and in performance evaluations and remedial measures, because he made a complaint of claimed racial discrimination to Wyeth.

In addition, Henry asserts claims against Wardrop and McDermott as individuals under the New York Human Rights Law for allegedly aiding and abetting the discriminatory and retaliatory conduct claimed against Wyeth.

Henry seeks lost earnings and benefits and general compensatory and punitive damages as permitted under and limited by the various statutes under which he brings suit.

Defendants deny each and all of Henry's claims. Defendants maintain that there is no admissible evidence that any of Wyeth's employment decisions or actions concerning Henry were made because of Henry's race or color or because he had engaged in any protected activity.

Defendants further maintain that there is no admissible evidence that the individual defendants, Wardrop and McDermott, in any way "aided, abetted, incited, compelled or coerced" any unlawfully discriminatory or retaliatory actions or omissions concerning Henry.

In addition, Defendants assert the following defenses to Henry's claims: (1) that the Complaint fails to state a claim upon which relief can be granted; (2) that some or all of Henry's claims are barred because of his failure to perform procedural prerequisites; (3) that some or all of Henry's claims are barred to the extent he has not exhausted his administrative remedies; (4) that some or all of Henry's claims are barred to the extent that they exceed the scope of the charges he filed with the Equal Employment Opportunity Commission; (5) that some or all of Henry's claims are barred by reason of his failure to file a timely charge of discrimination against Defendants with the New York State Division of Human Rights or the Equal Employment Opportunity Commission; (6) that some or all of Henry's claims are barred by applicable statutes of limitations; (7) that some or all of Henry's claims are barred by the doctrines of waiver and laches; (8) that Henry is barred from any recovery because Defendants had in place policies, procedures and other measures that reasonably should have prevented the discrimination that he alleges, and Henry unreasonably failed to invoke those measures in a timely manner; (9) that all of Henry's claims must fail because the employment decisions at issue were made for legitimate, non-discriminatory reasons; (10) that all of Henry's claims must fail because any act or omission that Henry complains of was taken in good faith; (11) that Henry may not recover punitive damages because at the time of the alleged acts or omissions giving rise to his claims for punitive damages, Defendants had implemented in good faith one or more policies prohibiting the alleged acts or omissions and otherwise had made good faith efforts

---

[2] Henry initially named Andrew Schaschl, a Director of manufacturing at the Pearl River facility, as a party defendant to this action. Schaschl was dismissed as a party defendant from this action by Stipulation

to comply with applicable law; and (12) that some or all of Henry's claims are barred by Henry's failure to mitigate his damages, if any.

**II.    JURY/NON-JURY**

Both parties state that this case is to be tried to a jury. The parties estimate that seven (7) trial days will be required.

**III.    STIPULATED FACTS**

1.    Wyeth is a company engaged in the development and manufacture of pharmaceutical, consumer healthcare and animal health products.

2.    Wyeth operates a pharmaceutical manufacturing facility in Pearl River, New York.

3.    On or about September 24, 2004, Henry filed a charge of discrimination with the New York State Division of Human Rights, alleging, *inter alia*, that he had been denied certain promotions and had received a transfer to the Packaging Department because of his race.

4.    On or about October 15, 2005, Henry filed a second charge of discrimination with the EEOC, alleging, *inter alia*, that he had been retaliated against for filing his first charge of discrimination.

5.    On September 20, 2005, Henry filed his complaint in this action.

6.    By Stipulation and Order entered on February 8, 2006, Defendant Andrew Schaschl was dismissed from this case.

**IV.    PARTIES' CONTENTIONS**

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

_____

entered February 8, 2006, and is no longer a party to this action.

**A.**     **Plaintiff's Contentions**

[Set forth a brief but complete statement of the plaintiff's contentions as to all issues of fact and law, <u>with citations to exhibits and anticipated testimony</u>.]

Plaintiff hereby incorporates by reference the allegations and averments contained in the Complaint, Affidavit of Howard Henry in Opposition to Defendants' Motion for Summary Judgment sworn to the 27th day of November 2006, the Affidavit of Daisy Early sworn to the 20th day of November 2006, the Affidavit of Newton Paul sworn to the 21st day of November 2006; Plaintiff's Counter-Statement Pursuant to Local Rule 56.1 dated November 27, 2006, and Plaintiff's Memorandum of Law submitted in Opposition to Defendant's Motion for Summary Judgment.

**B.**     **Defendant's Contentions**

[Set forth a brief but complete statement of the defendant's contentions as to all issues of fact and law, <u>with citations to exhibits and anticipated testimony</u>.]

**1.**     **Defendant's Contentions of Fact**

**(a)**     **Background.**

1.     Wyeth is engaged in the manufacture of pharmaceutical products at Pearl River, New York, and is required to comply with Good Manufacturing Practices ("GMPs") set forth in regulations issued by the Food and Drug Administration ("FDA").    Stipulated Facts No. 1; Testimony of Max Katz.

2.       Henry was employed by Wyeth from 1993 to February 6, 2006. Complaint, ¶ 13; Testimony of Howard Henry; Testimony of Joanne Rose; Trial Exhs. DX 54, DR 67.

3.       Henry first position with Wyeth was Chemist in 1993, at a salary level of 4. Complaint, ¶ 13; Testimony of Howard Henry; Trial Exh. DX 1.

4.       In 1997, Henry was promoted to the position of Science II Chemist at a salary level of 7. Testimony of Howard Henry; Trial Exh. DX 67.

5.       For 1993, Henry's overall performance rating was "Quality Performance", the midpoint on a scale of 3; for 1994, Henry's overall performance rating was "Quality Performance", the midpoint on a scale of 5; for 1995, Henry's overall performance rating was "Quality Performance", the midpoint on a scale of 5; for 1996, Henry's overall performance rating was "at Expectations", the midpoint on a scale of 5; for 1997, Henry's overall performance rating was "At Expectations", the midpoint on a scale of 5; for 1998, Henry's overall performance was "Exceeds Expectations", the fourth step on an ascending scale of 5; for 1999, Henry's overall performance rating was "At Expectations", the midpoint on a scale of 5; and for 2000, Henry's overall performance rating was "Solid Performer", the midpoint on a scale of 5. Testimony of Joanne Rose; Trial Exhs. DX 3, DX 4, DX 5, DX 6, DX 7, DX 8, DX 9, and DX 10.

6.       In August 2000, Henry was promoted to the position of Production Engineer at a salary level of 9. Complaint, ¶ 17; Testimony of Howard Henry; Trial Exh. DX 67.

7.       Henry was hired into the position of Production Engineer in August 2000 by Walter Wardrop, to whom he began reporting at that time. Testimony of Howard Henry; Testimony of Walter Wardrop.

8.      Wardrop prepared Henry's performance evaluation for 2000 and gave him the overall performance rating of "Solid Performer", the midpoint on a scale of 5.  Testimony of Howard Henry; Testimony of Walter Wardrop; Trial Exh. DX 10.

9.      Wardrop also prepared Henry's performance evaluation for 2001 and gave him the overall performance rating of "Exceeds Expectations", the fourth step on an ascending scale of 5. Complaint, ¶ 18; Testimony of Howard Henry; Testimony of Walter Wardrop; Trial Exh. DX 11.

10.      Wardrop also prepared Henry's performance evaluation for 2002 and gave him the overall performance rating of "Exceeds Expectations", the fourth step on an ascending scale of 5. Complaint; ¶ 18; Testimony of Howard Henry; Testimony of Walter Wardrop; Trial Exh. DX 12.

11.      Henry viewed his 2000, 2001 and 2002 performance evaluations by Wardrop as "extremely positive."   Compl., ¶ 18; Testimony of Howard Henry; Testimony of Walter Wardrop.

12.      Henry makes no complaint of discrimination or retaliation about any act, event, occurrence or omission at Wyeth happening prior to December 2001.  Complaint; Testimony of Howard Henry; Trial Exhs. DX 69, DX 70.

**(b)    December 2001 – the Project Engineer Position.**

13.      In December 2001, Henry applied for a position as a Project Engineer. Complaint, ¶ 22; Testimony of Howard Henry.

14.      The hiring manager who made the decision about who would be hired for the Project Engineer position in December 2001 was Kevin Costello, then Department Head of Engineering Support.  Testimony of Howard Henry; Testimony of Kevin Costello.

15.     From several applicants for the Project Engineer position in December 2001, Costello decided to hire Cara Muscolo.    Complaint, ¶ 22; Testimony of Howard Henry; Testimony of Kevin Costello.

16.     Costello selected Muscolo for the December 2001 Project Engineer position because he had prior experience working with her, because they had worked well together in the past, and because she had significant experience in the packaging area, having held positions as a packaging and manufacturing supervisor at Wyeth, which Costello believed were important for the Project Engineer position.  Testimony of Kevin Costello; Trial Exh. DX 109, DX 110.

17.     Henry had no packaging experience in December 2001.  Testimony of Kevin Costello.

18.     Henry admits that Muscolo was qualified for the Project Engineer position in December 2001.  Testimony of Howard Henry.

19.     Neither race nor color was a factor in Costello's decision to hire Muscolo for the December 2001 Project Engineer position.  Testimony of Kevin Costello.

20.     Henry did not believe that his race or color were reasons he was not selected by Costello for the Project Engineer position in December 2001, and he has no evidence that race or color was a factor in Costello's decision.  Testimony of Howard Henry.

21.     Neither Wardrop nor McDermott was involved in the decision to hire Muscolo for the Project Engineer position in December 2001.  Testimony of Howard Henry; Testimony of Kevin Costello; Testimony of Walter Wardrop; Testimony of Michael McDermott.

(c)    **July 2002 – the Production Coordinator position.**

22.     In July 2002, Henry applied for a position as a Production Coordinator. Complaint, ¶ 23; Testimony of Howard Henry.

23.    The July 2002 Production Coordinator position was to report to Andrew Schaschl, a Director of Manufacturing in the Consumer Health Division, who made the hiring decision for the position. Testimony of Howard Henry; Testimony of Andrew Schaschl.

24.    Schaschl considered several applicants, including Henry, for the July 2002 Production Coordinator position, and decided to hire Chris DeFeciani. Complaint, ¶ 23; Testimony of Andrew Schaschl.

25.    Schaschl hired DeFeciani for the July 2002 Production Coordinator position instead of Henry or one of the other applicants because he believed DeFeciani was the most qualified candidate for the position. Testimony of Andrew Schaschl; Trial Exhs. DX 55, DX 56, DX 57.

26.    Henry admits that DeFeciani was qualified for the Production Coordinator position in July 2002. Testimony of Howard Henry.

27.    Neither race nor color was a factor in Schaschl's decision to hire DeFeciani for the July 2002 Production Coordinator position. Testimony of Andrew Schaschl.

28.    Henry did not believe that his race or color were reasons he was not selected by Schaschl for the Production Coordinator position in July 2002, and he has no evidence that race or color was a factor in Schaschl's decision. Testimony of Howard Henry.

29.    Neither Wardrop nor McDermott was involved in the decision to hire DeFeciani for the Production Coordinator position in July 2002. Testimony of Howard Henry; Testimony of Andrew Schaschl; Testimony of Walter Wardrop; Testimony of Michael McDermott.

**(d)**  **April 2003 – Temporary fill-in for Production Coordinator during incumbent's medical leave.**

30.    In April 2003, DeFeciani took a medical leave and Schaschl asked Richard Morgan to perform the Production Coordinator job responsibilities on a temporary basis during DeFeciani's absence. Testimony of Howard Henry; Testimony of Andrew Schaschl.

31.    DeFeciani's medical leave did not create an opening for the position of Production Coordinator. Testimony of Andrew Schaschl.

33.    Henry expected that DeFeciani would return to his position as Production Coordinator after heart surgery. Testimony of Howard Henry.

33.    Morgan had previously filled in for DeFeciani during earlier absences and had been performing the Production Coordinator responsibilities. Testimony of Andrew Schaschl.

34.    Morgan had received the highest overall rating of five in each of his performance reviews for 2002, 2003, and 2004. Testimony of Joanne Rose; Trial Exhs. DX 59, DX 60, DX 61.

35.    Schaschl asked Morgan to fill in for DeFeciani because he believed Morgan had performed the job well in the past, had a good breadth of knowledge about the manufacturing operations, and in general was an excellent performer. Testimony of Andrew Schaschl.

36.    At the time, Henry did not ask Schaschl if he could perform the Production Coordinator duties during DeFeciani's medical leave. Testimony of Howard Henry; Testimony of Andrew Schaschl.

37.    Henry admits that he has no reason to believe that Morgan was unqualified to perform DeFeciani's duties during DeFeciani's medical leave. Testimony of Howard Henry.

38.    Neither race nor color was a factor in Schaschl's decision to ask Morgan to fill in for DeFeciani during DeFeciani's medical leave. Testimony of Andrew Schaschl.

39.    Henry admits that he has no basis for believing that he was not selected to fill in for DeFeciani because of his race or color.  Testimony of Howard Henry.

40.    The decision to have Morgan fill in for DeFeciani during DeFeciani's medical leave was made by Schaschl.  Testimony of Howard Henry; Testimony of Andrew Schaschl.

41.    Wardrop and McDermott were not involved in the decision to ask Morgan to fill in for DeFeciani during DeFeciani's medical leave.  Testimony of Andrew Schaschl; Testimony of Walter Wardrop; Testimony of Michael McDermott.

(e)    **November 2003 – the Process Engineer position.**

42.    In November 2003, Kirit Rokad, then Associate Director, Manufacturing Engineering, was seeking to hire an individual for a Process Engineer position.  Testimony of Howard Henry; Testimony of Kirit Rokad; Trial Exh. DX 24.

43.    The November 2003 Process Engineer position was in the Vaccines Division, which was a separate and distinct division from the division in which Henry had earlier applied for the Project Engineer and Production Coordinator positions.  Testimony of Howard Henry.

44.    Several individuals, including Henry and Angel Montanez, applied for the Process Engineer position in the Vaccines Division in November 2003.  Testimony of Howard Henry; Testimony of Kirit Rokad.

45.    Henry was interviewed for the Process Engineer position in the Vaccines Division.  Testimony of Howard Henry; Testimony of Kirit Rokad; Trial Exh. DX 24.

46.    Rokad selected Montanez for the Process Engineer position in the Vaccines Division because he believed that Montanez was the most qualified candidate.  Testimony of Kirit Rokad.

47.    Montanez had worked in the Vaccines Division in the past, had significant experience with aseptic processing as an aseptic manufacturing technical specialist for another pharmaceutical company, and had a bachelor's degree in chemical engineering and was working towards a master's degree in that field.  Testimony of Kirit Rokad.

48.    Henry had never worked in the Vaccines Division.  Testimony of Howard Henry.

49.    Henry did not have experience in aseptic processing as extensive as Montanez's, and he had not begun work on a masters degree in chemical engineering.  Testimony of Kirit Rokad.

50.    Neither race nor color was a factor in Rokad's decision to select Montanez for the position of Process Engineer in the Vaccines Division in November 2003.  Testimony of Kirit Rokad.

51.    Henry admits that he does not believe he was denied the position of Process Engineer in the Vaccines Division in November 2003 because of his race or color.  Testimony of Howard Henry.

52.    Neither Wardrop nor McDermott was involved in the decision to hire Montanez into the position of Process Engineer in the Vaccines Division in November 2003.  Testimony of Howard Henry; Testimony of Kirit Rokad; Testimony of Walter Wardrop; Testimony of Michael McDermott.

(f)    <u>__January 2004 – the Staff Engineer I position__</u>.

53.    In January 2004, Henry applied for the position of Staff Engineer I in the Bioprocess Department.  Testimony of Howard Henry; Trial Exh. DX 71.

54.    The Bioprocess Department was in the research division of Wyeth and was a different department from the departments in which Henry had previously applied for positions

as Production Coordinator, Project Engineer and Process Engineer. Testimony of Howard Henry; Trial Exh. DX 92.

55.    The hiring manager for the Staff Engineer I position in the Bioprocess Department was John Simpson, Director of Bioprocess Development. Testimony of Howard Henry; Testimony of John Simpson; Trial Exh. DX 92.

56.    Simpson was seeking an individual with a Ph.D. in chemical engineering, or an individual with a degree in chemical engineering and substantial relevant experience, including experience in bioprocess downstream operations. Testimony of John Simpson; Trial Exh. DX 92.

57.    A number of individuals, including Henry, applied for the Staff Engineer I position. Testimony of John Simpson; Trial Exh. DX 89.

58.    Simpson selected Beelin Cheang for the Staff Engineer I position because he believed she was the most qualified candidate. Testimony of John Simpson; Trial Exh. DX 105.

59.    Cheang had a Ph.D. in chemical engineering. Testimony of John Simpson; Trial Exh. DX 105.

60.    Henry did not have a Ph.D. in chemical engineering. Testimony of Howard Henry; Trial Exhs. DX 1, DX 2; DX 89.

61.    Henry did not have substantial bioprocess development experience. Testimony of John Simpson; Trial Exh. DX 89.

62.    Cheang ultimately rejected the offer of the Staff Engineer I position in or about June 2004. Testimony of John Simpson; Trial Exh. DX 94.

63.    Simpson thereafter offered the Staff Engineer I position to James Patch, who accepted it in December 2004. Testimony of John Simpson; Trial Exh. DX 113.

