UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HOWARD HENRY,

                Plaintiff,

            v.

WYETH PHARMACEUTICALS, INC.,
WALTER WARDROP, ANDREW SCHASCHL,
AND MICHAEL MCDERMOTT

                Defendants.
------------------------------------------------------------X

NO. 05-CV-8106 (WCC)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE NO. 4 TO PRECLUDE PLAINTIFF FROM OFFERING TESTIMONY BY AFFIDAVIT OR DEPOSITION IN HIS CASE IN CHIEF UNLESS AUTHORIZED BY RULE

Michael Delikat
James H. McQuade
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals, a Division
of Wyeth, Walter Wardrop, and Michael McDermott

OHS East:160358841.2

Defendants Wyeth Pharmaceuticals, a Division of Wyeth ("Wyeth"), Walter Wardrop ("Wardrop") and Michael McDermott ("McDermott") (referred to collectively as "Defendants") respectfully submit this motion *in limine* to preclude plaintiff Howard Henry ("Plaintiff" or "Henry") from offering in his case in chief testimony of witnesses by affidavit, declaration or deposition except to the extent the offering of such evidence is authorized by specific provisions of Rule 32 of the Federal Rules of Civil Procedure and Rules 801, 802, 803 and 804 of the Federal Rules of Evidence. Any evidence so offered not in compliance with Rule 32 and the relevant Rules of Evidence is inadmissible hearsay and its introduction would be in violation of Rule 43(a) of the Federal Rules of Civil Procedure and Rule 802 of the Federal Rules of Evidence.

## I. FACTS.

### A. The issues in this lawsuit.

Henry is African-American and a former employee of Wyeth who maintains this action against Wyeth, Walter Wardrop, his supervisor at Wyeth from August 2000 to January 2004, and Michael McDermott, the Managing Director of Wyeth's Pearl River facility from 2002 through February 2004.[1] McQuade Decl., Ex. 1, at 1. Henry asserts claims for discrimination based upon his race and color under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, under 42 U.S.C. 1981, and under the New York State Human Rights Law, Exec. Law § 290 *et seq.*

Henry bases his discrimination claims on allegations that he suffered discrimination on account of his race on several occasions between December 2001 and July 2005 when he did not receive certain promotions, was given performance evaluations that he disagreed with, was

---

[1] The facts herein are taken from those found by the Court to be undisputed in its Memorandum Decision and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Reassigning the Action to White Plains Pursuant to Local Rule 22, filed herein July 30, 2007 (the "Order"). A copy of the order is attached as Exhibit 1 to the Declaration of James H. McQuade ("McQuade Decl."), dated December 19, 2007, and filed herewith.

OHS East:160358841.2

transferred to a position as part of a corporate reorganization that he alleges constituted an effective demotion, and was placed on a performance improvement plan. McQuade Decl. Ex. 1, at 1. He also claims that he suffered retaliation for complaining of the discriminatory treatment he experienced. *Id.*

The promotions or transfers Henry claims he was discriminatorily denied occurred at different times, and the decisions concerning them were made by different decision-makers who were in different decision-making hierarchies. *Id.* at 5-12, 18-21, 31-33.

Wardrop had promoted Henry to the position of Production Engineer in Wyeth's Consumer Health Division in August 2000 and gave him his performance evaluations for 2000, 2001, 2002 and 2003. Order, at 4. For 2000, Wardrop gave Henry an overall rating of "3" out of 5. *Id.* For 2001 and 2002, Wardrop gave Henry an overall rating of "4" out of 5. *Id.* Wardrop also gave Henry an overall rating of "3" out of 5 in 2003, which Henry claims were discriminatory. *Id.* In January 2004, as part of a reorganization of the Pearl River site, Wardrop was assigned to a new position and was no longer in a line of supervision over Henry. *Id.* at 30. Henry's performance evaluations after that time were done by other managers, Andrew Espejo and Max Katz. *Id.* at 30, 33-40. In that same reorganization, Henry was reassigned to, though not ultimately placed in, a position as Packaging Supervisor, which he regarded as a demotion. *Id.* at 30.

McDermott did not have any encounters with Henry until January 2004, when Henry had two meetings with him to discuss his complaints about his assignment to the Packaging Supervisor position and his 2003 performance evaluations. *Id.* at 24-25. McDermott had no involvement in making specific assignments in the December 2003 reorganization below the level of several director positions reporting directly to him – far above Henry's level in the organization. *Id.* at 19. Henry claims that, in the course of these conversations with McDermott, McDermott made a disputed comment about diversity. *Id.* at 25. As of February 2004,

McDermott moved out of the Consumer Health Division to the Vaccine Division and no longer had any responsibility for the division in which Henry worked. *Id.* Subsequent discussions with Henry about the Packaging Supervisor assignment and his 2003 performance evaluations took place with other managers, as did the evaluation of his performance in 2004 and 2005. *Id.* at 21-31, 33-39.

