**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
HOWARD HENRY,

                                                    Docket No.
             Plaintiff,                             05-CV-8106 (CMM)

        -against-

                                                    **PLAINTIFF'S PROPOSED
                                                    JURY CHARGE**

WYETH PHARMACEUTICALS, INC.,
WALTER WARDROP, ANDREW
SCHASCHL, and MICHAEL
MCDERMOTT,

             Defendants.
---------------------------------------------------------X

        Plaintiff, Howard Henry, by and through his attorneys, Leeds Morelli & Brown,

P.C. submits the following proposed jury charge. We respectfully request that the

concepts contained herein be incorporated into any charge Your Honor ultimately uses.

### REQUEST NO. 1
#### Direct v. Circumstantial Evidence

The plaintiff need not present any direct evidence to prevail on his claims. Direct

evidence of discrimination is hard to find. This is because an employer who

discriminates is unlikely to leave a "smoking gun," which would evidence a

discriminatory motive. Therefore, a plaintiff is seldom able to prove his claim by direct

evidence, and usually relies solely on circumstantial evidence. Chambers v. TRM Copy

Centers Corporation, 43 F.3d 29, 37 (2d Cir. 1994), citing, Rosen v. Thornburgh, 928

F.2d 528, 533 (2d Cir. 1991); Dister v. Continental Group, 859 F.2d 1108, 1114-15 (2d

Cir. 1988).

### REQUEST NO. 2
#### Burden of Proof

        To establish a claim by a fair preponderance of the credible evidence simply

means to prove that something is more likely so than not so. A preponderance of the

evidence means the greater weight of the evidence. It does not mean the greater number

of witnesses; or the greater length of time taken by either side. It means the quality and persuasiveness of the evidence – that is, the weight and the effect that the evidence has in your minds.

In order for a party who bears the burden of proof as to a particular issue or claim to prevail, the law requires that the evidence supporting the party's claim must appeal to you as more accurately representing what actually took place, as compared to the evidence opposed to the party's claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must resolve the question in favor of the other party. That is because the party bearing this burden must prove more than simple equality of evidence. He/she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden need prove no more than a preponderance. So long as the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – than that element will have been proved by a preponderance of the evidence.

To summarize briefly, a preponderance of the evidence means that such evidence, when considered and compared with the evidence opposed to it, produces in your mind a belief that what is sought to be proved more likely happened than not happened.

## REQUEST NO. 2
### Discrimination

In the instant case, the Plaintiff asserts that the Defendants have subjected him to adverse employment actions, based in part, upon his race and/or his complaints of discrimination. In order for a Plaintiff to succeed on claims of adverse employment Plaintiff must prove by a preponderance of the evidence:

(1) that Plaintiff was in a protected class;

(2) that Plaintiff was subjected to adverse employment actions; and

(3) that the adverse employment conditions were motivated, in part, by the Plaintiff's status in the protected class, namely that Plaintiff was African American.

## ELEMENT ONE:

With respect to the first element there is no dispute in this case that Plaintiff is in a protected class based upon his race. Thus you need not consider whether Plaintiff falls into a protected class. He does.

## ELEMENT TWO:

In order to satisfy the adverse employment action element, the plaintiff's burden has frequently been described as minimal. Scaria v. Rubin, 117 F.3d 652, 654 (2d Cir. 1997); see also, Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 204 (2d Cir. 1995). The plaintiff suffers an adverse employment action when the "terms and conditions" of a plaintiff's employment are altered for the worse. See, Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62 (2d Cir. 2000). This includes actions beyond mere monetary loss, and touches upon incidents that can negatively affect employment.

Employment decisions regarding promotion and those that affect work assignment are adverse employment actions. Indeed, an adverse employment action need not have any monetary consequence but can also include diminished responsibilities or "other indices that might be unique to a particular situation." Burlington Industries, 524 U.S. 742, 761 (1998), quoting, Crady v. Liberty Nat. Bank & Trust Co. of Ind., 993 F.2d 132, 136 (C.A.7 1993).

