UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
HOWARD HENRY,

                     Plaintiff,

          v.

WYETH PHARMACEUTICALS, INC.,
WALTER WARDROP, ANDREW SCHASCHL,
AND MICHAEL MCDERMOTT

                     Defendants.
---------------------------------------------------------X

NO. 05-CV-8106 (WCC)


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE NO. 5 TO PRECLUDE PLAINTIFF FROM SUBMITTING EVIDENCE OR CLAIMS OF CONSTRUCTIVE DISCHARGE TO THE JURY**


Michael Delikat
James H. McQuade
Heather Glatter
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals, a Division
of Wyeth, Walter Wardrop, and Michael McDermott

OHS East:160358860.2

Defendants Wyeth Pharmaceuticals, a Division of Wyeth ("Wyeth"), Walter Wardrop ("Wardrop") and Michael McDermott ("McDermott") (referred to collectively as "Defendants") respectfully submit this motion *in limine* to preclude plaintiff Howard Henry ("Plaintiff" or "Henry") from offering any evidence, including documents or eliciting testimony, in support of any claim, and from submitting any claim, of constructive discharge to the jury. There is no claim of constructive discharge in the Complaint in this action; Henry has never sought to amend his Complaint to add a claim of constructive discharge; discovery has long-since been closed in this action; and Henry raised no such claim in his opposition to Defendants' motion for summary judgment. Nevertheless, Henry has submitted a proposed jury instruction inviting the jury to consider an award of front pay and lost earnings from the time of his separation from Wyeth employment to trial. Such damages could only be supportable if the termination of Henry's employment were wrongful. There has been no such claim in this action, nor is it supportable on the evidence adduced, and, therefore, submission of the question of post-termination damages to the jury would be improper, prejudicial and without legal basis. For that reason, it should be precluded.

I.  **FACTS.**

   A. **The issues in this lawsuit.**

Henry is African-American and a former employee of Wyeth who maintains this action against Wyeth, Walter Wardrop, his supervisor at Wyeth from August 2000 to January 2004, and Michael McDermott, the Managing Director of Wyeth's Pearl River facility from 2002 through February 2004.[1] McQuade Decl., Ex. 2, at 1. Henry asserts claims for discrimination based

---

[1] The facts herein are taken from those found by the Court to be undisputed in its Memorandum Decision and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Reassigning the Action to White Plains Pursuant to Local Rule 22, filed herein July 30, 2007 (the "Order"). A copy of the order is attached as Exhibit 2 to the Declaration of James H. McQuade ("McQuade Decl."), dated December 19, 2007, and filed herewith.

upon his race and color under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, under 42 U.S.C. § 1981, and under the New York State Human Rights Law, Exec. Law § 290 *et seq.*

Henry bases his discrimination claims on allegations that he suffered discrimination on account of his race on several occasions between December 2001 and July 2005 when he did not receive certain promotions, was given performance evaluations that he disagreed with, was transferred to a position as part of a corporate reorganization that he alleges constituted an effective demotion, and was placed on a performance improvement plan. McQuade Decl. Ex. 2, at 1. He also claims that he suffered retaliation for complaining of the discriminatory treatment he experienced. *Id.*

The promotions or transfers Henry claims he was discriminatorily denied occurred at different times, and the decisions concerning them were made by different decision-makers who were in different decision-making hierarchies. *Id.* at 5-12, 18-21, 31-33.

Wardrop had promoted Henry to the position of Production Engineer in Wyeth's Consumer Health Division in August 2000 and gave him his performance evaluations for 2000, 2001, 2002 and 2003. Order, at 4. For 2000, Wardrop gave Henry an overall rating of "3" out of 5. *Id.* For 2001 and 2002, Wardrop gave Henry an overall rating of "4" out of 5. *Id.* Wardrop also gave Henry an overall rating of "3" out of 5 in 2003, which Henry claims were discriminatory. *Id.* In January 2004, as part of a reorganization of the Pearl River site, Wardrop was assigned to a new position and was no longer in a line of supervision over Henry. *Id.* at 30. Henry's performance evaluations after that time were done by other managers, Andrew Espejo and Max Katz. *Id.* at 30, 33-40. In that same reorganization, Henry was reassigned to, though not ultimately placed in, a position as Packaging Supervisor, which he regarded as a demotion. *Id.* at 30.

