# EXHIBIT 2

SUPREME COURT OF THE SATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------X
NEWTON PAUL.,

                            Plaintiff,

    - against -

WYETH PHARMACEUTICALS, INC.,

                           Defendant.
-----------------------------------------------------------X

FILED MC

JAN 1 2 2007

ROCKLAND COUNTY CLERK'S OFFICE

Index No. 347/07
Plaintiff designates
ROCKLAND COUNTY
as the place of trial

ROCKLAND COUNTY
The basis of the venue is
PLACE WHERE
CONDUCT OCCURRED

To the above named defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Carle Place, New York
        January 9, 2007

                                            Attorney(s) for Plaintiff

                                            THE LAW OFFICE OF
                                            STEVEN A. MORELLI
                                            One Old Country Road, Suite 347
                                            Carle Place, New York 11514
                                            (516) 393-9151

TO:    Wyeth Pharmaceuticals, Inc.
          401 North Middletown Road
          Pearl River, NY 10965

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------x
NEWTON PAUL,

                Plaintiff,

-against-

WYETH PHARMACEUTICALS, INC.,

                Defendant.
-----------------------------------------------------------x

Index No. 397/07

FILED MC
JAN 1 2 2007
ROCKLAND COUNTY
CLERK'S OFFICE

COMPLAINT

Plaintiff, NEWTON PAUL, by and through his attorneys, The Law Office of Steven A. Morelli, complaining of the Defendant herein, alleges as follows:

### PRELIMINARY STATEMENT

1. Approximately 90% of upper management at the Wyeth Pharmaceuticals facility in Pearl River, New York is white. Fraternization, characterized by discriminatory favoritism, has created an environment at Wyeth whereby black employees are excluded from promotion into upper management, paid less, harassed, and retaliated against due to nothing more than the color of their skin, and their complaints go unanswered.

2. This is a civil action for violation of state protected rights brought pursuant to New York Executive Law § 296 and 42 U.S.C. § 1981, and contains any other causes of action that can reasonably be inferred from the facts set forth herein. Plaintiff is seeking damages based upon Defendant's unlawful discrimination causing Plaintiff to suffer financial, physical, emotional, and psychological damages.

1

## PARTIES

3. Plaintiff NEWTON PAUL, at all times hereinafter mentioned, was and still is a resident and domiciliary of the State of New York, County of Rockland.

4. Upon information and belief, Defendant WYETH PHARMACEUTICALS, INC. ("Wyeth"), was and still is a foreign corporation duly authorized to do business in New York, with an office located in Pearl River, County of Rockland, State of New York.

## ALLEGATIONS COMMON TO ALL CLAIMS

5. American Cyanamid, a corporation, was taken over by American Home Products, a corporation, in 1996.

6. American Home Products became Wyeth in or about 2003.

7. All references to "Wyeth" in this Complaint are to be construed as also referring to American Cyanamid or American Home Products to the extent that any allegations refer to events that occurred before 2003.

8. Plaintiff is a 32 year-old black male of Haitian descent.

9. Plaintiff has Bachelor of Science degree in Business Administration and a Master of Science degree in Human Services and Counseling.

10. Wyeth hired Plaintiff on August 1, 2000 as a Production Supervisor.

11. As a Production Supervisor, Plaintiff supervised approximately twenty pharmaceutical operators.

12. In 2002, Plaintiff was promoted to Senior Compliance Coordinator.

13. While this position was a promotion, Plaintiff only received a salary increase of one labor grade (approximately $3,500.00).

14. Upon information and belief, Chris DeFeciani, a white Senior Compliance Officer, and Derek Burt, a white Senior Compliance Officer, were given significantly higher starting salaries for the same position despite having fewer qualifications and not possessing college degrees at the time they were given the position.

15. Upon information and belief, Leon Williams, a black male Investigator, was also receiving a lower salary than his white counterparts who had less experience.

16. Plaintiff complained about the salary disparity to Ingrid Gibson, a black Compliance Manager, and specifically stated that he believed the disparity was due to his race.

