Michael Delikat
James H. McQuade
Heather A. Glatter
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants, a Wyeth Pharmaceuticals,
a Division of Wyeth, Walter Wardrop and Michael
McDermott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD HENRY,<br><br>Plaintiff,<br><br>-against-<br><br>WYETH PHARMACEUTICALS, INC., WALTER WARDROP, ANDREW SCHASCHL, and MICHAEL MCDERMOTT,<br><br>Defendants. | 05-CV-8106 (WCC)<br><br>**DEFENDANTS' FIRST REVISED PROPOSED JURY VOIR DIRE** |

Defendants Wyeth Pharmaceuticals, a Division of Wyeth, ("Wyeth"), Walter Wardrop ("Wardrop") and Michael McDermott ("McDermott") (collectively, "Defendants") respectfully submit the following proposed jury voir dire questions. This document is intended to supersede the Proposed Jury Voir Dire questions that Defendants filed with the Court on July 30, 2007.

I.  **INTRODUCTION**

We are now going to ask you a number of questions to help the Court and the lawyers determine your qualifications to serve as jurors in this particular trial. The purpose of these questions is to determine whether each of you is able fairly and impartially to hear and consider

the evidence that will be presented to you, and to decide this case according to the law as it will be given to you in the instructions of the Court. To do so requires that you listen to the evidence without prejudice against either side for any reason based upon your own experience which might cause you to be unfair to either side. Therefore, your answers to our questions must be your own personal, candid, accurate, complete and truthful responses. If you have any hesitation about answering any of the questions put to you, or you prefer answering in private, please let us know, so that we may inquire further into your concerns. All of the information in your responses will be kept strictly confidential and will not be made available to anyone other than the Judge and the parties. The information you are asked to provide will be used solely for the purpose of selecting a fair and impartial jury in this case.

This trial is estimated to last seven court days. Jury service is both a privilege and a duty of citizenship, and, except in the most extraordinary circumstances, citizens are expected to serve when called.

## II. INTRODUCTORY STATEMENT OF CASE

The Plaintiff in this case is Howard Henry. Mr. Henry worked for the defendant Wyeth at its facilities at Pearl River, New York, from 1993 until early in 2006. Mr. Henry is suing Wyeth and two individuals. The individual defendants are Walter Wardrop, who was Mr. Henry's supervisor for a period of time, and Michael McDermott, who for a time was Site Managing Director for the Wyeth Pearl River facility.

Plaintiff, Mr. Henry, an African-American, alleges that the defendant Wyeth discriminated against him because of his race or color in denying him certain promotions and giving him performance evaluations he regarded as negative. Mr. Henry also alleges that Wyeth retaliated against him after and because he made a complaint of discrimination in early 2004, by denying him a promotion, giving him critical performance evaluations, and placing him on a performance improvement program. Mr. Henry alleges that the individual defendants, Mr.

Wardrop and Mr. McDermott, aided and abetted the discriminatory and retaliatory conduct claimed against Wyeth.

The Defendants deny that Wyeth discriminated against Mr. Henry because of his race or color, and they deny that it retaliated against him for making a complaint of discrimination. Defendants also deny that Mr. Wardrop and Mr. McDermott aided or abetted any discrimination or retaliation against Mr. Henry. The Defendants assert that any job-related actions involving Mr. Henry were based on legitimate reasons having nothing to do with Mr. Henry's race.

If there is anyone who, just hearing the brief description I have given you so far about this case, believes he or she would be biased toward one side or another, please let me know that now.

### III. QUESTIONS

#### A. Parties

1. Do you know the plaintiff in this case, Howard Henry?

2. Are you familiar with or know anything about Wyeth or its predecessors and subsidiaries including American Cyanamid and Wyeth-Ayerst, Inc., the employer-defendant in this case? If so, do you hold any negative opinions about Wyeth?

3. Have you, or any of your close friends or family members, ever had a negative experience with Wyeth?

4. Are you familiar with or know anything about either of the individual defendants, Walter Wardrop or Michael McDermott?

5. Do you know Andrew Schaschl?

6. Do you know anyone who works, or who has worked, for Wyeth?

#### B. Attorneys

7. The Plaintiff in this action is represented by Steven A. Morelli, of the Law

Offices of Steven A. Morelli and of the Law Office of Leeds Morelli & Brown, P.C., in Carle Place, New York. Do any of you know him or his Firm?

8. Have any of you ever had any dealings with Steven A. Morelli, the Law Offices of Steven A. Morelli, or the Law Offices of Leeds Morelli & Brown, P.C.?

9. Have Steven A. Morelli, the Law Offices of Steven A. Morelli, or the Law Offices of Leeds Morelli & Brown, P.C. ever represented anyone you know?

10. Defendants Wyeth, Wardrop and McDermott are represented by Michael Delikat and James H. McQuade of the law firm of Orrick, Herrington & Sutcliffe LLP in New York City, New York. Do any of you know any of these individuals or their Firm?

11. Have any of you ever had any dealings with Michael Delikat, James H. McQuade, or with the law firm of Orrick, Herrington & Sutcliffe LLP?

C. **Witnesses**

12. The following people may be called as witnesses at trial; however, some of these individuals may not, in fact, testify:

    a. Howard Henry

    b. Walter Wardrop

    c. Michael McDermott

    d. Andrew Schaschl

    e. John Simpson

    f. Kirit Rokad

    g. Kevin Costello

    h. Max Katz

i. Andrew Espejo

j. Joanne Rose

k. Peter Bigelow

l. Joseph Vitanza

m. Robert Bracco

n. Derek Burt

o. Christopher DeFeciani

p. Cara Musculo

q. Donna Grantland

r. Stacey Marroso

s. Sackett, Eugene J., Jr.

t. Paul Couto

u. Jean Colas

v. Daphne Mobley

w. Juan Rial

x. Stephanie Owen

y. Sheila Burke

z. Elliot Henson, M.S.W., L.C.S.W.

aa. Robert H. Hickman, M.D.

bb. Stephen J. Levy, Ph.D.

