Michael Delikat
James H. McQuade
Heather Glatter
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals,
a Division of Wyeth, Walter Wardrop, and Michael
McDermott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD HENRY,<br><br>         Plaintiff,<br><br>    -against-<br><br>WYETH PHARMACEUTICALS, INC.,<br>WALTER WARDROP, ANDREW<br>SCHASCHL, and MICHAEL<br>MCDERMOTT,<br><br>        Defendants. | 05 Civ. 8106 (WCC) (LMS)<br><br>**DEFENDANTS' FIRST REVISED<br>PROPOSED SPECIAL VERDICT FORM** |

       Defendants Wyeth Pharmaceuticals, a Division of Wyeth ("Wyeth"), Walter Wardrop

("Wardrop") and Michael McDermott ("McDermott")[1] hereby submit the attached first revised

proposed special verdict form. This first revised proposed special verdict form is intended to

supersede Defendants' Proposed Special Verdict Form that was filed with this Court on July 30,

2007.

---

[1] Andrew Schaschl, whose name remains in the caption as a defendant, was dismissed from this action as a party
defendant by Stipulation and Order entered herein on February 8, 2006.

Dated: New York, New York
January 22, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____

Michael Delikat
James H. McQuade
Heather Glatter
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants Wyeth Pharmaceuticals, a
Division of Wyeth, Walter Wardrop and Michael
McDermott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD HENRY,

           Plaintiff,

    -against-

WYETH PHARMACEUTICALS, INC.,
WALTER WARDROP, ANDREW
SCHASCHL, and MICHAEL
MCDERMOTT,

           Defendants.

05 Civ. 8106 (CMM)

**SPECIAL VERDICT FORM**

## I.    Race Discrimination Causes of Action Against Wyeth under Title VII, Section 1981, and/or the New York State Human Rights Law

### A.    Cause of Action Based on December 2001 Project Engineer Position

1.    Has Plaintiff proved by a preponderance of the evidence that he was denied the position of Project Engineer in December 2001 under circumstances giving rise to an inference of race discrimination?

                    Yes_____    No_____

IF YOU ANSWERED "NO" TO QUESTION ONE YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

2.    Did Wyeth state a legitimate, non-discriminatory reason for not selecting Plaintiff for the Project Engineer position in December 2001?

                    Yes_____    No_____

3.    Has Plaintiff proved by a preponderance of the evidence that the stated reason offered by Wyeth for not selecting Plaintiff for the Project Engineer position in December 2001 was false?

                    Yes_____    No_____

4.    Has Plaintiff proved by a preponderance of the evidence that Wyeth denied him the position of Project Engineer in December 2001 because of his race?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION THREE OR FOUR, YOUR DELIBERATIONS AS TO THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

**B.    Cause of Action Based on July 2002 Production Coordinator Position**

1.    Has Plaintiff proved by a preponderance of the evidence that he was denied the position of Production Coordinator under circumstances giving rise to an inference of race discrimination?

Yes_____    No_____

IF YOU ANSWERED "NO" TO QUESTION ONE, YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

2.    Did Wyeth state a legitimate, non-discriminatory reason for not selecting Plaintiff for the Production Coordinator position in July 2002?

Yes_____    No_____

3.    Has Plaintiff proved by a preponderance of the evidence that the stated reason offered by Wyeth for not selecting Plaintiff for the Project Engineer position in December 2001 was false?

Yes_____    No_____

4.    Has Plaintiff proved by a preponderance of the evidence that Wyeth denied him the Production Coordinator position in July 2002 because of his race?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION THREE OR FOUR, YOUR DELIBERATIONS AS THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

**C.    Cause of Action Based on 2003 Mid-Year Performance Review Issued by Walter Wardrop**

1.    Has Plaintiff proved by a preponderance of the evidence that he endured a materially adverse change in the terms and conditions of his employment because of his mid-year 2003 performance review?

Yes_____    No_____

2.    Has Plaintiff proved by a preponderance of the evidence that his 2003 mid-year review was issued under circumstances giving rise to an inference of race discrimination?

Yes_____    No_____

IF YOU ANSWERED "NO" TO ANY ONE OF QUESTIONS ONE OR TWO, YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

3.    Did Wyeth state a legitimate, non-discriminatory reason for Plaintiff's 2003 mid-year performance review?

Yes_____    No_____

4.    Has Plaintiff proved by a preponderance of the evidence that the stated reasons offered by Wyeth for Plaintiff's 2003 mid-year performance review was false?

Yes_____    No_____

5.    Has Plaintiff proved by a preponderance of the evidence that Wyeth issued Plaintiff his 2003 mid-year performance review because of his race?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION FOUR OR FIVE, YOUR DELIBERATIONS AS TO THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

**D.    Cause of Action Based on 2003 Annual Performance Review Issued by Walter Wardrop**

1.    Has Plaintiff proved by a preponderance of the evidence that he endured a materially adverse change in the terms and conditions of his employment because of his 2003 annual performance review?

