ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HOWARD HENRY,

                        Plaintiff,

    - against -

WYETH PHARMACEUTICALS, INC., WALTER
WARDROP, ANDREW SCHASCHL and
MICHAEL McDERMOTT,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

05 Civ. 8106 (WCC)

**ECF CASE**

**MEMORANDUM
AND ORDER**

**CONNER, Sr. D.J.:**

In this employment discrimination action, which is set for trial on February 4, 2008, defendants have filed five motions *in limine,* which were not fully briefed until defendants' reply memorandum in support of the motions was received in Chambers on January 23, 2008. With that memorandum, defendants' counsel submitted a letter to the Court urging a decision "as soon as possible before the February 4, 2008 trial date so that the parties can adequately prepare for trial." Although the Court has fully considered the arguments by the parties in support of and in opposition to the motions, in view of the obvious need for expedited resolution of the issues raised by the motions, the Court will not discuss in this Memorandum and Order either those arguments or, in most instances, the Court's reasoning for its decisions, but merely state in summary form its rulings granting the motions in part and denying them in part:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

- 1 -

COPIES MAILED TO COUNSEL OF RECORD

**Motion No. 1**

Plaintiff will not be permitted to introduce at the trial of this action evidence relating to (1) the "sue me" remark allegedly made by Robert Bracco to Daisy Early in the spring of 2001; (2) the "voodoo" remarks allegedly made by Robert Bracco to Jennifer Hallock a short time later; (3) the "sticking pins" remark allegedly made by Walter Wardrop to Daisy Early during the same time period; (4) the "tar baby" remark made by Joe Vitanzi in February 2004; (5) the "pulled down pants" gesture and related remarks allegedly made by Walter Wardrop in the winter of 2004.

Plaintiff will be permitted to introduce at trial evidence of remarks allegedly made by Michael McDermott to plaintiff on January 22, 2004 relating to plaintiff's claims of racial discrimination.

**Motion No. 2**

Plaintiff will not be permitted to introduce at trial evidence of the failure of Newton Paul to obtain a promotion to the position of Compliance Manager of the Vaccine Group or evidence of racial discrimination against other employees of defendant Wyeth Pharmaceuticals by decision makers different from those responsible for preparing performance reports and/or making recommendations or decisions relating to plaintiff's job assignments or promotions.

**Motion No. 3**

Plaintiff will be permitted to introduce at trial statistical evidence of the percentage of employees of defendant Wyeth Pharmaceuticals promoted to the level of positions sought by plaintiff who were black or members of another racial minority if, but only if, such evidence is sufficiently

valid statistically to have significant probative value. This will be determined by the Court at the time the evidence is offered.

**Motion No. 4**

Neither party will be permitted to offer in evidence any affidavits or use them for any purpose other than impeachment or refreshment of the recollection of a witness. Unless agreed by the parties or ordered by the Court upon a showing that the witness is unavailable to testify at the trial, depositions may be used only as permitted by the Federal Rules of Evidence.

**Motion No. 5**

Plaintiff will not be permitted to assert a claim for constructive discharge because no such claim was asserted in plaintiff's complaint, which plaintiff, through the lengthy period of discovery set by the court's Civil Case Management Plan, never sought to amend or supplement, so that defendant had no notice of such a claim until long after the close of the discovery period, nor any reason to pursue discovery related thereto, including discovery concerning such issues as (1) the effects of the alleged racial discrimination on plaintiff's physical and emotional health and (2) his subsequent employment and efforts to mitigate his damages.

SO ORDERED.

Dated: White Plains, NY
       January 25, 2008

                                _/s/ William C. Conner_
                               WILLIAM C. CONNER, Senior U.S.D.J.