64.     Patch had a Ph.D. in Chemical and Biological Engineering.  Testimony of John Simpson; Trial Exhs. DX 114, DX 115.

65.     Henry never applied for any other staff engineer position.  Testimony of John Simpson; Testimony of Joanne Rose.

66.     Neither race nor color was a factor in Simpson's decisions to offer the Staff Engineer I position first to Beelin Cheang and then to James Patch.  Testimony of John Simpson.

67.     Henry admits that he was not denied the Staff Engineer I position because of his race or color.  Testimony of Howard Henry.

68.     Neither Wardrop nor McDermott was involved in the decision to fill the Staff Engineer I position in the Bioprocess Department.  Testimony of Howard Henry; Testimony of John Simpson; Testimony of Walter Wardrop; Testimony of Michael McDermott.

**(g)     2003 performance issues.**

69.     On September 3, 2003, Wardrop gave Henry a mid-year review and discussed performance issues with him.  Testimony of Howard Henry; Testimony of Walter Wardrop; Trial Exhs. DX 15, DX 22.

70.     Wardrop believed that Henry's performance had slid in 2003; he had received complaints from Henry's co-workers and other managers that Henry was not getting work done on a timely basis and that Henry needed much follow-up and intervention from managers to complete tasks; on at least two occasions during the year, Schaschl asked Wardrop to intervene on two projects Henry was leading because the projects were behind schedule.  Testimony of Walter Wardrop; Trial Exh. DX 22.

71.     Nevertheless, although Wardrop's mid-year 2003 performance evaluation of Henry contained criticism and directions for improvement along with positive comments, the

review gave Henry overall the evaluation of "Solid Performer." Testimony of Walter Wardrop; Trial Exhs. DX 15, DX 22.

72.     On September 8, 2004, Henry received an e-mail from Wardrop, directing him to provide Wardrop by October 1, 2003, with his Self Appraisal for the 2003 annual performance review cycle. Testimony of Howard Henry; Testimony of Walter Wardrop; Trial Exh. DX 16.

73.     The Self-Appraisal was required for the managers' performance rating review meeting to be held on October 10, 2003. Testimony of Walter Wardrop.

74.     Despite a repeated request from Wardrop, Henry did not turn in his 2003 Self Appraisal to Wardrop until January 5, 2004, well after the 2003 performance appraisals had been completed. Testimony of Howard Henry; Testimony of Walter Wardrop; Trial Exhs. DX 16; DX 19.

75.     Henry's 2003 annual performance evaluation was assigned to him at a meeting of Wardrop and other managers on October 10, 2003. Testimony of Walter Wardrop; Trial Exh. DX 22.

76.     Although Wardrop had criticism of Henry's performance and gave direction for improvement, he gave Henry a 2003 annual performance evaluation overall rating of "Solid Performer," the mid-point on a scale of 5. Testimony of Howard Henry; Trial Exhs. DX 17, DX 18; DX 75, DX 76.

77.     Neither race nor color was a factor in the 2003 annual performance evaluation Henry received from Wardrop. Testimony of Walter Wardrop.

78.     McDermott was not involved in the formulation of Henry's 2003 annual performance evaluation. Testimony of Howard Henry; Testimony of Walter Wardrop; Testimony of Michael McDermott.

**(h)    The Organizational Cascade.**

79.    In 2003, Wyeth's Pearl River facility initiated a massive restructuring referred to as the Organizational Cascade, which, at its outset, created a new corporate structure and organizational chart without assigning any individuals to specific positions; instead, everyone was removed from his or her position and placed in a pool, and the new organizational structure was then filled from the top down from the pool.  Testimony of Andrew Schaschl.

80.    Below the level of associate director and manager, the positions in the new organization were filled by a group meeting of associate directors and managers, who sought consensus on matching individual skills to position requirements, potential developmental opportunity for the individual, and individual performance.  Testimony of Andrew Schaschl; Testimony of Joseph Vitanzo; Testimony of Robert Bracco.

81.    McDermott's only involvement, as Managing Director, with the Organizational Cascade was selecting individuals to fill the Director level positions and final, administrative approval over all assignments at the end of the process.  Testimony of Andrew Schaschl; Testimony of Michael McDermott.

82.    As part of the Organizational Cascade, Wardrop was assigned to a new position and had the opportunity to select an individual for an engineer position to report to him. Testimony of Walter Wardrop.

83.    For the engineer position, Wardrop hired Juan Colas, who is Black, because Wardrop believed he was a highly qualified engineer and a high performer.  Testimony of Walter Wardrop; Trial Exhs. DX 106.

84.     Also as part of the Organizational Cascade, Andrew Espejo was appointed to a new position as Associate Director of Manufacturing for Centrum operations. Testimony of Andrew Espejo.

85.     Also as part of the Organizational Cascade, Henry was selected to fill a position as Packaging Supervisor.    Testimony of Howard Henry; Testimony of Walter Wardrop; Testimony of Joseph Vitanzo; Testimony of Derek Burt.

86.     The assignment to the Packaging Supervisor position was with no change in salary or grade for Henry. Testimony of Howard Henry; Testimony of Walter Wardrop.

87.     The assignment to the Packaging Supervisor position was a transfer at the same level of the organization, not a demotion for Henry. Testimony of Peter Bigelow; Testimony of Walter Wardrop.

88.     Wyeth's managers believed that the Packaging Supervisor position would be an opportunity for Henry because it would make him a team leader, he would have direct supervisory authority over a number of employees, which could lead to future management opportunities, he could acquire new skills and experience in the packaging area which could lead to other positions, and he could use his engineering background to make improvements to the packaging area. Testimony of Andrew Espejo; Testimony of Walter Wardrop; Testimony of Andrew Schaschl; Testimony of Joanne Rose.

89.     Other chemical engineers had held the Packaging Supervision position in the past, including Cara Muscolo and Heidi Zeck.  Testimony of Joanne Rose; Testimony of Michael McDermott.

**(i)**     <u>December 17, 2003, and January 6, 2004 – Meetings with Wardrop</u>.

90.     On December 17, 2003, Wardrop met with Henry to give him his 2003 performance evaluation and to advise him of his assignment as part of the Organizational Cascade. Complaint, ¶¶ 27, 28; Testimony of Howard Henry; Testimony of Walter Wardrop; Trial Exhs. DX 17, DX 18.

91.     Again, on or about January 6, 2004, Henry met with Wardrop regarding his performance evaluation and his assignment as part of the Organizational Cascade. Testimony of Howard Henry; Testimony of Walter Wardrop; Trial Exh. DX 22.

92.     During his meeting with Wardrop on January 6, 2004, Henry finally turned in his 2003 Self Appraisal to Wardrop. Testimony of Howard Henry; Testimony of Walter Wardrop; Trial Exh. DX 22.

93.     Following the meeting with Henry on January 6, 2004, Wardrop read Henry's Self Appraisal and reconsidered and decided to change some of the wording of his 2003 annual performance evaluation of Henry, but not the overall rating. Testimony of Walter Wardrop; Trial Exhs. DX 17, DX 18, DX 22, DX 95.

**(j)**     <u>January 9, 2004 – Meeting with Schaschl</u>.

94.     On January 9, 2004, Henry met with Schaschl to complain about his job assignment as part of the Organizational Cascade and about his overall rating on his 2003 annual performance evaluation. Testimony of Andrew Schaschl; Trial Exh. DX 20.

95.     In the January 9, 2004 meeting, Schaschl told Henry he believed the Packaging Supervisor position would be a good developmental opportunity for Henry, potentially leading to other positions in the future, and he also explained that he had had problems with Henry's job performance. Testimony of Andrew Schaschl.

**(k)**    <u>January 12, 2004 – Meeting with Rose</u>.

96.    On January 12, 2004, Henry met with Joanne Rose, Associate Director of Human Resources. Testimony of Joanne Rose; Trial Exh. DX 21.

97.    In the January 12, 2004 meeting, Rose also told Henry she believed the Packaging Supervisor position was a good developmental opportunity for him, and she recommended that she and Henry meet with Wardrop to see if the language of the 2003 annual performance evaluation could be changed, although she said that the overall rating in the review could not be changed. Testimony of Joanne Rose; Trial Exh. DX 21.

98.    After her meeting with Henry on January 12, 2004, Rose, on her own and at McDermott's request looked for other job vacancies that might match Henry's qualifications. Testimony of Joanne Rose; Trial Exh. DX 95.

**(l)**    <u>January 13, 2004 – Meeting with McDermott</u>.

99.    On January 13, 2004, Henry met with McDermott, then Site Managing Director for all of Wyeth's Pearl River facility, to talk about his assignment in the Organizational Cascade and about his 2003 annual performance evaluation. Testimony of Michael McDermott.

100.    In the January 13, 2004 meeting, McDermott also told Henry that the Packaging Supervisor position was a good developmental opportunity for Henry, and that it was formally a supervisory position, whereas the positions Henry had held to that time were not. Testimony of Michael McDermott.

101.    McDermott himself had started his career at Wyeth in the packaging department. Testimony of Michael McDermott.

102.    At Henry's request, McDermott reviewed Henry's three most recent annual performance evaluations and concluded they were fair and reasonable.  Testimony of Michael McDermott.

(m)    <u>**January 16, 2004 – Meeting with Wardrop and Rose**.</u>

103.    On January 16, 2004, Rose and Wardrop met with Henry, and Wardrop gave Henry an amended 2003 annual performance evaluation.  Testimony of Howard Henry; Testimony of Joanne Rose; Testimony of Walter Wardrop; Trial Exhs. DX 18, DX 23.

104.    Henry refused to sign the amended 2003 annual performance evaluation. Testimony of Howard Henry; Testimony of Joanne Rose; Trial Exh. DX 23.

105.    Rose advised Henry that if he were still unhappy with his 2003 annual performance evaluation, he could write a rebuttal, which would be attached to and incorporated into the review. Testimony of Joanne Rose; Trial Exh. DX 23.

106.    Rose also asked Henry for his resume, so that she could use it to try to place him in other vacancies as they arose, but Henry refused her help.  Testimony of Joanne Rose; Trial Exh. DX 23.

(n)    <u>**January 22, 2004 – Second meeting with McDermott**.</u>

107.    On January 22, 2004, Henry met for a second time with McDermott.  Testimony of Howard Henry; Testimony of Michael McDermott.

108.    During the January 22, 2004 meeting, Henry made a vague comment about his race to McDermott, to which McDermott responded that Pearl River was a very diverse site and that if there were any issues about diversity, he would want to know about them.  Testimony of Michael McDermott.

109.    Henry did not raise any complaint about race or racial discrimination at the January 22, 2004 meeting.  Testimony of Michael McDermott.

110.    Prior to January 22, 2004, Henry had not brought up to any of his managers or supervisors the subject of race or color in connection with his employment at Wyeth.  Testimony of Howard Henry; Testimony of Walter Wardrop; Testimony of Andrew Schaschl; Testimony of Michael McDermott; Testimony of Joanne Rose; Testimony of Peter Bigelow.

(o)    **January 26, 2004 – Meeting with Bigelow.**

111.    On January 26, 2004, Henry met with Peter Bigelow, then Senior Vice President of the Wyeth Consumer Healthcare Operating Unit, to complain about his 2003 annual performance rating and about his assignment to the Packaging Supervisor position.  Testimony of Howard Henry; Testimony of Peter Bigelow.

112.    During the January 26, 2004 meeting, Henry told Bigelow that he wished to remain in his current position, rather than moving to the Packaging Supervisor position.  Testimony of Peter Bigelow.

113.    During the January 26, 2004 meeting, Bigelow told Henry he would look into Henry's complaints and talk to Henry's supervisors.  Testimony of Peter Bigelow.

114.    Bigelow conferred with Schaschl and McDermott, who reported that Henry's performance was mixed, and he decided to delay Henry's transfer to the Packaging Supervisor position until he could review Henry's prior performance evaluations and speak to Henry again.  Testimony of Peter Bigelow; Trial Exhs. DX 25; DX 96.

(p)    **Henry's first complaint of racial discrimination.**

115.    On February 16, 2004, Henry sent Bigelow an e-mail, referring to a conversation with Bigelow he said occurred on February 11, 2004, in which he had accused Wardrop,

Schaschl and McDermott of racial discrimination, adding Joanne Rose to the list of those who had participated in the discrimination. Testimony of Howard Henry; Testimony of Peter Bigelow; Trial Exh. DX 22.

116. The February 2004 communications to Bigelow were the first complaints of racial discrimination Henry made. Testimony of Howard Henry; Testimony of Peter Bigelow; Testimony of Michael McDermott.

117. After receiving Henry's February 16, 2004 e-mail complaining of racial discrimination, Bigelow contacted members of Wyeth's human resources department to initiate an investigation of Henry's claims. Testimony of Peter Bigelow.

118. Wyeth's central, off-site corporate human resources department assigned Eugene Sacket to investigate Henry's complaints of racial discrimination. Testimony of Peter Bigelow

119. On February 25, 2004, Bigelow advised Henry that he had reviewed Henry's prior performance evaluations and had found them to be clear and objective. Testimony of Peter Bigelow; Trial Exhs. DX 28; DX 96, DX 97.

120. Bigelow communicated with Henry several times in the following weeks, and Henry continued to insist that he be re-evaluated and remain in his current position instead of transferring to the Packaging Supervisor position. Testimony of Peter Bigelow.

121. On April 7, 2004, having interviewed numerous people at Pearl River, Sacket issued a report on his investigation into Henry's complaints of racial discrimination and found no evidence of racial discrimination. Complaint, ¶ 45; Testimony of Peter Bigelow; Trial Exhs. DX 29, DX 33, DX 99.

129.    Espejo found that Henry's performance during the first half of 2004 had fallen short in some areas, and the written evaluation identified both areas of strength and areas that needed improvement. Testimony of Andrew Espejo; Trial Exhs. DX 32, DX 73.

130.    Henry expressed disagreement to Espejo over the areas identified in the review as needing improvement, and he refused to sign the review. Testimony of Howard Henry; Testimony of Andrew Espejo; Trial Exh. DX 32.

(s)    <u>September 2004 – The Manager Manufacturing Support position.</u>

131.    In September 2004, the new position of Manager Manufacturing Support was created, to report directly to Espejo. Testimony of Howard Henry; Testimony of Andrew Espejo; Trial Exhs. DX 34, DX 35, DX 72.

132.    Henry applied for the Manager Manufacturing Support position, which was rated at more than two grade levels above his current position. Testimony of Andrew Espejo; Trial Exh. DX 36; DX 72.

133.    Nearly thirty people applied for the Manager Manufacturing Support position, and Espejo selected ten individuals to be interviewed, including Henry and Max Katz. Testimony of Andrew Espejo; Trial Exh. DX 36.

134.    The ten candidates for the Manager Manufacturing Support position were individually interviewed by a panel of four managers, who asked each candidate the same pre-determined questions and gave them a numerical score in eight different categories based on their responses. Testimony of Andrew Espejo; Testimony of Derek Burt; Testimony of Christopher DeFeciani; Testimony of Cara Muscolo; Trial Exhs. DX 37, DX 90, DX 91, DX 104.

135.    The questions were designed to assess the candidates' core competencies and skills relevant for the job and were designed to help the panel find the most competent candidate for the position.    Testimony of Andrew Espejo; Testimony of Derek Burt; Testimony of Christopher DeFeciani; Testimony of Cara Muscolo; Trial Exh. DX 37.

136.    Katz received the highest overall score in the competency-based interview process.    Testimony of Andrew Espejo; Testimony of Derek Burt; Testimony of Christopher DeFeciani; Testimony of Cara Muscolo; Trial Exh. DX 38.

137.    Katz scored higher than Henry in every category.    Testimony of Andrew Espejo; Trial Exh. DX 38.

138.    Henry's overall score was among the lowest awarded by the panel.    Testimony of Andrew Espejo; Testimony of Derek Burt; Testimony of Christopher DeFeciani; Testimony of Cara Muscolo; Trial Exh. DX 38.

139.    The interview panel unanimously selected Katz for the Manager Manufacturing Support position.    Testimony of Andrew Espejo; Testimony of Derek Burt; Testimony of Christopher DeFeciani; Testimony of Cara Muscolo; Trial Exhs. DX 36, DX 38.

140.    Katz had a Bachelor of Science degree in computer-based management systems and a Master of Engineering degree in environmental engineering.    Testimony of Max Katz; Trial Exhs. DX 64.

141.    Katz had held a number of positions at Wyeth, including Production Engineer with broad responsibilities in the Branded Products area, Environmental Engineer and Senior Environmental Engineer in the Environmental Technology group, responsible for site-wide hazardous, regulated and other waste management, regulatory compliance, and Senior Engineer

in the Safety Department responsible for all areas of safety. Testimony of Max Katz; Testimony of Andrew Espejo; Trial Exh. DX 64.

142.    Espejo accepted the recommendation of the interview panel and decided to hire Katz for the Manager Manufacturing Support position because he believed Katz was the most qualified candidate for the job. Testimony of Andrew Espejo; Trial Exhs. DX 36, DX 111.

(t)    **September 24, 2004 – Henry's first charge of discrimination.**

143.    On or about September 24, 2004, Henry filed his initial charge of racial discrimination with the New York State Division of Human Rights. Testimony of Howard Henry; Trial Exh. DX 69.