Henry filed a charge of discrimination with the New York State Division of Human Rights on or about September 24, 2004, alleging that he had been denied certain promotions and had received a transfer to the Packaging Department because of his race. *Id.* at 42. On or about October 15, 2005, Henry filed a second charge of discrimination with the EEOC, alleging retaliation for filing his first charge of discrimination. *Id.*

Henry took a medical leave of absence from his Wyeth employment on August 5, 2005, and did not return to work at Wyeth thereafter. *Id.* at 41. On February 6, 2006, because Henry had chosen not to submit the requisite medical documentation to support a continued medical leave, his employment with Wyeth was terminated. *Id.*

### B. The expected affidavit, declaration or deposition testimony.

Henry, in his list of intended witnesses submitted in the Joint Pre-Trial Order on file herein, states the following:

> With respect to prior testimony, Plaintiff at this time does not intend to offer any prior testimony as part of his case in chief unless a witness becomes unavailable or it is for the purpose of impeaching a witness or refreshing a witness's recollection, in which event the deposition testimony, interrogatories, affidavits, and/or declarations of Michael McDermott, Peter Bigelow, Joanne Rose, Walter Wardrop, John Simpson, Kirit Rokad, Kevin Costello, Max Katz, Andrew Espejo, Andrew Schaschl, Howard Henry, Newton Paul, and Daisy Early may be offered.[2]

McQuade Decl., Ex. 2.

---

[2] In an amended witness list received from Plaintiff on December 14, 2007, Henry has withdrawn the names of Kirit Rokad and John Simpson from his list of proposed witnesses. *Id.* at ¶ 2.

OHS East:160358841.2                    3

In addition, Henry has designated as trial exhibits he intends to introduce as part of his case in chief the following:

| | |
|---|---|
| PX 273 | Deposition of Howard Henry taken June 12, 2006 |
| PX 274 | Deposition of Michael McDermott taken July 25, 2006 |
| PX 275 | Deposition of Peter T. Bigelow taken July 25, 2006 |
| PX 276 | Deposition of Walter Wardrop taken July 25, 2006 |
| PX 277 | Deposition of Joanne Rose taken July 25, 2006 |
| PX 278 | Declaration of Joanne Rose dated October 20, 2006 |
| PX 279 | Declaration of Andrew Schaschl dated October 20, 2006 |
| PX 280 | Declaration of John Simpson dated October 20, 2006 |
| PX 281 | Declaration of Kevin Costello dated October 20, 2006 |
| PX 282 | Declaration of Kirit Rokat dated October 23, 2006 |
| PX 283 | Declaration of Max Katz dated October 27, 2006 |
| PX 284 | Declaration of Walter Wardrop dated October 30, 2006 |
| PX 285 | Declaration of Peter Bigelow dated October 30, 2006 |
| PX 286 | Affidavit of Newton Paul sworn to November 21, 2006 |
| PX 287 | Affidavit of Daisy Early sworn to November 20, 2006 |
| PX 288 | Affidavit of Howard Henry sworn to November 27, 2006 |

*Id.*

In each case, Henry has also indicated his intention to introduce in evidence the "marked exhibits", without further elaboration, to these documents. The affidavits of Newton Paul, Daisy Early and Howard Henry, in addition, were elicited by Henry's counsel and not under circumstances affording Defendants an opportunity for cross-examination.

## II.   ARGUMENT.

Henry should be precluded from presenting the deposition transcripts, affidavits and declarations listed above except as specifically permitted by Rule. The general rule that governs the admissibility of evidence at trial is Rule 43(a) of the Federal Rules of Civil Procedure. As amended effective December 1, 2007, the rule provides:

> **Rule 43.   Taking Testimony**
> **(a) In Open Court.** At trial, the witnesses' testimony *must* be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.

(emphasis added). The proffered documents all comprise, at trial, out-of-court statements which, given Henry's stated intentions here, will be offered for the truth of the matter asserted. As such,

they are hearsay. F.R.E., Rule 801(c). Hearsay is not admissible except as otherwise provided by rule. F.R.E., Rule 802. The Federal Rules of Evidence, as is well known, contain exceptions to or exclusions from the hearsay rule for prior inconsistent statements, prior consistent statements to rebut a charge of recent fabrication, admissions by party opponents, former testimony that was subject to cross-examination in the case of the legitimate unavailability of a witness, statements against interest, and other matters. F.R.E., Rules 801(d), 803, 804. Moreover, under Rule 32 of the Federal Rules of Civil Procedure, as amended effective December 1, 2007, depositions may be used at trial to the extent admissible under the Federal Rules of Evidence for impeachment and, by an adverse party, if the deposition was "of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R.Civ.P., Rule 32(a)(2) and (a)(3).