## ELEMENT THREE:

The final element that must be satisfied is a showing that a causal connection between plaintiff's status in a protected class and adverse employment action exists. See, Morris v. Lindau, 196 F.3d 102 (2d Cir. 1999); Gilligan v. Town of Moreau, 234 F.3d 1261 (2d Cir. 2000). To make this showing, a plaintiff must prove, by a preponderance of the evidence that either his race and/or his complaints of discrimination are/were motivating factor(s) in the adverse employment action(s). See Gilligan, 234 F.3d at 1261 (2d Cir. 2000)(citing Morris, 196 F.3d at 110). In determining whether these were motivating factors, it is important for you to understand that although plaintiff's race

must have played a role in the employer's decision, these factors the factor need not have been the sole or exclusive factor motivating the employer's decision. There may have been many factors motivating a decision. Plaintiff's status in a protected class may be one of many factors, but it must be a motivating factor. Owen v. Thermatool Corporation, 155 F.3d 137, 139 (2nd Cir. 1998).

You, the jury, can consider a number of circumstances that may give rise to an inference of discriminatory motive. In determining whether plaintiff's race and/or retaliation were motivating factors in the employment decision, some factors you may consider are the following: (1) whether you believe defendants' justifications for taking the adverse actions; (2) whether similarly situated employees were treated differently; (3) the timing and sequence of events leading to the adverse employment action; (4) whether decision makers made statements reflecting a discriminatory animus or spoke to plaintiff using ethnically degrading terms; (5) whether a group of employees who were not in plaintiff's protected class were treated more favorably than plaintiff; (6) whether plaintiff was treated less favorably than a group of people who were not in his protected class. These are merely factors, among many, that you may consider in determining whether plaintiff's race and/or his complaints of discrimination were, in part, motivating factors which lead to the adverse employment actions.

**REQUEST NO. 3**
Constructive Discharge

Plaintiff asserts that he was constructively discharged from his employment by Defendants. In order to satisfy the standard that the employee must meet in order to prove there was constructive discharge, Plaintiff must show that a reasonable person standing in his shoes would have felt compelled to leave or was forced out by an employer, based upon Plaintiff's standing in a protected class. Pena v. Brattleboro Retreat, 702 F.2d 322, 325 (2d Cir. 1983), Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir. 1987).

## REQUEST NO. 4
### Retaliation

In the case at hand, Plaintiff asserts a cause of action based on retaliation. A claim for retaliation may be brought against an employer when an employee participates in conduct which is a protected activity or action taken against unlawful discriminatory treatment. Participation may include complaints filed by the employee with a supervisor, management, human resources, an administrative agency or Court. The Plaintiff must prove each of the following elements to prevail on his retaliation claim:

      1. Plaintiff was in a protected class

      2. The employer was aware of Plaintiff's participation in the protected activity;

      3. The employer took materially adverse actions against the Plaintiff; and

      4. A causal connection between the Plaintiff's protected activity and the adverse action taken by the employer.

## ELEMENT ONE:

With respect to the first element there is no dispute in this case that Plaintiff is in a protected class based upon his race. Thus you need not consider whether Plaintiff falls into a protected class. We ask that you therefore focus on the last three elements of his claim that he was retaliated against due to his participation in a protected activity.

## ELEMENT TWO:

As to the second element, the protected activity can be described as action taken to protest statutorily prohibited discrimination or discrimination which violated the controlling rules and laws prescribed. 42 U.S.C. § 2000e-3. The action may include verbal or written complaints with respect to allegations of discriminatory conduct. An employer is believed to have knowledge once an employee complains to an officer of the company. Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir. 1996).

You the jury may find that retaliation exists even though an agent or employee denies direct knowledge of a Plaintiff's complaints as long as you find that the circumstances show knowledge of the complaint or find that an agent or employee of the

Defendant's company acted upon the orders of an agent of the company or implicitly upon the orders of management who had knowledge.

## ELEMENT THREE :

Adverse employment actions in retaliation claims and discrimination claims are analyzed differently. Burlington Northern & Santa Fe Railway Co. v. White, – U.S. –, 126 S. Ct. 2405, 2409-17, 165 L. Ed.2d 345 (2006). As discussed earlier, in the context of discrimination claims, the Plaintiff must show action(s) that altered the "terms and conditions" of employment. For retaliation claims, however, the Plaintiff need only show action(s) that were "materially adverse," that is, action(s) that might have dissuaded a reasonable worker from making or supporting a charge of discrimination. Id. at 2415. This may include acts or events that, by themselves, seem minor or inconsequential. Id. at 2415-16. Thus, you may consider any and all relevant background information or surrounding circumstances to determine whether any of the action(s) would, when viewed alone or collectively, dissuade a reasonable worker in the Plaintiff's position from complaining about discrimination. Id. at 2415-16. Kessler v. Westchester County Dept. of Social Services, 461 F.3d 199, 209 (2d Cir. 2006).