McDermott did not have any encounters with Henry until January 2004, when Henry had two meetings with him to discuss his complaints about his assignment to the Packaging Supervisor position and his 2003 performance evaluations. *Id.* at 24-25. McDermott had no involvement in making specific assignments in the December 2003 reorganization below the level of several director positions reporting directly to him – far above Henry's level in the organization. *Id.* at 19. Henry claims that, in the course of these conversations with McDermott, McDermott made a disputed comment about diversity. *Id.* at 25. As of February 2004, McDermott moved out of the Consumer Health Division to the Vaccine Division and no longer had any responsibility for the division in which Henry worked. *Id.* Subsequent discussions with Henry about the Packaging Supervisor assignment and his 2003 performance evaluations took place with other managers, as did the evaluation of his performance in 2004 and 2005. *Id.* at 21-31, 33-39.

Henry filed a charge of discrimination with the New York State Division of Human Rights on or about September 24, 2004, alleging that he had been denied certain promotions and had received a transfer to the Packaging Department because of his race. *Id.* at 42. On or about October 15, 2005, Henry filed a second charge of discrimination with the EEOC, alleging retaliation for filing his first charge of discrimination. *Id.*

Henry took a medical leave of absence from his Wyeth employment on August 5, 2005, and did not return to work at Wyeth thereafter. *Id.* at 41. On February 6, 2006, because Henry had chosen not to submit the requisite medical documentation to support a continued medical leave, his employment with Wyeth was terminated. *Id.*

**B.    Absence heretofore of any claim for or evidence of constructive discharge.**

The Complaint in this action was filed on September 20, 2005. McQuade Decl., ¶ 2 & Ex. 1. It asserted claims only for denial of promotion, demotion and retaliation for opposition to the foregoing allegedly unlawful acts, and against the individual defendants for aiding and abetting such acts. *Id.* Henry has never sought leave to amend his complaint. *Id.*

By the Court's Civil Case Management Plan and Order of February 10, 2006, all discovery in this action was to be concluded by August 10, 2006. There was no extension of this deadline. *Id.* at ¶ 3.

On or about October 30, 2006, Defendants moved for summary judgment against all of Henry's claims. In his response to Defendants' motion for summary judgment, on November 27, 2006, Henry contended that there were disputed issues of material fact concerning whether he had been discriminatorily denied promotions because of his race and retaliated against during his employment because of complaints of discrimination he had made, but he did not contend that any of these alleged actions amounted to a constructive discharge of his employment. *Id.* at ¶ 5.

Nevertheless, in his Proposed Jury Charge, submitted July 30, 2007, at proposed instruction No. 3, Henry seeks a instruction on constructive discharge, asking the Court to charge the jury as follows:

> Plaintiff asserts that he was constructively discharged from his employment by Defendants. in order to satisfy the standard that the employee must meet in order to prove there was constructive discharge, Plaintiff must show that a reasonable person standing in his shoes would have felt compelled to leave or was forced out by an employer, based upon Plaintiff's standing in a protected class. *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir. 1983); *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir. 1987).

*Id.* at Ex. 3.

In addition, in his Proposed Instruction No. 5, Henry seeks to have the jury instructed to consider back pay from the time of his termination and front pay. His succeeding proposals for

instructions on general compensatory and punitive damages are predicated in part upon such claimed actual damages.

## II. ARGUMENT.

Henry should be precluded at this late date from submitting to the jury the issue of constructive discharge and the question of whether he is entitled to actual damages from the date of the termination of his employment forward. These issues have never to date been part of this case, of the discovery that has been conducted, or of the issues as presented to the Court on summary judgment after the close of the more than ample discovery period allowed here.