17. Mrs. Gibson agreed that Plaintiff was being underpaid and forwarded the salary increase request to Human Resources.

18. As a result of his complaint, Plaintiff received a mid-year salary increase of $2,500.00.

19. In 2004, Plaintiff was laterally transferred to the position of Senior Material Scheduler.

20. As a Senior Material Scheduler, Plaintiff was assigned to work with all white females, all of whom did not possess college degrees at the time.

21. In February, 2004, Andrew Schaschl, a white manager, referred to Plaintiff's transfer as a "challenge."

22. Nevertheless, Plaintiff accepted the transfer because he was told it would help him advance to higher positions of management in the future.

23. Upon information and belief, the white Material Schedulers whom Plaintiff worked with all received a higher salary than Plaintiff despite not having a college education.

3

24. Between August 1, 2000 and year-end 2002, Plaintiff always received satisfactory performance reviews. In 2003, Plaintiff received an excellent performance review and received ratings of 4 and 5 on a scale of 1-5 in substantially all the categories of the review. In 2004, Plaintiff again received satisfactory performance reviews.

25. Over the years, Plaintiff has received numerous accolades and certificates of accomplishment acknowledging his abilities as a strong leader and valued employee.

26. In May 2005, Plaintiff applied for the position of Compliance Manager by sending his resume and a cover letter to Maura Corcoran who is, upon information and belief, a Director or Associate Director of the Compliance Department in the Vaccines Group for Wyeth.

27. Plaintiff was very qualified for the position of Compliance Manager.

28. Ms. Corcoran thereafter failed and refused to respond to Plaintiff's application despite repeated emails from Plaintiff requesting some sort of response.

29. Plaintiff was never interviewed for the position of Compliance Manager despite being a well-qualified candidate.

30. Instead, the position was given to Mike Curry, a white employee who had less experience and team successes than Plaintiff.

31. Had Plaintiff been a white employee, he would have been interviewed for and/or offered the position as a Compliance Manager.

32. Ingrid Gibson told Plaintiff, after Mike Curry had been hired, that Maura Corcoran had pre-selected Mike Curry and other white individuals for managerial positions in Compliance.

4

33. Upon information and belief, Maura Corcoran never intended to consider Plaintiff's application and the interview process that she offered to him was a sham.

34. In or about August – September 2005, Mr. Paul had been told by Howard Mackey that he was going to be moved to a Quality Assurance position. A follow up meeting occurred with Joe Vitanza (plant manager) that this would be a lateral move and was going to allow for cross functionality. When Newton Paul asked why was he being selected and none of his white female co-workers, Joe Vitanza could not and did not respond.

35. Plaintiff terminated his employment with Wyeth in September 2005 specifically because his complaints had not been addressed and he realized that there was a lack of advancement opportunities for black employees to be promoted to positions of upper management.

36. As a result of the aforementioned conduct, Defendant caused Plaintiff to suffer loss of earnings and accrued benefits, in addition to suffering great pain and humiliation, as well as physical and emotional damages.

## CLAIMS FOR RELIEF

37. By reason of the foregoing, Defendant has unlawfully discriminated against Plaintiff in his compensation, terms, and/or privileges of employment, and has denied him the same rights to contract and employment as enjoyed by white persons, because of his race in, that he was not promoted and was paid less than his similarly situated white counterparts, in violation of N.Y. Exec. Law § 296 and 42 U.S.C. § 1981.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

a) Awarding money damages in the sum of $1,000,000.00 (One Million Dollars);

b) Awarding punitive damages to Plaintiff in an amount to be determined by a jury;

c) Granting a permanent injunction enjoining Wyeth from any further actions abridging the Plaintiff's rights, including but not limited to, an injunction preventing the Defendant or any of its agents or employees from providing negative, misleading, or disparaging references pertaining to Plaintiff's employment; and,

d) Awarding reasonable attorneys fees; and further,

e) Granting such other and further relief that to the Court seems just and proper.

Dated: Carle Place, New York
January 5, 2007

THE LAW OFFICE OF
STEVEN A. MORELLI
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 393-9151

By: Steven A. Morelli, Esq.