Do any of you know, know about, or have you had any personal or business dealings with any of the named individuals? If so, please identify the individual or individuals, your relationship to them, and any dealings you have had with them personally or professionally.

13. Do you know, know about, or have you had any dealings with any relatives or associates of the named individuals? If so, please identify the individual or individuals.

### D. Experience with Pharmaceutical Company

14. This case involves an individual who was employed by a company called Wyeth. Wyeth is engaged in the development and manufacture of pharmaceutical, consumer healthcare and animal health products. Do any of you have any experience with or special knowledge about the pharmaceutical industry? If so, please describe it briefly.

15. Have you had any negative experiences with or opinions about large pharmaceutical companies or pharmaceutical products that you believe would interfere with your ability to hear and decide this case fairly and impartially? If so, please describe briefly your experiences and concerns.

16. Have you, or has anyone in your family, ever worked for a pharmaceutical manufacturer?

17. Have you, or has anyone in your family, ever sued a pharmaceutical company or been a member of a class of individuals who were suing a pharmaceutical company because of defective products or a failure to warn of product risks?

18. Have you, or has anyone in your family, ever been the member of a class action lawsuit of any type? If so, what was the lawsuit regarding and what was your involvement?

### E. Workplace Experience

19. Have you ever left a job under unpleasant circumstances? If so, what happened?

20. Do you believe you were ever treated unfairly or illegally in the workplace? If so, what happened?

21. Have any of you disputed an employment performance evaluation, discipline or other employment decision made by your boss or employer? If so, what was the situation and how was it resolved?

22. Have you ever been denied a promotion you believe you should have gotten? If so, what was the situation and why do you think you were denied that promotion?

23. Have you ever been laid off or lost a job. If so, what happened?

24. Do you believe anyone has discriminated against you or retaliated against you, or any of your close friends or family members, in the workplace? If so, what happened?

25. Do you believe that companies look for ways to "get" employees who complain?

26. What steps do you believe an employer should take if an employee is not performing to expectations?

27. Have you ever made a complaint to the Human Resources group at a company where you worked or used another process for lodging complaints at work? If so, what was the situation and how was it resolved?

28. Have you ever filed a claim or grievance against an employer either in court, or in a grievance or arbitration proceeding, or in any administrative forum?

29. Have you or any of your family members or good friends ever needed to take a disability leave from work because of physical or mental health problems?

30. Have you ever filed a claim or lawsuit for discrimination, retaliation, or wrongful termination of employment for any reason? If so, what was the situation and how was it resolved?

31. Have you, or any of your close friends or family members, ever made any kind of complaint or brought any kind of legal proceeding against an employer? If so, what happened and what was the outcome?

32. Have you ever sued anyone for any reason? Explain.

33. Do you or any members of your family belong to a union or have collective bargaining agreements at work? If so, have you or any members of your family ever held a leadership position with the union?

### F.  General Questions

34. Have any of you ever sat as a juror before in any type of case?

   a. If so, was it a civil or criminal case?

   b. Without telling us what the verdict was, tell us whether a verdict was reached?

   c. Have you ever been the foreperson on a jury?

35. Have any one of you had a bad experience as a juror? If so, please provide brief details.

36. Have you or any member of your family or any close friend ever appeared as a witness at either a deposition, trial or a grand jury investigation? If so, tell us briefly what the case was about.

37. Are you, or is any member of your family, an attorney-at-law? Have any legal training?

**G. Background questions.**

38. What level of school did you have the opportunity to reach?

39. Have you served in the military? If so, what rank did you reach?

40. What is your occupation and title and how long have you been at your current position? What positions did you hold before your present position? Briefly explain your duties.

41. What is the longest job you've ever held?

42. Have you ever held more than one job at the same time. If so, please explain.

43. Have you ever held a leadership role in an organization that was not work-related? What organization and what position did you hold?

44. If unemployed, how long have you been unemployed? Are you currently looking for a job? How long have you been looking for work? Please explain the circumstances and tell us why you believe you have not been able to find work.

45. What are your primary activities outside of work? What are your primary weekend activities?

46. What charitable organizations do you participate in?

47. Have you ever filed for personal bankruptcy?

48. Do you read any magazines or newspapers regularly? If so, which?

49. What types of programming do you watch on TV?

50. Will you render a verdict based solely upon the law and evidence presented to you in this case even if you disagree with the decisions made by the Defendants?

51. Will you be able to render a verdict based solely upon the law and evidence presented to you in this case despite any feelings of sympathy or fairness that you may have or acquire for any of the parties?

52. After you have received the evidence in this case, I will instruct you in the law so that you can apply it to the facts in this case. Are you able without reservation to promise to follow the law as I explain it to you, even if your ideas of the law may be different from what I tell you?

53. Is there any question you have not been asked, or is there any piece of information you feel it would be important for us to know that would enable us to understand you better or to assess your ability to serve fairly and impartially as a member of this jury?

Dated: New York, New York.
January 22, 2008

        Michael Delikat
        James H. McQuade
        Heather A. Glatter
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        666 Fifth Avenue
        New York, New York 10103
        Telephone: (212) 506-5000

By _____
    James H. McQuade

Attorneys for Defendants Wyeth Pharmaceuticals,
a Division of Wyeth, Walter Wardrop and Michael McDermott