Yes_____    No_____

2.    Has Plaintiff proved by a preponderance of the evidence that his 2003 annual performance review was issued under circumstances giving rise to an inference of race discrimination?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTIONS ONE OR TWO, YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

3.    Did Wyeth state a legitimate, non-discriminatory reason for Plaintiff's 2003 annual performance review?

Yes_____    No_____

4.    Has Plaintiff proved by a preponderance of the evidence that the stated reasons offered by Wyeth for Plaintiff's 2003 annual performance review was false?

Yes_____    No_____

5.    Has Plaintiff proved by a preponderance of the evidence that Wyeth issued Plaintiff his 2003 annual performance review because of his race?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION FOUR OR FIVE, YOUR DELIBERATIONS AS TO THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

**E.    Proposed assignment to Packaging Supervisor – Organizational Cascade**

1.    Has Plaintiff proved by a preponderance of the evidence that he endured a materially adverse change in the terms and conditions of his employment because of notice of his assignment to the position of Packaging Supervisor (a position he never took) as part of the 2003 corporate reorganization?

Yes_____    No_____

2.    Has Plaintiff proved by a preponderance of the evidence that his assignment to the position of Packaging Supervisor (a position he never took) occurred under circumstances giving rise to an inference of race discrimination?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTIONS ONE OR TWO, YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

3.    Did Wyeth state a legitimate, non-discriminatory reason for assigning Plaintiff to the position of Packaging Supervisor as part of the 2003 corporate reorganization?

Yes_____    No_____

4.    Has Plaintiff proved by a preponderance of the evidence that the stated reasons offered by Wyeth for assigning Plaintiff to the position of Packaging Supervisor were false?

Yes_____    No_____

5.    Has Plaintiff proved by a preponderance of the evidence that Wyeth assigned Plaintiff to the position of Packaging Supervisor because of his race?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION FOUR OR FIVE, YOUR DELIBERATIONS AS TO THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

**F.    Cause of Action Based on September 2004 Manager Manufacturing Support Position**

1.    Has Plaintiff proved by a preponderance of the evidence that he was denied the position of Manager Manufacturing Support under circumstances giving rise to an inference of race discrimination?

Yes_____    No_____

IF YOU ANSWERED "NO" TO QUESTION ONE, YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT

CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

2.    Did Wyeth state a legitimate, non-discriminatory reason for not selecting Plaintiff for the position of Manager Manufacturing Support?

Yes_____    No_____

3.    Has Plaintiff proved by a preponderance of the evidence that the stated reason offered by Wyeth for not selecting Plaintiff for the Manager Manufacturing Support position was false?

Yes_____    No_____

4.    Has Plaintiff proved by a preponderance of the evidence that Wyeth denied him the Manager Manufacturing Support position because of his race?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION THREE OR FOUR, YOUR DELIBERATIONS AS THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

**G.    Cause of Action Based on 2005 Mid-Year Performance Review Issued by Max Katz**

1.    Has Plaintiff proved by a preponderance of the evidence that he endured a materially adverse change in the terms and conditions of his employment because of his mid-year 2005 performance review?

Yes_____    No_____

2.    Has Plaintiff proved by a preponderance of the evidence that his 2005 mid-year review was issued under circumstances giving rise to an inference of race discrimination?

Yes_____    No_____

IF YOU ANSWERED "NO" TO ANY ONE OF QUESTIONS ONE OR TWO, YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

3.    Did Wyeth state a legitimate, non-discriminatory reason for Plaintiff's 2005 mid-year performance review?

Yes_____    No_____

4.    Has Plaintiff proved by a preponderance of the evidence that the stated reasons offered by Wyeth for Plaintiff's 2005 mid-year performance review were false?

Yes_____    No_____

5.    Has Plaintiff proved by a preponderance of the evidence that Wyeth issued Plaintiff his 2005 mid-year performance review because of his race?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION FOUR OR FIVE, YOUR DELIBERATIONS AS TO THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

**I.    Cause of Action Based on 2005 Performance Improvement Plan**

1.    Has Plaintiff proved by a preponderance of the evidence that he endured a materially adverse change in the terms and conditions of his employment because of his performance improvement plan?

Yes_____    No_____

2.    Has Plaintiff proved by a preponderance of the evidence that his performance improvement plan was issued under circumstances giving rise to an inference of race discrimination?