144.    Henry's initial charge of discrimination contained no claim of retaliation for any action by Wyeth or its agents. Testimony of Howard Henry; Trial Exh. DX 69.

(u)    **January 12, 2005 – Henry's 2004 performance evaluation.**

145.    On January 12, 2005, Espejo met with Henry and gave him his 2004 annual performance evaluation, giving him an overall rating of 3, identified as "On Target" and "Skilled", the midpoint on a scale of five. Testimony of Howard Henry; Testimony of Andrew Espejo; Trial Exh. DX 39.

146.    The 2004 annual performance evaluation noted a number of Henry's strengths and accomplishments and also areas needing improvement, particularly regarding timeliness of performance, with which Espejo had had particular problems with Henry and about which he had received complaints about Henry from other managers. Testimony of Andrew Espejo; Trial Exh. DX 39.

(v)    **Performance issues in 2005.**

147.    In January 2005, Katz became Henry's direct supervisor.  Testimony of Andrew Espejo; Testimony of Max Katz; Trial Exh. DX 93.

148.    Katz had difficulties with Henry's performance from the start.  Testimony of Max Katz; Trial Exhs. DX 78, DX 79, DX 81, DX 82, DX 83, DX 84, DX 85, DX 86, DX 87, DX 88.

149.    Katz received complaints from other managers about delay by Henry in completing assignments and failures to meet deadlines, and he found that Henry failed to communicate with him, was difficult to reach, and was frequently absent from work or failed to provide adequate notice of absence.  Testimony of Max Katz; Testimony of Andrew Espejo; Trial Exhs. DX 41, DX 43, DX 45; DX 80, DX 85.

150.    On February 18, 2005, Espejo assigned to Henry the responsibility to review and sign the Weekly Maintenance Zone Checklists prepared by supervisors, as part of Wyeth's regulatory compliance obligations, but Henry fell behind on this project almost immediately, and, when Espejo advised Henry the Checklists were overdue, Henry displayed no urgency in correcting the problem, which potentially exposed Wyeth to regulatory problems, and Henry did not provide the overdue checklists to Espejo until April 5, 2005.  Testimony of Andrew Espejo; Trial Exhs. DX 44, DX 46, DX 116.

151.    In late March 2005, Espejo learned that Henry had fallen far behind on completing Preventive Maintenance Order Reviews ("PMOs"), which had a two-day turn-around time for regulatory compliance purposes.  Testimony of Andrew Espejo; Trial Exh. DX 47, DX 116.

152.    Because he was concerned that the late PMOs and Weekly Maintenance Zone Checklists could raise regulatory compliance problems, Espejo suggested placing Henry on a

formal Performance Improvement Program ("PIP"). Testimony of Andrew Espejo; Trial Exh. DX 47.

153. On March 30, 2005, Katz spoke to Henry about the late PMOs, and Henry expressed irritation that someone had notified Katz of Henry's tardiness with them and suggested that the concern about lateness was petty. Testimony of Max Katz; Trial Exh. DX 47.

154. As a result of the lateness of Henry's submission of the Weekly Maintenance Zone Checklists, a formal compliance investigation had to be initiated, and a formal Event Report Form prepared, which was required to be made available to the FDA on demand. Testimony of Andrew Espejo.

155. On May 19, 2005, Katz sent Henry a high priority e-mail with three items urgently needing attention, but Henry did not open it until the following day when Katz talked to him about it, and Henry was late in completing one of the items having a June 3, 2005 commitment date, so that several people, including Espejo, had to stay late on June 3 to complete the assignment on time. Testimony of Max Katz; Trial Exh. DX 48.

(w)   **The Performance Improvement Plan and mid-year 2005 evaluation.**

156. Because Henry's performance had not been improving, Katz decided to place Henry on a formal PIP. Testimony of Max Katz.

157. On June 24, 2005, Stacey Marroso, a Human Resources employee, and Katz met with Henry to give him his 2005 mid-year performance evaluation and to give him a copy of the PIP. Testimony of Howard Henry; Testimony of Max Katz; Trial Exhs. DX 49, DX 50, DX 51, DX 100, DX 116.

158.   Marroso advised Henry that the PIP was not a disciplinary tool, but rather a means to help an employee take corrective action and improve his performance. Testimony of Howard Henry.

159.   The PIP addressed Katz's concerns about Henry's timely performance problems and his excessive absences, and it set out specific expectations for improvement. Testimony of Max Katz; Testimony of Howard Henry; Trial Exhs. Dx 50, DX 51.

160.   The 2005 mid-year performance evaluation provided feedback to Henry in 25 categories and advised him that he was "on pace" in eleven categories, "behind pace" in nine categories, and "unacceptable" in five categories, and it noted specific instances when Henry had missed deadlines or failed to complete a project. Testimony of Max Katz; Testimony of Howard Henry; Trial Exh. DX 49.

161.   On July 6, 2005, Katz and Marroso met with Henry to coach him on his performance and encourage him to be successful. Testimony of Max Katz; Testimony of Stacey Marroso; Trial Exh. DX 102.

162.   Henry's performance improved after he was placed on the PIP. Testimony of Max Katz; Trial Exh. DX 103.

163.   On July 25, 2005, Espejo, Marroso and Katz met with Henry, and Henry was advised that he had successfully completed the PIP and it was being closed out. Testimony of Andrew Espejo; Testimony of Max Katz; Testimony of Stacey Marroso; Trial Exhs. DX 52, DX 101, DX 103.

(x)   **Henry's medical leave.**

164.   On August 5, 2005, Henry sought to take a medical leave of absence and stopped coming to work. Testimony of Howard Henry; Testimony of Andrew Espejo; Trial Exh. DX 74.

165.    The individual Katz hired to fill Henry's position is an African American. Testimony of Max Katz.

### (y)    Henry's charge of retaliation.

166.    On or about October 18, 2005, Henry filed a second charge of discrimination against Wyeth, adding claims of retaliation concerning events occurring in his employment after November 30, 2004.  Testimony of Howard Henry; Trial Exh. DX 70.

### (z)    The end of Henry's employment with Wyeth.

167.    On January 10, 2006, Wyeth advised Henry that, since he was still away from work, he would need to furnish medical documentation indicating his ability to return to work within a reasonable and defined period of time or he would be removed from employment effective February 6, 2006.  Testimony of Howard Henry; Trial Exh. DX 53.

168.    On February 7, 2006, Wyeth advised Henry that it still had not received the requested medical documentation of his absence and prospective return to work and that, consistent with Wyeth policy, his employment was being terminated effective February 6, 2006. Testimony of Howard Henry; Trial Exh. DX 54.

169.    Henry chose not to submit medical documentation to Wyeth because he did not wish to return to work at Wyeth.  Testimony of Howard Henry.

170.    During the time Henry was out on disability leave in the last months of 2005 and first months of 2006, he was actively seeking other employment in the pharmaceutical industry. Testimony of Howard Henry; Trial Exh. DX 118.

**(aa)** <u>Henry was aware of Wyeth's anti-discrimination policies and procedures</u>.

171.    Henry reviewed and signed Wyeth's unlawful discrimination policies during his employment at Wyeth and received other such documents from Wyeth.  Testimony of Howard Henry; Trial Exhs. DX 65, DX 66, DX 117.

**(bb)**    <u>Procedural</u>.

172.    Henry filed his complaint in this action on September 20, 2005.  Complaint; Trial Exh. DX 68.

173.    By Stipulation and Order entered on February 8, 2006, Defendant Andrew Schaschl was dismissed from this case.  Stipulated Facts No. 6.

**2.**    <u>Defendants' Contentions of Law</u>.

1.    The incidents Henry claims were racially discriminatory were denials of promotions and performance evaluations that were discrete acts or single occurrences taking place at particular and distinct points in time, concerning differing requirements, qualifications and circumstances, and involving different decision-makers at different times.

2.    Henry made no complaint of racial discrimination to anyone at Wyeth prior to February 2004.

3.    Henry cannot establish that any of the employment decisions he claims were racially discriminatory were made under circumstances giving rise to an inference of discrimination based on his membership in a protected class; hence Henry cannot prove a *prima facie* case of racial discrimination in employment under any of the statutes he invokes.

4.    Henry cannot establish that any of his performance evaluations by Wyeth imposed upon him a materially adverse change in the terms and conditions of his employment

and so, for that reason also, Henry cannot establish a *prima facie* case of racial discrimination with respect to any of his performance evaluations.

5.    Wyeth had legitimate, nondiscriminatory reasons for each of its employment decisions taken regarding Henry and thus meets its burden to come forward with such reasons.

6.    Henry has no evidence that Wyeth's articulated reasons were a pretext for a racially discriminatory purpose with respect to any of Wyeth's employment decisions concerning Henry; therefore, Henry cannot meet his ultimate burden to prove racial discrimination and there is no basis for liability for any Defendant under any of the statutes Henry invokes.

7.    Defendants were unaware of any complaint of racial discrimination by Henry prior to February 2004; hence there can be no actionable claim of retaliation for any event occurring prior to that time, and Henry does not assert any such claim.

8.    With respect to events occurring after February 2004, Henry's performance evaluations in 2005 and his suggestion of a transfer to the position of Consumer Health Project Engineer did not involve materially adverse employment actions that will support a claim of retaliation.

9.    With respect to all of the post-February 2005 events claimed by Henry to be retaliatory, Henry cannot demonstrate a causal connection between Wyeth's employment decisions and Henry's complaint of racial discrimination and so cannot prove a *prima facie* case of retaliation.

10.    With respect to all of the post-February 2005 events claimed by Henry to be retaliatory, Wyeth had legitimate, non-discriminatory, non-retaliatory reasons for all of its employment decisions taken in connection with those events and meets its burden to come forward with evidence of such reasons.

11.     Henry cannot meet his ultimate burden to prove by a preponderance of all of the evidence that Wyeth's reasons for its employment actions and decisions claimed to have been retaliatory were a pretext for retaliation because of Henry's protected activity, and there is no basis for liability for retaliation for any Defendant under any of the statutes Henry invokes.

12.     Henry's claims about events occurring prior to September 20, 2002, are barred by the Statute of Limitations under the New York State Human Rights Law.

13.     Henry's claims about events occurring prior to 300 days before September 24, 2004, are barred by the Statute of Limitations under Title VII.

14.     Neither Wardrop nor McDermott can be held liable for discriminatory actions by Wyeth in which they did not participate.

15.     Neither Wardrop nor McDermott participated directly or purposefully in any act of racial discrimination or retaliation and so cannot be held individually liable to Plaintiff.

16.     Since Henry cannot meet his burden to prove a claim of racial discrimination or retaliation against Wyeth, there is no basis for aiding or abetting liability against Wardrop or McDermott under the New York Human Rights Law.

17.     Claims for individual liability for racial discrimination or retaliation are not actionable under Title VII.

18.     Henry cannot prove any damages caused by Defendants' conduct.

19.     Henry is not entitled to equitable relief.

20.     Henry cannot prove that any appropriately situated manager of Wyeth acted with malice or reckless indifference to Henry's rights to be free of racial discrimination or retaliation.

21.    Henry cannot prove that Wyeth did not act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit unlawful discrimination or retaliation.

22.    The evidence does not support an award of punitive damages as a matter of law.

23.    Henry has failed to take reasonable steps to mitigate his damages, if any.

## V.    ISSUES TO BE TRIED

[Set forth an agreed statement of the issues to be tried.]

1.    Whether Wyeth discriminated on the basis of race against Henry with respect to any of the incidents or occurrences Henry claims to have been racially discriminatory.

2.    Whether Wyeth retaliated against Henry because he engaged in a protected activity with respect to any of the incidents or occurrences Henry claims to have been retaliatory.

3.    Whether any of the incidents about which Henry complains occurred at times such that they are barred by applicable Statutes of Limitations.

4.    Whether Wardrop or McDermott is liable for aiding or abetting racial discrimination or retaliation under the New York State Human Rights Law.

5.    Whether Henry has incurred compensatory damages (including but not limited to back pay, front pay and damages for emotional pain and suffering and loss of reputation), and, if so, in what amounts.

6.    Whether the evidence supports an award of punitive damages and, if so, in what amount.

7.    Whether Henry is entitled to injunctive relief, and, if so, what form of injunctive relief.

8.    Whether Henry has undertaken reasonable efforts to mitigate his damages, if any.

VI.    **PLAINTIFF'S EXHIBITS**

See attached Exhibit A.

VII.    **DEFENDANTS' EXHIBITS**

See attached Exhibit B.

VIII.    **STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS**

See attached Exhibits A and B.

IX.    **PLAINTIFF'S WITNESS LIST**

The witnesses listed below may be called at trial.  No witness not identified herein shall be permitted to give testimony in either party's case in chief absent good cause shown.

[Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer.  Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefore.]

1.    Howard Henry

2.    Newton Paul

3.    Daisy Early

4.    Walter Wardrop

5.    Peter Bigelow

6.    Andrew Schaschl

7.    Joanne Rose

8.    Cara Muscolo

9.    Max Katz

10.    Andrew Espejo

11.     Chris DeFeciani

12.     Kirit Rokad

13.     Kevin Costello

14.     John Simpson

15.     Michael McDermott

16.     Andrew Abatangelo

17.     Steven Allen

18.     Nadine Aspilaire

19.     Butch Babcock

20.     Percy Boykin

21.     Bob Bracco

22.     Derek Burt

23.     Robert Cabarris

24.     Lucy Clements

25.     Paul Couto

26.     Marsh Cozart

27.     Keith Crump

28.     Nathaniel Crump

29.     Jim Fleming

30.     Kenneth Flowers

31.     Richard Gaskins

32.     Odetta Geralds

33.     Joseph Gibson

34.    Maureen Gordon

35.    Scott Graney

36.    Brenda Harrell

37.    Angelo Harris

38.    Jacqueline Hibbert

39.    Malcolm Jennings

40.    Mellard Jennings

41.    Lewis Leon

42.    Juan Martinez

43.    Farooq Moatter

44.    Adrienne Morris

45.    Rakesh Patel

46.    Manuel Rivera

47.    Jerry Rosado

48.    Eugene Sackett

49.    Laverne Simms

50.    Dana Smith

51.    Mark Smith

52.    Christopher Snell

53.    Renardz Sylvain

54.    Jose Torres

55.    Audrey Turner

56.    Joseph Vitanza

57.    Pete Walker

58.    Excer Zayas

59.    Dr. Ellit Henson, M.D.

60.    Robert H. Hickman, M.S.W., L.C.S.W.

61.    Stephen J. Levy, Ph.D.

62.    Vincent DeBiasi

63.    Jennifer Hallock

64.    Francis McDermott

65.    Greg Rumpf

66.    Tony Valenti

67.    Howard Mackey

68.    Michael Collarafi

69.    Richard Morgan

70.    Richard Musa

71.    Margaret O'Toole

72.    Pauline Henry

73.    Thyer Henry

Plaintiff reserves the right to call any witness listed by the Defendants.

With respect to prior testimony, Plaintiff at this time does not intend to offer any prior testimony as part of his case in chief unless a witness becomes unavailable or it is for the purpose of impeaching a witness or refreshing a witness's recollection, in which event the deposition testimony, interrogatories, affidavits, and/or declarations of Michael McDermott, Peter Bigelow,

Joanne Rose, Walter Wardrop, John Simpson, Kirit Rokad, Kevin Costello, Max Katz, Andrew Espejo, Andrew Schaschl, Howard Henry, Newton Paul, and Daisy Early may be offered.

## X.   DEFENDANTS' WITNESS LIST

The witnesses listed below may be called at trial. No witness not identified herein shall be permitted to testimony on either party's case in chief absent good cause shown.

[Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefore.]

1.    Howard Henry

2.    Walter Wardrop

3.    Michael McDermott

4.    Andrew Schaschl

5.    John Simpson

6.    Kirit Rokad

7.    Kevin Costello

8.    Max Katz

9.    Andrew Espejo

10.   Joanne Rose

11.   Peter Bigelow

12.   Stacey Marroso

13.   Joseph Vitanza

14.   Robert Bracco

15.   Derek Burt

16.   Christopher DeFeciani

17.   Cara Musculo

18.   Donna Grantland

19.   Eugene Sacket

Any witnesses designated or called by Plaintiff.

For Defendants' deposition designations and Plaintiff's objections thereto, see the attached Exhibit D.

## XI.   **RELIEF SOUGHT**

[The plaintiff shall set forth the precise relief sought, including each element of damages. If the plaintiff seeks an injunction, the proposed form of injunction shall be set forth or attached.]

Plaintiff demands the following relief:

1.   Judgment in his favor as follows:

    (a)   Awarding compensatory damages for back pay and benefits in the amount of $199,500.00, calculated as follows:

        i.    Lost Salary and Bonuses - $139,000.00
        ii.   Sick Leave Lost Pay-    $17,700.00
        iii.  Medical Coverage (Cobra)$ 8,800.00
        iv.   Lost Salary (Promotion    $23,500.00
                Denial)
        v.    Loss of 401K contributions $9,100.00

    (b)   Awarding compensatory damages for future pay and benefits in the amount of $1,000,000.00 (One Million Dollars);

    (c)   Awarding compensatory damages for emotional pain and suffering in the amount of $1,000,000.00 (One Million Dollars);

(d)    Awarding punitive damages in the amount of $1,000,000.00 (One Million Dollars);

(e)    Awarding attorneys fees in an amount to be set and determined by motion if and when Plaintiff is found to be the prevailing party in this action; and

(f)    Awarding Plaintiff the costs and disbursements of this action.