Henry's blanket statement of intention to introduce the above-list of documents as part of his case in chief transgresses these requirements. Henry himself is the Plaintiff in this action for disparate treatment employment discrimination and retaliation. He can be expected, if not be required, to testify at trial concerning these claims which are personal to him. There is no basis in the rules, therefore, for him to be permitted to offer his own deposition testimony, let alone his affidavit which was not elicited subject to cross-examination, as part of his case in chief.[3]

Moreover, there is no authority for Henry's use at trial of any of the declarations or affidavits listed by him (his own, and those of Rose, Schaschl, Simpson, Costello, Rokat, Katz, Wardrop, Bigelow, Paul or Early) except for purposes of impeachment if the declarants testify in person, pursuant to F.R.E., Rule 801(d)(1), or to the extent they are admissions of a party-opponent under F.R.E., Rule 801(d)(2), or to the extent the witness is legitimately unavailable to

---

[3] Defendants, on the other hand, are free to use both Henry's deposition testimony and his affidavit for purposes of impeachment under Fed. R. Civ. P., Rule 32(a)(2) and F.R.E., Rule 801(d)(1), and as otherwise authorized by the rules, and, as part of their case in chief, to use his deposition as that of a party opponent for any purpose under Fed. R. Civ. P., Rule 32(a)(3) and F.R.E., Rule 801(d)(2), as they have, by specific designation of page and line citations, indicated their intention to do in their portion of the Joint Pre-Trial Order.

OHS East:160358841.2         5

testify in person within the terms and conditions defining unavailability and the use of former testimony set out in F.R.E., Rule 804. The general rule is that affidavits are not admissible at trial. *Boim v. Quranic Literacy Institute*, 349 F. Supp. 2d 1097, 1104 (N.D. Ill. 2004); *Wedeen v. Cooper*, 2001 U.S. Dist. LEXIS 3820, at *6 (S.D.N.Y. Apr. 2, 2001).

Finally, the depositions of McDermott, Bigelow, Wardrop and Rose, all employees of Wyeth, may be introduced by Henry subject to evidentiary objections, but only under certain conditions. They may, of course, be used for purposes of impeachment if the witnesses testify at trial. Fed. R. Civ. P., Rule 32(a)(2); F.R.E., Rule 801(d)(1). They may be used to the extent they contain admissions of a party opponent. F.R.E., Rule 801(d). They may be used to the extent the witness is legitimately unavailable pursuant to Fed. R. Civ. P., Rule 32(a)(4); F.R.E., Rule 804. And they may be used by Henry for any purpose to the extent that they are the depositions of a party (McDermott and Wardrop only).

Moreover, to the extent that Henry intends to use the deposition testimony of McDermott and Wardrop as the testimony of an adverse party under Fed. R. Civ. P., Rule 32(a)(3), he has not made it possible for Defendants to avail themselves of the fairness provisions provided to the adverse party in Fed. R. Civ. P., Rule 32(a)(6), which specifies that, "[i]f a party offers into evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the party introduced, and any party may introduce any other parts." Given Henry's manner of designation, which, in the Joint Pre-Trial Order has been to designate the referenced deposition transcripts only in bulk, it is impossible for Defendants to avail themselves of the fairness opportunity provided by the Rule, because they do not know which portions of these depositions Henry may present.[4]

---

[4] Defendants have, in their portion of the Joint Pre-Trial Order, identified the testimony of Henry they intend to introduce under Fed. R. Civ. P., Rule 32(a)(3) by specific page and line numbers and afforded Henry the opportunity to state his specific objections, if any, thereto.

OHS East:160358841.2

Given the amorphous and broad-ranging nature of Henry's stated intention to introduce deposition, affidavit and declaration testimony as part of his case in chief, some of which is, except under the most limited circumstances allowed by the rules, improper, Defendants submit that Henry should be precluded from offering such evidence except to the except the proffer is proper within the specific terms and conditions of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

### III. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court enter an order precluding Henry from offering in his case in chief testimony of witnesses by affidavit, declaration or deposition except to the extent the offering of such evidence is authorized by specific provisions of Rule 32 of the Federal Rules of Civil Procedure and Rules 801, 802, 803 and 804 of the Federal Rules of Evidence.

DATED:  New York, New York
        December 19, 2007

Respectfully submitted,

Michael Delikat
James H. McQuade
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

By _____
James H. McQuade
Attorneys for Defendants Wyeth Pharmaceuticals, a Division of Wyeth, Walter Wardrop and Michael McDermott