## ELEMENT FOUR:

As to the final element, a causal connection between the Plaintiff's protected activity (i.e. formal or informal complaints of discrimination) and the adverse action by the employer is necessary and may be shown either by direct evidence or by circumstantial evidence. Forms of circumstantial evidence may include, a short duration in time between the complaint and the adverse employment action such as a demotion.

### REQUEST NO. 5
### Pecuniary Damages

My charge to you on the law of damages must not be taken as a suggestion that you should find for plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recover from the

defendants. If you decide that the plaintiff is not entitled to recover from the defendants, you need not consider damages. Only if you decide that plaintiff is entitled to recover will you consider the measure of damages.

If you find that the plaintiff is entitled to recover from the defendant, you must render a verdict in a sum of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of defendants' actions. These are called compensatory damages. Included within the definition of compensatory damages is a sub-category of damages called "pecuniary damages." These include back pay, front pay, and loss of benefits. Thus, should you find for the Plaintiff, you must also award appropriate amounts for each of the following: back pay, front pay, and loss of benefits. Your awards must be based on the evidence and not speculation or guesswork.

**REQUEST NO. 6**
Non-Pecuniary Damages

Compensatory damages are not restricted to the actual loss of money. They include both the psychological and emotional aspects of injury, even if they are not easy to measure. In this matter, Plaintiff claims he has suffered non-pecuniary losses. Non-pecuniary losses are intangible injuries such as emotional pain, suffering, mental anguish, loss of enjoyment of life, loss of health, and injury to character or reputation. Emotional suffering may manifest itself through such things as sleeplessness, anxiety, stress, depression, mental strain, humiliation, loss of self esteem, excessive fatigue, nervous breakdown, hair loss, ulcers, or headaches. This list of examples of emotional damages is not an exhaustive list, and you may find that other types of symptoms or manifestations also constitute emotional damages. See EEOC Enforcement Guidance on Damages under CRA 91, No. 915.002, 7/14/92.

No evidence of monetary value of such intangible things as a damaged reputation or emotional suffering need be introduced into evidence in order for you to render an award. There is no exact standard for fixing the compensation to be awarded for these

elements of damages.  See EEOC Enforcement Guidance on Damages under CRA 91, No. 915.002, 7/14/92.

## REQUEST NO. 7
### Punitive Damages

In addition to awarding damages to compensate the plaintiff for his injuries, you may, but you are not required to, award plaintiff punitive damages if you find that the acts of defendants were either done maliciously or with a wanton or reckless disregard of the constitutional rights of the plaintiff.  The purpose of punitive damages is to punish the defendant for malicious or wanton and reckless acts and thereby to discourage the defendant and other people from acting in a similar way in the future.

An act is malicious when it is done deliberately with knowledge of the plaintiff's rights and with the intent to interfere with those rights. An act is wanton and reckless when it is done in such a way and under such circumstances as to show conscious indifference and utter disregard of its effect upon plaintiff's rights. If you determine that defendants acted either maliciously or wanton and recklessly, then you may award plaintiff punitive damages.

In arriving at your decision as to the amount of punitive damages you should consider the following factors:

1. The nature and reprehensibility of what defendants did. That would include the character of the wrongdoing, whether the defendant's conduct demonstrated an indifference to, or a reckless disregard, of the plaintiff's rights, how long the conduct went on, the defendant's awareness of what harm the conduct caused or was likely to cause, any concealment or covering up of the wrongdoing, or any evil motive or intent he may have had at the time of the conduct.

2. The actual and potential harm created by defendants conduct. The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by the plaintiff, and to the compensatory damages you awarded the plaintiff.

In reporting your verdict, you will state the amount awarded by you as punitive damages.

Dated: July 30, 2007
Carle Place, New York

Respectfully submitted,

LEEDS MORELLI & BROWN, P.C.
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

By: _____/s/_____
STEVEN A. MORELLI
Of Counsel to Firm