This case is about claims of discriminatory denials of specific promotional opportunities over a period of several years, about supposed discriminatory performance evaluations in that period, about a claimed demotion, and about purported retaliation taking the form of further performance evaluations unsatisfactory to Henry, further denials of additional specific promotions in later years, and the assignment to a performance improvement plan. It is undisputed, however, that Henry, on his own initiative and pursuant to his own personal judgment, took a medical leave of absence from his Wyeth employment on August 5, 2005, and did not return to work at Wyeth at any time thereafter. McQuade Decl. Ex. 2, at 41. It is further undisputed that, on February 6, 2006, because Henry had – at that point, six months after he had absented himself from work – chosen of his own free election not to submit the requisite medical documentation to support a continued medical leave, his employment with Wyeth was terminated for that reason, and not by him for any reasonable belief that his working conditions had become intolerable. *Id.*

There is no basis for allowing a claim of constructive discharge, and the attendant damages, to proceed at this late date. First, the claim of constructive discharge is generally regarded as a separate cause of action. *See Brosler v. Food Automation-Service Techniques,*

*Inc.*, 1997 U.S. Dist. LEXIS 18092, at *8-9 (D. Conn. Aug. 25, 1997) (recognition of that cause of action – unpublished decision); *Parisi v. Buffalo Mun. Hous. Auth.*, 2003 U.S. Dist. LEXIS 26394, at *22-23 (W.D.N.Y. Feb. 14, 2003) (characterizing constructive discharge as "a separate and distinct cause of action"); *Ongsiako v. City of New York*, 199 F. Supp. 2d 180, 189 n.8 (S.D.N.Y. 2002).

Second, the courts typically deny such attempts to accomplish what is in effect a belated attempt to amend the complaint after, as here, discovery has been completed and the defendant has moved for summary judgment. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-201 (2d Cir. 2007) (district court justified in rejecting amendment to add entirely new claim being raised at a late stage in the litigation after discovery had been completed and defendants had moved for summary judgment); *Ansam Associates, Inc., v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (amending complaint after discovery was completed and after the defendant had moved for summary judgment would unfairly prejudice the defendant). Allowing Plaintiff the opportunity to amend his Complaint now would be highly prejudicial to Defendants as they have not had an opportunity to take discovery on a hostile environment claim.

Third, the attempt to bring a constructive discharge claim into this litigation at this late date on this record would be futile. All that is claimed here is discriminatory denials of promotion, disagreements over the Plaintiff's job performance, remedial reaction of the employer in response thereto, which is alleged to have been retaliatory, and a voluntary absenting himself for medical reasons of the Plaintiff from his employment, from which he did not return and elected not to provide any continuing medical justification. This is woefully insufficient to make out a claim for constructive discharge. "A discriminatory denial of a promotion, without more, does not amount to a constructive discharge." *Chavez v. Iberia Foods Corp.*, 2007 WL 1959028, at *8 (E.D.N.Y. June 29, 2007).. "A plaintiff generally cannot

establish a constructive discharge claim merely by offering evidence that he was dissatisfied with his work assignments, that he felt his work was unfairly criticized, or that his work conditions were difficult or unpleasant." *Id. See also Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1156 (2d Cir. 1993) (same). "[C]onstructive discharge is a 'worse case' harassment scenario, a hostile working environment 'ratcheted up to the breaking point.'" *O'Neal v. State University of New York*, 2006 WL 3246935, at *12 (E.D.N.Y. Nov. 8, 2006). The claims Henry belatedly attempts to raise here cannot possible rise to this level by any stretch of the imagination. Therefore, there is no point allowing them to complicate the trial to the prejudice of Defendants at this late date.

### III.  CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court enter an order precluding Henry from offering at trial any evidence or claims of constructive discharge.

DATED:   New York, New York
         December 19, 2007

                                    Respectfully submitted,

                                    Michael Delikat
                                    James H. McQuade
                                    ORRICK, HERRINGTON & SUTCLIFFE LLP
                                    666 Fifth Avenue
                                    New York, New York  10103
                                    Telephone:  (212) 506-5000

                                    By _____
                                         James H. McQuade

                                    Attorneys for Defendants Wyeth Pharmaceuticals, a
                                    Division of Wyeth, Walter Wardrop and Michael
                                    McDermott