Yes_____    No_____

IF YOU ANSWERED "NO" TO ANY ONE OF QUESTIONS ONE OR TWO, YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

3.     Did Wyeth state a legitimate, non-discriminatory reason for Plaintiff's performance improvement plan?

Yes_____     No_____

4.     Has Plaintiff proved by a preponderance of the evidence that the stated reasons offered by Wyeth for Plaintiff's performance improvement plan were false?

Yes_____     No_____

5.     Has Plaintiff proved by a preponderance of the evidence that Wyeth issued Plaintiff his performance improvement plan because of his race?

Yes_____     No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION FOUR OR FIVE, YOUR DELIBERATIONS AS TO THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

**II.     Retaliation Causes of Action Against Wyeth under Title VII, Section 1981, and/or the New York State Human Rights Law**

    **A.     Cause of Action Based on September 2004 Manager Manufacturing Support Position**

1.     Has Plaintiff proved by a preponderance of the evidence that there was a causal connection between Plaintiff's formal complaints of race discrimination and Wyeth's decision to deny him the position of Manager Manufacturing Support?

Yes_____     No_____

IF YOU ANSWERED "NO" TO QUESTION 1, YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

2.     Did Wyeth state a legitimate, non-discriminatory reason for not selecting Plaintiff for the position of Manager Manufacturing Support?

Yes_____     No_____

3.     Has Plaintiff proved by a preponderance of the evidence that the stated reason offered by Wyeth for not selecting Plaintiff for the Manager Manufacturing Support position was

false?

Yes_____   No_____

    4.    Has Plaintiff proved by a preponderance of the evidence that Wyeth denied him the Manager Manufacturing Support position because he had made a complaint of racial discrimination?

Yes_____   No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION THREE OR FOUR, YOUR DELIBERATIONS AS THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

    **B.**    **Cause of Action Based on 2005 Mid-Year Performance Review Issued by Max Katz**

    1.    Has Plaintiff proved by a preponderance of the evidence that, by his mid-year 2005 performance review, he endured an adverse employment action that would dissuade a reasonable person from making a or supporting a complaint of discrimination?

Yes_____   No_____

    2.    Has Plaintiff proved by a preponderance of the evidence that there was a causal connection between Plaintiff's formal complaints of race discrimination and his 2005 mid-year performance review?

Yes_____   No_____

IF YOU ANSWERED "NO" TO ANY ONE OF QUESTIONS ONE OR TWO, YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

    3.    Did Wyeth state a legitimate, non-discriminatory reason for Plaintiff's 2005 mid-year performance review?

Yes_____   No_____

    4.    Has Plaintiff proved by a preponderance of the evidence that the stated reasons offered by Wyeth for Plaintiff's 2005 mid-year performance review were false?

Yes_____   No_____

    5.    Has Plaintiff proved by a preponderance of the evidence that Wyeth issued

Plaintiff his 2005 mid-year performance review because he had made a complaint of racial discrimination?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION FOUR OR FIVE, YOUR DELIBERATIONS AS TO THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES IN SECTION III BELOW.

### C.    Cause of Action Based on 2005 Performance Improvement Plan

1.    Has Plaintiff proved by a preponderance of the evidence that, by his performance improvement plan, he endured an adverse employment action that would dissuade a reasonable person from making a or supporting a complaint of discrimination?

Yes_____    No_____

2.    Has Plaintiff proved by a preponderance of the evidence that there was a causal connection between Plaintiff's formal complaints of race discrimination and his performance improvement plan?

Yes_____    No_____

IF YOU ANSWERED "NO" TO ANY ONE OF QUESTIONS ONE OR TWO, YOUR DELIBERATIONS ON THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD MOVE ON TO CONSIDER PLAINTIFF'S NEXT CAUSE OF ACTION, AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES BELOW.

3.    Did Wyeth state a legitimate, non-discriminatory reason for Plaintiff's performance improvement plan?

Yes_____    No_____

4.    Has Plaintiff proved by a preponderance of the evidence that the stated reasons offered by Wyeth for Plaintiff's performance improvement plan were false?

Yes_____    No_____

5.    Has Plaintiff proved by a preponderance of the evidence that Wyeth issued Plaintiff his performance improvement plan because he had made a complaint of racial discrimination?

Yes_____    No_____

IF YOU ANSWERED "NO" TO EITHER QUESTION FOUR OR FIVE, YOUR DELIBERATIONS AS TO THIS CAUSE OF ACTION ARE COMPLETE AND YOU SHOULD NOT CONSIDER THIS CAUSE OF ACTION IN CONNECTION WITH ANY OF THE QUESTIONS RELATING TO DAMAGES BELOW.