2.    Injunctive relief as follows:

(a)    Enjoining and restraining the Defendants and any of their agents, servants, representatives and employees from making any disparaging, injurious, negative, false or misleading statements or references with respect to Plaintiff in any manner whatsoever and specifically with respect to his former employment with Wyeth Pharmaceuticals, Inc. and its predecessors; and

(b)    Directing the Defendants and any of their agents, servants, representatives and employees to provide a neutral reference with respect to Plaintiff's former employment with Wyeth Pharmaceuticals, Inc. and its predecessors upon receipt or request for a reference from any and all potential employers of Plaintiff.

Dated: _____

 

_____
United States District Judge

Steven A. Morelli
Of Counsel to Leeds Morelli
      & Brown, P.C.
One Old Country Road, Suite 347
Carle Place, New York 11514
Telephone: (516) 873-9550
Telecopier: (516) 747-5024

By _____

      Steven A. Morelli

Attorneys for Plaintiff
Howard Henry

Michael Delikat
James H. McQuade
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000
Telecopier: (212) 506-5151

By _____

      James H. McQuade

Attorneys for Defendants
Wyeth Pharmaceuticals, a Division of Wyeth
Walter Wardrop, and
Michael McDermott

A

## EXHIBIT A

## PLAINTIFF'S TRIAL EXHIBITS
## AND DEFENDANTS' OBJECTIONS

| EXHIBIT # | DESCRIPTION | DEFENDANT'S OBJECTIONS |
|---|---|---|
| PX1 | Letter from Dr. Bell to Employee dated January 1, 1990 (bates stamps D-00060). | * **Relevance** |
| PX2 | Curriculum Vitae of Howard Henry dated August 7, 1992 (bates D-00040). | ** |
| PX3 | Howard Henry Employment Application dated December 2, 1992 (bates D-00038 -D-00039). | ** |
| PX4 | Performance Planning and Review Form for Howard Henry conducted December 8, 1993 (bates D-00112—D-00115 | ** |
| PX5 | Letter from Eugene V. Magrini, Jr. to Howard Henry dated July 23, 1993 (bates stamps D-00041). | ** |
| PX6 | Employment Agreement between Howard Henry and American Cyanamid Company, dated August 9, 1993 bates D-00045- D-00049). | ** |
| PX7 | Performance Planning and Review Form for Howard Henry conducted December 20, 1994 (bates D-00116—D-00121). | ** |
| PX8 | Alternative Work Arrangement request dated November 9, 1995 (bates stamps D-00052-D00053). | ** |
| PX9 | Performance Planning and Review Form for Howard Henry dated November 14, 1995 (bates stamps D-00126- D-00129). | ** |
| PX10 | Performance Planning and Review Form for Howard Henry conducted November 14, 1995 (bates D-00122—D-00125). | **Redundant. This is an exact duplicate of PX 9** |
| PX11 | Letter from Cathy Carey to Tony D'Amato dated January 16, 1996 (bates stamps D-00054). | ** |

| PX12 | Letter from Dr. William Cain to Linda Vergine dated March 8, 1996 (bates stamps D-00055). | ** |
|---|---|---|
| PX13 | Employment Status Change form for Howard Henry dated March 18, 1996 (bates stamps D-00056). | ** |
| PX14 | Code of Conduct, Certificate of Compliance dated June 14, 1996 (bates stamps D-00059). | ** |
| PX15 | Special Recognition Award Nomination Form for Howard Henry dated October 30, 1996 (bates 4335). | ** |
| PX16 | Project Team Member Performance Review for Howard Henry conducted December 3, 1996 (bated D-00134—D-00135). | ** |
| PX17 | 1996 Year-End Increase Notification Form for Howard Henry (bates stamps D-00380). | ** |
| PX18 | Performance Planning and Appraisal for Howard Henry conducted January 16, 1997 (bates D-00130—D-00133). | ** |
| PX19 | Letter from Donald Mattey to Howard Henry dated January 17, 1997 (bates stamps D-00062-D-00063). | ** |
| PX20 | Email from Kevin McCoy to HENRYH dated June 4, 1997 (bates stamps D-00374) | ** |
| PX21 | Email from Kevin McCoy to KOLEM dated June 30, 1997 (bates stamps D-00376) | ** |
| PX22 | Email from Haylee Bell to WAPR11.MCCOYK dated July 1, 1997 (bates stamps D-00377). | ** |
| PX23 | Personnel Transaction Request with approval dated July 23, 1997 (bates stamps D-00390- D-00391). | ** |
| PX24 | Email from Kevin McCoy to ROBINSR dated August 8, 1997 (bates stamps D-00378). | ** |
| PX25 | Performance Planning and Appraisal for Howard Henry conducted January 23, 1998 (bates D-00136—D-00139). | ** |
| PX26 | Internet Policy Code of Compliance dated March | * |

| | | 9, 1998 (bates stamps D-00064). | Relevance |
|---|---|---|---|
| PX27 | | Performance Planning and Appraisal for Howard Henry conducted November 23, 1998 (bates D-00140—D-00143). | ** |
| PX28 | | Performance Appraisal for Cara Muscolo dated December 20, 1999 ( bates stamps D-000698- D-000706) | ** <br><br> **But this exhibit contains two performance reviews of Muscolo for different periods** |
| PX29 | | Performance Planning and Appraisal for Howard Henry conducted January 7, 2000 (bates D-00144—D-00147). | ** |
| PX30 | | Letter from Joanne Rose to Howard Henry dated August 9, 2000 (bates D-00065). | ** |
| PX31 | | Performance Planning and Appraisal for Chris Defeciani dated December 6, 2000 (bates stamps D-000728- D-000732) | ** |
| PX32 | | Performance Planning and Appraisal for Howard Henry conducted December 6, 2000 (bates 4330—4334) (Henry-10). | ** |
| PX33 | | Job Description Worksheet for Packaging Supervisor position (bates D-00528—D-00532). June 2001 | ** |
| PX34 | | Letter to all Managers from Wyeth dated June 29, 2001 (bates D-00067). | ** |
| PX35 | | Letter from Patrick Gage to Fellow Employee dated September 10, 2001 (bates stamps D-00066) | ** |
| PX36 | | Performance Planning and Appraisal for Howard Henry conducted on or about December 11, 2001 (bates D-00148—D-00153) (Henry-11). | ** |
| PX37 | | Performance Planning and Appraisal for Chris Defeciani dated December 11, 2001 (bates stamps D-000722- D-000727) | ** |
| PX38 | | Email from Joyce Barao to Joyce Barao and Andy Schaschl dated June 10, 2002 (bates stamps D-00396). | ** |
| PX39 | | Email from Andy Schaschl to Bob Bracco, Michael Davenport, Ingrid Gibson, Howard Mackey, Joanne Rose, Greg Rumpf and Walter Wardrop dated June 27, 2002 (bates stamps D- | ** |

| | | | |
|---|---|---|---|
| | | 00397). | |
| **PX40** | | Wyeth Human Resources Policy Manual dated July 1, 2002 (bates D-00001- D-00037). | ** |
| **PX41** | | Summary of Howard Henry's 2003 Progress Review (bates stamps D-000610) | ** |
| **PX42** | | Performance Appraisal for Chris Defeciani dated January 8, 2003 (bates stamps D-000717- D-000721) | ** |
| **PX43** | | Performance Appraisal for Howard Henry conducted January 22, 2003 (bates D-00154—D-00158) (Henry-12). | ** |
| **PX44** | | Email from Walter Wardrop to Howard Henry dated March 7, 2003 (bates 1965). | ** |
| **PX45** | | Email from Walter Wardrop to Howard Henry dated March 7, 2003 containing forwards of various prior emails (bates 1964). | ** |
| **PX46** | | Email from Walter Wardrop to Howard Henry dated March 17, 2003 containing forwards of two prior emails (bates 1954). | ** |
| **PX47** | | Email from Walter Wardrop to Kathleen Testaverde dated July 3, 2003 (bates 1938). | ** |
| **PX48** | | Securities Transactions Acknowledgment and Certification dated July 9, 2003 (bates stamps D-00069). | * **Relevance** |
| **PX49** | | Email from Walter Wardrop to Abraham Chong, Michael Curry, Karin Dillon, Howard Henry, Richard Morgan, Rakesh Patel, Kathleen Testaverde, Leon Williams dated July 21, 2003 containing forward of email from Howard Henry dated July 21, 2003 (bates 1936). | ** |
| **PX50** | | Email from Walter Wardrop to Keith Crump, Gregory Dubler, Scott Graney, Howard Henry, Vonda Hill, Richard Morgan, and Gerald Rosado dated August 20, 2003 (bates 1934). | ** |
| **PX51** | | Email from Walter Wardrop to Micheal Collorafi, Keith Crump, Gregory Dubler, Howard Henry, Vonda Hill, Richard Morgan, and Gerald Rosado dated August 22, 2003 (bates 1932). | ** |
| **PX52** | | Mid-Year Review 2003 for Howard Henry dated September 3, 2003 unsigned (bates D-00198 - D- | ** |

| | | | |
|---|---|---|---|
| | | 00199). | |
| **PX53** | Mid-Year Review 2003 for Howard Henry dated September 3, 2003 unsigned(bates D-00176—D-00177) (Henry-13). | **Redundant** **This is an exact duplicate of PX 52** |
| **PX54** | Email from Walter Wardrop to Train 1 Staff dated September 8, 2003 (bates stamps D-00264). | ** |
| **PX55** | Letter from Wyeth to Distribution dated September 9, 2003 (bates stamps D-000601 - D-000602). | ** |
| **PX56** | Letter from Wyeth to Distribution dated September 9, 2003 (bates stamps D-00265 - D-00266). | **Redundant** **This is an exact duplicate of PX 55** |
| **PX57** | Engineer Status Project Report dated September 17, 2003 (bates 2553—2563). | ** |
| **PX58** | Email from Walter Wardrop to Howard Henry dated September 18, 2003 (bates stamps D-00263). | ** |
| **PX59** | Email from Walter Wardrop to Train 1 Staff dated October 2, 2003 (bates 1923) (Henry-15). | ** |
| **PX60** | Email from Walter Wardrop to Train 1 Staff dated October 2, 2003 (bates stamps D-00267). | **Redundant** **This is an exact duplicate of PX 59** |
| **PX61** | Self Appraisal Form for Howard Henry covering period October 2002-October 2003 unsigned and undated (bates D-00159—D-00164). | ** |
| **PX62** | Email from Jim Livolsi to Lynn Bottone, Bob Bracco, Kevin Costello, Robert Davis, Daniel Ferrara, Paul Kucera, Paul Lucas, Howard Mackey, Donald Morgan, Greg Rumpf, Andy Schaschl, Joe Vitanza and Walter Wardrop dated November 12, 2003 (bates stamps D-00270). | ** |
| **PX63** | Email from Walter Wardrop to Howard Henry dated November 12, 2003 (bates stamps D-00269). | ** |
| **PX64** | Email from Kathleen Testaverde to Susan Harvuot, Lewis Wayne and Walter Wardrop dated November 13, 2003 (bates stamps D-00272). | ** |
| **PX65** | Email from Howard Henry to Walter Wardrop dated November 21, 2003 (bates stamps D-00271). | ** |
| **PX66** | Annual Performance Appraisal for Jean Colas dated December 17, 2003 (bates stamps D- | ** |

| | | 000803- D-000807). | |
|---|---|---|---|
| PX67 | | 2003 Performance Objectives (first quarter) for Howard Henry (bates 1955—1962). | ** |
| PX68 | | Original Performance Appraisal for Howard Henry for 2003 unsigned and undated (bates EEOC 0051—EEOC 0054) (Henry-14). | ** |
| PX69 | | 2003 Performance Objectives (third quarter) for Howard Henry (bates 2564—2573). | ** |
| PX70 | | Diary of Howard Henry (bates 4600-4671) (Henry-43). -2004 | **Authenticity; FRE Rules 403, 701; Hearsay; Competency; Unintelligible** |
| PX71 | | Letter from Howard Henry to Walter Wardrop dated January 5, 2004 and enclosed documents (bates D-00273—D-00295) (Henry-16). | ** |
| PX72 | | Performance Appraisal for Max Katz dated January 5, 2004 (bates stamps D-000687- D-000695) | *<br>**But this exhibit contains two performance reviews of Katz for different periods** |
| PX73 | | Letter to File from A. Schaschl dated January 9, 2004 (bates stamps D-000588 - D 000590) | ** |
| PX74 | | Email from Joanne Rose to Howard Henry dated January 13, 2004 (bates stamps D-000591). | ** |
| PX75 | | Email from Howard Henry to Andrew Abatangelo, Jim Fleming, Kenneth Flowers, Scott Graney, Jennifer Hallock, Vonda Hill, Max Katz, Susan Lindland, Richard Morgan, Al Reha, Manual Rivera, Christopher Snell, Jose Torres, Excer Zayas, dated January 14, 2005 (bates stamps D-00299). | ** |
| PX76 | | Amended Performance Appraisal for Howard Henry conducted January 16, 2004 (bates D-00164—D-00169) (Henry-17). | ** |
| PX77 | | Memorandum reflecting Meeting dated January 16, 2004 (bates stamps D-000603- D-000605). | ** |
| PX78 | | Performance Appraisal for Howard Henry dated January 16, 2004 (bates stamps D-00178 - D-00182) | **Redundant This is an exact duplicate of PX 76** |

| PX79 | Email from Joanne Rose to Donna Grantland dated January 16, 2004 (bates stamps D-000598). | ** |
| PX80 | Performance Appraisal for Howard Henry conducted January 16, 2004 (Bates D-00200 - D-00204). | **Redundant** **This is an exact duplicate of PX 76 and PX 78** |
| PX81 | Bid Confirmation for Howard Henry for Staff Engineer I position dated January 26, 2004 and related documents (bates 3812, 3811, D-00542, 1555-56) (Henry-6). | ** |
| PX82 | Email from Mike McDermott to Joanne Rose dated January 27, 2004 (bates stamps D-000606) | ** |
| PX83 | Email from Peter Bigelow to Howard Henry dated January 27, 2004 (bates stamps D-000607 -D-000608) | ** |
| PX84 | Email from Peter Bigelow to Pat containing forward of email from Andy Schaschl to Peter Bigelow dated January 27, 2004 (bates stamps D-000609). | ** |
| PX85 | Bid Confirmation for Howard Henry for Staff Engineer I position dated January 29, 2004 and related documents (bates stamps D-00398- D-00401). | ** |
| PX86 | Email from Howard Henry to Derek Burt dated January 30, 2004 (bates 1511). | ** |
| PX87 | Email from Derek Burt to Howard Henry dated February 2, 2004 (bates 1447). | ** |
| PX88 | Howard Henry diary entry dated February 11, 2004 (bated 4614). | **Authenticity; FRE Rules 403, 701; Hearsay; Competency; Unintelligible** |
| PX89 | Email from Peter Bigelow dated February 13, 2004 (bates stamps D-000611- D-000613) | ** |
| PX90 | Email from Howard Henry to Peter Bigelow dated February 16, 2004 (bates 1438) (Henry-18). | * **Hearsay; FRE Rules 403, 701** |
| PX91 | Email from Howard Henry to Peter Bigelow dated February 16, 2004 (bates stamps D-000612) | * **As to the embedded message, Hearsay; FRE Rules 403, 701** |
| PX92 | Email from Peter Bigelow to Howard Henry dated February 25, 2004  (bates stamps 1432) Henry-19). | ** |

| | | |
|---|---|---|
| **PX93** | Qualifications by Employee dated February 27, 2004 (bates 1515—1521). | ** |
| **PX94** | Employee Catalog by Profession dated March 1, 2004 (bates 1505—1510). | ** |
| **PX95** | Spreadsheet showing Due Date Extensions dated March 12, 2004 (bates 1687). | ** |
| **PX96** | Letter to File from Andrew Espejo dated March 16, 2004 (bates stamps D-00296- D-00297). | ** |
| **PX97** | Employee Data Verification Report dated March 17, 2004 (bates 1504). | ** |
| **PX98** | Email from T&E Administrator to Howard Henry dated March 19, 2004 and Expense Report Summary for Howard Henry dated March 16, 2004 (bates 1499—1503). | * <br><br> **Relevance; FRE Rule 403** |
| **PX99** | Email from Donna Grantland to Adeline Fox dated March 31, 2004 (bates D-000651) | ** |
| **PX100** | 2004 Quarterly Review – 1st Quarter for Howard Henry (bates 1496) | ** |
| **PX101** | PPU#1 2004 Goals and Objectives for Howard Henry with 1st Quarter results <br> (bates 1497). | ** |
| **PX102** | Email from Adeline Fox to Howard Henry dated April 6, 2004 (bates stamps D-000652) | ** |
| **PX103** | Email from Adeline Fox to Adeline Fox, Joanne Rose and Eugene Sackett dated April 6, 2004 (bates stamps D-000653). | ** |
| **PX104** | Email from Adeline Fox to Adeline Fox, Eugene Sackett and Walter Wardrop dated April 6, 2004 (bates stamps D-000654). | ** |
| **PX105** | Email from Adeline Fox to Adeline Fox, Mike McDermott and Eugene Sackett dated April 6, 2004 (bates stamps D-000655). | ** |
| **PX106** | Date book dated April 6, 2004 (bates stamps D-000677-D-000678 | ** |
| **PX107** | Email from Adeline Fox to Adeline Fox, Bob Bracco, and Eugene Sackett dated April 7, 2004 (bates stamps D-000656). | ** |
| **PX108** | Email from Adeline Fox to Adeline Fox, Peter Bigelow, and Eugene Sackett dated April 7, 2004 (bates stamps D-000657). | ** |
| **PX109** | Date book dated April 7, 2004 (bates stamps D-000679-D-000680). | ** |
| **PX110** | Summary of Findings – Howard Henry dated April 7, 2004  (bates D-000682—D-000684). | ** |