**III.   Damages Against Wyeth**

IF YOU HAVE NOT ANSWERED "YES" TO ANY OF THE FINAL QUESTIONS UNDER ANY OF THE CAUSES OF ACTION, YOUR DELIBERATIONS ARE COMPLETE. DO NOT ANSWER ANY FURTHER QUESTIONS. SIMPLY SIGN AND RETURN THIS VERDICT FORM TO THE COURT, LEAVING THE REMAINING QUESTIONS BLANK.

IF YOU HAVE ANSWERED "YES" TO THE FINAL QUESTION UNDER ANY OF THE CAUSES OF ACTIONS LISTED ABOVE, PROCEED TO THE QUESTIONS BELOW. IN ANSWERING THESE QUESTIONS, DO NOT TAKE INTO CONSIDERATION THE POSITIONS OR EVENTS REFERRED TO IN ANY OF THE FOREGOING QUESTIONS TO WHICH YOU HAVE ANSWERED "NO".

1.     State the amount of compensatory damages, if any, Plaintiff has proved by a preponderance of the evidence were caused by Wyeth's discrimination against him because of his race or retaliation against him for making a complaint of racial discrimination:

    a.     lost earnings:          $ _____
    b.     emotional distress      $ _____

IF YOU DECIDE NOT TO MAKE AN AWARD, YOU WILL INSERT THE WORD "NONE".

2.     Has Plaintiff proved by a preponderance of the evidence that the actions, if any, of Wyeth you have found to be racially discriminatory or retaliatory were committed by Wyeth with deliberate intent to injure Plaintiff or out of hatred, ill will or spite, or with willful, wanton or reckless disregard of Plaintiff's rights?

Yes _____   No _____

IF YOU ANSWERED "NO" TO THIS QUESTION, YOUR DELIBERATIONS AS TO DAMAGES TO BE AWARDED AGAINST WYETH ARE COMPLETE. DO NOT ANSWER QUESTION THREE.

IF YOUR ANSWER TO QUESTION THREE IS "YES", ANSWER QUESTION FOUR.

4.     State the amount of punitive damages to be awarded to Plaintiff against Wyeth:

    $ _____

IF YOU DECIDE NOT TO MAKE AN AWARD OF PUNITIVE DAMAGES, YOU WILL INSERT THE WORD "NONE".

**IV.    Claims of aiding and abetting racial discrimination or retaliation against Mr. Wardrop and Mr. McDermott under the New York State Human Rights Law**

IN ANSWERING THE FOLLOWING QUESTIONS, DO NOT TAKE INTO CONSIDERATION THE POSITIONS OR EVENTS REFERRED TO IN ANY OF THE FOREGOING QUESTIONS TO WHICH YOU HAVE ANSWERED "NO".

IN ADDITION, DO NOT ANSWER ANY OF THE FOLLOWING QUESTIONS UNLESS YOU HAVE FOUND THAT WYETH DISCRIMINATED AGAINST PLAINTIFF IN CONNECTION WITH ANY OF THE CAUSES OF ACTIONS REFERENCED ABOVE.

1.    Has Plaintiff proved by a preponderance of the evidence that either Mr. Wardrop or Mr. McDermott directly and purposefully participated in any act of racial discrimination against Plaintiff?

As to Mr. Wardrop:    Yes _____  No _____
As to Mr. McDermott    Yes _____  No _____

IF YOU ANSWERED "NO" TO THIS QUESTION AS TO EITHER MR. WARDROP OR MR. MCDERMOTT, YOUR DELIBERATIONS AS TO THAT DEFENDANT ARE COMPLETE.    IF YOU ANSWERED "NO" TO THIS QUESTION AS TO BOTH MR. WARDROP AND MR. MCDERMOTT, YOUR DELIBERATIONS ARE COMPLETE, AND YOU SHOULD SIGN AND RETURN THIS VERDICT FORM TO THE COURT.

IF YOU ANSWERED "YES" TO THIS QUESTION AS TO EITHER MR. WARDROP OR MR. MCDERMOTT, THEN, AS TO THE DEFENDANT(S) AS TO WHOM YOU HAVE ANSWERED "YES", PROCEED TO THE NEXT QUESTION.

2.     State the amount of compensatory damages, if any, Plaintiff has proved by a preponderance of the evidence were caused by the direct and purposeful racial discrimination committed against Plaintiff by Mr. Wardrop or Mr. McDermott under the New York State Human Rights Law:

    a.     Mr. Wardrop:

        i.     lost earnings          $ _____
        ii.    emotional distress     $ _____

    b.     Mr. McDermott:

        i.     lost earnings          $ _____
        ii.    emotional distress     $ _____

IF YOU DECIDE NOT TO MAKE AN AWARD, YOU WILL INSERT THE WORK "NONE".

YOUR DELIBERATIONS ARE NOW COMPLETE.  PLEASE SIGN THIS VERDICT FORM AND RETURN IT TO THE COURT.


Dated: _____


                        _____
                              Jury Foreperson