| | | |
|---|---|---|
| **PX111** | Email from Eugene Sackett to Howard Henry dated April 15, 2004 (bates stamps D- 000618). | ** |
| **PX112** | Email from Howard Henry to Peter Bigelow dated April 26, 2004 (bates 1407) (Henry-9). | ** |
| **PX113** | Email from Howard Henry to Peter Bigelow dated April 26, 2004 (bates stamps D-000619) | **Redundant.** **This is an exact duplicate of PX 112** |
| **PX114** | Email from Peter Bigelow to Donna Grantland, Eugene J. Sackett dated April 26, 2004 (bates stamps D-000681) | ** |
| **PX115** | Email from Donna Grantland to Peter Bigelow dated April 29, 2004 (bates stamps D-000620). | ** |
| **PX116** | Email from Donna Grantland to Howard Henry dated May 6, 2004 (bates stamps D-000620). | **Redundant or misidentified.** **This is either an exact duplicate of PX 115 or it is not document D-620** |
| **PX117** | Email from Donna Grantland to Howard Henry dated May 6, 2004 (bates stamps D-000620). | **Redundant or misidentified.** **This is either an exact duplicate of PX 115 or it is not document D-620** |
| **PX118** | Email from Joe Vitanza dated May 6, 2004 (bates stamps D-000615- D-000616) | ** |
| **PX119** | Letter from William D. Frumkin to Peter Bigelow dated May 17, 2004 (bates stamps D-000622- D-000629) | * **Hearsay; FRE Rules 402, 403, 408, 701; Competency** |
| **PX120** | Wyeth Employee Profile for Howard Henry dated May 21, 2004 (bates stamps D-00076 – 00077). | ** |
| **PX121** | Letter from Mary Elizabeth Nagy to William Frumkin dated June 8, 2004 (bates stamps D-000630 - D-000631) | * **Hearsay; FRE Rules 402, 403, 408; Competency** |
| **PX122** | Email from Joanne Rose to Susie Frazelle dated June 30, 2004 containing a forwarding e-mail | ** |

| | | | |
|---|---|---|---|
| | | from Andrew Espejo dated June 30, 2004 (bates stamps D-00298). | |
| | **PX123** | Code of Certificate of Compliance dated July 2, 2004 with execution page dated October 27, 2004 (bates stamps D-00078- D-00079). | ** |
| | **PX124** | Employment Action Notice dated July 8, 2004 (bates stamps D-00070) | ** |
| | **PX125** | 2004 Quarterly Review – Mid-Year Review for Howard Henry conducted July 9, 2004 (bates 1494) (Henry-22). | ** |
| | **PX126** | Letter from Mary Elizabeth Nagy to William Frumkin dated August 23, 2004 (bates stamps D-000632 - D-000633). | * **Hearsay;   FRE Rules 402, 403, 408; Competency** |
| | **PX127** | Email from Howard Henry to Andrew Espejo dated August 30, 2004 (bates 198—199). | ** |
| | **PX128** | Job Posting for Manager Manufacturing Support position (bates 1528). September 22nd, 2004 | ** |
| | **PX129** | New York State Division of Human Rights, Charge of Discrimination, charge number 160-2005-00013 (bates stamps D-00250- D-00257). September 24th, 2004 | * **As    to    the contents, Hearsay;   FRE Rules 402, 403, 701; Competency** |
| | **PX130** | Bid Confirmation for Howard Henry for Manager, Manufacturing Support Position dated September 30, 2004 and related documents (bates 1530, 1527, 1528) (Henry-7). | ** |
| | **PX131** | Email from HRJOBSPEARLRIVER to Howard Henry dated October 1, 2004 (bates 1531). | ** |
| | **PX132** | Email from Howard Henry to Andrew Espejo dated October 1, 2004 (bates 195—197). | ** |
| | **PX133** | Email from Patti Verhasselt to Andrew Espejo dated October 7, 2004 and corresponding e-mails (bates stamps D-00403- D-00415) | ** |
| | **PX134** | Email from Patti Verhasselt to Joanne Rose dared October 28, 2004 (bates stamps D-00417). | ** |
| | **PX135** | Email from Joanne Rose to Patti Verhasselt, Derek Burt, Christopher Defeciani, Andrew | ** |

| | | | |
|---|---|---|---|
| | Espejo Cara Muscolo dates October 28, 2004 containing response e-mails from Patti Verhasselt and Andrew Espejo dated October 28, 2004 and November 8, 2004 (bates stamps D-00416 - D-00430 | | |
| PX136 | Email from Patti Verhasselt to Andrew Espejo, Derek Burt, Christopher Defeciani, Cara Muscolo, Joanne Rose, Panel Interviews for Mgr, Manufacturing Support dated November 1, 2004 (bates stamps D-00430). | ** | |
| PX137 | Email from Patti Verhasselt to Andrew Espejo with attached documents dated November 1, 2004 (bates stamps D-000814-D-000816). | **Redundant. This is an exact duplicate of PX 136** | |
| PX138 | Email from Andrew Espejo to Joanne Rose dated November 1, 2004 with attached documents (bates stamps D-00433 – D-00464) | ** | |
| PX139 | Email from Patti Verhasselt to Howard Henry dated November 3, 2004 (bates 1526). | ** | |
| PX140 | Email from Howard Henry to Andrew Espejo dated November 5, 2004 (bates 192—194). | ** | |
| PX141 | Email from Andrew Espejo to Derek Burt, Christopher Defeciani, Cara Muscolo, Joanne Rose and Patti Verhasselt with attached documents dated November 8, 2004 (bates stamps D-00418- D-00429). | ** | |
| PX142 | Email from Derek Burt to Andrew Espejo dated November 9, 2004 with attached documents (bates stamps D-00468 – D-00485) | ** | |
| PX143 | Email from Cara Muscolo to Andrew Espejo dated November 10, 2004 with related documents (bates stamps D-000808- D-000813). | ** | |
| PX144 | Rating Spreadsheet for applicants to the Manager of Manufacturing Support position (bates D-000809—D-000813). November 10th, 2004 | ** | |
| PX145 | Email from Patti Verhasselt to Howard Henry dated November 30, 2004 (bates 1524). | ** | |
| PX146 | Note from Howard Henry referring to Monthly Summary of December 2004 (bates 200-205) | ** | |
| PX147 | Offer Request Form for James Patch dated December 1, 2004 (bates stamps D-000707). | ** | |
| PX148 | Letter from Clifford Ruffner to James Patch dated December 3, 2004 and executed by James Patch | ** | |

| | | | |
|---|---|---|---|
| | | on December 6, 2004 (bates stamps D-000714- D-000715) | |
| PX149 | | Weekly Maintenance Zone Checklist dated December 6, 2004 marked Received March 2, 2005 (bates 4204—4205). | ** |
| PX150 | | Email from Andrew Espejo to Joanne Rose dated December 14, 2004 with forward from Joanne Rose dated December 14, 2004 (bates stamps D-00486 - D-00491) | ** |
| PX151 | | Performance Appraisal for Richard Morgan dated December 17, 2004 (bates stamps D-000733- D-000749) | * **But this exhibit contains three performance reviews of Morgan for different periods** |
| PX152 | | PPU#1 2004 Goals and Objectives for Howard Henry with 2nd Quarter results (bates 1495) (Henry-22). | ** |
| PX153 | | Email from Andrew Espejo to Andrew Abatangelo, Raymond Bartolucci, Bernie Bernesser, Bob Bracco, Monte Bradford, Pasqua Castricato, Stacy Clarkson, Casandra Coffman, Kevin Costello, Ann Darda, Christopher Difeciani, Jim Fleming, Kenneth Flowers, Alice Gass, Ingrid Gibson, James Gibsonm Scott gRaney, Howard Henry, Jacqueline Hibbert, Max Katz, Jim Livolsi, Paul Lucas, Howard Mackey, Farooq Moatter, Richard Morgan, Paul Moser, Cara Muscolo, Thomas Nececkas, Margaret O'Toole, Henry Padley, James Parlagi, Juan J Rial, Christopher Snell, Elizabeth Twomey-Galvin, Tim Tynerm Walter Wardrop, Leon Williams, Joanne Rose, Patti Verhasselt, Joe Vitanza, dated January 3, 2005 and related documents (bates stamps D-00492- D-00494). | ** |
| PX154 | | Performance Appraisal for Jean Colas dated January 4, 2005 (bates stamps D-000796- D-000802) | ** |
| PX155 | | Mail properties status with attached e-mail from Max Katz to Howard dated January 10, 2005 (bates stamps D-000766- D-000768). | * **The          the document is erroneously described** |

| | | |
|---|---|---|
| **PX156** | Mail properties status with attached e-mails from Max Katz to Howard dated January 17, 2005 and email from Ram Shankar to Wayne Fieldhouse and Jose Torres dated January 17, 2005 containing a forwarding e-mail from Ram Shankar to Joe Hall dated January 17, 2005 (bates stamps D-000758-D-000761). | ** |
| **PX157** | Email from Max Katz to Howard Henry dated January 17, 2005 (bates stamps D-00301). | ** |
| **PX158** | Email from Andrew Espejo to Howard Henry dated January 17, 2005 (bates 543). | ** |
| **PX159** | Email from Max Katz to Howard Henry dated January 17, 2005 (bates 544) | ** |
| **PX160** | Email from Max Katz to Howard Henry dated January 17, 2005 (bates stamps D-00300). | ** |
| **PX161** | Email from Ram Skankar to Wayne Fieldhouse and Jose Torres dated January 17, 2005 (bates stamps D-00302). | ** |
| **PX162** | Email from Howard Henry to Ram Shankar dated January 18, 2005 (bates stamps D-00303). | ** |
| **PX163** | Email from Howard Henry to Ram Shankar dated January 19, 2005 (bates stamps D-00304- - 00305). | ** |
| **PX164** | Mail properties status with attached e-mails from Max Katz to Howard dated January 20, 2005 and an e-mail from Andrew Abatangelo to GassA@wyeth.com, AbatanA@wyeth.com; EspejoA@wyeth.com; MorganR4@wyeth.com; hibberj@wyeth.com dated January 19, 2005 (bates stamps D-000762-D000765) | ** |
| **PX165** | Email from Andrew Abatangelo to GassA@wyeth.com, AbatanA@wyeth.com; EspejoA@wyeth.com; MorganR4@wyeth.com; hibberj@wyeth.com, ChongA@wyeth.com dated January 19, 2005 (bates stamps D-00307). | ** |
| **PX166** | Email from Max Katz to Howard Henry dated January 20, 2005 (bates stamps D-00306). | ** |
| **PX169-A** | Email from Max Katz to Howard Henry dated January 21, 2005, and responses from Howard Henry containing an attached memorandum dated January 25, 2005 | * **Plaintiff has designated two different** |

| | | |
|---|---|---|
| | (bates stamps D-000311). | **documents as PX 169** |
| **PX167** | .    Performance Appraisal for Howard Henry conducted January 24, 2005<br>        (bates D-00170—D-00173) (Henry-23). | ** |
| **PX168** | Email from Howard Henry to Max Katz dated January 25, 2005 (bates stamps D-00308). | ** |
| **PX169-B** | Mail properties status with attached e-mail from Max Katz to Howard dated January 26,2005 containing a forwarding e-mail from Cassandra Coffman to Max Katz dated January 26, 2005 (bates stamps D-000771-D-000773). | *<br>**Plaintiff has designated two different documents as PX 169** |
| **PX170** | Email from Max Katz to Howard Henry dated January 26, 2005 (bates stamps D-00314). | ** |
| **PX171** | Email from Max Katz to Howard Henry dated January 27, 2005 (bates stamps D-00315) | ** |
| **PX172** | Email from Max Katz to Howard Henry dated<br>        January 27, 2005 (bates stamps D-00316). | ** |
| **PX173** | Email from Howard Henry to Andrew Abatangelo, Mike Aboyoun, Kenneth Flowers, Scott Graney, Jennifer Hallock, Robet Hirsch, Jim Livolsi, Ark Maciak, Peter McGarrigle, Richard Morgan, Nitiksha, Vinnie Rappa, Christopher Snell, Greg Whalen, Edward White dated January 31, 2005 (bates stamps D-00317) | ** |
| **PX174** | Email from Howard Henry to Andrew Abatangelo, Mike Aboyoun, Kenneth Flowers, Scott Graney, Jennifer Hallock, Robet Hirsch, Jim Livolsi, Ark Maciak, Peter McGarrigle, Richard Morgan, Nitiksha, Vinnie Rappa, Christopher Snell, Greg Whalen, Edward White dated February 1, 2005 (bates stamps D-00318). | ** |
| **PX175** | Email from Max Katz to Howard Henry dated February 3, 2005, containing forward of email from Grant Livermore to Andrew Espejo dated February 3, 2005 (bates 1072). | **Authenticity of handwriting; Lack of foundation as to handwriting** |
| **PX176** | Mail properties status with attached e-mail from Max Katz to Howard dated February 3, 2005 containing a forwarding e-mail from Grant Livermore to Andrew dated February 3, 2005 (bates stamps D-000774- D-000775) | ** |
| **PX177** | Email from Max Katz to Howard Henry dated | ** |

| | | |
|---|---|---|
| | February 3, 2005, containing forward of email from Grant Livermore to Andrew Espejo dated February 3, 2005 (bates stamps D-00326). | |
| **PX178** | Mail properties status with attached e-mail from Max Katz to Howard dated February 3, 2005 (bates stamps D-000769- D-000770). | ** |
| **PX179** | Email from Max Katz to Howard Henry dated February 3, 2005, containing forward of email from Grant Livermore to Andrew Espejo dated February 3, 2005 (bates stamps D-00326). | **Redundant This is an exact duplicate of PX 177** |
| **PX180** | Email from Max Katz to Howard Henry dated February 3, 2005 (bates stamps D-00319). | ** |
| **PX181** | Mail properties status with attached e-mail from Max Katz to Howard dated February 8, 2005 (bates stamps D-000776- D-000777). | ** |
| **PX182** | Email from Max Katz to Howard Henry dated February 8, 2005 (bates stamps D-00321). | ** |
| **PX183** | Email from Howard Henry to Max Katz dated February 8, 2005 (bates stamps D-00322). | ** |
| **PX184** | Email from Howard Henry to Andrew Espejo dated February 9, 2005 containing forward from an email from Andrew Espejo dated February 8, 2005 (bates stamps D-00323). | ** |
| **PX185** | Email from Max Katz to Howard henry dated February 9, 2005 (bates stamps D-00327). | ** |
| **PX186** | Email from Howard Henry to Andrew Espejo and Max Katz dated February 9, 2005 (bates stamps D-00328). | ** |
| **PX187** | Email from Max Katz to Howard Henry dated February 9, 2005 (bates stamps D-00329). | ** |
| **PX188** | Mail properties status with attached e-mail from Max Katz to Howard dated February 9, 2005 containing a forwarding e-mail from Howard Henry to Andrew dated February 9, 2005 and a forwarding e-mail from Andrew Espejo to Howard dated February 8, 2005 and a forwarding e-mail from Farooq Moatter to Howard dated February 8, 2005 and a forwarding e-mail from Farooq Moatter to Jacqueline Rivera dated February 8, 2005 and a forwarding e-mail from Jacqueline Rivera to Farooq Moatter dated February 8, 2005 (bates stamps D- | ** |

| | | |
|---|---|---|
| | 000778 - D-000780). | |
| **PX189** | Mail properties status with attached e-mail from Max Katz to Howard dated February 9, 2005 (bates stamps D-000781- D-000782). | ** |
| **PX190** | Email from Howard Henry to Tom Driscoll dated February 15, 2005 (bates stamps D-00324). | ** |
| **PX191** | Email from Max Katz to Howard Henry dated February 15, 2005 (bates stamps D-00325). | ** |
| **PX192** | Email from Max Katz to Howard Henry with related documents dated February 16, 2005 (bates stamps D-00330- D-00332). | ** |
| **PX193** | Mail properties status with attached e-mail from Max Katz to Howard with related documents dated February 17, 2005(bates stamps D-000783-D-000786). | ** |
| **PX194** | Email from Max Katz to Howard Henry dated February 17, 2005 (bates stamps D-00333). | ** |
| **PX195** | Email from Howard Henry to Louis Baldi, Paulo Couto, Jim Fleming, Kenneth Flowers Pierre Gaspard, Jennifer Hallock, Theresa Herbert, Vonda Hill, Susan Linland, Richard Morgan, John Natale, Al Reha, Manue; Rivera, Mark Smith, Christopher Snell and Jose Torres dated February 17, 2005 (bates stamps D-00334). | ** |
| **PX196** | Email from Max Katz to Howard Henry dated February 18, 2005 (bates stamps D-00320). | ** |
| **PX197** | Email from Andrew Espejo to Alice Gass, Howard Henry, Jacqueline Hibbert, Max Katz, PPU1 Supervisors dated February 18, 2005 (bates stamps D-00337). | ** |
| **PX198** | Email from Howard Henry to Christine Promley dated February 22, 2005 with forwarding e-mail from Howard Henry to Andrew Espejo dated February 21, 2005 and a forwarding e-mail from Andrew Espejo to Howard Henry dated February 21, 2005 and a forwarding e-mail from Andrienne Morris to Howard Henry dated February 21, 2005 (bates stamps D-00340- D-00341). | ** |

| | | |
|---|---|---|
| **PX199** | Email from Max Katz to Howard Henry dated February 22, 2005 with forwarding e-mail from Howard Henry to Andrew Espejo dated February 21, 2005 and a forwarding e-mail from Andrew Espejo to Howard Henry dated February 21, 2005 (bates stamps D-00342- D-00343). | ** |
| **PX200** | Email from Howard Henry to Christine Bromley dated February 22, 2005, containing forward of email from Andrew Espejo and Andrienne Morris dated February 21, 2005 (bates stamps D-00340- D-00345). | ** |
| **PX201** | Email from Max Katz to Howard Henry dated February 23, 2005 (bates stamps D-00346). | ** |
| **PX202** | Email from Howard Henry to Max Katz dated February 23, 2005 with forwarding e-mail from Max Katz to Howard Henry dated February 22, 2005 and a forwarding e-mail to Christine from Howard dated February 22, 2005 and a forwarding e-mail from Howard Henry to Andrew dated February 22, 2005 and a forwarding e-mail from Andrienne Morris to Howard Henry dated February 21, 2005 (bates stamps D-00344-D-00345). | ** |
| **PX203** | Email from Howard Henry to Andrew Espejo dated February 24, 2005 (bates stamps D-00309). | ** |
| **PX20** | Employee Development Plan for Howard Henry dated March 3, 2005 (bates 3769—3771). | ** |
| **PX205** | Email from Howard Henry to Mike Aboyoun , Sal Calautti, Jim Fleming, Robert Hirsch, Max Katz, Chuck Manning, Tom Rock, Ram Shankar, Glenn Somers and Sridhar Venkatesan dated March 4, 2005 (bates stamps D-00358). | ** |
| **PX206** | Email from Howard Henry to Max Katz dated March 8, 2005 (bates stamps D-00335 - D-00336). | ** |
| **PX207** | Mail properties status with attached e-mail from Max Katz to Howard dated March 8, 2005 | ** |

| | | |
|---|---|---|
| | (bates stamps D-000787-D-000788). | |
| PX208 | Email from Max Katz to Howard Henry dated March 8, 2005 (bates stamps D-00347). | ** |
| PX209 | Email from Howard Henry to Max Katz dated March 8, 2005 (bates stamps D-00348). | ** |
| PX210 | Job Description Worksheet for Process Engineer III dated March 9, 2005 (bates stamps D-00502- D-00506). | ** |
| PX211 | Job Description Worksheet for Process Engineer III dated March 9, 2005 (bates stamps D-00502- D-00506). | **Redundant** This is an exact duplicate of PX 210 |
| PX212 | Thank You Recognition to Howard Henry March 12, 2004 (bates 1318). | ** |
| PX213 | Thank You Recognition to Howard Henry March 12, 2004 (bates 1318). | **Redundant** This is an exact duplicate of PX 212 |
| PX214 | **Email from Andrew Espejo to Howard Henry dated March 15, 2005 (bates stamps D-00338).** | ** |
| PX215 | Email from Andrew Espejo to Howard Henry dated March 16, 2005 containing forward of various prior emails (bates 514—515). | ** |
| PX216 | Email from Howard Henry to Andrew Espejo dated March 16, 2005 (bates stamps D-00339). | ** |
| PX217 | Email from Howard Henry to Andrew Espejo dated March 16, 2005 (bates stamps D-00349- D-00350). | ** |
| PX218 | Email from Andrew Espejo to Max Katz dated March 29, 2005 (bates stamps D-00351). | ** |
| PX219 | Email from Max Katz to Andrew Espejo dated March 30, 2005 containing forward of email from Andrew Espejo to Max Katz dated March 29, 2005 (bates D-00352). | ** |
| PX220 | Email from Max Katz to Andrew Espejo dated March 30, 2005 (bates stamps D-00352). | **Redundant** This is an exact duplicate of PX 219 |
| PX221 | Letter from Donna M. Orzell to Sean Oliveira dated March 30, 2005 (bates stamps D-00191- D-00197). | **Hearsay; FRE Rules 402, 403, 408** |
| PX222 | Email from Howard Henry to Andrew Espejo and | ** |

|  |  | Max Katz dated March 30, 2005 (bates stamps D-00354). |  |
|---|---|---|---|
|  | **PX223** | Email from Max Katz to Howard Henry dated April 1, 2005 (bates stamps D-00353). | ** |
|  | **PX224** | Email from Howard Henry to Christopher Boyle dated April 4, 2005 (bates stamps D-00355). | ** |
|  | **PX225** | Email from Howard Henry to Christopher Boyle dated April 4, 2005 (bates stamps D-00356- D-00357). | ** |
|  | **PX226** | Email from Howard Henry to Andrew Espejo dated May 18, 2005 (bates 1685). | ** |
|  | **PX227** | Email from Cliff Ruffner to Stacey Marroso dated May 19, 2005 and related documents (bates stamps D-00498- D-00501) | ** |
|  | **PX228** | Email from Cliff Ruffner to Stacy Marroso dated May 19, 2005 (bates stamps D-00402). | ** |
|  | **PX229** | Email from Max Katz to Howard Henry dated May 27, 2005 with related documents (bates stamps D-00359- D-00373). | ** |
|  | **PX230** | 2005 Performance Feedback for Howard Henry dated May 31, 2005 (bates 3765—3768) (Henry-24) | ** |
|  | **PX231** | 2005 Performance Feedback for Howard Henry dated May 31, 2005 (bates stamps D-00187- D00190). | ** |
|  | **PX232** | 2005 Performance Feedback for Howard Henry dated May 31, 2005 (bates stamps D-00183- D-00186) | ** |
|  | **PX233** | EEOC Dismissal and Notice of Rights (Right to Sue letter) in EEOC charge number 160-2005-000113 (bates D-00102) June 21st, 2005 | *<br>**FRE Rules 402, 403** |
|  | **PX234** | EEOC Dismissal and Notice of Rights (Right to Sue letter) in EEOC charge number 160-2005-000113 (bates stamps D-00247- D-00249). June 21st, 2005 | *<br>**FRE Rules 402, 403** |
|  | **PX235** | PX108 EEOC Dismissal and Notice of Rights (Right to Sue letter) in EEOC charge number 160-2005-000113 (bates D-00210- D-00211). June 21st, 2005 | *<br>**FRE Rules 402, 403** |
|  | **PX236** | Guide for Performance Improvement a/k/a Performance Improvement Plan (PIP) dated June | ** |

| | | | |
|---|---|---|---|
| | | 23, 2005 and Program Results dated July 25, 2005 (bates D-00086—D-00093) (Henry-26). | |
| PX237 | | Mail properties status dated June 24, 2005 (bates stamps D-00080- D-00081). | ** |
| PX238 | | Meeting Notes "Howard Henry PIP Discussion & Delivery of Midyear Evaluation" dated June 24, 2005 (bates stamps D-000635). | ** |
| PX239 | | Email from Max Katz to Howard Henry and Max Katz dated June 24, 2005 (bates stamps D-000634). | ** |
| PX240 | | Guide for Performance Improvement a/k/a Performance Improvement Plan (PIP) dated June 24, 2005 and Program Results undated (bates stamps D-00097-D-00100). | ** |
| PX241 | | Letter from Max Katz to Howard Henry dated July 28, 2005 (bates stamps D-00101). | ** |
| PX242 | | Email from Howard Henry to Max Katz dated June 28, 2005 (bates stamps D-000636). | ** |
| PX243 | | Letter from Howard Henry to Max Katz dated July 1, 2005 (bates D-00094—D-00096) (Henry-28). | ** |
| PX244 | | Meeting Notes "Howard Henry PIP Status Discussion" dated July 6, 2005 (bates stamps D-000641 -D-000642) | ** |
| PX245 | | Meeting Notes "Howard Henry PIP Status Discussion" dated July 25, 2005 (bates stamps D-000637 - D-000639) | ** |
| PX246 | | Letter from Max Katz to Howard Henry dated July 28, 2005 (bates stamps D-000640) | ** |
| PX247 | | Monthly Summary of Howard Henry's work for month of July 2005 (bates 4519—4522). | ** |
| PX248 | | Project Summary (July 2005) by Howard Henry (bates 4515—4518). | ** |
| PX249 | | Email from Max Katz to Stacy Marroso dated August 1, 2005 (bates stamps D-000643) | ** |
| PX250 | | Request for Extended Disability Benefits dated August 4, 2005 (bates stamps D-00580) | ** |
| PX251 | | Email from Howard Henry to Max Katz dated August 5, 2005 (bates 188—190). | ** |
| PX252 | | Monthly Sick Leave dated August 8, 2005 (bates stamps D-000581) | ** |
| PX253 | | Certification of Health Care Provider prepared by Howard Henry's doctor dated August 16, 2005 (bates D-00584—D-00586) (Henry- | ** |

| | | 30). | |
|---|---|---|---|
| PX254 | Letter from John Kozak to Howard Henry dated August 16, 2005 (bates stamps D-00582-D-00583). | ** |
| PX255 | State of New York Worker's Compensation Board Claim for Compensation filed by Howard Henry dated August 26, 2005 (bates 4531) (Henry-33). | ** |
| PX256 | Revised Certification of Health Care Provider prepared by Howard Henry's doctor dated August 31, 2005 (bates 4532-4534) (Henry-32). | ** |
| PX257 | Engineer Status Project Report dated August 31, 2005 (bates 3326—3358). | ** |
| PX258 | EEOC Charge of Discrimination by Howard Henry against Defendants bearing EEOC charge number 160-2006-00276 (bates D-00224—D-00225). | *<br>**As to contents, FRE Rules 402, 403; Hearsay** |
| PX259 | Email from Joe Vitanza to All Pearl River Employees dated October 10, 2005 (bates 607—609). | ** |
| PX260 | Wyeth Employee Profile for Howard Henry dated November 18, 2005 (bates stamps D00104-D000106). | ** |
| PX261 | Letter from Littece Culler to Howard Henry dated January 10, 2006 (bates D-00571—D-00572) (Henry-34). | ** |
| PX262 | Letter from Martin Allen to Howard Henry dated January 18, 2006 (bates stamps D-00573) | ** |
| PX263 | Letter from Howard Henry to Martin Allen dated February 3, 2006 (bates stamps D-00574) | ** |
| PX264 | Personnel/Position Action Request Form for Howard Henry dated February 7, 2006 (bates stamps D-00107- D-00108).July 25, 2007. | ** |
| PX265 | Letter from Martin Allen to Howard Henry dated February 7, 2006 (bates D-00575) (Henry-35). | ** |
| PX266 | Letter from Martin Allen to Howard Henry dated February 7, 2006 (bates D-00576) (Henry-35). | ** |
| PX267 | Personnel/Position Action Request dated February 7, 2006 (bates stamps D-00107 – D-00108). | **Redundant**<br>**This is an exact**<br>**duplicate of PX** |

| | | 264 |
|---|---|---|
| PX268 | Letter from Howard Henry to Martin Allen dated February 9, 2006 (bates stamps D-00578). | ** |
| PX269 | Letter from Martin Allen to Howard Henry dated February 14, 2006 (bates stamps D-00579) | ** |
| PX270 | Wyeth Employee Profile for Howard Henry dated April 4, 2006 (bates D-00109—D-00111) (Henry-3). | ** |
| PX271 | Email from James McQuade to Healther Glatter dated April 5, 2006 containing forwarding e-mail from Peter Bigelow to James McQuade dated December 8, 2005 and Peter Bigelow to Howard dated February 25, 2004 (bates stamps D-000614) | Privileged |
| PX272 | Performance Appraisal for Jean Colas dated April 26, 2006 (bates stamps D-000789- D-000795) | ** |
| PX273 | Deposition of Howard Henry taken June 12, 2006 and marked exhibits. (designate line 1 page 3 to line 14 page 330) | This is not a proper trial exhibit, and its use by Plaintiff in his case in chief would violate F.R.C.P. Rule 43(a). Plaintiff here seeks to introduce in evidence the entire transcript of his deposition. Defendants object to the offering of any and all testimony by deposition of Plaintiff as part of Plaintiff's case in chief. There is no showing that Plaintiff is unavailable to |

| | | |
|---|---|---|
| | | testify in person. |
| **PX274** | Deposition of Michael McDermott taken July 25, 2006 and marked exhibits.<br>(designate line 2 page 4 to line 6 page 63) | **This is not a proper trial exhibit. Plaintiff here seeks to introduce into evidence the entire transcript of Mr. McDermott's deposition. Plaintiff has not followed the Court's order by designating any portions of this deposition he intends to offer.** |
| **PX275** | Deposition of Peter T. Bigelow taken July 25, 2006 and marked exhibits.<br>(designate line 2 page 4 to line 6 page 48) | **This is not a proper trial exhibit. Plaintiff here seeks to introduce into evidence the entire transcript of Mr. Bigelow's deposition. Mr. Bigelow is not a party or an officer, director or managing agent of a party within the meaning of F.R.C.P. Rule 30(a)(2). Moreover, Plaintiff has not followed the Court's order by designating** |

| | | any portions of this deposition he intends to offer. |
|---|---|---|
| **PX276** | Deposition of Walter Wardrop taken July 25, 2006 and marked exhibits. (designate line 2 page 4 to line 6 page 72) | **This is not a proper trial exhibit. Plaintiff here seeks to introduce into evidence the entire transcript of Mr. Wardrop's deposition. Plaintiff has not followed the Court's order by designating any portions of this deposition he intends to offer.** |
| **PX277** | Deposition of Joanne Rose taken July 25, 2006 and marked exhibits. (designate line 2 page 4 to line 6 page 51) | **This is not a proper trial exhibit. Plaintiff here seeks to introduce into evidence the entire transcript of Ms. Rose's deposition. Ms. Rose is not a party or an officer, director or managing agent of a party within the meaning of F.R.C.P. Rule 32(a)(2). Moreover, Plaintiff has not** |

| | | followed the Court's order by designating any portions of this deposition he intends to offer. |
|---|---|---|
| **PX278** | Declaration of Joanne Rose dated October 20, 2006 and accompanying exhibits. | **This is not a proper trial exhibit to be offered in Plaintiff's case in chief, and its use for that purpose would violate F.R.C.P. Rule 43(a). There is also no showing that Rose is unavailable to testify in person.** |
| **PX279** | Declaration of Andrew Schaschl dated October 20, 2006 and accompanying exhibits. | **This is not a proper trial exhibit to be offered in Plaintiff's case in chief, and its use for that purpose would violate F.R.C.P. Rule 43(a). There is also no showing that Schaschl is unavailable to testify in person.** |
| **PX280** | Declaration of John Simpson dated October 20, 2006 and accompanying exhibits. | **This is not a proper trial exhibit to be offered in Plaintiff's case** |

| | | |
|---|---|---|
| | | in chief, and its use for that purpose would violate F.R.C.P. Rule 43(a). There is also no showing that Simpson is unavailable to testify in person. |
| PX281 | Declaration of Kevin Costello dated October 20, 2006 and accompanying exhibits. | This is not a proper trial exhibit to be offered in Plaintiff's case in chief, and its use for that purpose would violate F.R.C.P. Rule 43(a). There is also no showing that Costello is unavailable to testify in person. |
| PX282 | Declaration of Kirit Rokad dated October 23, 2006 and accompanying exhibits. | This is not a proper trial exhibit to be offered in Plaintiff's case in chief, and its use for that purpose would violate F.R.C.P. Rule 43(a). There is also no showing that Rokad is unavailable to testify in person. |

| PX283 | Declaration of Max Katx dated October 27, 2006 and accompanying exhibits. | This is not a proper trial exhibit to be offered in Plaintiff's case in chief, and its use for that purpose would violate F.R.C.P. Rule 43(a). There is also no showing that Katz is unavailable to testify in person. |
|---|---|---|
| PX284 | Declaration of Walter Wardrop dated October 30, 2006 and accompanying exhibits. | This is not a proper trial exhibit to be offered in Plaintiff's case in chief, and its use for that purpose would violate F.R.C.P. Rule 43(a). There is also no showing that Wardrop is unavailable to testify in person. |
| PX285 | Declaration of Peter Bigelow dated October 30, 2006 and accompanying exhibits. | This is not a proper trial exhibit to be offered in Plaintiff's case in chief, and its use for that purpose would violate F.R.C.P. Rule 43(a). There is also no showing that |

| | | |
|---|---|---|
| | | **Bigelow is unavailable to testify in person.** |
| **PX286** | Affidavit of Newton Paul sworn to the 21st day of November 2006. | **This is not a proper trial exhibit to be offered in Plaintiff's case in chief, and its use for that purpose would violate F.R.C.P. Rule 43(a). There is also no showing that Paul is unavailable to testify in person. Defendants further object to the testimony of Paul on the grounds that it is irrelevant, incompetent and hearsay and should be excluded under FRE Rules 402, 403 and 701.** |
| **PX287** | Affidavit of Daisy Early sworn to the 20th day of November 2006. | **This is not a proper trial exhibit to be offered in Plaintiff's case in chief, and its use for that purpose would violate F.R.C.P. Rule 43(a). There is also no showing that** |

| | | | |
|---|---|---|---|
| | | | **Early is unavailable to testify in person. Defendants further object to the testimony of Early on the grounds that it is irrelevant, incompetent and hearsay and should be excluded under FRE Rules 402, 403 and 701.** |
| **PX288** | | Affidavit of Howard Henry in Opposition to Defendants' Motion for Summary Judgment sworn to the 27th day of November 2006 and accompanying exhibits. | **This is not a proper trial exhibit, and its use by Plaintiff in his case in chief would violate F.R.C.P. Rule 43(a). Plaintiff here seeks to introduce in evidence a self-serving affidavit of his personal opinions and contentions. Defendants object to the offering of any and all such evidence by affidavit as part of Plaintiff's case in chief. There is no showing that Plaintiff is unavailable to testify in person.** |

| PX289 | Job Description Worksheet for Production Coordinator position (bates D-00524---D-00527). | ** |
| PX290 | Job Description Worksheet for Sr. Process Engineer II position (bates D-00533—D-00537). | ** |
| PX291 | EEOC Dismissal and Notice of Rights (Right to Sue letter) in EEOC charge number 160-2006-00276. | ** if Plaintiff intends EEOC 0004-0006 as this exhibit. Otherwise, we are unable to identify this exhibit |
| .PX292 | Resume of Howard Henry (bates 3320—3322) (Henry-2 | ** |
| PX293 | CTC Qualification Procedure Flowchart and CTC Cleaning Notes (bates 1966—1967). | ** |
| PX294 | PPU#1 Employee Spreadsheet showing employees' positions within the PPU (bates 1513—1514). | ** |
| PX295 | PPU#1 Organizational Flow Chart (bates 2954). | ** |
| PX296 | PPU#2 Organizational Flow Chart (bates 2955 | ** |
| PX297 | Technology Organizational Flow Chart (bates 2956). | * Relevance |
| PX298 | Howard Henry medicals (bates DOC-0001—DOC-0073). | * As to contents, Hearsay, relevance, competence, FRE Rules 701, 702. |
| PX299 | EEOC Charge of Discrimination by Howard Henry against Defendants bearing EEOC charge number 160-2005-00013 (bates stamps D-00212-D-00246). | * As to contents, Hearsay; FRE Rules 402, 403, 408; Competency |
| PX300 | Job Posting for Scientist I (bates stamps D-00379) | ** |
| PX301 | Job Posting for Scientist II (bates stamps D-00381 – D-00382) | ** |
| PX302 | Memorandum "Replacement of Howard Henry," | * |

| | | | Relevance |
|---|---|---|---|
| | | undated (D-00388) | |
| PX303 | | Chemical and Pharmaceutical Organizational Flow Chart (bates stamps D-00389) | ** |
| PX304 | | Memorandum "Replacement of Carl Rizzo" "Promotion of Howard Henry," undated (bates stamps D-00392). | ** |
| PX305 | | Chemical and Pharmaceutical Organizational Flow Chart (bates stamps D-00393 – D-00394). | * This exhibit is two copies of the same document |
| PX306 | | Employee Spreadsheet showing employees' positions (bates stamps D-00538- D-00541) | ** |
| PX307 | | Job Posting for Staff Engineer I (bates stamps D-00542). | ** |
| PX308 | | Employee Spreadsheet showing employees' positions (bates stamps D-00543- D-00561). | ** |
| PX309 | | Job Posting for Manager, Manufacturing Support (bates stamps  D-00562) | ** |
| PX310 | | Job Posting for Staff Engineer I (bates stamps D-00495) | Redundant This is an exact duplicate of PX 307 |
| PX311 | | Job Posting for Staff Engineer II (bates stamps D-00496) | * Relevance |
| PX312 | | Job Posting for Staff Engineer I (bates stamps D-00497) | ** |
| PX313 | | Job Posting for Staff Engineer II (bates stamps D-00568) | Redundant This is an exact duplicate of PX 311 |
| PX314 | | Job Posting for Staff Engineer I (bates stamps D-00569) | Redundant This is an exact duplicate of PX 312 |
| PX315 | | Resume of Max J. Katz (bates stamps D-000686) | ** |
| PX316 | | Resume of Cara L. Muscolo (bates stamps D-000696- D-000697) | ** |
| PX317 | | Resume and cover letter of James Patch (bates stamps D-000708- D000713) | ** |

| | | |
|---|---|---|
| **PX318** | Internal Resume of Howard Henry (bates stamps D-00565 - D-00567) | ** |
| **PX319** | Workers Compensation, Notice of Decision, WB case number 3051 0842, undated (bates stamps (D-00577). | ** |
| **PX320** | Employees Claim for Compensation (bates stamps D-00587) | ** |
| **PX321** | Letter to Joanne Rose from Walter Wardrop "Summary of 2003 Review Process" (bates stamps D-000592- D000597) | ** |
| **PX322** | Resume of Beelin Cheang (bates stamps D-000685) | ** |
| **PX323** | Resume of Howard Henry (bates stamps D-00395). | ** |
| **PX324** | Letter from Walter to Joanne, undated (bates stamps D-000600). | ** |
| **PX325** | Agreement not to compete (bates stamps D-00057) | * **Relevance** |
| **PX326** | Confidentiality Statement (bates stamps D-00058) | * **Relevance** |
| **PX327** | Job Description Worksheet for Staff I Engineer (bates stamps D-00507 - D-00508). | ** |
| **PX328** | Job Description Worksheet for Production/Project Engineer (bates stamps D-00509- D-00513). | ** |
| **PX329** | Job Description Worksheet for Production Engineer (bates stamps D-00514-D-00518). | ** |
| **PX330** | Job Description Worksheet for Process Engineer I (bates stamps D-00519 -D-00523). | ** |
| **PX331** | Employment information for Howard Henry (bates stamps D-00073-D-00075). | ** |
| **PX332** | Facsimile from Donna Orzell to Sean Oliveira c/o EEOC with related documents D-00205 - D-00209). | * **Relevance; FRE Rules 402, 403, 408** |
| **PX333** | Email from Nicole Drai to Howard Henry and | * |

| | | Walter Wardrop (bates stamps D-00268). | Relevance |
|---|---|---|---|
| | | Any documents that are produced after the date of this Joint Pretrial Order pursuant to the parties' continuing obligation to respond to discovery request and that are subsequently designated by Plaintiffs. | |
| | | | |

Key: (*) one star indicating exhibits to which no party objects to admissibility on grounds of authenticity

(**) two stars indicating exhibits to which no party objects to admissibility on any ground.

NOTE: Plaintiff reserves the right to produce and use at trial blow-ups or charts and summaries of any of the above documents, or of any documents designated by Defendant.

Defendants reserve the right to assert objections to the admissibility of the contents of certain information in Plaintiff's exhibits depending on the purpose for which the exhibit is offered.

B

## EXHIBIT B

## DEFENDANT'S TRIAL EXHIBITS
## AND PLAINTIFF'S OBJECTIONS

Documents produced by Wyeth are numbered with a "D" prefix or an "EEOC" prefix.
Documents numbered without letter prefix were produced by Plaintiff.

| EXHIBIT # | DESCRIPTION | OBJECTIONS |
|---|---|---|
| DX 1 | Bates Range 4026-4028: Henry's resume, dated to "present" | ** |
| DX 2 | Bates Range 3320-3322: Henry's resume, dated to Feb. 2006 | ** |
| DX 3 | Bates Range D-00112-00115: Henry's Performance Planning and Review Form for period 8/93-11/93 | ** |
| DX 4 | Bates Range 4345-4349: Henry's Performance Planning and Review Form for period 11/93-11/94 | ** |
| DX 5 | Bates Range 4316-4319: Henry's Performance Planning and Review Form for period 12/94-8/95 | ** |
| DX 6 | Bates Range 4336-4339: Henry's Performance Planning and Appraisal for period 9/95-9/96 | ** |
| DX 7 | Bates Range 4324-4327: Henry's Performance Planning and Appraisal for period 9/96-9/97 | ** |
| DX 8 | Bates Range 4320-4323: Henry's Performance Planning and Appraisal for period 10/97-9/98 | ** |
| DX 9 | Bates Range D-00144-00147: Henry's Performance Planning and Appraisal for period 10/98-9/99 | ** |
| DX 10 | Bates Range 4330-4334: Henry's Performance Planning and Appraisal for period 1/00-12/00 | ** |
| DX 11 | Bates Range 4020-4025: Henry's Performance Planning and Appraisal for period 1/01-12/01 | ** |
| DX 12 | Bates Range 4015-4019: Henry's Performance Appraisal for period 1/02-12/02 | ** |
| DX 13 | Bates Range 1955-1962: Henry's Train 1 2003 Performance Objectives | ** |
| DX 14 | Bates Range D-00038-00040: American Cyanamid Company Employment Application dated 1992 | ** |
| DX 15 | 2 pages, not Bates numbered: Henry's Mid-Year Review 2003, dated September 9, 2003 | |
| DX 16 | Bates Range 1923: Email from Wardrop to Train 1 Staff re End of Year Performance Evaluations, dated October 2, 2003 | ** |
| DX 17 | Bates Range EEOC 0051-0054: Henry's Performance Appraisal for period 1/03-12/03 | ** |
| DX 18 | Bates Range 4010-4014: Henry's Performance | ** |

| | Appraisal for period 1/03-12/03 | |
|---|---|---|
| DX 19 | Bates Range D-00273-00295: Memo from Henry to Wardrop re 2003 Goals with attachment, dated January 5, 2004 | ** |
| DX 20 | Bates Range D 000588-000590: Memo from Schaschl to File re Personal Notes: Meeting between Howard Henry and Andrew Schaschl, dated January 9, 2004 | ** |
| DX 21 | Bates Range D 000604-000605: Notes of Joanne Rose from January 12, 2004 Meeting with Henry | ** |
| DX 22 | Bates Range D 000592-000597: Memo from Wardrop to Rose re Summary of the 2003 Review Process and Org-Cascade, dated January 15, 2004 | ** |
| DX 23 | Bates Range D 000603: Notes of Joanne Rose from Meeting between Henry, Wardrop and Rose on January 16, 2004 | ** |
| DX 24 | Bates Range 1535-1536: Email from Hudak to Howard & Ruth re Interview/Resume for Howard Henry with attachment, dated January 22, 2004 | ** |
| DX 25 | Bates Range 1448: Email exchange between Henry and Peter Bigelow re Situation, dated January 27, 2004 | ** |
| DX 26 | Bates Range 1511, 1447: Email exchange between Henry and Burt re SAP Training Session, dated January 1 and February 2, 2004 | ** |
| DX 27 | Bates Range 1438: Email from Henry to Bigelow re Statement and Request, dated February 16, 2004 | ** |
| DX 28 | Bates Range 1432: Email from Bigelow to Henry re Review of Past Performance Appraisals, dated February 25, 2004 | ** |
| DX 29 | Bates Range 1407: Email from Henry to Bigelow re Per Your Request, dated April 26, 2004 | ** |
| DX 30 | Bates Range 3996: Email from Grantland to Henry re Per Your Request, dated May 6, 2004 | ** |
| DX 31 | Bates Range 1496-1497: Henry's 2004 Quarterly Review – 1st Quarter | ** |
| DX 32 | Bates Range 1494-1495: Henry's 2004 Quarterly Review – Mid-Year Review, dated July 9, 2004 | ** |
| DX 33 | Bates Range D-00070-00074: Employment Action Notice, dated July 8, 2004 | ** |
| DX 34 | Bates Range 1528: Job Posting for Manager, Manufacturing Support, posting dates September 22-28, 2004 | ** |
| DX 35 | Bates Range D-00562: Job Posting for Manager, Manufacturing Support, posting dates September 22-28, 2004 | ** |

| DX 36 | Bates Range 1524, 1526, 1531: Email exchange between Henry, HRJOBSPEARLRIVER, and Verhasselt re Job Posting and Interview for Manager, Manufacturing Support, dated October 1, November 3, and November 30, 2004 | ** |
|---|---|---|
| DX 37 | Bates Range D-00434-464: Email from Rose to Burt, Defeciani, Espejo, Muscolo, Verhasselt, Bradford, Costello and Wardrop re Competency Based Interviewing with attachment, dated November 1, 2004 | ** |
| DX 38 | Bates Range D 000808-000813: Email from Muscolo to Espejo re Manager Support Services Tally with attachment, dated November 10, 2004 | ** |
| DX 39 | Bates Range D-00170-00173: Henry's Performance Appraisal for period 1/04-12/04 | ** |
| DX 40 | Bates Range D-00493: Memo from Espejo to Consumer Healthcare Manufacturing Employees re Max Katz Appointed PPU 1 Manager of Manufacturing Support, dated January 3, 2004 | ** |
| DX 41 | Bates Range D-00326: Email exchange between Katz, Henry, and Espejo re Important Information for February 2005, dated February 3, 2005 | ** |
| DX 42 | Bates Range 1072, 74, 1144: Email exchange between Katz, Henry, and Espejo re Important Information for February 2005 with handwritten notes, dated February 3, 2005; Email exchange between Livermore and Espejo re Help..., dated February 2 and 16, 2005; Email from Espejo to Henry re Help... with handwritten notes, dated February 16, 2005 | ** |
| DX 43 | Bates Range D-00327: Email exchange between Katz and Henry re %Loss/%Gain (After Coating) MIR's for Centrum, dated February 8-9, 2005 | ** |
| DX 44 | Bates Range D-00338-00339: Email exchange between Espejo and Henry re Weekly Maintenance Zone Management Checklists, dated February 18 and March 15-16, 2005 | ** |
| DX 45 | Bates Range D 000752-000788: HH Chronology with supporting documents, dated as of April 5, 2005 | ** |
| DX 46 | Bates Range 514-515: Email exchange between Espejo and Henry re Weekly Maintenance Zone Management Checklists, dated February 18 and March 15-16, 2005 | ** |
| DX 47 | Bates Range D-00352: Email exchange between Katz and Espejo re Timely Review of PMOs, dated | ** |

| | | |
|---|---|---|
| | March 29-30, 2005 | |
| DX 48 | Bates Range 1050:  Email from Katz to Henry re Hot Items, dated May 19, 2005 | ** |
| DX 49 | Bates Range 3765-3768:  Henry's 2005 Performance Feedback for period 1/03/05-6/14/05, dated May 31, 2005 | ** |
| DX 50 | Bates Range 3720-3723:  Henry's Guide for Performance Improvement, dated June 24, 2005 | ** |
| DX 51 | Bates Range D-00090-00093:  Henry's Guide for Performance Improvement with signatures, dated June 24, 2005 | ** |
| DX 52 | Bates Range 3727:  Memo from Katz to Henry re Follow up to Meeting on July 25, 2005, dated July 28, 2005 | ** |
| DX 53 | Bates Range D-00571-00572:  Letter from Culler to Henry re Employment Status, dated January 10, 2006 | ** |
| DX 54 | Bates Range D-00575:  Memo from Allen to Henry re Follow-Up to January 10 Letter, dated February 7, 2006 | ** |
| DX 55 | Bates Range D-00524-00527:  DeFeciani's Job Description Worksheet | ** |
| DX 56 | Bates Range D 000728-000732:  DeFeciani's Performance Planning and Appraisal for period 1/00-12/00 | ** |
| DX 57 | Bates Range D 000722-000727:  DeFeciani's Performance Planning and Appraisal for period 1/01-12/01 | ** |
| DX 58 | Bates Range D 000717-000721:  DeFeciani's Performance Appraisal for period "11/01/02 to 10/31/02" | ** |
| DX 59 | Bates Range D 000744-000749:  Morgan's Performance Appraisal for period 1/02-12/02 | ** |
| DX 60 | Bates Range D 0000738-000743:  Morgan's Performance Appraisal for period 1/03-12/03 | ** |
| DX 61 | Bates Range D 000733-000737:  Morgan's Performance Appraisal for period 1/04-12/04 | ** |
| DX 62 | Bates Range D-00533-00537:  Montanez's Job Description Worksheet | ** |
| DX 63 | Bates Range D-00528-00532:  Moynihan's Job Description Worksheet | ** |
| DX 64 | Bates Range D 000686:  Katz's Resume | ** |
| DX 65 | Bates Range D-00067:  Memo from Peppard to All Managers/Supervisors re Unlawful Harassment, dated June 29, 2001 | ** |
| DX 66 | Bates Range 2224-2230:  Memo from Peppard to | ** |

| | | |
|---|---|---|
| | All Non-Supervisory Employees re Unlawful Harassment Policies, dated June 29, 2001 | |
| DX 67 | Bates Range D-00109-00111, Henry's Employee Profile, dated April 4, 2006 | ** |
| DX 68 | 12 pages, not Bates numbered: Complaint, dated September 19, 2005 | ** |
| DX 69 | 9 pages, not Bates numbered: EEOC Notice of Charge of Discrimination, dated September 24, 2004 | ** |
| DX 70 | 3 pages, not Bates numbered: EEOC Notice of Charge of Discrimination, dated October 6, 2005 | ** |
| DX 71 | Bates Range 1555-1556, 3811-3812, D-00542: Documents relating to Staff Engineer I position, January 2004 | ** |
| DX 72 | Bates Range 1527-1530: Documents relating to Manager, Manufacturing Support position, September 2004 | ** |
| DX 73 | Bates Range D-00296-D-00297: Espejo to File, March 16, 2004, re Howard Henry AWOL on Friday March 12, 2004 | ** |
| DX 74 | Bates Range D-00584-D-00586: Certification of Health Care Provider, dated August 16, 2005 | ** |
| DX 75 | Bates Range D-00263: Email from Wardrop to Howard re Trackwise Account Access, dated September 18, 2003 | ** |
| DX 76 | Bates Range D-00272: Email exchange between Wardrop and Testaverde re Howard Henry Trackwise Training, dated November 13, 2003 | ** |
| DX 77 | Bates Range D-00298: Email from Rose to Frazelle re Mid Year Review – H. Henry | ** |
| DX 78 | Bates Range D-00304-00305: Email exchange between Henry, Shankar, Hall and Fieldhouse re Drag Finisher Ultrasonic, dated January 19, 2005 | ** |
| DX 79 | Bates Range D-00308: Email exchange between Henry and Katz re CTC Batch Accountability Issue, dated January 25, 2005 | ** |
| DX 80 | Bates Range D-00309: Email exchange between Henry and Espejo re Batch Accountability, dated February 24, 2005 | ** |
| DX 81 | Bates Range D-00313: Email exchange between Katz and Henry re Pall Filter CPA, dated January 25, 2005 | ** |
| DX 82 | Bates Range D-00316: Email exchange between Katz and Henry re CTC Poster, dated January 27, 2005 | ** |
| DX 83 | Bates Range D-00319: Email from Katz to Henry | ** |

| | | |
|---|---|---|
| | re Thomas Engineering Meeting, dated February 3, 2005 | |
| DX 84 | Bates Range D-00322:  Email exchange between Henry and Katz re Follow-up on Thomas Engineering Meeting, dated February 8, 2005 | ** |
| DX 85 | Bates Range D-00323:  Email exchange between Espejo and Henry re Cause of Computer Crash, dated February 9, 2005 | ** |
| DX 86 | Bates Range D-00324-00327:  Email exchange between Dricoll, Henry, and Katz re CTC Follow Up, dated February 14-15, 2005; Email exchange between Katz, Livermore, and Henry re Important Information for February 2005, dated February 3, 2005; Email exchange between Rivera, Moatter, Espejo, Henry, and Katz re Loss/Gain MIR's for Centrum, dated February 8-9, 2005 | ** |
| DX 87 | Bates Range D-00329:  Email from Katz to Henry re Coating Solution in the Air Lines Again, dated February 9, 2005 | ** |
| DX 88 | Bates Range D-00330-00332:  Email from Katz to Henry re Personnel Calendar on the Shared Drive w/Attachment, dated February 16, 2005 | ** |
| DX 89 | Bates Range D-00402A:  Email from Ruffner to Marroso re Immigration Justification, dated May 19, 2005 | ** |
| DX 90 | Bates Range D-00410-00411:  Email exchange between Espejo and Verhasselt re Mgr. Mfg Support, dated October 18, 2004 | ** |
| DX 91 | Bates Range D-00417:  Email exchange between Rose and Verhasselt re Competency Based Interviewing, dated October 28, 2004 | ** |
| DX 92 | Bates Range D-00495:  Exempt Job Opportunity posting, 1/23/2004-1/27/2004 | ** |
| DX 93 | Bates Range D-00502-00506:  Job Description Template for Henry, dated May 1, 2004 | ** |
| DX 94 | Bates Range D-00538-00539:  Job Posting Data Sheet | ** |
| DX 95 | Bates Range D 000600: Memo from Walter ot Joanne re Henry's Performance Reviews | ** |
| DX 96 | Bates Range D 000609-000610:  Summary of Henry's 2003 Progress Review, dated January 27, 2004 | ** |
| DX 97 | Bates Range D 0006111:  Email from Bigelow re Meeting with Henry and Perf. Appraisals, dated February 13, 2004 | ** |
| DX 98 | Bates Range D 000615-000616:    Email from | ** |

| | | |
|---|---|---|
| | Vitanza re Discussion with Grantland and Bigelow, dated May 6, 2004 | |
| DX 99 | Bates Range D 000617: Email from Wardrop to Sackett re Copy of Henry's 2003 Performance Review, dated April 7, 2004 | ** |
| DX 100 | Bates Range D 000635: 6/24/05 Howard Henry PIP Discussion & Delivery of Midyear Evaluation, Meeting Notes by Stacey Marroso | ** |
| DX 101 | Bates Range D 000637-000639: 7/25/05 Howard Henry PIP Status Discussion, Meeting Notes by Stacey Marroso | ** |
| DX 102 | Bates Range D 000641-000642: 7/6/05 Howard Henry PIP Status Discussion, Meeting Notes by Stacey Marroso | ** |
| DX 103 | Bates Range D 000643: Email exchange between Henry, Katz, and Marroso re Springboard Initiative Project Proposals, dated August 1, 2005 | ** |
| DX 104 | Bates Range D-000814-D-000816; Email to Espejo with Interview Schedules, dated November 1, 2004 | ** |
| DX 105 | Bates Range D 000685: Beelin Cheang's Resume | ** |
| DX 106 | Bates Range D 000803-000807: Jean Colas' 2003 Performance Review | ** |
| DX 107 | Bates Range D 000796-000802: Jean Colas' 2004 Performance Review | ** |
| DX 108 | Bates Range D 000789-000795: Jean Colas' 2005 Performance Review | ** |
| DX 109 | Bates Range D 000696-000697: Cara Muscolo's Resume | ** |
| DX 110 | Bates Range D 000698-000702: Cara Muscolo's 2000 Performance Review | ** |
| DX 111 | Bates Range D 000692-000695: Max Katz's 2003 Performance Review | ** |
| DX 112 | Bates Range D 000687-000691: Max Katz's 2004 Performance Review | ** |
| DX 113 | Bates Range D 000707: James Patch's Offer Acceptance Form | ** |
| DX 114 | Bates Range D 000708-000713: James Patch's Resume | ** |
| DX 115 | Bates Range D 000716: James Patch's Degree Confirmation Certificate | ** |
| DX 116 | Bates Range 3724–3726: July 1, 2005 Memo from Henry to Katz re Response to PIP | ** |
| DX 117 | Bates Range 2312 -2327: Wyeth Policies | ** |
| DX 118 | Bates Range 4588-4599: Letters regarding Henry's efforts to find employment | ** |
| DX 119 | Bates Range 1455: Email from Rose to Henry and | ** |

| | | |
|---|---|---|
| | Wardrop re Meeting to Discuss Performance, dated January 15, 2004 | |
| DX 120 | Bates Range 1939: Email from Wardrop to Nery and Testaverde re CTC Accountability, dated July 1, 2003 | ** |
| DX 121 | Bates Range 1969: Email chain between Wardrop and Henry re CTC PMO, dated January 23, 2003 | ** |
| DX 122 | Bates Range D 000681-000684: Email from Bigelow to Grantland and Sackett with Attachment re Summary Findings—Howard Henry, dated April 26, 2004 | ** |
| DX 123 | Bates Range D-000591: Email from Joanne Rose to Howard Henry dated January 13, 2004. | ** |
| DX 124 | Bates Range D-000598: Email from Joanne Rose to Donna Grantland dated January 16, 2004. | ** |
| DX 125 | Bates Range D-000607-D000608: Email from Peter Bigelow to Howard Henry dated January 27, 2004. | ** |
| DX 126 | Bates Range D-000612: Email from Howard Henry to Peter Bigelow dated February 16, 2004. | ** |
| DX 127 | Bates Range D-000682-D-000684: Summary of Findings – Howard Henry dated April 7, 2004. | ** |
| DX 128 | Bates Range D-000618: Email from Eugene Sackett to Howard Henry dated April 15, 2004. | ** |
| DX 129 | Bates Range D-000620: Email from Donna Grantland to Peter Bigelow and Eugene Sacket, dated April 29, 2004. | ** |
| DX 130 | Bates Range D-000351: Email from Andrew Espejo to Max Katz dated March 29, 2005. | ** |
| DX 131 | Bates Range D-000352: Email from Max Katz to Andrew Espejo dated March 30, 2005 containing forward of email from Andrew Espejo to Max Katz, dated March 29, 2005. | ** |
| | Any documents that are produced after the date of this Joint Pretrial Order pursuant to the parties' continuing obligation to respond to discovery request and that are subsequently designated by Defendants. | |

Key:  (*) one star indicating exhibits to which no party objects on grounds of authenticity
      (**) two stars indicating exhibits to which no party objects on any ground.

Defendants reserve the right to produce and use at trial blow-ups or charts   and summaries of any of the above documents, or of any documents designated by Plaintiff.

Plaintiff reserves the right to assert objections to the admissibility of the contents of certain information in Defendants' exhibits depending on the purpose for which the exhibit is offered.

C

# EXHIBIT C

## PLAINTIFF'S DESIGNATION OF DEPOSITION TESTIMONY TO BE OFFERED IN ITS CASE IN CHIEF

| | DEPOSITION OF<br>PLAINTIFF'S DESIGNATIONS | OBJECTIONS BY DEFENDANTS |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |
| 17. | | |
| 18. | | |
| 19. | | |
| 20. | | |
| 21. | | |
| 22. | | |
| 23. | | |
| 24. | | |
| 25. | | |
| 26. | | |
| 27. | | |
| 28. | | |
| 29. | | |
| 30. | | |
| 31. | | |
| 32. | | |
| 33. | | |

D

EXHIBIT D

## DEFENDANT'S DESIGNATION OF DEPOSITION TESTIMONY
## TO BE OFFERED IN ITS CASE IN CHIEF*

| | Deposition of Howard A. Henry – June 12, 2006 | OBJECTIONS BY PLAINTIFF |
|---|---|---|
| 1 | Page 17, line 9 to Page 18, line 3 | |
| 2 | Page 30, line 18 to Page 31, line 12 | Objection To Form |
| 3 | Page 32, lines 5 to 25 | |
| 4 | Page 34, lines 9 to 24 | |
| 5 | Page 35, line 10 to Page 36, line 3 | Objection to Form |
| 6 | Page 38, lines 2 to 5 | |
| 7 | Page 38, line 6 to Page 39, line 15 | |
| 8 | Page 39, lines 16 to 21 | |
| 9 | Page 39, line 22 to Page 40, line 7 | |
| 10 | Page 40, lines 8 to 22 | |
| 11 | Page 42, line 19 to Page 43, line 8 | |
| 12 | Page 43, lines 9 to 25 | |
| 13 | Page 45, lines 4 to 20 | |
| 14 | Page 46, line 2 to Page 48, line 11 | |
| 15 | Page 48, line 12 to Page 51, line 22 | Hearsay |
| 16 | Page 51, line 23 to Page 52, line 9 | Hearsay |
| 17 | Page 52, line 24 to Page 53, line 10 | |
| 18 | Page 54, line 18 to Page 57, line 25 | |
| 19 | Page 58, line 14 to Page 59, line 25 | Objection To Form |
| 20 | Page 60, lines 2 to 11 | |
| 21 | Page 62, lines 11 to 18 | |
| 22 | Page 62, line 19 to Page 63, line 2 | |
| 23 | Page 63, lines 3 to 7 | |
| 24 | Page 63, line 8 to Page 64, line 12 | |
| 25 | Page 67, lines 10 to 18 | |
| 26 | Page 67, lines 19 to 22 | |
| 27 | Page 71, lines 3 to 16 | |
| 28 | Page 71, lines 17 to 24 | |
| 29 | Page 71, line 25 to Page 72, line 18 | |
| 30 | Page 72, line 19 to Page 74, line 25 | Hearsay |
| 31 | Page 76, lines 11 to 20 | |
| 32 | Page 76, line 21 to Page 77, line 19 | |
| 33 | Page 77, line 20 to Page 78, line 22 | |

| 34 | Page 78, line 23 to Page 80, line 2 | Hearsay |
| 35 | Page 80, lines 16 to 21 | |
| 36 | Page 80, line 22 to Page 81, line 22 | |
| 37 | Page 81, line 23 to Page 82, line 7 | |
| 38 | Page 83, line 12 to Page 85, line 10 | |
| 39 | Page 85, lines 11 to 25 | |
| 40 | Page 87, line 24 to Page 88, line 9 | |
| 41 | Page 88, lines 16 to 24 | |
| 42 | Page 89, lines 17 to 22 | Objection to Form |
| 43 | Page 90, lines 9 to 20 | |
| 44 | Page 91, lines 5 to 14 | |
| 45 | Page 91, line 17 to Page 92, line 12 | |
| 46 | Page 92, lines 13 to 23 | |
| 47 | Page 93, lines 8 to 24 | |
| 48 | Page 94, line 24 to Page 95, line 20 | |
| 49 | Page 97, lines 2 to 24 | |
| 50 | Page 98, lines 5 to 12 | |
| 51 | Page 99, lines 2 to 18 | |
| 52 | Page 101, lines 8 to 25 | |
| 53 | Page 102, line 6 to Page 103, line 6 | |
| 54 | Page 103, line 22 to Page 104, line 17 | |
| 55 | Page 104, line 18 to Page 105, line 3 | |
| 56 | Page 106, line 22 to Page 107, line 12 | |
| 57 | Page 112, lines 8 to 21 | |
| 58 | Page 113, line 15 to Page 114, line 19 | |
| 59 | Page 116, line 8 to Page 117, line 4 | Objection To Form |
| 60 | Page 117, line 5 to Page 118, line 24 | Objection To Form |
| 61 | Page 122, lines 15 to 20 | |
| 62 | Page 122, line 21 to Page 125, line 9 | |
| 63 | Page 125, line 14 to Page 127, line 2 | |
| 64 | Page 127, lines 3 to 23 | |
| 65 | Page 127, line 24 to Page 128, line 18 | |
| 66 | Page 130, lines 14 to 21 | |
| 67 | Page 131, lines 20 to 23 | |
| 68 | Page 133, lines 3 to 14 | |
| 69 | Page 134, lines 13 to 19 | |
| 70 | Page 135, lines 14 to 24 | |
| 71 | Page 138, lines 8 to 13 | |
| 72 | Page 138, line 17 to Page 139, line 2 | |
| 73 | Page 162, line 5 to Page 163, line 25 | |
| 74 | Page 170, lines 16 to 23 | Objection To Form |

| 75 | Page 170, line 24 to Page 171, line 2 | |
|---|---|---|
| 76 | Page 171, lines 17 to 21 | |
| 77 | Page 176, lines 18 to 22 | |
| 78 | Page 177, lines 7 to 22 | |
| 79 | Page 179, lines 18 to 23 | |
| 80 | Page 183, lines 10 to 16 | |
| 81 | Page 193, line 20 to Page 195, line 7 | |
| 82 | Page 197, lines 17 to 22 | |
| 83 | Page 198, line 16 to page 200, line 9 | |
| 84 | Page 206, lines 6 to 22 | |
| 85 | Page 209, lines 2 to 20 | |
| 86 | Page 211, lines 10 to 25 | |
| 87 | Page 212, lines 2 to 10 | |
| 88 | Page 215, lines 6 to 17 | |
| 89 | Page 226, line 23 to Page 227, line 16 | |
| 90 | Page 228, line 25 to Page 229, line 10 | |
| 91 | Page 230, line 14 to Page 231, line 6 | |
| 92 | Page 232, lines 20 to 25 | |
| 93 | Page 235, line 6 to Page 236, line 10 | |
| 94 | Page 242, lines 10 to 15 | |
| 95 | Page 242, line 16 to Page 243, line 5 | |
| 96 | Page 246, lines 11 to 22 | |
| 97 | Page 246, line 23 to Page 247, line 10 | |
| 98 | Page 261, lines 17 to 21 | |
| 99 | Page 264, lines 3 to 9 | Hearsay |
| 100 | Page 267, lines 19 to 23 | Hearsay |
| 101 | Page 268, line 6 to Page 269, line 11 | |
| 102 | Page 270, line 25 to Page 271, line 9 | |
| 103 | Page 279, line 11 to Page 280, line 15 | |
| 104 | Page 280, line 18 to Page 281, line 13 | |
| 105 | Page 282, line 22 to Page 283, line 5 | |
| 106 | Page 283, lines 6 to 21 | |
| 107 | Page 285, line 3 to Page 286, line 22 | |
| 108 | Page 287, line 2 to Page 288, line 14 | |
| 109 | Page 290, line 22 to Page 291, line 15 | |
| 110 | Page 292, line 20 to Page 293, line 9 | |
| 111 | Page 293, line 24 to Page 294, line 8 | |
| 112 | Page 295, lines 17 to 23 | |
| 113 | Page 297, lines 6 to 12 | |

* Defendants may offer the foregoing deposition testimony via videotape.